Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (*pro hac vice* pending)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-JLB <br><br> **DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> *Filed concurrently with Ex Parte Motion for Temporary Restraining Order; Memorandum of Points and Authorities; Declaration of Jordan W. Garman; Request for Hearing* <br><br> Judge:          Hon. Linda Lopez <br> Hearing Date:  TBD <br><br> Action Filed:  February 14, 2026 <br> Trial Date:      Not Set |

1

Withers
Bergman LLP

# DECLARATION OF STEVEN SHARIF

I, STEVEN SHARIF, declare as follows:

1. I am a co-founder of Intrepid Studios, Inc ("Intrepid"). I am the former CEO of Intrepid, and I served on its board of directors from the company's inception until my resignation on January 19, 2026. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2. I submit this declaration in support of the *Ex Parte* Motion for Temporary Restraining Order filed in the above-captioned action.

3. On February 14, 2026, I filed a verified complaint in this Court asserting direct claims on my own behalf and derivative claims as a shareholder on behalf of Intrepid. The complaint seeks to enjoin Defendants Robert Dawson, Ryan Ogden, Theresa Fette, and Aaron Bartels (the "Board Defendants"), together with TFE Games Holdings, LLC ("TFE," and collectively, "Defendants"), an entity controlled by Dawson and in which the other Board Defendants are believed to have interests, from continuing a course of conduct designed to dismantle and strip Intrepid of its assets. As alleged in the complaint, that conduct includes intentional efforts to undermine Intrepid's operations and to misappropriate the Company's most valuable assets—its intellectual property and trade secrets comprising its main project, *Ashes of Creation*, a Massively Multiplayer Online Role Playing Game ("MMORPG")—through a wrongful and unlawful foreclosure on, and disposition of, Intrepid's assets.

4. Based on my understanding of the MMORPG market, in which I have been involved for more than a decade as a board member and the former Chief Executive Officer of Intrepid, trade secrets and other intellectual property associated with a large-scale, groundbreaking MMORPG are not fungible assets that can be bought or sold at a standardized price in the manner of publicly traded securities. Unlike commodities or widely traded financial instruments, the value of an

DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

WITHERS BERGMAN LLP

MMORPG depends on a highly fact-specific analysis, including the scope and maturity of the underlying source code and tools, the uniqueness of proprietary systems, the stage of development, the size and engagement of the player community, the remaining development roadmap, and the extent to which the intellectual property and trade secrets remain confidential and intact. For these reasons, transactions involving MMORPG intellectual property customarily require detailed, independent valuation analyses conducted by knowledgeable third parties, rather than private, self-interested transfers at an arbitrary or predetermined price.

5.    Based on my understanding of the MMORPG market, a private sale in which an entity purports to transfer trade secrets and other intellectual property to itself, particularly where no notice is provided to other interested parties, is not the usual or accepted manner by which intellectual property rights associated with an MMORPG are sold or transferred. In my experience, transactions involving MMORPG intellectual property are typically conducted at arm's length, with meaningful outreach to potential buyers, involvement of independent advisors or brokers, and transparency to stakeholders with economic interests in the assets. Self-interested private transfers, undertaken without notice or market exposure, do not reflect ordinary commercial practices in the video game industry and do not provide a reliable mechanism for determining the fair value of highly specialized trade secrets and proprietary technology underlying an MMORPG.

6.    Attached hereto as **Exhibit 1** is a true and correct excerpt of Intrepid's Employee Confidentiality, Non-Disclosure, and Non-Recruiting Agreement, which requires employees to refrain from using, publishing, or disclosing Intrepid trade secrets "in any manner whatsoever."

7.    Attached hereto as **Exhibit 2** is a true and correct excerpt of Intrepid's most recent employee handbook, which restricts access to "confidential information" to a "need-to-know" basis, authorized only by an employee's supervisor. Confidential information includes "all information" relating to Intrepid that is "not generally

WITHERS
BERGMAN LLP

DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

known" and that Intrepid "has taken reasonable steps to protect from unauthorized use or disclosure," including, but not limited to, trade secrets, intellectual property, and other proprietary information.

8.    Defendants' wrongful foreclosure has caused significant damage to Intrepid's reputation within the gaming community, generating substantial backlash from community members who have waited over a decade for the release of the game, and leading to numerous refund requests for the Early Access version of *Ashes of Creation* Intrepid launched on the Steam platform.

9.    On February 9, 2026, Defendant TFE filed suit in the District Court of Clark County, Nevada, alleging in part that I have refused to turn over certain Intrepid records to Defendant TFE, including the account and password information for numerous technology platforms. (*See* Exhibit 1 to the March 2, 2026 Declaration of Jordan W. Garman in support of Plaintiff Steven Sharif's *Ex Parte* Motion for Temporary Restraining Order.) Notably, many of these technology platforms contain the very trade secrets and intellectual property at issue in this lawsuit. A true and correct list of accounts and applications to which TFE is seeking access, which also contain components of Intrepid's trade secrets, is attached hereto as **Exhibit 3**.

10.    I understand from public remarks made by a former Intrepid lender, Jason Caramanis, and from former Intrepid employees to whom Defendants have reached out seeking to obtain access, such as Bryan Langford, and Jason Zimmerman, that Defendants are actively seeking to sell *Ashes of Creation*, and its underlying intellectual property and trade secrets, to third parties.

Withers Bergman LLP

DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 2, 2026 at Harrisonburg, Virginia.

By:  _____

Steven Sharif

DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER