# EXHIBIT 3

Electronically Filed
02/17/2026 2:40 PM

CLERK OF THE COURT

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Emily D. Anderson, Esq.
Nevada Bar No. 13814
eanderson@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for the Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TFE GAMES HOLDINGS, LLC, a Delaware limited liability company,<br><br>         Plaintiff,<br><br>vs.<br><br>STEVEN SHARIF, a Nevada resident; JOHN MOORE, a Nevada resident; DOES I through X; and ROE CORPORATE DEFENDANTS XI through XX,<br><br>         Defendants. | Case No. A-26-939022-B<br><br>Dept. No. 13<br><br>***EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65(b)(1) OR NRS 31.859**<br><br>**ALTERNATIVELY, *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65(b)(1) OR NRS 31.859** |

COMES NOW, Plaintiff TFE GAMES HOLDINGS, LLC, a Delaware limited liability company ("**TFE**" or the "**Plaintiff**"), by and through its counsel of record, Schwartz, PLLC, and hereby move this honorable court for an *Ex Parte* Temporary Restraining Order pursuant to NRCP 65(b)(1) or NRS 31.859 to **prohibit** Defendant Steven Sharif ("**Defendant Sharif**") and his agents – nonparties Timothy Baker ("**Baker**"), Avery-John Kucan ("**Kucan**"), Matthew Rhoades ("**Rhoades**"), and Jason Zimmerman ("**Zimmerman**," collectively Baker, Kucan, and Rhoades, the "**Agents**"), from continuing to unlawfully withhold from the Plaintiff the Company Records (defined herein) that include, but are not limited to, the usernames and passwords for non-party Intrepid Studios Inc.'s ("**Intrepid**"):

A.    Technology Platforms;[1]

B.    Bank and Credit Card Accounts;[2] and

C.    Third-Party Vendors.[3]

The Plaintiff hereby further moves this honorable court for an *Ex Parte* Temporary Restraining Order pursuant to NRCP 65(b)(1) or NRS 31.859 to compel Defendant Sharif to direct his Agents to cease withholding Company Records (defined herein) from the Plaintiff immediately (collectively, the "**Motion**").

This Motion and *Ex Parte* Application for an Order Shortening Time is supported by the following Memorandum of Points and Authorities, the declarations of Robert Dawson (the "**Dawson Declaration**"), Theresa Fette ("**Fette Declaration**") and Emily D. Anderson, Esq. (the "**Anderson Declaration**"), all other exhibits attached hereto, the pleadings on file in this action, and any oral argument that the Court may permit.

Respectfully Submitted,

SCHWARTZ, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101
*Attorneys for Plaintiff*

---

[1]    *See* **Exhibit 1** for a non-exhaustive list of technology platforms for which the Defendant maintains and has refused to turn over the passwords (the "**Technology Platforms**"); the information related to the Technology Platforms includes the executed contracts with those vendors.

[2]    *See* **Exhibit 2** for a non-exhaustive list of bank and credit card accounts for which the Defendant maintains and has refused to turn over the passwords (the "**Bank and Credit Card Accounts**").

[3]    *See* **Exhibit 3** for a non-exhaustive list of miscellaneous Third-Party Vendors for which the Defendant maintains and has refused to turn over the passwords ("**Third-Party Vendors**").

**DECLARATION OF ROBERT DAWSON IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65 OR NRS 31.859**

I, ROBERT DAWSON, hereby declare as follows:

1.      I am over the age of 18 and mentally competent.

2.      I am an authorized representative of Plaintiff.

3.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge of the facts in this matter, my review of the relevant documents, information provided to me or verified by my professional advisors, and/or my opinion based upon my experience. Where indicated that my knowledge is based upon information and belief, I believe them to be true. If called upon to testify, I could and would do so.

4.      The Plaintiff is in urgent need of the Company Records (defined herein).

5.      TFE believes that Defendant Sharif may take action to harm the Company Records if he is notified of the Motion. Should any Company Records be destroyed, such harm would be irreparable as money damages would not recreate any lost data.

6.      TFE has reasonable cause to believe that, at a very minimum, Defendant Sharif has possession of credit card accounts and bank accounts, included in the Company Records.

7.      The data in these accounts is vulnerable to being deleted or destroyed if the accounts are not being maintained by Defendant Sharif.

8.      The data in these Company Records' accounts will be lost permanently if the accounts are not paid for by the Plaintiff.

9.      The Company Records are in immediate danger of destruction, serious harm, concealment, removal from this state or sale to an innocent purchaser.

10.     Many of the Company Records are stored on third-party websites only accessible with certain usernames and passwords held by Defendant Sharif.

11.     The Plaintiff is the owner of the Company Records.

12.     The Company Records are wrongfully detained by Defendant Sharif.

13.     According to the Plaintiff's best knowledge, information and belief, Defendant Sharif is withholding the Company Records to maintain leverage over the Plaintiff in the dispute set forth in the Complaint.

14.     Defendant Sharif has failed to explain why he continues to withhold the Company Records; indeed, he has not challenged the Plaintiff's ownership of the Company Records nor did he take any action as the chief executive officer of Intrepid to challenge the Article 9 Sale.

15.     The Company Records have not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or an attachment against the property of the Plaintiff.

16.     Defendant Sharif resigned from Intrepid on January 19, 2026, so he has no commercial use for the Company Records.

17.     Defendant Sharif is aware that the Plaintiff is owner of the Company Records because Defendant Sharif was the Chief Executive Officer of Intrepid during the private sale of collateral on January 16, 2026, to the Plaintiff ("**Article 9 Sale**").

18.     The Plaintiff was a secured party that took possession of the security through the Article 9 Sale.

- Attached hereto as **Exhibit 4** are true and correct copies of the documentation related to the Article 9 Sale.

Pursuant to NRS § 53.045, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 17th day of February, 2026.


                                        /s/ Robert Dawson
                                        Robert Dawson

**DECLARATION OF THERESA FETTE IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65 OR NRS 31.859**

I, THERESA FETTE, being duly sworn, deposes and says:

1.      I am over the age of 18 and mentally competent.

2.      I am an authorized representative of Plaintiff.

3.      Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge of the facts in this matter, my review of the relevant documents, information provided to me or verified by my professional advisors, and/or my opinion based upon my experience. Where indicated that my knowledge is based upon information and belief, I believe them to be true. If called upon to testify, I could and would do so.

4.      Agents have been directed multiple times to turnover the Company Records, but they have refused to do so.

5.      Upon information and belief, Defendant Sharif has also directed his Agents, and former employees of Intrepid, to withhold the Company Records, to which each individual has access, from the Plaintiff.

Pursuant to NRS § 53.045, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 17th day of February, 2026.

/s/ Theresa Fette
Theresa Fette

**DECLARATION OF EMILY D. ANDERSON, ESQ. IN SUPPORT OF EX PARTE APPLICATION OF ORDER SHORTENING TIME FOR MOTION FOR: (I) TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65 OR NRS 31.859, OR (II) ISSUANCE OF WRIT OF POSSESSION PURSUANT TO NRS 31.856**

I, Emily D. Anderson, Esq., being duly sworn, deposes and says:

1.      I am an attorney with Schwartz, PLLC ("**Schwartz**" or the "**Firm**"), 601 East Bridger, Las Vegas, Nevada 89101. I am admitted to practice in the Supreme Court of Nevada and the United States District Court for the District of Nevada.

2.      This Declaration is submitted in support of Plaintiff's *Ex Parte* Application for an Order Shortening Time.

3.      Should the Court decline to consider the Motion on an *Ex Parte* basis, good cause exists to set this Motion to be heard on shortened time.

4.      The Plaintiff is in urgent need of the Company Records.

5.      Without the Company Records, the Plaintiff cannot wind up Intrepid's business and fulfill its obligations under the WARN Act, among other obligations.

6.      Pursuant to NRCP 65(b)(1)(B) the Plaintiff tried and failed to serve the Defendants with the Complaint on February 12, 14 and 17, 2026, the Plaintiff has not provided written or oral notice of this Motion to the Defendants, and the Court should not require notice to the Defendants to ensure the Company Records are turned over to the Plaintiff in good condition.

7.      Accordingly, good cause exists to set this matter on shortened time pursuant to EDCR 2.26 for the Court to address the Motion.

8.      This request is made in good faith and not for any improper purpose.

Pursuant to NRS § 53.045, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 17th day of February, 2026.

/s/ *Emily D. Anderson*
Emily D. Anderson, Esq.

## <u>ORDER SHORTENING TIME</u>

It appears to the satisfaction of the Court, and good cause appearing:

IT IS HEREBY ORDERED, pursuant to EDCR 2.26 and based on the Declaration of Emily D. Anderson, Esq., that the **MOTION FOR: (I) TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65 OR NRS 31.859, OR (II) ISSUANCE OF WRIT OF POSSESSION PURSUANT TO NRS 31.856**, shall be heard on shortened time on __February__ __19__, at the hour of __9:00__ o'clock _a_.m. in Department __13__ of the Eighth Judicial District Court.

**Dated this 17th day of February, 2026**

SJW
**E26 74D 3A55 194E**
**Mark R. Denton**
**District Court Judge**

Respectfully submitted by:
SCHWARTZ, PLLC

By:*/s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Emily D. Anderson, Esq.
Nevada Bar No. 13814

*Attorneys for Plaintiff*

Page **7** of **11**

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    FACTUAL HISTORY.

The Plaintiff is successor-in-interest to non-party Intrepid Studios, Inc. ("**Intrepid**"). The Plaintiff became successor-in-interest to Intrepid through a private sale of collateral pursuant to section 9601 *et seq.* of the Uniform Commercial Code.

Through the private sale of collateral on January 16, 2026 ("**Article 9 Sale**"), the Plaintiff foreclosed on Intrepid's assets including but not limited to (collectively, "**Intrepid Assets**"):

> All assets and all personal property of Debtor, wherever located and whenever acquired, including, but no [sic] limited to:
>
> Equipment, Inventory, Fixture, Goods, Instruments, Chattel paper (including without limitation Electronic Chattel Paper), General Intangibles, payment Intangibles, Accounts and all other obligations now or hereafter owing to Grantor, all Deposit Accounts, cash, and money, certificates of deposit, Investment Property, Financial Assets, Letters of Credit Rights, all Commercial Tort Claims and any other causes of action against third parties (excluding only claims for death or personal Injury), As Extracted Collateral, Intellectual property, copyrights, trademarks trade names, all Supporting Obligations for any of the foregoing, all Proceeds (including without limitation insurance proceeds) from and products of and accessions to any of the foregoing and all books and records relating to any of the foregoing. Terms and [sic] used herein shall have the meaning provided in the applicable Uniform Commercial Code.

*See* Article 9 Sale documentation, attached as **Exhibit 4**.

Defendant Sharif is the former Chief Executive Officer of Intrepid. Defendant Sharif is in possession of certain Intrepid Assets, including but not limited to (collectively, the "**Company Records**") certain books and records of Intrepid, including all receipts and invoices from the past three (3) years and payroll records going back to 2016, as well as the account information for numerous Technology Platforms, Bank and Credit Card Accounts, and miscellaneous Third-Party Vendors, and all related executed contacts. Due to his position as Chief Executive Officer, Defendant Sharif was entrusted with Intrepid's Company Records.

Defendant Sharif has refused to turnover the Company Records to the Plaintiff despite request. On January 31, 2026, Intrepid issued Notifications Under the Worker Adjustment and Re-Training Notification Act ("**WARN Act**") to its employees that "[Intrepid] has no alternative other

than to undertake an entire and permanent 'plant closing' within the meaning of the WARN Act by close of business on January 31, 2026" (the "**WARN Act Notices**"). Without the Company Records, the Plaintiff cannot wind up Intrepid's business and fulfill its obligations under the WARN Act, among other obligations.

The Plaintiff directed the Agents multiple times to turnover the Company Records, but they have refused to do so. Fette Declaration, at par. 4. Upon information and belief, Defendant Sharif has also directed his Agents, and former employees of Intrepid, to withhold the Company Records, to which each individual has access, from the Plaintiff. *Id.* at par. 5. On two separate occasions since the Article 9 Sale, Agents have refused to turnover certain information and take a certain actions that the Agents until Defendant Sharif directed them to do so. *Id.* at par. 6. Once Defendant Sharif directed the Agents to accomplish a task – that I had already requested – it was completed immediately. *Id.* at par. 6.

## II.    LEGAL STANDARD.

The Court may issue an *ex parte* temporary restraining order if certain requirements of NRCP 65(b) are satisfied, specifically, in pertinent part:

> (b) Temporary Restraining Order.
> (1) Issuing Without Notice.   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> > (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

NRCP 65(b)(1). Further, the temporary restraining order itself must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." NRCP 65(b)(2). Also, the order granting the temporary restraining order must "(A) state the reasons why it was issued; (B) state its terms specifically; and (C) describe in reasonable detail — and not by referring to the complaint or other document — the act or acts restrained or required." NRCP 65(d)(1). Finally, the TRO further requires that the movant "give[] security in an amount that the court considers proper

to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." NRCP 65(c).

Alternatively, NRS 31.859 provides "[i]n addition to the issuance of an order to show cause provided by NRS 31.853, and in lieu of the immediate issuance of a writ of possession provided by NRS 31.856, the court may issue such temporary restraining orders directed to the defendant prohibiting such acts with respect to the property as may appear necessary for the preservation of rights of the parties and the status of the property."

### III.    LEGAL ARGUMENT.

A temporary restraining order is warranted here to order Defendant Sharif to immediately return the Company Records to the Plaintiff. NRCP 65(b) requires "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Here, TFE believes that Defendant Sharif may take action to harm the Company Records if he is notified of the Motion. Should any Company Records be destroyed, such harm would be irreparable as money damages would not recreate any lost data. Dawson Declaration, par. 5. TFE has reasonable cause to believe that, at a very minimum, Defendant Sharif has possession of credit card accounts and bank accounts. Dawson Declaration, par. 6. Moreover, the data in these accounts is vulnerable to being deleted or destroyed if the accounts are not being maintained by Defendant Sharif. *Id.* at 7. The data in these account could also be lost permanently if the accounts are not paid for by the Plaintiff. *Id.* at 8.

Further, TFE is a secured party pursuant to NRS chapter 104. Indeed, TFE took ownership of the Company Records through an Article 9 Sale, so it is the definition of a secured party taking possession of the collateral upon which it has foreclosed. *See* Exhibit 1 (Article 9 Sale Documentation). Due to the realities of technology, many of the Company Records are stored on third-party websites only accessible with certain usernames and passwords held by Defendant Sharif. *Id.* at 9. As such, ownership of the "books and records" necessarily includes the passwords required to access those records. As a secured party taking possession of its property the Court

should decline to require a bond pursuant to NRCP 65 or an undertaking pursuant to NRS 31.863(2).

Defendant Sharif has failed to explain why he continues to withhold the Company Records; indeed, he has not challenged the Plaintiff's ownership of the Company Records nor did he take any action as the chief executive officer of Intrepid to challenge the Article 9 Sale. *Id.* at 13. As such, Defendant Sharif is likely withholding the Company Records to maintain leverage over the Plaintiff in the dispute set forth in the Complaint. *Id.* at 12. Upon information and belief, Defendant Sharif has also directed his Agents, and former employees of Intrepid, to withhold the Company Records, to which each individual has access, from the Plaintiff. Fette Declaration, at par. 5.

Therefore, the Court should issue injunctive relief in the form of a temporary restraining order to ensure that the Plaintiff has the Company Records that include, but are not limited to, the usernames and passwords for Intrepid's Technology Platforms; Bank and Credit Card Accounts; and Third-Party Vendors are returned quickly so that it can wind up Intrepid's business and fulfill its obligations under the WARN Act, among other obligations.

## IV.    CONCLUSION.

Therefore, the Court should issue injunctive relief in the form of a temporary restraining order to ensure the Company Records are returned.

Dated: February 17, 2026

Respectfully Submitted,

SCHWARTZ, PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for Plaintiff*

# Exhibit 1

| Application / SaaS Provider / System |
| --- |
| Action 1 |
| Adobe |
| Amazon / AWS |
| Atlassian |
| Autodesk |
| Bitwarden |
| CDW | HPE |
| Cisco Duo |
| Contentful |
| Cox Business |
| DBScheme |
| Docker |
| Docusign |
| Duo |
| EPIC UDN |
| Figma |
| GitHub |
| GitKraken |
| g-suite - Google |
| Gusto |
| Helix | Perforce |
| incident.io |
| iXie(QA) |
| Jazz HR |
| JetBrains | Rider |
| Lens |
| Looker Studio Pro |
| mailchimp |
| Mailgun |
| Microsoft |
| Miro |
| Mongo DB |
| NMP INC. |
| Parsec |
| PDQ |
| Postman |
| Scale Matrix |
| Screen Connect |
| Slack |
| Sophos |
| Steam |
| superluminal |

Tanglewood

TestRails

Universal Foundry

Vannilla

Veeam

Zendesk

2co.com

45Drives

Academy of Interactive

Aditude

Aluvea Gaming and Production

Anthropic - Claude Team

AT&T

Audiokinetic

Bird Rock Systems

Boomlibrary

Brazen Animation

BrowserStack

Checkr Inc

Cigna Healthcare

Cinepolis

Claude.AI

CleverBridge.net

Cloudflare

Companion Group

CONNECTWISE LLC

Corpnet.com

CURSOR, AI

Datadog Inc

Dataedo

Digicert Inc

DMV

Dropbox

Egencia

Elastic Cloud Asker

Emergent Cryptography

Epic Games

Facebook

Figma

Financial Pacific Leasing

FS-FastSpring

Game Empire

GDC Registration

Gleam.IO

GoDaddy.com

Heroku

Higgs, Fletcher & Mack LLC

Hootsuite Inc

Incredibuild Software

Indium Software

Inon Zur Inc

Interactive Entertainment Law Group

IPFS Corporation

JangaFx

JazzHR

JetBrains Americas Inc

Jibble

Kaiser Group

Law Office of William Hartsock

Level Access Inc

Liberty Mutual

Linkedin

Lionbridge Technologies

Lux Medien

Mailgun Technologies

Manna BBQ

Marmoset LLC

Mcdermott Will Emery LLP

MD Ui Insurance

MikeX

Miltons

Mirantis Inc

Miro.com

Molekule

Monoprice Inc

Moss Adams LLP

Native Instruments

Nemogroup Media

Newegg Inc

Newport Group Inc

NMG Holding

Norton

OKTA

Open AI - Chap GPT

Oyster Hr Inc

Paddle.com

PagerDuty, Inc

Pathak Law

Plan Premier
Playfab Inc
Postal Annex
Postman Enterprise
Premiumbeat.com
Reallusion
RealtimeBoard Inc
Rebelway Billing
Rebound Sound Company
Reddit
Resemble AI
Rocket Lawyer
Sada North Hollywood CA
SALESFORCE.COM
Sauce Labs Inc
SE Software Inc
Sentry
ShotDeck.com
Sinch Mailgun
Sonokinetic
Squire and Co PC
SRFax
Stormlight Limited
Stripe
Studio Subscription Mamer
Sublime HQ Pty Ltd
Superluminal
Sweetwater Sound
Teague Insurance
Termly Inc
Testronic
The Guardian
Tonsturm
Traliant Training
Travelers Insurance
UBIQUITI INC.
Unifi
Vanilla Forums
Vidiq.com
Vons
Waves Inc
Wix.com Inc
WWW.UI.COM
Xsolla Inc

Zoho Corporation

Zoom.us

# Exhibit 2

| AccountName |
| --- |
| 10000 · Chase Checking-5332 |
| 27421 · West Coast Business Loan #2 |
| 68620 · Web Design |
| 35000 · Shareholder Distributions |
| 11000 · Chase Savings 2909 |
| 34500 · Business Expenses Paid by J.M. |
| 23000 · Chase CC-5385 |
| 27426 · Spg Advance Loan # 2 |
| 28570 · Tiger Loan |
| 10100 · BofA Checking-3011 |
| 11500 · CommerceWest Checking-5739 |
| 12500 · Business Exps pd by J Moore |
| 11400 · CommerceWest (PPP)-2710 |
| 11700 · CommerceWest Checking-4127 |
| 14100 · Loan to Sharron Sharif |
| 23100 · American Express 3-31000 |
| 39000 · Retained Earnings |
| Transfer From 5332 to 6009 |
| To Apply Shareholder Contributions against Shareholder Loans JM |
| Chase Card 0564 |
| Debit-8736 |
| ChaseCC0564 |
| Debit-6009 |
| WFCC-3716 |
| BofACC5094 |
| Amex-72009 |
| ChaseCC8749 |
| BofACC5904 |
| AmEx-33003 |
| 35500 · John Moore Acct. 6009 |
| Visa 5904 ck |
| Barclay3932 |
| ChaseCC3935 |
| ACH-6009 |
| ChaseCC9048 |
| Barclay Card |
| Chase Card 3935 |
| Chase Card 9048 |
| Bk of America Visa |
| Wells Fargo Card |
| Chase Card 8749 |
| American Funds Investment |
| Bank Hapoalim B M Tel-Aviv Israel |

Bank of New Zealand

CommerceWest Loan-9349

Paypal

Royal Bank of Canada

Royal India

SBA Loan

SDG&E 200

SDG&E 210

Stripe

US Treasury

# Exhibit 3

**Vendor Name**

To record personal paid corporate expenses

Transfer From 2909 to 6009

Cash Withdrawal

Paid Chase-7802 Credit Card from Intrepid

Rent for Home

Withdrawal - NEED VENDOR NAME

Personal w/d per John

Bethany Alkazin

West Coast Pools

Cash Redemption

Garyhamilto

Groupon

Out2C

Verifybank

PayPal - Loan Builder

Wocommerce Single

TammysToys

Quotashark

Electronic

Gelsons Market

Suzette Moore Staunton

Amazon

Jenterprise

2 Boston CNV

Law Office of William Hartsock

Amazon Fresh

Lands End Bus Outfitters

Mount it.com

Edible Arrangements

Kuala Lumpur Malaysia

DB Fernverkehr

Tuelay

Funkhaus

800 Flowers

JBarneck

Robinhubert

Airbnb

FTD.com

Jack in the Box

Ancestry.com

Crate and Barrel

GM Financial

Poulin Antiques & Auction ($25k)

Life Water Sytems

80% JM

DMV

Wynn ($22k)

Moss Adams LLP

Orbitz

Southwest

United

American Airlines

# Exhibit 4

NOTICE OF DISPOSITION OF COLLATERAL AT PRIVATE SALE

TFE Games Holdings, LLC is secured party (the "**Secured Party**") with respect to certain indebtedness owed by Intrepid Studios, Inc. (the "**Debtor**"), pursuant to the terms of that certain Pledge and Security Agreement dated March 23, 2022, by and between the Debtor and an assignor Secured Party, and related documents (collectively, the "**Loan Documents**"). Debtor's obligations under the Loan Documents are secured by the following (the "**Collateral**"):

All assets belonging to the Debtor, including but not limited to, shares, intellectual property, software, all real property, personal property, trademarks, licenses, cash, accounts and notes receivable, inventory, equipment, and any and all other assets, intangible or tangible, belonging to the Debtor.  All proceeds of the foregoing, whether voluntary or involuntary.

The Debtor has defaulted in its obligations to the Secured Party under the Loan Documents. The applicable balance of the obligations owed to the Secured Party under the Loan Documents as of January 6, 2026, is in excess of $40,372,831.54 (exclusive of interest, attorney fees and expenses). Secured Party's liens are junior to those of U.S. Small Business Administration and CommerceWest Bank, which will not be affected by this sale.

The Secured Party will sell the Collateral at a private sale to be conducted pursuant to the terms of Section 9601 et seq. of the Uniform Commercial Code, via private auction conducted at 601 East Bridger Ave, Las Vegas, Nevada 89101, on January 16, 2026, commencing at 1:00 p.m. (Pacific Time). Attendance at this private sale may also be by video conference or telephone.

Please contact Lucas Mundell, on or before 5:00 pm (Pacific Time), January 14, 2026, at 702-754-1962, or via email at lmundell@nvfirm.com to obtain video conference or dial-in information prior to the sale or any additional information with respect to the sale and if you desire to participate in the sale.

Additional sale procedures will be presented to all participants prior to the sale.

The Secured Party reserves the right in its sole discretion to adjourn the sale to another date without further publication or notice by giving notice at the time of the sale. The full bid price must be paid in certified check or cashier's check payable to the order of TFE Games Holdings, LLC. The successful bid price must be paid in full at the time of the sale or as otherwise agreed upon by the Secured Party. The Secured Party reserves the right to bid all or part of the amount secured by the Collateral being sold without certified or cashier's check as required for other bidders.

The Collateral to be sold in this sale is being sold on an "AS IS, WHERE IS" basis. The Secured Party specifically disclaims all representations and warranties, including but not limited to those that relate to title, value, fitness for a particular purpose, merchantability and condition of the Collateral. Please note that the Collateral will be sold subject to the liens of U.S. Small Business Administration and CommerceWest Bank.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the Notice of Disposition of Collateral at Private Sale was served via Certified U.S. Mail, on this 6th day of January, 2026, to the following Secured Parties:

Ya-Ya Legacy Trust
4504 San Blas Avenue
Woodland, CA 91364

Ya-Ya Holdings, LLC
4504 San Blas Avenue
Woodland, CA 91364

Jason Caramanis
4504 San Blas Avenue
Woodland, CA 91364

U.S. Small Business Administration
1545 Hawkins Boulevard
Suite 202
El Paso, TX 79925

*/s/ Susan Roman*
Susan Romman, an employee of
Schwartz, PLLC



U240040960326

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U240040960326

Date Filed: 5/13/2024

B2733-8010 05/13/2024 4:13 PM Received by California Secretary of State

Submitter Information:

| | |
|---|---|
| Contact Name | Robert Dawson |
| Organization Name | |
| Phone Number | (407) 539-4482 |
| Email Address | robert.d.dawson@outlook.com |
| Address | 1740 GREYSTONE CT LONGWOOD, FL 32779 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| Intrepid Studios, Inc. | 3721 Valley Centre Dr. Ste. 200 San Diego, CA 92130 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| Robert Dawson | 1740 Greystone Ct Longwood, FL 32779 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
All assets and all personal property of Debtor, wherever located and whenever acquired, including, but no limited to: Equipment, Inventory, Fixture, Goods, Instruments, Chattel paper (including without limitation Electronic Chattel Paper), General Intangibles, payment Intangibles, Accounts and all other obligations now or hereafter owing to Grantor, all Deposit Accounts, cash, and money, certificates of deposit, Investment Property, Financial Assets, Letters of Credit Rights, all Commercial Tort Claims and any other causes of action against third parties (excluding only claims for death or personal Injury), As-Extracted Collateral, Intellectual property, copyrights, trademarks trade names, all Supporting Obligations for any of
the foregoing, all Proceeds (including without limitation insurance proceeds) from and products of and accessions to any of the
foregoing and all books and records relating to any of the foregoing. Terms and used herein shall have the meaning provided in
the applicable Uniform Commercial Code.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:

☐ Order a Search to Reflect

B2733-8011 05/13/2024 4:13 PM Received by California Secretary of State



U260001403217



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U260001403217 |
| Date Filed: 1/7/2026 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Lucas Mundell, Esq. |
| Organization Name | Schwartz, PLLC |
| Phone Number | (702) 385-5544 |
| Email Address | sroman@nvfirm.com |
| Address | 601 E Bridger Avenue<br>Las Vegas, NV 89101 |

Amendment Action Information:

| | |
| --- | --- |
| Initial Financing Statement File Number | U240040960326 |
| Date Filed | 05/13/2024 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| *Changed From:*<br>ROBERT DAWSON<br>*Changed To:*<br>TFE Games Holdings, LLC | *Changed From:*<br>1740 GREYSTONE CT<br>LONGWOOD, FL 32779<br>*Changed To:*<br>7336 W POST ROAD<br>111<br>NEVADA, FL 89113 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| | |
| --- | --- |
| Authorizing Secured Party Name | ROBERT DAWSON |

Optional Filer Reference Information:

Miscellaneous Information:

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| TFE Games Holdings, LLC, Plaintiff(s) <br><br> vs. <br><br> Steven Sharif, Defendant(s) | CASE NO: A-26-939022-B <br><br> DEPT. NO.  Department 13 |

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Shortening Time was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/17/2026

| | |
|---|---|
| Samuel Schwartz | saschwartz@nvfirm.com |
| Emily Anderson | eanderson@nvfirm.com |
| Michael Sturm | msturm@nvfirm.com |
| ECF Inbox | ecf@nvfirm.com |