# EXHIBIT A

Electronically Filed
02/24/2026 1:16 PM

CLERK OF THE COURT

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Emily D. Anderson, Esq.
Nevada Bar No. 13814
eanderson@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for the Plaintiff*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TFE GAMES HOLDINGS, LLC, a Delaware limited liability company, | Case No. A-26-939022-B |
| Plaintiff, | Dept. No. 13 |
| vs. | |
| STEVEN SHARIF, a Nevada resident; JOHN MOORE, a Nevada resident; DOES I through X; and ROE CORPORATE DEFENDANTS XI through XX, | |
| Defendants. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND TEMPORARY RESTRAINING ORDER PURSUANT TO PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO NRCP 65(B)(1) OR NRS 31.859**

Plaintiff TFE Games Holdings, LLC ("**TFE**" or the "**Plaintiff**"), by and through its counsel of record, Schwartz, PLLC, having moved for an *ex parte* temporary restraining order pursuant to NRCP 65(b)(1) and/or NRS 31.859 (the "**Motion**") on February 17, 2026, against Defendant Steven Sharif (**"Sharif"**) and his agents, non-parties Timothy Baker ("**Baker**"), Avery-John Kucan ("**Kucan**"), Matthew Rhoades ("**Rhoades**"), and Jason Zimmerman ("**Zimmerman**," collectively with Baker, Kucan, and Rhoades, the "**Agents**"); Sharif having appeared along with Defendant John Moore ("**Moore**"), with Aaron D. Lovaas, Esq. of Fennemore Craig, P.C. as their counsel, at the February 19, 2026 hearing on the Motion (the "**Initial Hearing**"); Sharif and Moore having stipulated at the Initial Hearing to maintain the status quo concerning the Company Records (as

1

defined below) in their possession and control until the time of the Continued Hearing (as defined below) and to submit a brief in opposition to the Motion before the Continued Hearing; the Court having duly considered the Amended Complaint filed on February 12, 2026, the Motion, the declarations and exhibits attached thereto, the arguments made at the Initial Hearing, and being fully advised, and good cause appearing, the Court hereby makes the following findings of facts and conclusions of law:

## FINDINGS OF FACT

1.    The Plaintiff is successor-in-interest to non-party Intrepid Studios, Inc. ("**Intrepid**").

2.    Defendant Sharif is the former Chief Executive Officer of Intrepid. Defendant Sharif is in possession of certain books and records of Intrepid (collectively, the "**Company Records**") which, Plaintiff alleges, includes all receipts and invoices from the past three (3) years and payroll records going back to 2016, as well as the account information for numerous Technology Platforms,[1] Bank and Credit Card Accounts,[2] and miscellaneous Third-Party Vendors,[3] and all related executed contacts.

3.    Due to his position as Chief Executive Officer, Defendant Sharif was entrusted with Intrepid's Company Records.

4.    Defendant Sharif has refused to turnover the Company Records to the Plaintiff despite request.

5.    Defendants dispute Plaintiff's "successor in interest" status and dispute the legitimacy of the UCC Article 9 sale through which Plaintiff asserts that status.

6.    Intrepid has issued Notifications Under the Worker Adjustment and Re-Training Notification Act ("**WARN Act**") to its employees (the "**WARN Act Notices**").

---

[1]    *See* **Exhibit 1** for a non-exhaustive list of applicable technology platforms (the "**Technology Platforms**"); the information related to the Technology Platforms includes the executed contracts with those vendors.

[2]    *See* **Exhibit 2** for a non-exhaustive list of applicable bank and credit card accounts (the "**Bank and Credit Card Accounts**").

[3]    *See* **Exhibit 3** for a non-exhaustive list of applicable, miscellaneous Third-Party Vendors ("**Third-Party Vendors**").

7.    Without the Company Records, the Plaintiff cannot wind up Intrepid's business and fulfill its obligations under the WARN Act, among other obligations.

8.    The Plaintiff directed the Agents multiple times to turnover the Company Records, but they have refused to do so. Fette Declaration in support of Motion, at par. 4.

### CONCLUSIONS OF LAW

1.    Defendants Sharif and Moore have stipulated to maintain the status quo concerning the Company Records (as defined below) until the time of the Continued Hearing (as defined below) and to submit a brief in opposition to the Motion before the Continued Hearing.

2.    The evidence submitted in support of the Motion satisfies NRCP 65(b)(1)(A) by providing specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to the Plaintiff and to the Company Records before the Agents can be heard in opposition to the Motion; specifically:

   a.    The Plaintiff is in urgent need of the Company Records;

   b.    Should any Company Records be destroyed, such harm would be irreparable as money damages would not recreate any lost data;

   c.    Agents have been directed multiple times to turnover the Company Records but they have refused to do so;

   d.    The data in these accounts is vulnerable to being deleted or destroyed if the accounts are not being maintained; and

   e.    The data in these accounts could also be lost permanently if the accounts are not paid for by the Plaintiff.

Dawson declaration in support of Motion, pars. 4-8; Fette declaration in support of Motion, para. 4.

3.    The evidence submitted in support of the Motion clearly shows the Agents could and will harm, destroy, and/or cause the Company Records to be lost immediately should the Court not enter this Temporary Restraining Order.

4.    The evidence submitted in support of the Motion clearly shows that harm, destruction, and/or the loss of the Company Records would be irreparable as the data could not be recreated.

5.    The evidence submitted in support of the Motion satisfies NRCP 65(b)(1)(B) by demonstrating specific facts that provide any efforts made to give notice and the reasons why it should not be required; specifically:

    a.   The Plaintiff is in urgent need of the Company Records;

    b.   Without the Company Records, the Plaintiff cannot wind up Intrepid's business and fulfill its obligations under the WARN Act, among other obligations; and

    c.   Pursuant to NRCP 65(b)(1)(B) the Plaintiff tried and failed to serve the Defendants with the Complaint on February 10, 2026, and on February 11, 2026.

Anderson Declaration, pars. 4-6.

6.    The Temporary Restraining Order is issued without notice to the Agents because immediate and irreparable injury, loss, or damage may result to the Company Records if the Agents are notified of the Motion.

7.    The Court will order nominal security for the Temporary Restraining Order of $500.00.

## TEMPORARY RESTRAINING ORDER

**IT IS THEREFORE HEREBY ORDERED** that a continued hearing on the Motion shall take place on March 9, 2026 at 9:00 a.m (the "**Continued Hearing**"), Defendants may file an opposition to the Motion by or before March 2, 2026, which may include Defendants' arguments as to personal jurisdiction as alluded to during the Initial Hearing, and Plaintiff's reply thereto is due by or before noon on March 6, 2026; and

**IT IS FURTHER ORDERED**, pursuant to the stipulation of the parties, that Defendants Sharif and Moore shall maintain the status quo concerning Company Records in their possession, and, specifically, will not destroy, impair, hamper, alter, edit or modify the Company Records, through the time of the Continued Hearing; and

**IT IS FURTHER ORDERED** that, pursuant to NRCP 65(b)(1) or NRS 31.859, the Agents are hereby immediately, **_temporarily restrained_** from withholding any Company Records in their possession from the Plaintiff, including, but not limited to, the usernames and passwords for Intrepid's: (A) Technology Platforms; (B) Bank and Credit Card Accounts; and (C) Third-Party Vendors; and

**IT IS FURTHER ORDERED** that TFE shall deposit $500.00 with the Clerk of the Court as security for this Temporary Restraining Order.

Dated this 24th day of February, 2026

cg

0DB 196 3800 EF4F
**Mark R. Denton**
**District Court Judge**

Respectfully Submitted by:

_/s/ Samuel A. Schwartz_
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Emily D. Anderson, Esq.
Nevada Bar No. 13814
eanderson@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

_Attorneys for Plaintiff_

Approved as to Form and Content by:

_/s/ Aaron Lovaas_
Aaron Lovaas, Esq.
Nevada Bar No. 5701
alovaas@fennemorelaw.com
FENNEMORE CRAIG, P.C.
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: 702.692.8000
Facsimile: 702.692.8099

_Attorneys for Defendants Steven Sharif and John Moore_

# Exhibit 1

| Application / SaaS Provider / System |
| --- |
| Action 1 |
| Adobe |
| Amazon / AWS |
| Atlassian |
| Autodesk |
| Bitwarden |
| CDW | HPE |
| Cisco Duo |
| Contentful |
| Cox Business |
| DBScheme |
| Docker |
| Docusign |
| Duo |
| EPIC UDN |
| Figma |
| GitHub |
| GitKraken |
| g-suite - Google |
| Gusto |
| Helix | Perforce |
| incident.io |
| iXie(QA) |
| Jazz HR |
| JetBrains | Rider |
| Lens |
| Looker Studio Pro |
| mailchimp |
| Mailgun |
| Microsoft |
| Miro |
| Mongo DB |
| NMP INC. |
| Parsec |
| PDQ |
| Postman |
| Scale Matrix |
| Screen Connect |
| Slack |
| Sophos |
| Steam |
| superluminal |

Tanglewood

TestRails

Universal Foundry

Vannilla

Veeam

Zendesk

2co.com

45Drives

Academy of Interactive

Aditude

Aluvea Gaming and Production

Anthropic - Claude Team

AT&T

Audiokinetic

Bird Rock Systems

Boomlibrary

Brazen Animation

BrowserStack

Checkr Inc

Cigna Healthcare

Cinepolis

Claude.AI

CleverBridge.net

Cloudflare

Companion Group

CONNECTWISE LLC

Corpnet.com

CURSOR, AI

Datadog Inc

Dataedo

Digicert Inc

DMV

Dropbox

Egencia

Elastic Cloud Asker

Emergent Cryptography

Epic Games

Facebook

Figma

Financial Pacific Leasing

FS-FastSpring

Game Empire

GDC Registration

Gleam.IO

GoDaddy.com
Heroku
Higgs, Fletcher & Mack LLC
Hootsuite Inc
Incredibuild Software
Indium Software
Inon Zur Inc
Interactive Entertainment Law Group
IPFS Corporation
JangaFx
JazzHR
JetBrains Americas Inc
Jibble
Kaiser Group
Law Office of William Hartsock
Level Access Inc
Liberty Mutual
Linkedin
Lionbridge Technologies
Lux Medien
Mailgun Technologies
Manna BBQ
Marmoset LLC
Mcdermott Will Emery LLP
MD Ui Insurance
MikeX
Miltons
Mirantis Inc
Miro.com
Molekule
Monoprice Inc
Moss Adams LLP
Native Instruments
Nemogroup Media
Newegg Inc
Newport Group Inc
NMG Holding
Norton
OKTA
Open AI - Chap GPT
Oyster Hr Inc
Paddle.com
PagerDuty, Inc
Pathak Law

Plan Premier
Playfab Inc
Postal Annex
Postman Enterprise
Premiumbeat.com
Reallusion
RealtimeBoard Inc
Rebelway Billing
Rebound Sound Company
Reddit
Resemble AI
Rocket Lawyer
Sada North Hollywood CA
SALESFORCE.COM
Sauce Labs Inc
SE Software Inc
Sentry
ShotDeck.com
Sinch Mailgun
Sonokinetic
Squire and Co PC
SRFax
Stormlight Limited
Stripe
Studio Subscription Mamer
Sublime HQ Pty Ltd
Superluminal
Sweetwater Sound
Teague Insurance
Termly Inc
Testronic
The Guardian
Tonsturm
Traliant Training
Travelers Insurance
UBIQUITI INC.
Unifi
Vanilla Forums
Vidiq.com
Vons
Waves Inc
Wix.com Inc
WWW.UI.COM
Xsolla Inc

Zoho Corporation

Zoom.us

# Exhibit 2

| AccountName |
| --- |
| 10000 · Chase Checking-5332 |
| 27421 · West Coast Business Loan #2 |
| 68620 · Web Design |
| 35000 · Shareholder Distributions |
| 11000 · Chase Savings 2909 |
| 34500 · Business Expenses Paid by J.M. |
| 23000 · Chase CC-5385 |
| 27426 · Spg Advance Loan # 2 |
| 28570 · Tiger Loan |
| 10100 · BofA Checking-3011 |
| 11500 · CommerceWest Checking-5739 |
| 12500 · Business Exps pd by J Moore |
| 11400 · CommerceWest (PPP)-2710 |
| 11700 · CommerceWest Checking-4127 |
| 14100 · Loan to Sharron Sharif |
| 23100 · American Express 3-31000 |
| 39000 · Retained Earnings |
| Transfer From 5332 to 6009 |
| To Apply Shareholder Contributions against Shareholder Loans JM |
| Chase Card 0564 |
| Debit-8736 |
| ChaseCC0564 |
| Debit-6009 |
| WFCC-3716 |
| BofACC5094 |
| Amex-72009 |
| ChaseCC8749 |
| BofACC5904 |
| AmEx-33003 |
| 35500 · John Moore Acct. 6009 |
| Visa 5904 ck |
| Barclay3932 |
| ChaseCC3935 |
| ACH-6009 |
| ChaseCC9048 |
| Barclay Card |
| Chase Card 3935 |
| Chase Card 9048 |
| Bk of America Visa |
| Wells Fargo Card |
| Chase Card 8749 |
| American Funds Investment |
| Bank Hapoalim B M Tel-Aviv Israel |

Bank of New Zealand

CommerceWest Loan-9349

Paypal

Royal Bank of Canada

Royal India

SBA Loan

SDG&E 200

SDG&E 210

Stripe

US Treasury

# Exhibit 3

**Vendor Name**

To record personal paid corporate expenses
Transfer From 2909 to 6009
Cash Withdrawal
Paid Chase-7802 Credit Card from Intrepid
Rent for Home
Withdrawal - NEED VENDOR NAME
Personal w/d per John
Bethany Alkazin
West Coast Pools
Cash Redemption
Garyhamilto
Groupon
Out2C
Verifybank
PayPal - Loan Builder
Wocommerce Single
TammysToys
Quotashark
Electronic
Gelsons Market
Suzette Moore Staunton
Amazon
Jenterprise
2 Boston CNV
Law Office of William Hartsock
Amazon Fresh
Lands End Bus Outfitters
Mount it.com
Edible Arrangements
Kuala Lumpur Malaysia
DB Fernverkehr
Tuelay
Funkhaus
800 Flowers
JBarneck
Robinhubert
Airbnb
FTD.com
Jack in the Box
Ancestry.com
Crate and Barrel
GM Financial
Poulin Antiques & Auction ($25k)

Life Water Sytems
80% JM
DMV
Wynn ($22k)
Moss Adams LLP
Orbitz
Southwest
United
American Airlines

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

TFE Games Holdings, LLC,
Plaintiff(s)

vs.

Steven Sharif, Defendant(s)

CASE NO: A-26-939022-B

DEPT. NO.  Department 13

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Findings of Fact, Conclusions of Law and Judgment was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 2/24/2026

| | |
|---|---|
| Cheryl Landis | clandis@fclaw.com |
| Samuel Schwartz | saschwartz@nvfirm.com |
| Emily Anderson | eanderson@nvfirm.com |
| Michael Sturm | msturm@nvfirm.com |
| ECF Inbox | ecf@nvfirm.com |
| Aaron Lovaas | ALovaas@fennemorelaw.com |