Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for Defendant*
*TFE Games Holdings, LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DAWSON; RYAN OGDEN; THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS, LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-JLB <br><br> **DEFENDANT TFE GAMES HOLDINGS, LLC'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON ITS MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER PURSUANT TO FRCP 65(b)(4)** <br><br> Judicial Officer: Hon. Linda Lopez <br> Courtroom: 14B (14th Floor) <br> Hearing Date: N/A <br> Hearing Time: N/A <br><br> Action Filed: February 14, 2026 <br> Trial Date: Not Set |

Defendant TFE Games Holdings, LLC ("**TFE**" or "**Defendant**"), by and through its counsel of record, the law firm of Schwartz, PLLC, pursuant to Civil Rules[1] 6(c) and 65(b)(4), CivLR  7.1.e.5 and 83.3.g, and Civil Chambers Rule 5,

---

[1]    "**Civil Rule**" references are to the Federal Rules of Civil Procedure. "**Evidence Rule**" references are to the Federal Rules of Evidence. "**CivLR or Local Civil Rule**" references are to the Local Civil Rules of Practice of the United States District Court for the Southern District of California. "**Civil Chambers Rule**" references are to the Honorable Linda Lopez, United States District Judge's Civil Chambers Rules. "**ECF Manual**" references are to the Electronic Case Filing Administrative Policies and Procedures Manual. "**ECF No.**" references are to the numbers assigned to the

hereby files this *ex parte* application (the "**Application**") for entry of an order shortening time on *Defendant TFE Games Holdings, LLC's Motion to Dissolve Temporary Restraining Order Pursuant to FRCP 65(b)(4)* (the "**Motion to Dissolve TRO**"), filed by TFE on March 6, 2026.

This Application is made and based on the accompanying Memorandum of Points and Authorities, the declaration of Samuel A. Schwartz, Esq. (the "**Schwartz Declaration**") in support thereof, and all pleadings and papers on file with the Clerk of the Court in the above-captioned action, judicial notice of which is respectfully requested pursuant to Evidence Rules 201 and 1101.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELEVANT FACTS AND PROCEDURAL HISTORY

1.    Steven Sharif ("**Sharif**" or "**Plaintiff**"), on behalf of himself and separately on behalf of all other shareholders of Intrepid Studios, Inc. ("**Intrepid**"), filed his *Verified Shareholder Derivative Complaint and Direct Complaint* [ECF No. 1] (the "**Complaint**") on February 14, 2026, which initiated the above-captioned action.

2.    On March 2, 2026, Plaintiff filed his *Ex Parte Motion for Temporary Restraining Order* [ECF No. 10] (the "**Motion for TRO**").

3.    On March 4, 2026, the Court, without any opposition or response to the Motion for TRO filed by TFE, entered the *Order Granting Ex Parte Motion for Temporary Restraining Order* [ECF No. 20] (the "**TRO**"). The TRO, *inter alia*, set a preliminary injunction hearing for March 18, 2026, at 4:30 PM PDT (the "**Preliminary Injunction Hearing**"), and issued an order to show cause to Defendant as to why a preliminary injunction should not issue pursuant to Civil Rule 65, with Defendant's written response due on or before March 11, 2026, and Plaintiff's response thereto due on or before March 13, 2026.

documents filed in the above-captioned action as they appear on the docket maintained by the Clerk of the Court.

4.      On March 6, 2026, TFE filed its Motion to Dissolve TRO.[2] Pursuant to Civil Chambers Rule 3(B), the hearing date currently set for the Motion to Dissolve TRO is April 10, 2026 (the "**Motion to Dissolve TRO Hearing**"). In addition, pursuant to CivLR 7.1.e,2 and 3, Plaintiff's opposition to the Motion to Dissolve TRO is due no later than March, 27, 2026, and Defendant's reply thereto is due no later than April 3, 2026.

5.      TFE hereby incorporates the factual statements and additional background information stated in its Motion to Dissolve TRO as if set forth herein, and respectfully requests the Court to take judicial notice of the same.

## II.    LEGAL ARGUMENT

6.      TFE's Motion to Dissolve TRO was filed pursuant to Civil Rule 65(b)(4), which provides as follows:

> (4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice—**or on shorter notice set by the court**—the adverse party may appear and move to dissolve or modify the order. **The court must then hear and decide the motion as promptly as justice requires**.

FED. R. CIV. P. 65(b)(4) (emphasis added). The Motion to Dissolve TRO Hearing is currently scheduled *more than three weeks after* the Preliminary Injunction Hearing. For the reasons explained below, briefing and adjudication of the Motion to Dissolve TRO in the normal course would cause extreme harm and prejudice to TFE. Accordingly, TFE seeks to have the Motion to Dissolve TRO heard by the Court as soon as practicable.

7.      Civil Rule 6(c) gives courts the power to change a hearing date when a party demonstrates good cause. *See In re Bofi Holding, Inc. Secs. Litig.*, 2016 U.S. Dist. LEXIS 134966, at *3 (S.D. Cal. Sept. 28, 2016); FED. R. CIV. P. 6(c).

8.      Pursuant to CivLR 7.1.e.5 "[a]ll applications for orders shortening time under [the Court's Local Civil Rules] must be submitted ex parte, be accompanied by

---

[2]      All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dissolve TRO.

a proposed order, and be served on all opposing parties." CivLR 7.1.e.5.

9.  CivLR 83.3.g.2 further requires:

2. A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

CivLR 83.3.g.2.

10.  As set forth in the Schwartz Declaration and the Motion to Dissolve TRO, there are compelling reasons for an expedited hearing. Specifically, the parties supporting the efforts to dissolve the TRO in this case represent seventy percent (70%) of the equity and seventy two percent (72%) of the debt of Intrepid. They are effectively the supermajority of the capital stack and ownership of a failing company that they are trying to save, but for the opposition of the small minority owner and former CEO, Steven Sharif. The tail is wagging the dog in this matter, and it cannot be allowed to continue, or there will be nothing to recover – only litigation.

11.  The Preliminary Injunction Hearing is set to be heard by this Court on March 18, 2026, at 4:30 PM PDT. The Preliminary Injunction Hearing should not be held and ruled on before TFE's Motion to Dissolve TRO is heard. The prejudice to TFE would be substantial in the absence of an order shortening time; whereas, the prejudice to Mr. Sharif in having the Motion to Dissolve TRO adjudicated by the Court pursuant to an order shortening time is, by significant orders of magnitude, substantially less. Mr. Sharif is no longer an officer or director of Intrepid and he has no affiliation with TFE. Accordingly, the Motion to Dissolve TRO should be heard before the Preliminary Injunction Hearing.

12.  Given that the balancing of prejudice between TFE and Mr. Sharif tips decidedly in TFE's favor, TFE respectfully submits that good cause exists within the meaning of Civil Rule 6(c)(1)(C) for entry of an order shortening time.

26cv00965-LL-JLB

## III.    CONCLUSION

WHEREFORE, based upon the foregoing, TFE submits that cause exists under both Civil Rule 6(c) and CivLR 7.1.e.5 to grant the relief requested herein, and respectfully requests that the Court: (i) enter an order shortening time to hear the Motion to Dissolve TRO at the Court's earliest convenience, but in no event later than the hearing date and time set for the Preliminary Injunction Hearing; and (ii) grant such other and further relief as the Court may deem just and appropriate.

Dated: March 6, 2026.

SCHWARTZ, PLLC

By: /s/ Sasha Aliakbar-Amid
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Attorneys for Defendant*
*TFE Games Holding, LLC*

26cv00965-LL-JLB