UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 26cv965-LL-JLB |
| Plaintiff, | **ORDER APPOINTING INTELLECTUAL PROPERTY CUSTODIAN** |
| v. | |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC, | [ECF No. 32] |
| Defendants, | |
| and | |
| INTREPID STUDIOS, INC., | |
| Nominal Defendant. | |

Before the Court is the parties' Joint Notice of Proposed Intellectual Party Custodian, submitted pursuant to this Court's March 4, 2026 Order Granting Ex Parte Motion for Temporary Restraining Order (the "Temporary Restraining Order"). ECF No. 32. The Court **ORDERS** as follows:

1. Michael Kunkel, Director of Investigative Services, Setec Investigations shall be appointed as Intellectual Property Custodian in this matter during the pendency of the Temporary Restraining Order. Mr. Kunkel, as Intellectual Property Custodian, shall hold and control, on a temporary and limited basis, the credentials, administrative privileges, and source-control access to the accounts, platforms, and repositories that contain Intrepid Studio, Inc's ("Intrepid" or the "Company") trade secrets, for the sole purpose of preventing any access, use, sale, or dissemination of Intrepid's trade secrets until such further order of this Court.

2. For the purposes of this Order, Intrepid's trade secrets shall be defined as:

   a. Audio/visual effects;

   b. Models for characters, monsters, the environment, visual effects, text narrative, sound effects, and animations (i.e., production assets created by employees/contractors and incorporated into builds);

   c. The Company's confidential source code and technical implementation architecture, including server-side node simulation logic, distributed event-processing systems, dynamic resource-allocation algorithms, balancing formulas, and backend systems governing world persistence, territory control, and economic dependencies;

   d. Designs and implementations of server meshing technology and distributed networking systems;

   e. Proprietary Player versus Player risk-reward scaling algorithms and conditional reward-modification logic implemented within the combat and flagging systems;

   f. The implemented Node-system engine logic (predicate-based world-state engine, conditional matrices, progression thresholds, etc.) as embodied in the Company's code and backend architecture;

26cv965-LL-JLB

g.  Developmental tools used in game creation (population tool, spawner systems, quest/story arc systems, internal admin tools);

h.  The event tool used to create open world events, wars, and caravan systems;

i.  The implemented seasonal environmental systems as built into the engine;

j.  The implemented trade/caravan systems, including economic balancing parameters and resource distribution logic;

k.  Class implementation logic and stat balancing systems as embodied in the Company's codebase; and

l.  Compiled builds, deployment pipelines, infrastructure configurations, and production environments.

3.  For the purposes of this Order, the accounts, platforms, and repositories containing Intrepid's trade secrets shall be defined as:

a.  AWS;

b.  Perforce;

c.  Github;

d.  Miro;

e.  MongoDB;

f.  g-suite — Google;

g.  Google workspace;

h.  Microsoft;

i.  Slack;

j.  Boomlibrary;

k.  Waves;

l.  Bitwarden;

m. Resemble.ai;

n.  DB Scheme;

26cv965-LL-JLB

o. GitKraken;

p. JetBrains;

q. incident.io;

r. Lens;

s. Autodesk;

t. Adobe;

u. Docker;

v. ScaleMatrix;

w. CDW | HPE; and

x. Universal Foundry.

4. Mr. Kunkel, as Intellectual Property Custodian, shall have control of the passwords to any of the above-listed Intrepid accounts and access to the above-listed Intrepid accounts, and shall be empowered to grant access to Defendants on a limited basis should just cause be shown that access to the above-listed accounts is required for a reason other than access to Intrepid's trade secrets.

5. Per agreement of the parties, the fees and costs of the Intellectual Property Custodian shall be borne by Plaintiff during the pendency of the Temporary Restraining Order.

**IT IS SO ORDERED.**

Dated:  March 10, 2026

_____

Honorable Linda Lopez
United States District Judge

4

26cv965-LL-JLB