# EXHIBIT 1

Electronically Filed
3/2/2026 7:34 PM
Steven D. Grierson
CLERK OF THE COURT

**OPPM**
FENNEMORE CRAIG, P.C.
Aaron D. Lovaas, Esq. (Bar No. 5701)
9275 W. Russell Road, Suite 240
Las Vegas, Nevada  89148
Telephone:  (702) 692-8000
Facsimile:   (702) 692-8099
Email: alovaas@fennemorelaw.com

*Attorney for Defendants*
*STEVEN SHARIF and JOHN MOORE*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TFE GAMES HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN SHARIF, a Nevada resident; JOHN MOORE, a Nevada resident; DOES I through X; and ROE CORPORATE DEFENDANTS XI through XX, <br><br> Defendants. | Case No.:  A-26-939022-B <br><br> Dept. No.:  13 <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendants STEVEN SHARIF ("Sharif") and JOHN MOORE ("Moore," and collectively with Sharif, "Defendants"), by and through their counsel of record, Aaron D. Lovaas, Esq. of Fennemore Craig, P.C., hereby submit this Opposition ("Opposition") to Plaintiff's Motion for Preliminary Injunction ("Motion") [Doc. #5].

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FENNEMORE CRAIG
LAS VEGAS

63570976.1/082331.0001

This Opposition is based upon the points and authorities set forth below, the supporting declarations of Steven Sharif and John Moore filed concurrently herewith ("Sharif Decl." and "Moore Decl.," respectively), all other pleadings and papers on file, and any argument of counsel as may be heard by this Court.

Dated this 2nd day of March, 2026.

FENNEMORE CRAIG, P.C.

By: _/s/ Aaron D. Lovaas_
    Aaron D. Lovaas, Esq. (Bar No. 5701)
    9275 W. Russell Road, Suite 240
    Las Vegas, Nevada  89148
    Email: alovaas@fennemorelaw.com
    *Attorney for Defendants*
    *STEVEN SHARIF and JOHN MOORE*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Sharif has dedicated more than a decade of his life to the development of *Ashes of Creation*, a massively multiplayer online role-playing game ("MMORPG").  Sharif conceived of the immersive virtual world of the game, its features, characters, and game play; and then deployed his technical skills and expertise – and sought out others to contribute theirs – to begin to bring his creative vision to life.  Over these laborious years, Sharif and his team, through his company, Intrepid Studios, Inc. ("Intrepid" or "Company") developed significant and valuable intellectual property and trade secrets to build the game, make it work, and eventually approach the goal of releasing *Ashes of Creation* to the public.

Such a project requires significant funding, however, and in the case of technological development, that funding typically comes in the form of private investment or private debt financing.  Private investors and lenders in these circumstances are often given company shares and/or governing board positions in exchange for their funds.  In the case of Intrepid, Robert Dawson ("Dawson") was one such private lender who, eventually, became the Company's principal lender, majority shareholder, and Chairman of the Board.

- 2 -

63570976.1/082331.0001

challenging that very transaction, and despite defenses Defendants would raise in this action if they were properly before this Court, which they are not.

### F.    LACK OF NEVADA NEXUS

Both Sharif and Moore contest personal jurisdiction and have declared that:

- They are not Nevada residents;

- They do not own property or maintain offices in Nevada;

- They did not negotiate or execute relevant agreements in Nevada;

- Intrepid's operations were centered in California;

- UCC filings upon which the foreclosure was premised were made in California.

(Sharif Decl. ¶¶ 4-21; Moore Decl. ¶¶ 4-21).

The underlying corporate governance, secured transactions, and intellectual property development all occurred outside Nevada.  (Sharif Decl. ¶¶ 14; Moore Decl. ¶¶ 15).

### III.    LEGAL ARGUMENT

### A.    THE COURT LACKS PERSONAL JURISDICTION

Sharif is a resident of the State of California and has been for the past 15+ years. He has resided continuously in California from 2005 until January 2026. He currently hold California driver's licenses and is registered to vote in California. And he has filed California state tax returns for approximately 15 years. He has not taken any steps to change his permanent domicile from California to anywhere else.

Moore, too, is a resident of California. He was a homeowner in San Diego from 2020 until 2025, currently holds a California driver's license, is registered to vote in California, and has filed California state tax returns for at least 12 years.[1]

Defendants are not "at home" in Nevada. The relevant facts of the dispute center in and around San Diego, California, where Defendants reside and where Intrepid was founded and operated. This Court lacks personal jurisdiction over these Defendants and the Motion should be denied and this case dismissed on that basis.

---

[1] Sharif and Moore temporarily relocated to Virginia in January 2026; however, both have intent to return to San Diego in the near-term. (Sharif Decl., ¶ 7; Moore Decl., ¶ 13)

- 7 -

Under NRCP 12(b)(2), the Court must dismiss a complaint where the Court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of demonstrating that Nevada's long-arm statute grants the Court personal jurisdiction over a defendant and that the exercise of that jurisdiction does not offend the principles of due process. *Fulbright & Jaworski LLP v. Eighth Jud. Dist. Ct.*, 131 Nev. 30, 36, 342 P.3d 997, 1001 (2015) (citing NRS 14.065). "[T]he burden of proof never shifts to the party challenging jurisdiction." *Trump v. Eighth Jud. Dist. Ct*, 109 Nev. 687, 692–93, 857 P.2d 740, 744 (1993) (citations omitted). The plaintiff must go beyond the pleadings and "may not simply rely on the allegations of the complaint to establish personal jurisdiction." *Id.* at 693, 857 P.2d at 744. As a result, "the trial court hears the pretrial jurisdictional motion based on affidavits, depositions, and other discovery materials." *Id.*; *see also Tricarichi v. Coop. Rabobank, U.A.*, 135 Nev. 87, 90–91, 440 P.3d 645, 649 (2019).

To establish personal jurisdiction over a defendant, Nevada must have general or specific jurisdiction. *Arbella Mut. Ins. Co. v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 122 Nev. 509, 512, 134 P.3d 710, 712 (2006).

### 1.    The Court Lacks General Jurisdiction Over These Defendants.

A court has general jurisdiction over an out-of-state defendant where the defendant's forum state activities are "so substantial or continuous and systematic" that the defendant is considered present in that forum and, thus, subject to suit there, even if the suit's claims are unrelated to its home forum. *Firouzabadi v. First Jud. Dist. Ct.*, 110 Nev. 1348, 1352, 885 P.2d 616, 619 (1994). Here, there is no general jurisdiction.

First, and contrary to the incorrect allegations of the Amended Complaint [Doc. #4], neither Sharif nor Moore reside in Nevada. (Sharif Decl., ¶ 5; Moore Decl., ¶ 4); (*contra*, Am. Compl., ¶¶ 4-5). Both are residents of the State of California and have been for the past 15+ years. Sharif has resided continuously in California from 2005 until January 2026. Prior to this period, he temporarily stayed in Las Vegas, Nevada from 2004 to 2005 for the sole purpose of assisting a family member. His domicile before and after that brief period was in California. Sharif does not own, and has never owned, any real property or any interest in real property in Nevada directly, through a trust, or through any entity. (Sharif Decl., ¶ 4-21).  While Sharif has

- 8 -

very recently learned that—to his surprise and without his consent—he is currently identified as a manager of Network Pro, LLC, a Nevada limited liability company, this is an entity set-up and owned by his mother, and with which he has no involvement. Sharif did not execute any documents accepting the manager role and has never been involved in Network Pro's operations. Sharif has never taken any action on behalf of the LLC and, to his knowledge, Network Pro has never conducted business, nor does it have operating assets.  (*Id.*, ¶ 12). Similarly, Moore is not a resident of Nevada.  He continuously resided in San Diego, California, from 1998 – 2025, having owned a home there between 2020 and 2025.  (Moore Decl., ¶ 11).

As of January 13, 2026, Sharif and Moore have been temporarily staying in Virginia, but intend to return to California shortly. Both Sharif and Moore hold California driver's licenses and are registered to vote in California. Both have filed California state tax returns for approximately 12-15 years. (Sharif Decl., ¶¶ 6-10; Moore Decl., ¶ 12).  Neither Sharif nor Moore demonstrate any indicia of Nevada residency, contrary to the careless allegations of the Amended Complaint.

Because Defendants do not have continuous or systematic ties with Nevada, this Court lacks general jurisdiction.

**2.      The Court Lacks Specific Jurisdiction Over Defendants.**

Specific jurisdiction arises out of the defendant's contacts with the forum state. *Budget Rent-A-Car v. Eighth Jud. Dist. Ct.*, 108 Nev. 483, 486, 835 P.2d 17, 20 (1992). Courts often apply a three-prong test to determine whether they have specific jurisdiction over a defendant. *Cath. Diocese of Green Bay, Inc. v. John Doe 119*, 131 Nev. 246, 249, 349 P.3d 518, 520 (2015). First, the defendant must purposefully avail itself of serving the market in the forum or of enjoying the protection of the laws of the forum. *Id.* (quoting *Arbella*, 122 Nev. 513, 134 P.3d 712–13) (internal quotations omitted). Second, the cause of action "must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Third, the Court's exercise of jurisdiction must be reasonable, in that it does not offend the traditional notions of "fair play and substantial justice." *Tiktok, Inc. v. Eighth Jud. Dist. Ct.*, 141 Nev. Adv. Op. 51, 2025 WL 3111587, at *4 (2025) (quoting *In re Paul D. Burgauer Rev. Living Tr.*, 138 Nev. 801, 806, 521 P.3d 1160, 1165 (2022)).

- 9 -

63570976.1/082331.0001

This Court lacks specific personal jurisdiction over Sharif and Moore because Plaintiff's alleged causes of action do not arise from Defendants' contacts with or conduct in Nevada. Rather, Plaintiff alleges breach of fiduciary duty against Sharif, breach of contract against Defendants individually, unjust enrichment against Defendants individually, injunctive relief against Sharif, conversion against Sharif, and attorney's fees and costs against Sharif based upon each Defendant's interactions with Plaintiff, which, as a Delaware LLC is itself a non-Nevada resident, and Intrepid. None of these interactions occurred in, nor were they directed toward, Nevada. Thus, Plaintiff's allegations are not enough to establish personal jurisdiction to satisfy the Due Process Clause.

> a. Defendants Did Not Purposefully Avail Themselves of Nevada's Benefits.

"To show purposeful availment, the plaintiff must demonstrate that the defendant's contacts with the forum state are not 'random, isolated, or fortuitous' but instead intentional, such as 'exploit[ing] a market in the forum State or entering a contractual relationship centered there.'" *Franceschi v. LG Chem, Ltd.*, 141 Nev. Adv. Op. 65, 580 P.3d 1279, 1283 (2025). Plaintiff cannot make such a showing. Indeed, the allegations of the Amended Complaint say nothing of any of Defendants' contacts with Nevada at all, save for the boilerplate (and erroneous) allegations of Paragraph 2 claiming proper venue.

TFE will likely point to Sharif's unwitting and unconsented role as a manager of his mother's idle, shell Nevada LLC and/or the fact that, over five years ago, Sharif had one social dinner in Las Vegas with others involved in Intrepid, to contend that Sharif has purposefully availed himself of Nevada's benefits. Neither of these circumstances, however, is enough to confer specific jurisdiction. As to the LLC, Sharif testifies that he had no knowledge of being identified as a manager of the entity until the preparation of his Declaration and that he never consented to the role. (Sharif Decl., ¶ 12). There is nothing "purposeful" about having one's name printed on a form Secretary of State filing without knowledge or consent.

As to the social dinner, Sharif testifies that it was an isolated occasion and that none of the transactions at issue in this case were negotiated or conducted in Nevada. (Sharif Decl., ¶ 20). If

- 10 -

a social dinner were enough to confer jurisdiction, then every tourist who visited Nevada would be subject to being hailed into Nevada courts for matters arising out of wholly separate circumstances. Hence, there is no "purposeful availment" as a result of the dinner. *See, e.g., McGuire Holdings Ltd. v. Betfred Int'l Holdings, Ltd.*, 138 Nev. 965, 518 P.3d 483 (2022) ("unpublished disposition") (affirming a district court's dismissal for lack of personal jurisdiction and noting that there was no purposeful availment where "[a]lthough it is undisputed that the parties met on one occasion in Las Vegas, there is neither any evidence that the parties met in Nevada for [the purpose of discussing the subject matter of a letter of intent], nor any evidence that [Respondent's] acts at that meeting were expressly aimed at Nevada."); *cf. Firouzabadi v. First Judicial Dist. Court*, 110 Nev. 1348, 1355-56, 885 P.2d 616, 621 (1994) (concluding that sufficient minimum contacts were established when a party attended a trade convention in Nevada because the parties' claims "ar[o]se from [an] agreement[ ] that w[as] negotiated and entered into at th[at] trade show"). In *McGuire*, the court noted that the parties had done business together and negotiated agreements outside of Nevada, but met in Nevada as a matter of convenience on the occasion at issue in the case. The court held that that meeting was insufficient to establish personal jurisdiction. The facts here are almost on all fours with *McGuire*. Finally, there is a nexus requirement to the specific jurisdiction analysis as well, which the isolated social dinner cannot satisfy. *See, Graziose v. American Home Products Corp.*, 161 F. Supp. 1149, 1154 (D. Nev. 2001). Both Sharif's and Moore's Declarations demonstrate that neither have "purposeful" and "intentional" contacts with Nevada.

> b. <u>The Cause of Action Does Not Arise Out of Defendants' Contacts with Nevada.</u>

The minimum contacts analysis focuses on the defendant's contacts with the forum state. *Trump*, 109 Nev. 698, 857 P.2d 747. As repeatedly noted throughout this argument, there are none. Aside from Plaintiff's incorrect allegation that Defendants are residents of Nevada, none of Plaintiff's allegations demonstrate that Defendants had purposeful minimum contacts with Nevada for specific jurisdiction. Defendants don't live in Nevada. They don't work in Nevada. They don't own property in Nevada, and they perform no services here. Nevada played no role in

63570976.1/082331.0001

this matter. The Complaint fails to support any argument that the claim arose out of contacts with Nevada. Thus, Defendants do not have minimum contacts with Nevada for the claims to arise out of, and Nevada lacks specific jurisdiction.

### c. Assertion of Personal Jurisdiction Over Defendants Does Not Comport with Fair Play and Substantial Justice.

The final prong is reasonableness; a court must consider whether it is reasonable to require the defendant to defend the particular lawsuit in Nevada. *Arbella*, 122 Nev. 516, 134 P.3d 714. Factors relevant to this inquiry include "the burden that the defendant will face in defending claims in Nevada, Nevada's interest in adjudicating those claims, the plaintiffs' interests in obtaining expedited relief, along with interstate considerations such as efficiency and social policy." *Arbella*, 122 Nev. 516, 134 P.3d 714.

In weighing the reasonableness factors above, finding personal jurisdiction would be unreasonable here. First, the burden on Defendants to defend this litigation in Nevada is high. Any in-person court appearances would require travel from California (or at least initially, from Virginia) for both Defendants. Further, the overwhelming majority of critical witnesses reside in California. Although Defendants dispute Plaintiff's allegations in their entirety, any purported "bad acts" occurred in California, not Nevada. Due to this litigation's tenuous ties, at best, to Nevada, Nevada has little to no interest in adjudicating the claims raised in Plaintiff's Complaint. Judicial economy is best served by this Court dismissing this action in favor of the broader and more comprehensive federal litigation among these parties pending in the Southern District of California, which will adjudicate the core IP ownership and foreclosure issues underlying this dispute, and within which TFE may assert the narrower claims it advances here as counterclaims.

### B. ALTERNATIVELY, *FORUM NON CONVENIENS* REQUIRES DISMISSAL OR STAY

Even if personal jurisdiction exists, which it does not, this Court should dismiss or stay this case under the doctrine of *forum non conveniens*. *See, e.g., Cariaga v. Eighth Jud. Dist. Ct. of State*, 104 Nev. 544, 547, 762 P.2d 886, 888 (1988). "When deciding a motion to dismiss for *forum non conveniens*, a court must first determine the level of deference owed to the plaintiff's

- 12 -

## IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court:

1.      Dismiss for lack of personal jurisdiction;

2.      Alternatively:

    a.      Dismiss or stay under the doctrine of *forum non conveniens*;

    b.      Dismiss or stay under the abstention doctrine;

3.      Deny Plaintiff's Motion for Preliminary Injunction;

4.      If any injunction is entered, require a substantial bond consistent with NRCP 65(c) and concomitant equitable orders.

Dated this 2nd day of March, 2026.

**FENNEMORE CRAIG, P.C.**

By:   */s/ Aaron D. Lovaas*
      Aaron D. Lovaas, Esq. (Bar No. 5701)
      9275 W. Russell Road, Suite 240
      Las Vegas, Nevada  89148
      Email: alovaas@fennemorelaw.com
      *Attorney for Defendants*
      *STEVEN SHARIF and JOHN MOORE*

- 25 -

63570976.1/082331.0001

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I hereby certify that on March 2, 2026, service of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION was made on the following counsel of record and/or parties by electronic transmission to all parties appearing on the electronic service list in Odyssey E-File & Serve (Wiznet), addressed as follows:

Samuel A. Schwartz, Esq.
Emily D. Anderson, Esq.
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
saschwartz@nvfirm.com
eanderson@nvfirm.com

*Attorneys for Plaintiff TFE GAMES HOLDINGS, LLC*

　　　　　　　　　　　*/s/ Cheryl Landis*
　　　　　　　　　　　An employee of Fennemore Craig, P.C.

- 26 -

63570976.1/082331.0001