Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for Defendant*
*TFE Games Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

vs.

ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; and TFE GAMES HOLDINGS, LLC,

Defendants,

and

INTREPID STUDIOS, INC.,

Nominal Defendant.

Case No.: 3:26-cv-00965-LL-JLB

**DECLARATION OF SAMUEL A. SCHWARTZ, ESQ. IN SUPPORT OF REPLY IN SUPPORT OF DEFENDANT TFE GAMES HOLDINGS, LLC'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER PURSUANT TO FRCP 65(b)(4)**

Judicial Officer: Hon. Linda Lopez
Courtroom: 14B (14th Floor)
Hearing Date: March 18, 2026
Hearing Time: 4:30 PM PDT

Action Filed: February 14, 2026
Trial Date: Not Set

I, Samuel A. Schwartz, Esq., hereby declare as follows:

1. I am over the age of 18, mentally competent and unless otherwise stated, I have personal knowledge of the facts set forth herein. If called upon to testify as to the contents of this declaration, I could and would do so.

2. I am an attorney with Schwartz, PLLC, counsel for Defendant TFE Games Holdings, LLC in the above-referenced matter. I am admitted to practice in the Supreme Court of Nevada and the United States District Court for the District of

Nevada, and the Ninth Circuit Court of Appeals, among others. I make this declaration in support of the *Reply in Support of Defendant TFE Games Holdings, LLC's Motion to Dissolve Temporary Restraining Order Pursuant to FRCP 65(b)(4)* (the "**Reply**"), which has been contemporaneously filed in the above-referenced matter.

3.    Attached hereto are true and correct copies of email communications sent related to this matter:

     a.  Exhibit A – Email Communication dated December 31, 2025, to Steven Sharif, among others;

     b.  Exhibit B – Email Communication dated December 31, 2025, from Steven Sharif;

     c.  Exhibit C – Declaration of Steven Sharif in Nevada Case filed in support of his Opposition to TFE's Motion for a Preliminary Injunction;

     d.  Exhibit D – Email Communications with counsel for CommerceWest Bank dated February 2, 2026, and February 12, 2026; and

     e.  Exhibit E – Email Communications with certain Intrepid directors and shareholders dated January 6, 2026, and February 9, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2026.

                               */s/ Samuel A. Schwartz*
                               Samuel A. Schwartz, Esq.

# EXHIBIT A

**Susan Roman**

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Wednesday, December 31, 2025 12:53 PM
**To:** Robert Dawson <robert.d.dawson@outlook.com>; Steven Sharif <stevensharif@intrepidstudios.com>
**Cc:** Christine Ivie <christine.ivie@outlook.com>; Lucas Mundell <lmundell@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** Sale Status

Good afternoon and happy new year. We are gearing up to get the Article IX private foreclosure sale notice out early next week (ideally Monday). In connection with serving the notice, we need the list of assets that are subject to Rob's lien for the notice. Please do send the list once it is ready.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

****CONFIDENTIALITY NOTICE****
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT B

**Susan Roman**

**From:** Steven Sharif <stevensharif@intrepidstudios.com>
**Sent:** Wednesday, December 31, 2025 2:06 PM
**To:** Samuel A. Schwartz
**Cc:** Robert Dawson; Christine Ivie; Lucas Mundell; Bryan Lindsey; Susan Roman
**Subject:** Re: Sale Status
**Attachments:** Intrepid Assets.xlsx

Good afternoon all,

I've attached the list provided by our CFO, Ryan. I've reviewed it and it seems comprehensive. Let me know if you have any questions.

Sent from my iPhone

On Dec 31, 2025, at 12:53 PM, Samuel A. Schwartz <saschwartz@nvfirm.com> wrote:

Caution! This message was sent from outside your organization. Allow sender | Block sender | Report

Good afternoon and happy new year. We are gearing up to get the Article IX private foreclosure sale notice out early next week (ideally Monday). In connection with serving the notice, we need the list of assets that are subject to Rob's lien for the notice. Please do send the list once it is ready.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**CONFIDENTIALITY NOTICE**
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT C

Electronically Filed
3/2/2026 7:34 PM
Steven D. Grierson
CLERK OF THE COURT

**DECL**

FENNEMORE CRAIG, P.C.
Aaron D. Lovaas, Esq. (Bar No. 5701)
9275 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: alovaas@fennemorelaw.com

*Attorney for Defendants*
*STEVEN SHARIF and JOHN MOORE*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

TFE GAMES HOLDINGS, LLC, a Delaware limited liability company,

Plaintiff,

vs.

STEVEN SHARIF, a Nevada resident; JOHN MOORE, a Nevada resident; DOES I through X; and ROE CORPORATE DEFENDANTS XI through XX,

Defendants.

Case No.: A-26-939022-B

Dept. No.: 13

**DECLARATION OF STEVEN SHARIF**

I, Steven Sharif, declare as follows:

**I. INTRODUCTION**

1. I am over the age of eighteen and competent to testify. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. I submit this declaration in opposition to Plaintiff TFE Games Holdings, LLC's ("Plaintiff" or "TFE") Ex Parte Motion for Temporary Restraining Order (the "Motion"), which I understand is now being treated as a Motion for Preliminary Injunction, filed February 17, 2026.

3. I am the founder of Intrepid Studios, Inc. ("Intrepid" or the "Company"), which is a core topic of the Motion and the Opposition. I served as Intrepid's Chief

Executive Officer and as a member of its Board of Directors until my resignation in January 2026.

## II. PERSONAL JURISDICTION IN NEVADA

4. As a threshold issue, I submit that I am not properly before this Court, due to the lack of personal jurisdiction over me in the State of Nevada.

5. I am not currently a resident of the State of Nevada and, with the exception of a temporary stay in Las Vegas from 2004 – 2005 to assist a family member, I have always been a resident of California.

6. I resided in San Diego, California from 1998 – 2004, and then returned to San Diego in 2005 with no intention to return to Nevada. I have been a permanent resident of California continuously from 2005 through the present date.

7. As of January 13, 2026, I am staying temporarily in Virginia, but plan to return to California later this year.

8. Hence, during all relevant time periods referenced in the Amended Complaint and the Motion, and during the entirety of the course of events underlying the disputes concerning Intrepid Studios, I resided outside of Nevada.

9. I do not own or lease real property in Nevada, nor do I maintain an office, a bank account, or a mailing address in Nevada.

10. I am not registered to vote in Nevada. I hold a California driver's license.

11. I have not purposefully directed business operations toward Nevada.

12. To be completely transparent, I discovered through the preparation of the Opposition to the Motion and this Declaration that I am currently identified as a manager of Network Pro, LLC, a Nevada limited liability company. This is an entity set up and owned by my mother, Sharron Sharif. I have never signed any documents accepting such a role and was completely unaware that I had been so identified prior to the preparation of the Opposition and this Declaration. I am not involved in Network Pro's operations. I have never executed any documents on Network Pro's behalf, nor have I ever taken action on its behalf in any capacity

whatsoever. To my knowledge, Network Pro does not conduct business, has never conducted business, has no operating assets, and is not currently operating.

13. Intrepid Studios, Inc. was incorporated and physically headquartered in California, and the Company's operations were based in California. Intrepid was never qualified to do business in Nevada as a foreign corporation. Intrepid's various business licenses were all issued by the State of California or sub-jurisdictions thereof.

14. The development of *Ashes of Creation*, including its intellectual property, source code, and operational infrastructure, occurred outside of Nevada.

15. My work on behalf of Intrepid was performed outside of Nevada and, to my knowledge, Intrepid did not maintain material vendor relationships in Nevada.

16. Most of Intrepid's employees were physically present and worked in California, and the "agents" identified in the Motion (i.e., Timothy Baker, Avery-John Kucan, Matthew Rhoades, and Jason Zimmerman), to my knowledge, reside in California.

17. The secured transactions and financing arrangements referenced in the Motion involved California entities, California-based collateral, and California UCC filings.

18. The UCC financing statements and amendments attached to the Motion as part of Exhibit 4 were filed, as reflected on their face, with the Secretary of State of California—not Nevada.

19. I did not negotiate, execute, or perform any relevant agreements in Nevada, either personally, or on behalf of Intrepid.

20. I did not travel to Nevada for purposes of conducting any of the transactions at issue in this case. I had one social dinner in Nevada in approximately fall 2020 with individuals associated with this case.

21. I did not purposefully avail myself of the privilege of conducting business within Nevada in connection with the matters alleged either in the Amended Complaint or

the Motion, nor have I purposefully directed any conduct toward Nevada relevant to those claims.

22. Any alleged injury asserted by TFE arises from disputed secured transactions and corporate governance matters that occurred outside Nevada, not from any conduct (by me or otherwise) occurring in Nevada.

## III. BACKGROUND AND ROLE AT INTREPID STUDIOS

20. The Motion seeks extraordinary injunctive relief based on unsupported speculation that I intend to destroy "Company Records." Those allegations are false.

21. I have not destroyed, altered, concealed, or threatened to destroy any Company Records, nor do I intend to do so.

22. The Motion mischaracterizes both the facts and my role in the events leading to Intrepid's collapse and the disputed Article 9 transaction.

23. I founded Intrepid to develop *Ashes of Creation*, a massively multiplayer online role-playing game ("MMORPG") that I conceived and designed. I personally developed, or directly supervised the development of, the intellectual property and trade secrets that form the core of the game.

24. Over more than a decade, Intrepid created substantial intellectual property assets inherent in the highly popular game *Ashes of Creation*.

25. Based on this valuable IP, the Company raised substantial capital over time, including approximately $3 million through a Kickstarter campaign and later debt financing. Throughout 2021 and 2022, multiple independent parties valued the Company in the hundreds of millions of dollars. The Company's intellectual property served as collateral for certain loans.

## IV. EVENTS LEADING TO THE DISPUTED ARTICLE 9 SALE

26. Robert Dawson ("Dawson") became a principal lender to Intrepid and later majority shareholder, and Chairman of the Board. Following a rival gaming company's multi-hundred million dollar offer to acquire Intrepid at the end of 2022, beginning

in or about early 2023, and intensifying in 2024-2025, Dawson's conduct toward me and toward the Company changed significantly.

27. Dawson repeatedly pressured me to relinquish equity and control of the Company to him and his associates. He made demands for additional ownership interests and governance concessions under the constant threat of withholding payroll funding and other financing necessary to keep the Company operating.

28. On multiple occasions, Dawson threatened to:

- Withhold funding for payroll and health insurance;
- Shut down the Company;
- Cause financial ruin to me personally; and
- Pursue litigation against me.

29. On information and belief, Dawson instructed others to threaten me and my loved ones with physical harm if I did not take certain actions designed to benefit him, which those individuals did repeatedly.

30. I consistently objected to actions that I believed were harmful to Intrepid, including efforts to withhold loan proceeds necessary to meet payroll obligations, divert revenue from Intrepid to TFE, restructure secured interests, fire key employees without the pay and benefits owed them under California law, and engineer an improper foreclosure under Dawson's junior lien.

31. Dawson used his leverage as both majority shareholder and primary lender to consolidate control over Intrepid's Board of Directors, installing his close allies Ryan Ogden, Theresa Fette, and Aaron Bartels on the Board.

32. Starting in 2024 and 2025, Dawson and the Board increasingly exercised control over Company finances and operations.

33. As of that time, new bank accounts were opened without my meaningful input or authorization. My access to certain Company accounts and financial authority was restricted or eliminated.

34. Revenues owed to Intrepid—including revenues relating to the Company's partnership with Valve Corporation for distribution of *Ashes of Creation* on the Steam platform ("Valve Revenues")—were diverted or attempted to be diverted away from Intrepid and toward accounts associated with TFE, an entity controlled by Dawson.

35. It became clear to me that Dawson organized and operated TFE for the purpose of receiving, exploiting, and monetizing Intrepid's intellectual property and trade secrets for his and his associates' own benefit and to the detriment of Intrepid's senior lenders, minority shareholders, and the hundreds of company employees he and TFE summarily dismissed without pay or benefits or other protections afforded them under California law.

36. I objected to these actions at Board meetings and directly to Dawson and other Board members with no effect.

## V. WRONGFUL FORECLOSURE SCHEME

37. Beginning in 2025, Dawson and the Board devised and implemented a plan to foreclose on Intrepid's assets pursuant to Dawson's junior secured lien.

38. This plan was undertaken without proper notice to senior secured lenders, including CommerceWest Bank, and without adherence to commercially reasonable standards.

39. The foreclosure was structured to transfer Intrepid's core assets—including its intellectual property and trade secrets—to TFE in a self-interested transaction controlled by Dawson.

40. I repeatedly objected to this course of conduct, but my objections were ignored.

41. On or about January 7, 2026, Dawson caused a change in the secured party designation on the UCC filings filed with the California Secretary of State from himself to TFE in preparation for foreclosure.

42. On or about January 15, 2026, I blew the whistle by notifying the secured lender, CommerceWest Bank, whose six million dollar secured interest in Intrepid and its

assets is senior to Dawson's/TFE's, that Dawson and TFE were purported to improperly conduct a foreclosure without notice to CommerceWest Bank. I did so to prevent bank fraud and other violations of law by Dawson/TFE in conducting a secretive foreclosure designed to strip Intrepid's assets (including the Valve Revenues) and thus to evade the Bank's superior security interest. I did not receive any personal benefit from doing so.

43. On or about January 16, 2026, Dawson purposely and wrongfully caused Intrepid to default and then caused TFE to conduct a non-judicial disposition of the Company's assets through a private sale, without public marketing, broker involvement, or competitive bidding.

44. The Company's intellectual property and trade secrets were transferred in a self-interested transaction that was not commercially reasonable.

45. I resigned from Intrepid's Board of Directors in January 2026 after my objections were disregarded.

## VI. AFTERMATH OF WRONGFUL ARTICLE 9 SALE

46. In late January and early February 2026, Intrepid's workforce of approximately 215 employees was substantially terminated.

47. It is my understanding that, despite contrary statements in the Motion, Intrepid's employees were not provided legally required notice under federal or state WARN statutes. Indeed, no copies of any such notices, nor evidence of transmission, were furnished to the Court with the Motion.

48. It is also my understanding that Intrepid employees were not paid final wages, accrued paid time off, and other compensation and California law protections owed to them when they were terminated, resulting in at least two recent federal class action lawsuits against Intrepid (i.e. *Burdecki, et. al. v. Intrepid Studios, Inc.*, No. 3:26-CV-728 (S.D. Cal. Feb. 20, 2026); and *Ortega v. Intrepid Studios, Inc.*, No. 3:26-CV-708 (S.D. Cal . Feb. 4, 2026)), as well as regulatory action by the State of California. It is also my understanding that Dawson and his associates have made

it impossible for Intrepid employees to access their retirement accounts for emergency support.

**VII. RESPONSE TO CERTAIN ALLEGATIONS IN THE MOTION**

52. TFE has presented no evidence that I have deleted, destroyed, concealed, or altered any Company records. I have not taken any action to delete or destroy data, nor do I intend to do so.

53. I have no intention of harming Intrepid's assets.

54. I understand the importance of preserving all data and have acted consistently with that understanding.

55. I have not instructed any former employees to destroy data.

56. Neither the Motion nor the supporting declarations identify any specific record that is unavailable, destroyed, or inaccessible.

57. Many of the referenced records are stored on third-party platforms, including cloud-based services that maintain their own redundancy and logging systems.

58. I dispute the characterization that I am "wrongfully detaining" Company records.

59. Any access credentials in my possession are a function of my former executive role and were used in the ordinary course of Company operations.

60. Access credentials are not equivalent to wrongful detention.

61. The allegation that I would secretly destroy Company data upon notice is unfounded and inconsistent with my decade-long stewardship of Intrepid's intellectual property.

62. TFE asserts that it "owns" all Company Records by virtue of the Article 9 sale.

63. In a comprehensive action pending in the Southern District of California, I dispute that the foreclosure process was commercially reasonable or valid. The validity of that transaction is a contested legal issue in concurrent parallel litigation specifically described below.

64. An order compelling immediate turnover of credentials would result in an unfair, and partial, summary adjudication of the validity of the disputed Article 9 sale.

65. TFE alleges I have possession of credit card and bank accounts included in Company Records. This allegation conflates operational access with personal possession. During my tenure as CEO, I had administrative access to certain accounts as part of my executive responsibilities. That does not mean I personally "possess" the accounts nor that I have converted Company property. Any access I retain is incidental to the disputed transition following the foreclosure and is not evidence of wrongdoing.

66. TFE suggests that I am aware that it is the owner of Intrepid's Company Records because I was CEO during the private sale. However, as CEO, I objected to that process. My "awareness" of the sale is not a concession that the sale was valid.

## VIII. CONCURRENT LITIGATION

64. On February 14, 2026, on behalf of myself and derivatively on behalf of Intrepid, I filed a Verified Shareholder Derivative and Direct Complaint in the United States District Court for the Southern District of California, case number 3:26-cv-00965-LL-JLB (the "Federal Complaint"). The named defendants therein are Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holding LLC.

65. The Federal Complaint asserts derivative and direct claims arising from the invalid foreclosure and transfer of Intrepid's assets and seeks a comprehensive adjudication regarding the validity of that foreclosure and the ownership and disposition of the highly valuable IP comprising *Ashes of Creation*. The causes of action include:

- Improper foreclosure and commercially unreasonable disposition of collateral;
- Trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. §§ 1831, *et seq.*) and California Uniform Trade Secret Act (Cal. Civ. Code §§ 3426, *et seq.*);
- Breach of fiduciary duty and aiding-and-abetting breach of fiduciary duty;
- Corporate waste;

- Civil conspiracy; and
- Intentional infliction of emotional distress.

66. The Federal Complaint alleges, among other things, that:

- Dawson stood on both sides of the foreclosure transaction as secured party and purchaser (*id.*, ¶¶ 51, 62, 65, 68, 110);
- The foreclosure lacked commercial reasonableness (*id.*, ¶¶ 51, 65, 66, 69, 112);
- Notice to senior secured creditors was deficient (*id.*, ¶¶ 51, 65, 66, 69, 111);
- The transfer improperly stripped Intrepid of its core intellectual property (*id.*, ¶¶ 51, 52, 67, 113).

67. The Federal Complaint seeks, among other relief:

- An order enjoining TFE and members of Intrepid's board of directors from accessing, using, or selling Intrepid's trade secrets;
- Voidance of the foreclosure;
- Compensatory and consequential damages;
- Equitable relief to restore corporate control.

68. The existence of the concurrent, broader federal litigation underscores that the validity and effect of the Article 9 transaction are actively contested.

Pursuant to NRS 53.045(2), I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 2nd day of March, 2026, at Harrisonburg, Virginia.

[signature]

Steven Sharif

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that on March 2, 2026, service of the foregoing DECLARATION OF STEVEN SHARIF was made on the following counsel of record and/or parties by electronic transmission to all parties appearing on the electronic service list in Odyssey E-File & Serve (Wiznet), addressed as follows:

Samuel A. Schwartz, Esq.
Emily D. Anderson, Esq.
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
saschwartz@nvfirm.com
eanderson@nvfirm.com

*Attorneys for Plaintiff TFE GAMES HOLDINGS, LLC*

*/s/ Cheryl Landis*
An employee of Fennemore Craig, P.C.

# EXHIBIT D

**Susan Roman**

---

**From:** David Vogel <dvogel@hechtsolberg.com>
**Sent:** Monday, February 2, 2026 8:19 AM
**To:** Bryan Lindsey
**Subject:** Intrepid Studios

Bryan,

I received your voice message. Are you available to discuss this morning? I'm available after 9am this morning.

Best,

**David J. Vogel**
HECHT SOLBERG ROBINSON GOLDBERG & BAGLEY LLP
600 WEST BROADWAY, SUITE 800
SAN DIEGO, CA 92101
MAIN: 619.239.3444
DIRECT: 619.685.4102
dvogel@hechtsolberg.com

HechtSolberg

www.hechtsolberg.com

This e-mail transmission (and/or documents attached) may contain confidential information belonging to the sender which is protected by the attorney/client or work product privileges. The information is intended only for the use of the individual or entity to whom this e-mail is directed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please delete it immediately. This e-mail may not be forwarded without the sender's written permission.

**Susan Roman**

---

**From:** David Vogel <dvogel@hechtsolberg.com>
**Sent:** Thursday, February 12, 2026 2:11 PM
**To:** Lucas Mundell <lmundell@nvfirm.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Friedman, Roger <rfriedman@rutan.com>
**Subject:** RE: TFE Games Holdings, LLC

Luke,

I'm copying in Roger Friedman of Rutan & Tucker, LLP who also represents CommerceWest Bank in this matter.

Roger and I are available tomorrow (Friday) between 9:30 am and 2:00 pm (hard stop). Let us know what works for you and your team.

Thanks,

**David J. Vogel**
MAIN: 619.239.3444 | DIRECT: 619.685.4102
dvogel@hechtsolberg.com
HechtSolberg

---

**From:** Lucas Mundell <lmundell@nvfirm.com>
**Sent:** Thursday, February 12, 2026 10:53 AM
**To:** David Vogel <dvogel@hechtsolberg.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>
**Subject:** [EXTERNAL] TFE Games Holdings, LLC

**CAUTION: External email. DO NOT CLICK LINKS OR OPEN ATTACHMENTS unless you recognize the sender and know WITHOUT ANY DOUBT the content is safe.**

---

Good Morning David,

As you may recall from a recent conversation with myself and my colleague, Bryan Lindsey, we represent TFE Games Holdings, LLC.

We were hoping to schedule a call with you, and can be available as early as tomorrow.  Please advise as to your availability and we can circulate an invite.

Thank you, David, and we look forward to speaking with you again.

Luke

Best Regards,

**Lucas Mundell, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Direct: 702-754-1962
lmundell@nvfirm.com

Please consider the environment before printing this email

**CONFIDENTIALITY NOTICE**
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.
(null)

# EXHIBIT E

**From:** Lucas Mundell
**To:** Robert Dawson
**Cc:** Samuel A. Schwartz; Theresa Fette; Bryan Lindsey; Susan Roman
**Subject:** Re:

We do indeed. Thank you, Rob. Foreclosure Sale Notice is going out today too.

Luke

**From:** Robert Dawson <robert.d.dawson@outlook.com>
**Date:** Tuesday, January 6, 2026 at 4:01 PM
**To:** Lucas Mundell <lmundell@nvfirm.com>
**Cc:** "Samuel A. Schwartz" <saschwartz@nvfirm.com>, Theresa Fette <theresaf@ledconnection.com>, Bryan Lindsey <BLindsey@nvfirm.com>, Susan Roman <sroman@nvfirm.com>
**Subject:** Re:

[REDACTED]

On Jan 6, 2026, at 6:55 PM, Lucas Mundell <lmundell@nvfirm.com> wrote:

[REDACTED]

Thank you,

Luke

**From:** Robert Dawson <robert.d.dawson@outlook.com>
**Date:** Tuesday, January 6, 2026 at 3:51 PM
**To:** Lucas Mundell <lmundell@nvfirm.com>
**Cc:** "Samuel A. Schwartz" <saschwartz@nvfirm.com>, Theresa Fette <theresaf@ledconnection.com>, Bryan Lindsey <BLindsey@nvfirm.com>, Susan Roman <sroman@nvfirm.com>
**Subject:** Re:

[REDACTED]

**From:** Samuel A. Schwartz
**To:** Robert Dawson; ryan_ogden@hotmail.com; Douglas Bartels
**Cc:** Lucas Mundell
**Subject:** RE: vendors
**Date:** Monday, February 9, 2026 7:27:27 PM
**Attachments:** Article 9 Sale Notice - Intrepid Studios[4].pdf
Article 9 Sale Report - Intrepid Studios - 1.16.26.pdf

---

Rob – sorry – I overlooked this email. Yes, attached are the Article 9 documents. I know we are working on a bill of sale as well. I copied Luke here if that copy is ready.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

****CONFIDENTIALITY NOTICE****
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Robert Dawson <robert.d.dawson@outlook.com>
**Sent:** Monday, February 9, 2026 11:32 AM
**To:** ryan_ogden@hotmail.com; Douglas Bartels <douglas.bartels@gmail.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Subject:** vendors

[REDACTED]

Sam, do you have a document from the foreclosure for us [REDACTED] ?

NOTICE OF DISPOSITION OF COLLATERAL AT PRIVATE SALE

TFE Games Holdings, LLC is secured party (the "**Secured Party**") with respect to certain indebtedness owed by Intrepid Studios, Inc. (the "**Debtor**"), pursuant to the terms of that certain Pledge and Security Agreement dated March 23, 2022, by and between the Debtor and an assignor Secured Party, and related documents (collectively, the "**Loan Documents**"). Debtor's obligations under the Loan Documents are secured by the following (the "**Collateral**"):

All assets belonging to the Debtor, including but not limited to, shares, intellectual property, software, all real property, personal property, trademarks, licenses, cash, accounts and notes receivable, inventory, equipment, and any and all other assets, intangible or tangible, belonging to the Debtor. All proceeds of the foregoing, whether voluntary or involuntary.

The Debtor has defaulted in its obligations to the Secured Party under the Loan Documents. The applicable balance of the obligations owed to the Secured Party under the Loan Documents as of January 6, 2026, is in excess of $40,372,831.54 (exclusive of interest, attorney fees and expenses). Secured Party's liens are junior to those of U.S. Small Business Administration and CommerceWest Bank, which will not be affected by this sale.

The Secured Party will sell the Collateral at a private sale to be conducted pursuant to the terms of Section 9601 et seq. of the Uniform Commercial Code, via private auction conducted at 601 East Bridger Ave, Las Vegas, Nevada 89101, on January 16, 2026, commencing at 1:00 p.m. (Pacific Time). Attendance at this private sale may also be by video conference or telephone.

Please contact Lucas Mundell, on or before 5:00 pm (Pacific Time), January 14, 2026, at 702-754-1962, or via email at lmundell@nvfirm.com to obtain video conference or dial-in information prior to the sale or any additional information with respect to the sale and if you desire to participate in the sale.

Additional sale procedures will be presented to all participants prior to the sale.

The Secured Party reserves the right in its sole discretion to adjourn the sale to another date without further publication or notice by giving notice at the time of the sale. The full bid price must be paid in certified check or cashier's check payable to the order of TFE Games Holdings, LLC. The successful bid price must be paid in full at the time of the sale or as otherwise agreed upon by the Secured Party. The Secured Party reserves the right to bid all or part of the amount secured by the Collateral being sold without certified or cashier's check as required for other bidders.

The Collateral to be sold in this sale is being sold on an "AS IS, WHERE IS" basis. The Secured Party specifically disclaims all representations and warranties, including but not limited to those that relate to title, value, fitness for a particular purpose, merchantability and condition of the Collateral. Please note that the Collateral will be sold subject to the liens of U.S. Small Business Administration and CommerceWest Bank.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Notice of Disposition of Collateral at Private Sale was served via Certified U.S. Mail, on this 6th day of January, 2026, to the following Secured Parties:

Ya-Ya Legacy Trust
4504 San Blas Avenue
Woodland, CA 91364

Ya-Ya Holdings, LLC
4504 San Blas Avenue
Woodland, CA 91364

Jason Caramanis
4504 San Blas Avenue
Woodland, CA 91364

U.S. Small Business Administration
1545 Hawkins Boulevard
Suite 202
El Paso, TX 79925

*/s/ Susan Roman*
Susan Romman, an employee of
Schwartz, PLLC

REPORT OF DISPOSITION OF COLLATERAL AT PRIVATE SALE

TFE Games Holdings, LLC is secured party (the "**Secured Party**") with respect to certain indebtedness owed by Intrepid Studios, Inc. (the "**Debtor**"), pursuant to the terms of that certain Pledge and Security Agreement dated March 23, 2022, by and between the Debtor and an assignor Secured Party, and related documents (collectively, the "**Loan Documents**"). Debtor's obligations under the Loan Documents are secured by the following (the "**Collateral**"):

All assets belonging to the Debtor, including but not limited to, shares, intellectual property, software, all real property, personal property, trademarks, licenses, cash, accounts and notes receivable, inventory, equipment, and any and all other assets, intangible or tangible, belonging to the Debtor.  All proceeds of the foregoing, whether voluntary or involuntary.

The Debtor defaulted in its obligations to the Secured Party under the Loan Documents. The applicable balance of the obligations owed to the Secured Party under the Loan Documents as of January 6, 2026, is in excess of $40,372,831.54 (exclusive of interest, attorney fees and expenses). Secured Party's liens are junior to those of U.S. Small Business Administration and CommerceWest Bank, which were not affected by this sale.

Pursuant to that certain Notice of Disposition of Collateral at Private Sale, which was delivered to you on or around January 6, 2025, the Secured Party indicated that the Collateral would be sold at a private sale, conducted pursuant to the terms of Section 9601 et seq. of the Uniform Commercial Code, via private auction conducted at 601 East Bridger Ave, Las Vegas, Nevada 89101, on January 16, 2026, at 1:00 p.m. (Pacific Time) (the "**Sale**").

Please take notice that on January 16, 2026, at 1:00 p.m. (Pacific Time), the Secured Party conducted the Sale of the Collateral.  Only the Secured Party and its counsel were present at the Sale.  No other parties submitted bids for the Collateral or otherwise attended or participated in the Sale.

Please take further notice that the only offer, and the highest and best offer for the Collateral was submitted by the Secured Party.  As a result, the Secured Party is the wining bidder for the Collateral at the Sale and is now the lawful owner of the Collateral,  free and clear of all junior liens, claims and encumbrances in accordance with applicable law.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Report of Disposition of Collateral at Private Sale was served via Certified U.S. Mail, on this 16th day of January, 2026, to the following Secured Parties:

Ya-Ya Legacy Trust
4504 San Blas Avenue
Woodland, CA 91364

Ya-Ya Holdings, LLC
4504 San Blas Avenue
Woodland, CA 91364

Jason Caramanis
4504 San Blas Avenue
Woodland, CA 91364

U.S. Small Business Administration
1545 Hawkins Boulevard
Suite 202
El Paso, TX 79925

*/s/ Susan Roman*
Susan Romman, an employee of
Schwartz, PLLC