# EXHIBIT 1

| | |
|---|---|
| **From:** | Garman, Jordan |
| **Sent:** | Monday, March 16, 2026 5:43 PM |
| **To:** | Samuel A. Schwartz; Sasha Amid; Emily Anderson; Jason Thomas; Susan Roman |
| **Cc:** | Nall, Jessica; LaVigne, Christopher; Sanichar, Lalindra |
| **Subject:** | Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.) |
| **Attachments:** | 2026.03.16 - Dkt. 40 - Pltf's Ex Parte Mot. for Leave to File Surreply in Opp to Defs' Mot. to Dissolve TRO.pdf; 2026.03.16 - Dkt. 40.1 - Decl. of J. Nall ISO Ex Parte Mot. to File Surreply.pdf; 2026.03.16 - Dkt. 40.2 - Exhibit 1.pdf; Proposed Order_Sharif v. Dawson et al._3.26.cv.00965_ Order Granting Plaintiff's Ex Parte Motion for Leave to File Sur-Reply.docx; Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB – Order Granting Plaintiff's Ex Parte Motion for Leave to File Sur-Reply |

| **Tracking:** | Recipient | Delivery | Read |
|---|---|---|---|
| | Samuel A. Schwartz | | |
| | Sasha Amid | | |
| | Emily Anderson | | |
| | Jason Thomas | | |
| | Susan Roman | | |
| | Nall, Jessica | Delivered: 3/16/2026 5:43 PM | Read: 3/16/2026 5:47 PM |
| | LaVigne, Christopher | Delivered: 3/16/2026 5:43 PM | |
| | Sanichar, Lalindra | Delivered: 3/16/2026 5:43 PM | |

Counsel,

Please be advised that, as discussed this morning, we filed today the attached *ex parte* motion for leave to file a sur-reply in opposition to Defendant's Motion to Dissolve the TRO, along with supporting documents.

In accordance with Judge Lopez's individual rules, Rule 5, we are serving those papers by email with read receipt requested.

We also attach the proposed order that we submitted to the Court and the email transmitting the proposed order.

Best,
Jordan

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505

Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-JLB <br><br> **PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO** <br><br> *Filed concurrently with Declaration of Jessica Nall* <br><br> Judge:            Hon. Linda Lopez <br> Hearing Date:  Not Set <br><br> Action Filed:  February 14, 2026 <br> Trial Date:      Not Set |

Case No. 3:26-cv-00965-LL-JLB

WITHERS
BERGMAN LLP

**NOTICE OF *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 14B, United States Court House, 333 West Broadway, San Diego, CA, Plaintiff Steven Shariff as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), will and hereby does move this Court *ex parte* for an Order granting Plaintiff leave to file a sur-reply in further opposition to Defendants' Motion to Dissolve the Temporary Restraining Order (the "Motion for Leave").

Defendant TFE Games Holdings, LLC ("TFE") introduced on reply new legal arguments concerning the alleged commercial reasonableness and validity of its foreclosure on Intrepid's assets under California Commercial Code Article 9, along with new, previously available, merits evidence. (*See* ECF No. 36 at 2-3, 7-9.) The other Defendants in this matter have since joined TFE's Motion to Dissolve and TFE's reply. (*See* ECF No. 38.) Plaintiff brings this Motion for Leave to file a five-page sur-reply to respond to these newly introduced arguments and evidence *ex parte* per Judge Lopez's Civil Chambers Rules, Rule 3.E.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jessica Nall. (*See* Mar. 16, 2026 Declaration of Jessica Nall at ¶ 3, Ex. 1.)

Plaintiff makes this *ex parte* Motion for Leave pursuant to this Notice of *Ex Parte* Motion, the Memorandum of Points and Authorities, and Declaration of Jessica Nall filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-JLB

PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his *Ex Parte* Motion for Leave to File Sur-reply in Opposition to Defendants'[1] Motion to Dissolve TRO ("Motion for Leave"), in accordance with Local Civil Rule 83.3(g) and this Court's Civil Chambers Rules 3.E and 5.  Plaintiff respectfully seeks leave to file a five-page sur-reply to address arguments and factual assertions raised for the first time on reply, clarify why those assertions do not excuse Defendants' noncompliance with Article 9, and explain why the asserted facts do not eliminate the resulting prejudice to Intrepid.

## I.   BACKGROUND

This lawsuit centers on the private foreclosure by, and sale of Intrepid, Inc.'s ("Intrepid") assets to, Defendant TFE on January 16, 2026 (the "Foreclosure Sale"). (*See* ECF No. 1 ¶ 65.) On March 2, 2026, Plaintiff moved for a Temporary Restraining Order ("TRO"), seeking to restrain Defendants from using, access, selling, or distributing Intrepid's intellectual property and trade secret assets, which TFE purports to own after the Foreclosure Sale. (*See generally* ECF No. 10). This Court granted the TRO on March 4, 2026, and ordered Defendants to show cause why a preliminary injunction should not issue, with Defendants' written response due by March 11, 2026, Plaintiff's reply due by March 13, 2026, and a hearing set for March 18, 2026. (*See* ECF No. 20 at 10-13.) In lieu of complying with the Court's schedule, TFE filed a Motion to Dissolve the TRO ("Motion to Dissolve") on March 6, 2026, (*see* ECF No. 24), in response to which the Court deferred the preliminary injunction briefing and hearing, ordered Plaintiff's response due by March 11, 2026 and Defendants' reply by March 12, 2026, and set a hearing for March 18, 2026. (*See* ECF

---

[1] The Motion to Dissolve was originally brought by TFE Games Holdings LLC ("TFE"). Since filing its reply, the other Defendants in this case have joined the Motion. (ECF No. 38.)

WITHERS
BERGMAN LLP

No. 30.) The effect of Defendants' maneuver is that they raised the very same opposition arguments in their Motion to Dissolve that they would have in response to a preliminary injunction Order To Show Cause, but they secured a reply and the last word for themselves. (*See* ECF No. 35 at 18-19.)

Amplifying this prejudice to Plaintiff, Defendants now raise new facts and arguments for the first time on reply to which Plaintiff does not have the opportunity to respond. Defendants cursorily mentioned only in the Introduction section of the opening brief on the Motion to Dissolve that "[d]uring 2025, Intrepid ran a process to identify a buyer or investor" with investment banker, Aream & Co. ("Aream"), and that Defendant Fette participated in the process and spoke to ten investors/buyers, purportedly none of whom were interested. (ECF No. 24 at 3-4.)[2] Moreover, in their opening brief, Defendants made no substantive argument: (1) that the Foreclosure Sale was commercially reasonable (ECF No. 24 at 14-15 (stating the standard for commercial reasonableness but nowhere arguing the Foreclosure Sale was commercially reasonable); or (2) that the use of Aream somehow conferred commercial reasonability on the Foreclosure Sale. In fact, TFE expressly forewent making the latter argument. (*Id.* at 15 ("***Put aside for now*** that Intrepid hired an investment banker who could not identify a buyer or investor . . ., ***the validity of the sale is an issue for another day***." (emphasis added)). And Plaintiff's opposition expressly points out TFE's failure to argue commercial reasonableness. (*See* ECF No. 35 at 12.)

On reply, Defendants introduce new evidence concerning an alleged year-long,

---

[2] In support of these cursory facts, Defendants did not cite a declaration filed in support of the Motion to Dissolve. Rather, they cited an exhibit buried within an unbookmarked, 207-page Request for Judicial Notice (ECF No. 23) of scores of documents filed in another lawsuit,. (*See* ECF No. 24 at 3-4 (citing "Offering Declaration, attached as Exhibit 2 to the Fette Declaration, included within Exhibit B to the request for Judicial Notice").)

WITHERS BERGMAN LLP

2

Case No. 3:26-cv-00965-LL-JLB

PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

banker-led marketing process conducted by Aream "to identify a buyer or investor." (ECF No. 36-1 (Fette Declaration) ¶¶ 5-8.) Defendants rely on this evidence to support the new arguments that the Foreclosure Sale was commercially reasonable and that Defendants' noncompliance with Article 9 did not prejudice Plaintiff. (*See* ECF No. 36 at 2-3, 7-9.) Particularly in view of Defendants' maneuver to obtain the last word for themselves, it is inequitable that they should be permitted to raise new arguments on reply, to which Plaintiff cannot respond without a sur-reply.

This Court is scheduled to hear arguments on Defendants' Motion to Dissolve in two days, on March 18, 2026. (*See* ECF No. 30.)

## II.    <u>ARGUMENT</u>

Plaintiff respectfully seeks leave to file a five-page sur-reply to address the new arguments and facts Defendants assert for the first time on reply. Permitting a sur-reply is within this Court's discretion "where a valid reason for such additional briefing exists." *Perez v. Trax Retail, Inc.,* 2025 WL 790340, at *1 (S.D. Cal. Mar. 11, 2025) (quoting *Nat'l Cas. Co. v. Nat'l Strength and Conditioning Ass'n*, 2020 WL 2991508, at *1 (S.D. Cal. June 4, 2020)). Although arguments raised for the first time in a reply brief are improper and should be disregarded as a matter of course, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."), a party's submission of new evidence and arguments on reply may also warrant granting leave to file a sur-reply, *see United States v. Venture One Mortg. Corp*., 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) ("If the Court is to consider the new evidence and arguments in Defendant's reply brief, it must give Plaintiff an opportunity to respond.").

In their reply brief, Defendants raise for the first time new factual material concerning an alleged year-long, banker-led marketing process conducted by Aream. (*See* ECF No. 36 at 2-3, 7-9; ECF No. 36-1 ¶¶ 5-8.) Defendants add this new factual information to support new arguments that the Foreclosure Sale was commercially reasonable and that Defendants' noncompliance with Article 9 did not prejudice

Plaintiff. (*See* ECF No. 36 at 2-3, 7-9.) Importantly, Defendants ***expressly forewent*** this very argument based on Aream's efforts in its opening brief. (ECF No. 24 at 15 ("***Put aside for now*** that Intrepid hired an investment banker who could not identify a buyer or investor . . ., ***the validity of the sale is an issue for another day***." (emphasis added))).

Defendants claim in their reply brief that Plaintiff's opposition "makes no . . . attempt" to "take head on TFE's commercial reasonableness arguments." (ECF No. 36 at 7.) But as Plaintiff points out in his opposition, Defendants made no commercial reasonableness arguments to which he could have responded—that is, until now, for the first time on reply. (ECF No. 35 at 12 ("[A]lthough TFE cites the correct standard for a commercially reasonable disposition under California Commercial Code Section 9-627(b) . . . it makes ***no argument*** that the Foreclosure Sale met that standard." (emphasis in original)).

Plaintiff, accordingly, respectfully requests leave to submit a five-page sur-reply to narrowly address: (1) why the Court should disregard these new facts and arguments raised for the first time on reply; (2) why, in any event, Defendants mischaracterize Aream's role; (3) why, even if their version of the facts were credited, Defendants' argument that use of the investment banker excuses compliance with Article 9 fails; and (4) that Aream's efforts did not cure the prejudice to Intrepid that Defendants' noncompliance with Article 9 caused.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his *Ex Parte* Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO.

WITHERS BERGMAN LLP

4

Case No. 3:26-cv-00965-LL-JLB

PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

DATED:  March 16, 2026         WITHERS BERGMAN LLP


By: */s/ Jessica Nall*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

5

Case No. 3:26-cv-00965-LL-JLB

PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-JLB <br><br> **DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO** <br><br> *Filed concurrently with Ex Parte Motion for Leave to File Sur-Reply* <br><br> Judge:  Hon. Linda Lopez <br> Hearing Date:  Not Set <br><br> Action Filed:  February 14, 2026 <br> Trial Date:   Not Set |

WITHERS
BERGMAN LLP

# DECLARATION OF JESSICA NALL

I, JESSICA NALL, declare as follows:

1.      I am a Partner with the firm Withers Bergman LLP, counsel for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), (together "Plaintiff") in this action. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2.      I submit this declaration in support of Plaintiff Steven Sharif's *Ex Parte* Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Dissolve the Temporary Restraining Order. (*See* ECF No. 24.)

3.      On March 16, 2026, I contacted counsel for Defendants in good faith to discuss this *Ex Parte* Motion. A true and correct copy of that correspondence is attached hereto as **Exhibit 1**. Later that day, I participated in a telephonic meet and confer with counsel for Defendants pursuant to Civil Local Rule of Practice for the United States District Court for the Southern District of California 83.3(g), and this Court's Civil Chambers Rules, Rule 5. During that conversation, counsel for Defendants represented that they did not consent to Plaintiff's request to file a Sur-Reply.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2026 at San Francisco, California.

By: */s/ Jessica Nall*
    Jessica Nall

Withers
Bergman LLP

Case No. 3:26-cv-00965-LL-JLB
DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

# EXHIBIT 1

| | |
|---|---|
| **From:** | Nall, Jessica |
| **Sent:** | Monday, March 16, 2026 11:24 AM |
| **To:** | Samuel A. Schwartz |
| **Cc:** | Sasha Amid; Emily Anderson; Susan Roman; Jason Thomas; LaVigne, Christopher; Garman, Jordan |
| **Subject:** | Request to meet and confer: Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.) |

Sam and team,

Please let us know your availability for a meet and confer call today so that we can obtain and reflect your position on the following filings we intend to make with the federal court in San Diego as soon as possible today:

Motion to Disqualify Schwartz, PLLC, Ex Parte Motion to shorten time on Motion to Disqualify, Ex Parte Motion to file Surreply.

Thank you kindly,

Jessica

**Jessica Nall**
Partner | Executive Crisis Management and Defense
Litigation | White Collar and Regulatory Defense | Investigations
withersworldwide.com | my profile

Withers Bergman LLP
909 Montgomery Street, Suite 300, San Francisco, CA 94133

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Tuesday, March 10, 2026 10:04 AM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** RE: Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.)

Good morning – I think it does – we will circulate a joint request so we can put it in front of the Court. I appreciate you will likely be there in person.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the

intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Sent:** Tuesday, March 10, 2026 10:01 AM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** RE: Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.)

Hi Sam, if it obviates the need for today's call, we have no objection to you or your team appearing remotely for the March 18 hearing.

Best,
Jordan

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Monday, March 9, 2026 3:28 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** Re: Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.)

Jordan, good afternoon - Judge Lopez just converted the hearing on March 18 to one on our motion to dissolve and asked us to meet and confer on video appearances.  Are you available from 2:30-3, or 3:30-4 for a call today?


Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207
SASchwartz@nvfirm.com


This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


On Mar 9, 2026, at 10:52 AM, Garman, Jordan <Jordan.Garman@withersworldwide.com> wrote:


Thank you, Sam.

2

Confirmed that we are preparing a notice, a draft of which we will provide to you for signoff before we file. Ted generally appears to have relevant experience, however, we believe that a San Diego-based neutral is highly preferable due to what we understand to be significant IP assets located physically in San Diego that are within the scope of the TRO. We also think that either Michael's or John's specific experience with and expertise in IP and digital assets, which Ted does not appear to have, is important given the nature of the disputed assets. Are you amenable to agreeing to one of Michael or John?

Best,
Jordan

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Sunday, March 8, 2026 11:40 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** Re: Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.)

CAUTION: This email originated from an external source.
Jordan, good evening - as we discussed on Friday, one of the professionals we like for these roles is Ted Burr.  Ted acts as a trustee, receiver and financial advisor.  His resume can be found at the bottom of his web page here.  https://macrestructuring.com/.  Please confirm your office is preparing the notice and we can file with whomever we land on tomorrow afternoon.

Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207
SASchwartz@nvfirm.com

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

> On Mar 6, 2026, at 2:59 PM, Garman, Jordan <Jordan.Garman@withersworldwide.com> wrote:

> Counsel,

> In accordance with the Court's March 4, 2026 Order requiring the parties to jointly submit a proposed neutral IP custodian to the Court by Monday, March 9, we propose retaining one of the following individuals to act as neutral IP custodian:

1. Michael Kunkel, at Setec Investigations;
2. John Ellis, at Law Office of John C. Ellis, Jr.

Their CVs are attached. Please let us know if you are agreeable to either.

Best regards,
Jordan

---

**From:** Garman, Jordan
**Sent:** Thursday, March 5, 2026 12:37 PM
**To:** 'samid@nvfirm.com' <samid@nvfirm.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Jason Thomas <jthomas@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB (S.D. Cal.)

Counsel,

Please find attached a Temporary Restraining Order issued by the Court in the above captioned matter. We will be in touch shortly with respect to the requirement to jointly propose an IP Custodian.

Best,
Jordan

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505

---

**Withers Bergman LLP** - 430 Park Avenue, 10th Floor, New York, NY 10022-3505 T: +1 212 848 9800 F: +1 212 848 9888

Withers
London | Geneva | Milan | Padua
Hong Kong | Singapore | Tokyo | British Virgin Islands
New York | Greenwich | New Haven | Texas
San Francisco | Los Angeles | San Diego

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person.

<Michael Kunkel, Setec Investigations, Curriculum Vitae with Testimony.pdf>
<Ellis_CV_2026.pdf>

4

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

          Plaintiff,

    v.

ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC,

          Defendants,

          and

INTREPID STUDIOS, INC.,

          Nominal Defendant.

Case No. 3:26-cv-00965-LL-JLB

**ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO**

Judge:  Hon. Linda Lopez
Trial Date: Not Set

# ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

Before the Court is Plaintiff Steven Sharif's *Ex Parte* Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO (the "*Ex Parte* Motion for Leave"). (ECF No. 40.)

The Court **GRANTS** Plaintiff's *Ex Parte* Motion for Leave. Plaintiff must file any sur-reply brief of not more than five pages by March 17, 2026 at 9:00 a.m.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2026.

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

2
ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO

| | |
|---|---|
| **From:** | Garman, Jordan |
| **Sent:** | Monday, March 16, 2026 5:38 PM |
| **To:** | efile_lopez@casd.uscourts.gov |
| **Cc:** | Nall, Jessica; Evans, Leslie; Sanichar, Lalindra |
| **Subject:** | Sharif v. Dawson et al. - 3:26-cv-00965-LL-JLB – Order Granting Plaintiff's Ex Parte Motion for Leave to File Sur-Reply |
| **Attachments:** | Proposed Order_Sharif v. Dawson et al._3.26.cv.00965_ Order Granting Plaintiff's Ex Parte Motion for Leave to File Sur-Reply.docx |

To Whom It May Concern,

Please find attached a proposed order granting Plaintiff Steven Sharif's *Ex Parte* Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO (the "*Ex Parte* Motion for Leave").

The *Ex Parte* Motion for Leave was filed as ECF No. 40 on the above-captioned docket.

Thank you.

Respectfully submitted,
Jordan Garman

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505



Singapore:
where successful
businesses and
families thrive
—

1

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

      Plaintiff,

    v.

ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC,

      Defendants,

      and

INTREPID STUDIOS, INC.,

      Nominal Defendant.

Case No. 3:26-cv-00965-LL-JLB

**ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO**

Judge: Hon. Linda Lopez
Trial Date: Not Set

**ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO**

Before the Court is Plaintiff Steven Sharif's *Ex Parte* Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO (the "*Ex Parte* Motion for Leave"). (ECF No. 40.)

The Court **GRANTS** Plaintiff's *Ex Parte* Motion for Leave. Plaintiff must file any sur-reply brief of not more than five pages by March 17, 2026 at 9:00 a.m.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2026.

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO