Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Irean Z. Swan, Esq.
California Bar No. 313175
iswan@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson,
Ryan Ogden, Theresa Fette, Aaron Bartels,
and TFE Games Holdings, LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; and TFE GAMES HOLDINGS, LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-JLB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION TO DISQUALIFY SCHWARTZ, PLLC** <br><br> Judicial Officer: Hon. Linda Lopez <br> Courtroom: 14B (14th Floor) <br> Hearing Date: Not Set <br><br> Action Filed: February 14, 2026 <br> Trial Date: Not Set |

/ / /

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Motions to disqualify counsel are "strongly disfavored" because they "often pose the very threat to the integrity of the judicial process that they purport to prevent." *Visa U.S.A. Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003). This is because, among other reasons, they are often used strategically "to harass opposing counsel." *Shurance v. Plan. Control Int'l, Inc.*, 839 F.2d 1347, 1349 (9th Cir. 1988). Due to this high potential for abuse, disqualification motions should be subjected to "particularly strict judicial scrutiny." *Shurance*, 839 F.2d at 1349)(quotations omitted). Here, Plaintiff Steven Sharif ("**Mr. Sharif**") has manufactured a crisis the day before this Court is to hear argument on Defendant TFE Games Holdings, LLC's ("**TFE**") Motion to Dissolve Temporary Restraining Order Pursuant to FRCP 65(b)(4) (the "**Motion to Dissolve TRO**") by filing a lengthy and ultimately meritless Motion to Disqualify Defendants' counsel (the "**Motion to Disqualify**"), Schwartz, PLLC ("**Schwartz**"), and seeking to have it heard, through his *Ex Parte* Motion For Order Shortening Time (the "**Ex Parte Motion**"), on one-day notice. The Motion to Disqualify and Ex Parte Motion are part and parcel of Mr. Sharif's misrepresentations to this Court.  First, Mr. Sharif knew of and approved Schwartz, PLLC's retention by TFE in December 2025. He participated in emails and telephone conferences, and helped to facilitate the Article 9 foreclosure (the "**Foreclosure**") – the legitimacy of which he now disputes. Similarly, Mr. Sharif knew of defense counsel's alleged legal conflicts of interest in December 2025, yet he waited three months to raise those issues on the eve of the hearing on the Motion to Dissolve TRO. Importantly, as will be discussed further in the opposition to the Motion to Disqualify, Schwartz also has a conflict waiver from TFE and Intrepid Studios, Inc.

There is no emergency here other than those of Mr. Sharif's own making. Schwartz will refute Mr. Sharif's arguments in more detail, point-by-point, in TFE's

opposition to the Motion to Disqualify. For purposes of the Ex Parte Motion, TFE deserves a regular briefing schedule in which to respond to the serious and, TFE would argue, strategically motivated allegations being made by Mr. Sharif, rather than being forced to respond to a twenty-two page brief in approximately twenty-four hours. The Ex Parte Motion should be denied.

## II. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As will be laid out in the opposition to the Motion to Disqualify, Schwartz's representation of TFE, which ultimately led to the firm's involvement in this case, began in December 2025. Mr. Sharif knew of and approved Schwartz's retention by TFE in December 2025. He participated in emails and telephone conferences, and helped facilitate the Article 9 foreclosure – the legitimacy of which he now disputes. As will also be laid out in the opposition to the Motion to Disqualify, Mr. Sharif was introduced to Schwartz for the purpose of a personal loan he was seeking from a client of the firm – not as a proposed client. Further, Mr. Sharif's counsel was informed that there is already a conflict waiver in place related to these issues, so the Motion to Disqualify is a lark on several levels.

On February 9, 2026, Schwartz, as counsel for TFE, filed a complaint against Mr. Sharif in the Clark County District Court in Nevada (the "**Nevada Case**"). On February 14, 2026, Mr. Sharif filed his complaint in this case as well as an *ex parte* motion for temporary restraining order, which was granted. On March 6, 2026, Schwartz appeared in this matter as counsel for TFE through filing, among other things, the Motion to Dissolve TRO on behalf of TFE. On March 9, 2026, this Court issued an order converting the previously scheduled preliminary injunction hearing on March 18, 2026 to a hearing on the Motion to Dissolve TRO. The Ex Parte Motion and Motion to Disqualify were filed late in the evening on March 16, 2026.

## III. LEGAL STANDARD

*Ex parte* motions are a form of emergency relief that will only be granted upon

3

an adequate showing of good cause or irreparable injury to the party seeking relief. *Greer v. Cnty. of San Diego*, 2022 U.S. Dist. LEXIS 5676 at *2 (S.D. Cal., Jan. 11, 2022)(citations omitted). The bases for legitimate *ex parte* applications are "extremely limited." *Id.* (citations omitted). Good cause exists where the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## IV.   LEGAL ARGUMENT

As noted above, motions to disqualify counsel are subject to "particularly strict judicial scrutiny" because of the frequent use of such motions as a strategic weapon rather than as a legitimate attempt to preserve the integrity of the judicial process. *Shurance*, 839 F.2d at 1349. Those concerns are all the more heightened here where Plaintiff seeks to have his twenty-two page Motion to Disqualify heard on, effectively, one-day's notice and, conveniently, to use that motion to block Defendants' counsel from arguing the Motion to Dissolve TRO. Tacitly acknowledging that their client must have known about the alleged conflicts of interest that form the basis for the Motion to Disqualify for some time and, likely, revealing a guilty conscience about the highly suspicious timing of the Motion to Disqualify, Sharif's counsel avers in the Ex Parte Motion that the moving party is without fault in creating the crisis that requires *ex parte* relief because "counsel was made aware of the facts underlying the Motion to Disqualify less than a week ago."[1]

---

[1]   Mr. Sharif states in the Motion to Disqualify that Plaintiff's counsel first became aware of the supposed conflicts on March 10, 2026. This is an admission that Plaintiff's counsel could have complied with this Court's meet-and-confer timing requirements by immediately requesting a conference with Defendants' counsel on the issue. Instead, they waited until the morning of March 16, 2026 to first request a meet-and-confer and, in the meantime, evidently set to work preparing the Motion to Disqualify without discussing the issues with Defendants' counsel. This is further

Even if this is true, the standard, of course, is that a "party" be without fault in creating the crisis – not the party's counsel. Regardless of when counsel supposedly became aware of the alleged (non-existent) conflicts, Mr. Sharif has known about them from before the outset of this case. The decision to bring the Motion to Disqualify now is a transparently strategic one and arises, ultimately, out of the fact that Mr. Sharif has losing arguments both concerning the Motion to Dissolve TRO and concerning his claims in this case more generally.

## V.    CONCLUSION

Mr. Sharif points to no evidence or disclosures that create a legal conflict or any confidential information he may have disclosed in 2025 that relate to or cloud this matter (because there is none). Defendants respectfully request the Court deny Plaintiff Steven Sharif's *Ex Parte* Motion for Order Shortening Time on His Motion to Disqualify Schwartz, PLLC.

Dated: March 17, 2026.

By: */s/ Sasha Aliakbar-Amid*
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Irean Z. Swan, Esq.
California Bar No. 313175
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

indication of the strategic, rather than ethical, concerns underlying the Ex Parte Motion and Motion to Disqualify.