UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.:  26cv965-LL-JLB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ORDER SHORTENING TIME ON MOTION TO DISQUALIFY SCHWARTZ, PLLC** |
| v. | |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC, | [ECF No. 48] |
| Defendants, | |
| And | |
| INTREPID STUDIOS, INC., | |
| Nominal Defendant. | |

On March 17, 2026, Plaintiff filed an Ex Parte Motion for Order Shortening Time on his Motion to Disqualify Schwartz, PLLC. ECF No. 48. Specifically, Plaintiff seeks to disqualify defense counsel prior to the March 18, 2026 hearing on Defendants' motion to dissolve the temporary restraining order. *Id.* Defendants filed an Opposition. ECF No. 50.

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 104724, at *1 (S.D. Cal. Jan. 11, 2022) (citation omitted). "Good cause exists where the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Walpert v. Solar Integrated Roofing Corp.*, No. 24-CV-0041 W (SBC), 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (internation quotation marks and citation omitted).

The Court does not find good cause to expedite briefing on the motion to disqualify defense counsel to essentially one day. Plaintiff's counsel indicates that it was made aware of the facts supporting the motion to disqualify on March 10, 2026, but Defendants contend that Plaintiff Sharif "knew of and approved Schwartz's retention by TFE in December 2025." ECF Nos. 48 at 4; 50 at 3. The Court finds Plaintiff could have brought this motion to shorten briefing earlier than the day before a hearing where counsel is to appear. The Court declines to rule on a motion for disqualification of counsel without the benefit of briefing from both sides because "disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotation marks and citation omitted). Accordingly, the Court **DENIES** Plaintiff's Ex Parte Motion, but reserves the decision on whether to set a briefing schedule that is shorter than normal until after the March 18, 2026 hearing.

**IT IS SO ORDERED.**

Dated:  March 17, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv965-LL-JLB