# EXHIBIT 1

Case 3:26-cv-00965-LL-MMP    Document 60-2    Filed 03/27/26    PageID.1074    Page 1 of 5

## SHAREHOLDERS' AGREEMENT

among

## INTREPID STUDIOS, INC.

and

## EACH PERSON IDENTIFIED ON SCHEDULE A

dated as of

MAY 16, 2024

## ARTICLE V
## CONFIDENTIALITY

**Section 5.01   Confidentiality.**

(a)      Each Shareholder acknowledges that during the term of this Agreement, it will have access to and become acquainted with trade secrets, proprietary information, and confidential information belonging to the Company and its Affiliates that are not generally known to the public, including, but not limited to, information concerning business plans, financial statements, and other information provided pursuant to this Agreement, operating practices and methods, expansion plans, strategic plans, marketing plans, contracts, customer lists, or other business documents that the Company treats as confidential, in any format whatsoever (including oral, written, electronic, or any other form or medium) (collectively, **"Confidential Information"**). In addition, each Shareholder acknowledges that: (i) the Company has invested, and continues to invest, substantial time, expense, and specialized knowledge in developing its Confidential Information; (ii) the Confidential Information provides the Company with a competitive advantage over others in the marketplace; and (iii) the Company would be irreparably harmed if the Confidential Information were disclosed to competitors or made available to the public. Without limiting the applicability of any other agreement to which any Shareholder is subject, each Shareholder shall, and shall cause its Representatives to, keep confidential and not, directly or indirectly, disclose or use (other than solely for the purposes of such Shareholder monitoring and analyzing its investment in the Company) at any time, including, without limitation, use for personal, commercial, or proprietary advantage or profit, either during its association with the Company or thereafter, any Confidential Information of which such Shareholder is or becomes aware. Each Shareholder in possession of Confidential Information shall, and shall cause its Representatives to, take all appropriate steps to safeguard such information and to protect it against disclosure, misuse, espionage, loss, and theft.

(b)      Nothing contained in Section 5.02(a) shall prevent any Shareholder from disclosing Confidential Information: (i) upon the order of any court or administrative agency; (ii) upon the request or demand of any regulatory agency or authority having jurisdiction over such Shareholder; (iii) to the extent compelled by legal process or required or requested pursuant to subpoena, interrogatories, or other discovery requests; (iv) to the extent necessary in connection with the exercise of any remedy hereunder; (v) to other Shareholders; (vi) to such Shareholder's Representatives who, in the reasonable judgment of such Shareholder, need to know such Confidential Information and agree to

10

DocuSign Envelope ID: 636E37E9-8B5D-4511-B702-2742B4837E59

be bound by the provisions of this Section 5.02 as if a Shareholder; or (vii) to any potential Permitted Transferee in connection with a proposed Transfer of Shares from such Shareholder, as long as such potential Permitted Transferee agrees in writing to be bound by the provisions of this Section 5.02 as if a Shareholder before receiving such Confidential Information; *provided*, that in the case of clause (i), (ii), or (iii), such Shareholder shall notify the Company and other Shareholders of the proposed disclosure as far in advance of such disclosure as practicable (but in no event make any such disclosure before notifying the Company and other Shareholders) and use reasonable efforts to ensure that any Confidential Information so disclosed is accorded confidential treatment satisfactory to the Company, when and if available.

(c)    The restrictions of Section 5.02(a) shall not apply to Confidential Information that: (i) is or becomes generally available to the public other than as a result of a disclosure by a Shareholder or any of its Representatives in violation of this Agreement; (ii) is or has been independently developed or conceived by such Shareholder without use of Confidential Information; or (iii) becomes available to such Shareholder or any of its Representatives on a non-confidential basis from a source other than the Company, the other Shareholders, or any of their respective Representatives, *provided*, that such source is not known by the receiving Shareholder to be bound by a confidentiality agreement regarding the Company.

(d)    The obligations of each Shareholder under this Section 5.02 shall survive: (i) the termination, dissolution, liquidation, and winding up of the Company; and (ii) such Shareholder's Transfer of its Shares.

11

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

INTEGRITY INVESTMENTS FOUR LLC

By: _____

Name: _____

Title: _____


_____

KAREN BOREYKO

*DocuSigned by:*

*Rob Dawson*

9FB0FDC25750433...

ROBERT DAWSON


FETTE HOLDINGS, LLC

By: _____

Name: _____

Title: _____


KR-AOC II, LLC

By: _____

Name: _____

Title: _____