Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC** <br><br> *Filed concurrently with Declaration of Steven Sharif; Declaration of Jessica Nall* <br><br> Judge:        Hon. Linda Lopez <br> Courtroom:  14B <br> Hearing Date: April 2, 2026 <br> Hearing Time: 10:00 AM <br><br> Action Filed:  February 14, 2026 <br> Trial Date:     Not Set |

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Motion presents a straightforward conflict that California law treats as disqualifying as a matter of course. Before representing Defendants in the current litigation opposite Plaintiff Steven Sharif ("Plaintiff" or "Mr. Sharif"), Schwartz, PLLC, through Samuel Schwartz, received material confidential information from Mr. Sharif regarding the matters presently in dispute, specifically—speaking in broad terms so as to avoid waiver—options for disposition of Intrepid Studios ("Intrepid")'s[1] corporate assets in distressed circumstances. In connection therewith, Mr. Sharif as an individual also sought and received Mr. Schwartz's counsel. Over multiple phone calls and written messages, Mr. Schwartz became privy to related confidential information as to both Intrepid and Mr. Sharif personally. Mr. Schwartz, and Schwartz, PLLC, then sought to formalize the engagement by sending a conflict waiver and engagement letter, which Mr. Sharif ultimately did not sign. Schwartz, PLLC's receipt of confidential information from the prospective representation of Mr. Sharif and Intrepid in late 2024—related to the same subject matter at issue in the present litigation—raises an irrebuttable presumption requiring disqualification.

Schwartz, PLLC does not meaningfully dispute the governing legal standard. Instead, it attempts to reframe immaterial facts to describe, self-servingly, improperly, and inaccurately, the alleged substance of the prior communications. Indeed, despite all facts to the contrary, Schwartz PLLC asserts that there is no privilege here to waive. (*See* ECF No. at 9-12.) This is incorrect. The evidence amply shows that an

---

[1] As discussed further below, due to "cybersquatting"-type issues regarding to a hostile takeover by a threat actor of Intrepid's business name, Intrepid registered the name "Intrepid Studios, LLC" around the time Mr. Sharif engaged with Mr. Schwartz as an alternative to the "Intrepid Studios, Inc." The very temporary use of a slightly different corporate name—for the same company—does not change the nature of the privileged discussions that occurred, nor the prospective attorney-client relationship that was formed.

attorney-client relationship was formed through Mr. Sharif's sharing confidential information with Mr. Schwartz in 2024. (*See* ECF No. 47-1 at 8-10.)

Several months later, in late 2025 and early 2026, Schwartz, PLLC, then shifted to representing Defendant TFE Games Holdings LLC ("TFE"), providing advice through them to Intrepid *and* to Defendants Dawson, Ogden, Fette, and Bartels (collectively, the "Board Defendants") *and* to TFE all at the same time, with no valid conflict waiver from any party. It is undisputed that Mr. Schwartz advised Defendants on summarily winding down Intrepid through an unlawful Article 9 foreclosure in an attempt to seize Intrepid's assets. Schwartz, PLLC now purports to represent not only the Board Defendants, but also TFE, in this litigation adverse to Mr. Sharif, while in possession of the directly related confidential information Mr. Schwartz learned from Mr. Sharif in December 2024.[2] (Declaration of Samuel A. Schwartz, Esq. in Support of Joint Opposition to Plaintiff Steven Sharif's Motion to Disqualify Schwartz, PLLC, ECF No. 59-1 ("Schwartz Decl."), Ex. 3.)

Disqualification is a harsh remedy. Plaintiff does not bring this motion lightly, especially given the potential impact of disqualification in a fast-moving case with pressing issues of preliminary relief. Plaintiff brought this motion as soon as possible once his counsel determined that the clear and unavoidable conflicts in this case required disqualification to protect the integrity of these proceedings. (March 16, 2026 Declaration of Jessica Nall in Support of Plaintiff's Motion to Disqualify Schwartz, PLLC, ECF No. 47-6 ("Nall Decl.") ¶¶ 3, 6.)

Further, Schwartz, PLLC's purported dual representation of Intrepid and Defendants—whose interests are materially adverse—both in 2025 and presently (Schwartz Decl., Ex. 3 contemplating representation of "TFE, Intrepid, and the

---

[2] Schwartz, PLLC seeks to leave open the possibility that it can still represent *Intrepid* despite its ongoing representation of materially adverse parties who have sought to bring about its demise. This is impermissible under the ethics rules.

Directors"), is an additional ground for disqualification. There is no applicable exception allowing Schwartz PLLC to represent insiders in a derivative suit where TFE, a third-party corporate entity, is opposed to Intrepid. Nor can a purported retroactive conflict waiver among the Board Defendants and Intrepid be valid where the Board Defendants are currently adverse to Intrepid. The threatened prejudice from Schwartz, PLLC's continued representation is too great to allow their continued representation of Defendants. Disqualification is necessary.

## II.    ARGUMENT

### A.    Schwartz, PLLC Learned Confidential Information From Mr. Sharif and Intrepid That is Material to the Current Litigation, Requiring Disqualification.

Schwartz, PLLC offers only selective and irrelevant evidence to counter the irrebuttable presumption that it received relevant confidential information through its prior attorney-client relationship with Mr. Sharif and Intrepid. *See Meza v. H. Muehlstein & Co., Inc.*, 176 Cal.App.4th 969, 977-978 (Cal. App. 2009); *Jessen v. Hartford Casualty Ins. Co.*, 111 Cal.App.4th 698, 707 (Cal. App. 2003). This effort fails for at least the following reasons:

#### 1.    *Intrepid's Temporary Corporate Name in 2024 is Irrelevant.*

With no real defense to disqualification, Schwartz, PLLC attempts to seize on minor differences in Intrepid's business name in late 2024 to claim that somehow his advice to Mr. Sharif pertained to a different matter or entity. It did not. There is no substantive difference between "Intrepid Studios, LLC" and "Intrepid Studios, Inc." (*See* ECF No. 59 at 2 ("[T]he discussions with Sharif actually pertained to a distinct and different entity, Intrepid Studios, LLC"); *id.* at 13 ("[T]he prospective representation of Intrepid Studios, LLC – besides being for a different entity".) In the fall of 2024, Intrepid Studios, Inc.'s business license temporarily lapsed and the name was seized in a corporate identity theft incident by an unrelated malicious actor. (March 27, 2026 Reply Declaration of Steven Sharif in Support of Plaintiff Steven

Sharif's Motion to Disqualify ("Sharif Reply Decl.") ¶ 3.) As a temporary solution, Intrepid Studios, LLC was registered pending reclamation of the original corporate name shortly thereafter. (*Id.*) Schwartz, PLLC's attempt to wave away the serious conflict here on such an irrelevant technicality is telling.

2.   *Disqualification Is Required because Schwartz, PLLC Cannot Rebut the Presumption that Mr. Schwartz Received Confidential Information Substantially and Materially Related to this Case.*

Schwartz, PLLC's opposition underscores why the substantial relationship test exists. In attempting to avoid disqualification, Schwartz has improperly sought to disclose the alleged contents of its communications with Mr. Sharif. Courts do not permit attorneys to defend against disqualification by characterizing privileged communications, because doing so would defeat the very purpose of the rule, which is to protect client confidences without exposing them. The Court must instead presume that confidences were shared where, as here, legal advice was given on substantially related matters. (*See* Schwartz Decl. ¶¶ 3-4; ECF No. 47-1 at 10-11.) "One of the principal obligations which bind an attorney is that of fidelity, the maintaining inviolate the confidence reposed in him by those who employ him, and at every peril to himself to preserve the secrets of his client." *Flatt v. Super. Ct.*, 9 Cal.4th 275, 289 (Cal. 1994). The substantial relationship test exists to support the strong interest in maintaining a client's confidences, *i.e.*, by preventing an attorney from "engag[ing] in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of the actual use of that knowledge and information in the subsequent representation." *Jessen*, 111 Cal.App.4th at 706. Schwartz, PLLC,'s opposition invites the exact "ironic result of disclosing the former client's confidences and secrets" to argue as to "the actual state of the lawyer's knowledge" that the substantial relationship test is designed to avoid. *Id.* Instead, "[u]nder California law, ... rebuttal is impermissible" and the actual contents of the confidential information transmitted during the course of the relationship is "immaterial." *In re Muscle Improvement, Inc.*, 437 B.R. 389, 396 (C.D. Cal. 2010).

WITHERS
BERGMAN LLP

4     Case No. 3:26-cv-00965-LL-MMP

Instead, "[t]he two dispositive issues are whether the subject matter of" Mr. Schwartz's and Mr. Sharif's communications were "substantially related to the subject matter of this case, and whether [Mr. Schwartz's] relationship with [Mr. Sharif and Intrepid] was one in which confidential information would ordinarily be disclosed." *Id.* Here, the subject matter of the prior communications related directly to Intrepid's options as a distressed company, (*see* ECF No. 47-1 at 11), and occurred during conversations where confidential information "would ordinarily be disclosed." *In re Muscle Improvement*, 437 B.R. 389 at 396. That ends the inquiry. Mr. Schwartz's attempts to waive Mr. Sharif's and his many other clients' privileges by discussing the substance of privileged conversations in his own defense is improper and should be disregarded. The substantial relationship test requires disqualification.

3.  *Mr. Sharif Disclosed Confidential Information to Mr. Schwartz During Privileged Discussions About Retaining Mr. Schwartz*

Mr. Sharif, on his own behalf and on behalf of Intrepid, disclosed confidential information to Mr. Schwartz over multiple telephonic and written conversations. (March 16, 2026 Declaration of Steven Sharif in Support of Plaintiff Steven Sharif's Motion to Disqualify, ECF No. 47-2 ("Sharif Decl.") ¶¶ 4-6.) Mr. Schwartz provided legal advice during those conversations and in legal memoranda and text messages with Mr. Sharif. (*Id.* ¶¶ 6-7.) "[A] court must presume that an attorney acquired confidential information if the attorney gave legal advice to the client." *In re Muscle Improvement, Inc.*, 437 B.R. 389 at 395 (citing *Jessen*, 111 Cal.App.4th at 709-10). It is therefore far from an "unsupported leap," (ECF No. 59 at 8), to find that, through multiple discussions involving legal advice, Mr. Sharif provided Mr. Schwartz significant confidential information. (*See* ECF No. 47-1 at 8-11.)

Mr. Schwartz's claims regarding the subject matter about which he spoke with Mr. Sharif in 2024 are inaccurate as demonstrated by contemporaneous non-privileged communications. Schwartz, PLLC claims that the December 1, 2024 call—which lasted for 75 minutes—included a third party (Eric Kurtzman) and concerned

issues unrelated to Intrepid or this matter. This is incorrect. Mr. Kurtzman recommended Mr. Schwartz to Mr. Sharif in late November 2024 as a "solid corporate lawyer with a lot of experience in **what I think of as the 'difficult.space' for companies**" noting "he may have some good guidance for you." (Sharif Reply Decl. ¶ 4, Ex. 1 (emphasis added).) Mr. Kurtzman introduced Mr. Sharif to Mr. Schwartz on November 27, 2024, after which Mr. Sharif and Mr. Schwartz had two detailed calls, without Mr. Kurtzman, on December 1 and December 2, 2024. (Sharif Reply Decl. ¶ 5, Exs. 2-3.) Mr. Sharif followed up with Mr. Kurtzman on December 4, 2024 after having spoken with Mr. Schwartz for a total of 85 minutes, confirming "Btw. Chatted with Sam, good dude. Going to engage with him." (Sharif Reply Decl. ¶ 8, Ex. 4.) This message indicates conclusively that Mr. Kurtzman was not a party to these conversations. Indeed, the non-privileged messages between Mr. Sharif and Mr. Kurtzman, along with the Schwartz, PLLC engagement letter for a prospective representation of Intrepid in a bankruptcy proceeding, abundantly demonstrate that Mr. Sharif's confidential calls with Mr. Schwartz in December 2024 "included discussion of detailed confidential representation regarding the matters for which [Mr. Sharif] was seeking Mr. Schwartz's prospective representation" related to matters at issue in this case, *i.e.*, Intrepid's corporate distress. (Sharif Decl. ¶ 5.)

The undisputed timeline refutes Schwartz PLLC's claims that no confidential engagement was discussed during the 75 minute call on December 1, 2024. Schwartz PLLC sent Mr. Sharif an engagement letter and related legal memoranda **before** the December 2, 2024 follow-up call that he now claims was the first discussion of potential representation. On December 1, 2024, after the call with Mr. Sharif, Mr. Schwartz e-mailed Mr. Sharif with the subject "Engagement" stating: "As we discussed, we will prepare an engagement agreement." (Sharif Reply Decl. ¶ 6, Ex. 5.) The following day, Schwartz, PLLC e-mailed Mr. Sharif (1) an engagement letter and (2) two legal memoranda related to a potential Chapter 11 proceeding for Intrepid. (Sharif Reply Decl. ¶ 7, Ex. 6.) Mr. Sharif and Mr. Schwartz's 10-minute phone call

on December 2, 2024 occurred thereafter. Thus—contrary to Schwartz, PLLC's claims—the shorter December 2, 2024 call *could not* have been the first time "that the potential representation of [Intrepid] by the Schwartz Firm in a bankruptcy filing was discussed." (ECF No. 59 at 5.) Instead, it must be inferred that both calls—a total of 85 minutes—discussed legal representation, legal advice, and confidential information. *See In re Muscle Improvement*, 437 B.R. 389 at 396 (stating "there would ordinarily be an important measure of disclosure of confidential information" during consultation between prospective client and attorney). More importantly, the precise contents of the conversations are not dispositive. Because Schwartz provided legal advice, the Court must presume that confidential information was shared. Schwartz, PLLC's self-serving account is inaccurate as well as improper.[3]

Where, as here, the confidential information Mr. Sharif disclosed to Mr. Schwartz relates to the present litigation, disqualification is mandatory. (*See* ECF No. 47-1 at 8-11.) Schwartz, PLLC cannot escape this because TFE's Article 9 sale was not "a known issue in 2024" or that "TFE did not exist until late 2025." (ECF No. 59 at 9.) Mr. Sharif turned to Mr. Schwartz and Schwartz, PLLC in 2024 "for aid on legal issues [he] and Intrepid faced based on the pressure [he] was receiving from Robert Dawson and his associates," disclosed confidential information related to those issues, and pursued potential engagement related to Chapter 11 bankruptcy of Intrepid—*i.e.*, a dissipation and winddown of Intrepid's assets. (See Sharif Decl. ¶ 3; Sharif Reply

---

[3] Despite this Court's March 18, 2026 Order directing the parties to meet and confer in detail in an effort to resolve factual differences, Schwartz, PLLC did not seek to meet and confer with Mr. Sharif's counsel prior to making the above misstatements of fact. (March 27, 2026 Reply Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's Motion to Disqualify ("Nall Reply Decl.") ¶ 3.) On March 27, 2026, prior to filing this Reply, Mr. Sharif's counsel e-mailed Schwartz, PLLC regarding the several factual inaccuracies in Schwartz, PLLC's Opposition and supporting declaration. (*Id.* ¶ 4, Ex. 1.) Counsel for both parties discussed those issues by telephone on that same day. (*Id.* ¶ 5.) Schwartz PLLC has declined to retract any of the factual inaccuracies in its Opposition. (*Id.*)

Decl. ¶ 5-7.) Schwartz, PLLC months later undertook to represent Mr. Sharif's adversary, Mr. Dawson, his entity (TFE), and his associates to help them seek Intrepid's dissolution for their own benefit. Schwartz, PLLC now represents the opposite side "with respect to the same case," and acts as counsel to Mr. Sharif's adversaries in this litigation while possessing "information that [is] material to the evaluation, prosecution, settlement, or accomplishment" of the litigation learned from Mr. Sharif. *In re Muscle Improvement*, 437 B.R. 389 at 394. "Disqualification … is mandatory" when there is "a substantial relationship between the subject of the prior and the current representation." *Id.* That is especially true given that the "subject" of a representation is ascribed "a broader definition than the discrete legal and factual issues involved in the compared representations." *Jessen*, 111 Cal.App.4th at 712. The substantial relationship presumption is satisfied here.

4. *Mr. Sharif Also Provided His Own Confidential Information Materially Related to this Case to Mr. Schwartz, Independently Requiring Disqualification.*

The conflict here is independently disqualifying as to Mr. Sharif personally. Through their extensive communications in December 2024, Mr. Schwartz also formed an attorney-client relationship with Mr. Sharif, individually, and discussed confidential matters substantially related to the instant matter. That conflict presents an independent reason why Schwartz, PLLC must be disqualified. As Mr. Sharif explained, he sought Mr. Schwartz's counsel "for aid on … legal issues [he] and Intrepid faced based on the pressure" Mr. Sharif—as an individual—"was receiving from Robert Dawson and his associates, which caused [Mr. Sharif] to experience a serious health crisis." (Sharif Decl. ¶ 3.) That "pressure" relates directly to this case.

On December 16, 2024, Schwartz, PLLC sent Mr. Sharif and Mr. Kurtzman a conflict waiver stating that Schwartz, PLLC "discussed undertaking a restructuring of [Intrepid]" and *also* required the signature of "Steven Sharif, individually" and required acknowledgement that "Steven Sharif, individually, *and* Intrepid … were advised to retain separate counsel" regarding any conflict. (Sharif Reply Decl. ¶ 9,

Ex. 7.) Based on all the available context, the Court should credit Mr. Sharif's description—that he engaged in privileged discussions, both on his own behalf and on behalf of Intrepid, regarding matters directly at issue in this case. Schwartz, PLLC must be disqualified from representing parties directly adverse to Mr. Sharif.

**B.    Schwartz PLLC's Representation of TFE and the Board Defendants Is Improper.**

Schwartz, PLLC is wrong that the "exception to the substantial relationship test in closely held derivative shareholder actions" applies here. (*See* ECF No. 59 at 13-15.) That exception applies to successive representation of a company's *insiders* after representation of the company, based on an assumption that the company's confidential information is possessed by and can be shared by the insider; concurrent representation remains impermissible. *Beachcomber Mgmt. Crystal Cove, LLC v. Super. Ct.*, 13 Cal.App.5th 1105, 1118-1119 (Cal. App. 2017).

Significantly, neither *Beachcomber* nor *Forrest v. Baeza*, 58 Cal.App.4th 65 (Cal. App. 1997), considered a situation where an attorney—after receiving confidential information from a corporate entity derivatively represented by a plaintiff—purported to represent not only corporate insiders but also ***an entirely separate entity*** with interests adverse to the corporation at issue in the derivative suit.

Here, as Mr. Sharif explained, he "was involved in discussions where—after TFE retained Schwartz, PLLC—Schwartz, PLLC provided advice to TFE on its supposed Article 9 foreclosure on Intrepid's assets, and also to Intrepid on winding down Intrepid's business." (Sharif Decl. ¶ 10.) Schwartz PLLC's recent March 11, 2026 conflict waiver ***confirms*** Schwartz, PLLC's intention—as "legal counsel to TFE Games Holdings, LLC"—to "represent Intrepid ***and*** the Directors [*i.e.*, the Board Defendants]" in this action despite recognition that "TFE, Intrepid, and the Directors are potentially adverse." (Schwartz Decl., Ex. 3 (emphasis added).) This purported conflict waiver confirms Schwartz, PLLC's intention to try and place its hands on all sides of this lawsuit, as it did previously in advising Intrepid (after receipt of

WITHERS
BERGMAN LLP

PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

confidential information) while simultaneously representing TFE. Of course, there is more than a potential conflict as this litigation amply demonstrates—Intrepid and TFE are adverse, and have been since TFE was formed. Those adverse interests have materialized, and present a conflict based on dual representation that also warrants disqualification. *See Beachcomber*, 13 Cal.App.5th at 1118 (stating an attorney cannot represent a corporation and its defendant insiders in a derivative suit).[4]

### C.    The Board Defendants Cannot Waive The Conflict.

Schwartz, PLLC briefly asserts that Intrepid "has signed a conflict waiver relating to the potential representation of the company by the Schwartz Firm in a Chapter 11 bankruptcy case." (ECF No. 59 at 3; Schwartz Decl., Ex. 3.) This waiver is ineffective because, among other things, Mr. Sharif has raised individual conflicts as an individual, which the Board Defendants cannot waive.

As Schwartz, PLLC's own case recognizes, "[i]n the face of a derivative cause of action, to permit [the Defendants] to waive the conflict on behalf of the corporation[] would be the equivalent of denying [Plaintiff's] derivative claim out of hand—a legally impermissible action." *Forrest*, 58 Cal.App.4th at 76. The Board Defendants—who are subject to Plaintiff's derivative claims—are powerless to waive the conflict requiring Schwartz PLLC's and Mr. Schwartz's disqualification here.

## III.    CONCLUSION

For the foregoing reasons and those in his opening brief, Plaintiff respectfully requests the Court grant his Motion for Disqualification.

---

[4] In any event, the *Forrest*/*Beachcomber* exception related to derivative actions does not apply to the attorney-client relationship Mr. Sharif, ***as an individual***, formed with Mr. Schwartz. As discussed above, Mr. Sharif confided in Mr. Schwartz personal confidential information directly related to individual claims in this lawsuit. The standard rule of successive representation controls: Mr. Schwartz's receipt of confidences substantially related to this matter requires disqualification of Schwartz, PLLC from representing adverse parties in litigation involving the same issues.

WITHERS
BERGMAN LLP

PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

DATED:  March 27, 2026                    RESPECTFULLY SUBMITTED,


By:  */s/ Jessica Nall*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP
PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC