Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 3:26-cv-00965-LL-MMP |
| Plaintiff, | **DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC** |
| v. | |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, | *Filed concurrently with Reply in Support of Motion to Disqualify Schwartz, PLLC; Declaration of Steven Sharif* |
| Defendants, | Judge:           Hon. Linda Lopez |
| and | Courtroom:      14B<br>Hearing Date:  April 2, 2026<br>Hearing Time: 10:00 AM |
| INTREPID STUDIOS, INC., | |
| Nominal Defendant. | Action Filed:  February 14, 2026<br>Trial Date:     Not Set |

DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINITFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

Withers
Bergman LLP

## <u>DECLARATION OF JESSICA NALL</u>

I, JESSICA NALL, declare as follows:

1.     I am a Partner with the firm Withers Bergman LLP, counsel for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid") in this action. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2.     I submit this declaration in support of Plaintiff's Reply in Support of Motion to Disqualify Schwartz, PLLC.

3.     Before filing the Joint Opposition of Defendants and Schwartz, PLLC to Plaintiff Steven Sharif's Motion to Disqualify Schwartz, PLLC (the "Opposition"), Schwartz, PLLC did not seek to meet and confer regarding any factual disputes related to disqualification. Instead, Schwartz, PLLC filed an Opposition that contains multiple inaccurate factual assertions.

4.     On March 27, 2026, and consistent with the Court's March 18, 2026 order, I sent an e-mail to counsel for Defendants in good faith to meet and confer in an effort to resolve the factual disputes related to the Plaintiff Steven Sharif's Motion to Disqualify Schwartz, PLLC prior to filing our Reply in Support of Motion to Disqualify. In that e-mail, I identified several factual inaccuracies within Defendants' Opposition and the supporting declaration of Samuel A. Schwartz. I informed Defendants' counsel that surrounding communications and other evidence belied several of their claims. Counsel for Plaintiff and for Defendants agreed to meet and confer via conference call to discuss the factual disputes. A true and correct copy of that e-mail correspondence is attached hereto as **Exhibit 1**.

5.     Counsel for Plaintiff and Defendants discussed these issues by telephone at some length on March 27, 2026. Plaintiff's counsel answered questions posed to us by Defendant's counsel regarding the basis for our belief that their statements were inaccurate. Schwartz, PLLC stood by the facts asserted in its Opposition and declined

Withers Bergman LLP

2      Case No. 3:26-cv-00965-LL-MMP
DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINITFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

to retract any of the factually inaccurate statements we identified. Though we initially requested that Defendants' counsel agree to include our redaction of certain attorney-client privileged information in the parties' previously discussed Joint Ex Parte Motion to File Under Seal, Defendants' counsel noted on the call that they do not believe any redactions are necessary because, in their view, no privilege attaches to the communications at issue. In the interest of time, we thus elected to file our own separate Motion to Seal the redacted privileged communications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2026, at San Francisco, California.

By: /s/ Jessica Nall

Jessica Nall

Withers Bergman LLP

3    Case No. 3:26-cv-00965-LL-MMP
DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINITFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC