Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: 415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone: 619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 3:26-cv-00965-LL-MMP |
| Plaintiff, | **PLAINTIFF STEVEN SHARIF'S MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC** |
| v. | |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, | *Filed concurrently with Declaration of Jessica Nall; Proposed Order* |
| Defendants, | Judge:          Hon. Linda Lopez |
| and | Hearing Date:  May 1, 2026 |
| INTREPID STUDIOS, INC., | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| Nominal Defendant. | |
| | Action Filed:  February 14, 2026 |
| | Trial Date:      Not Set |

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

WITHERS
BERGMAN LLP

**NOTICE OF MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 14B, United States Court House, 333 West Broadway, San Diego, CA, Plaintiff Steven Shariff as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), will and hereby does move this Court to seek leave to file under seal certain exhibits filed with Plaintiff Steven Sharif's Reply in Support of Motion to Disqualify Schwartz, PLLC.

Plaintiff brings this Motion per Southern District of California Local Civil Rule 79.2 and Judge Lopez's Civil Chambers Rules, Rule 4. Plaintiff makes this Motion for Leave pursuant to this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Steven Sharif filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

This motion is made following the conference of counsel that took place on March 27, 2026.[1]

---

[1] In view of Plaintiff's 48-hour deadline from receipt of Defendants' opposition to Plaintiff's Motion to Disqualify Schwartz, PLLC to file his reply, Plaintiff respectfully requests the Court waive compliance with Civil Chambers Rule 3(a) requiring a meet and confer seven days prior to filing.

WITHERS BERGMAN LLP

2 Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his Motion to Seal Exhibits Filed in Support of Plaintiff Steven Sharif's Reply In Support Of Motion to Disqualify Schwartz, PLLC (the "Motion to Seal") in accordance with Southern District of California Local Civil Rule 79.2 and this Court's Civil Chambers Rules, Rule 4.

## I.   <u>BACKGROUND</u>

In November 2024, over a year before appearing in this matter on behalf of Defendants Robert Dawson, Ryan Ogden, Theresa Fette, and Aaron Bartels (collectively, the "Board Defendants"), along with TFE Games Holdings LLC (collectively, "Defendants"), Schwartz, PLLC—through attorney Samuel Schwartz— received extensive privileged and confidential information from Plaintiff Steven Sharif, both in his individual capacity and on behalf of Intrepid. Plaintiff provided that information during lengthy and detailed consultations with Mr. Schwartz regarding issues materially related to those in dispute in this litigation.

As soon as practicable after Plaintiff's counsel learned of this conflict, Plaintiff filed his Motion to Disqualify Schwartz, PLLC on March 16, 2026 (the "Motion to Disqualify"). (*See* ECF No. 47.) Defendants filed their Opposition to the Motion to Disqualify on March 25, 2026. (*See* ECF No. 59.) The Court is set to hear argument on the Motion to Disqualify on April 2, 2026.

In support of his Reply to the Motion to Disqualify, Plaintiff seeks to file three redacted exhibits containing correspondence between Plaintiff and Mr. Schwartz in order to demonstrate the context for the attorney-client relationship that forms the basis of the disqualification motion. Some portions of these documents, which Plaintiff seeks to redact, are confidential attorney-client privileged communications and some contain personal identifying information. (*See* Declaration of Jessica Nall (the "Nall Decl.") ¶¶ 3-5.)

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC

## II.    ARGUMENT

Parties moving to seal documents attached to dispositive motions bear the burden of overcoming a "strong presumption in favor of access" by articulating "compelling reasons supported by specific factual findings" as to why sealing is necessary. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, for motions that are non-dispositive and "tangentially related to the merits of a case," a "party need only satisfy the less exacting 'good cause' standard under Federal Rule of Civil Procedure 26(c)." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1180).

Documents subject to attorney-client privilege are routinely sealed under the higher "compelling reasons" standard. *See In re Hewlett-Packard Co. S'holder Derivative Litig.*, 2017 WL 5712130, at *4 (9th Cir. Nov. 28, 2017) (affirming sealing decision under the "compelling reasons" standard where the documents at issue included material protected by the attorney–client privilege and the work product doctrine"); *Lin v. Suavei, Inc.*, 2023 WL 7501403, at *3 (S.D. Cal. Nov. 13, 2023) ("District courts in the Ninth Circuit have found attorney–client privilege and the work-product doctrine sufficiently justify sealing, even under the higher "compelling reason" standard."). It therefore follows that documents subject to attorney-client privilege meet the less exacting good cause standard that is applicable here. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *1 (N.D. Cal. Feb. 24, 2020) ("By implication, attorney-client privilege and the work-product doctrine also satisfy the lower 'good cause' standard") (citations omitted).

Certain portions of the exhibits submitted by Plaintiff in support of his Reply contain confidential attorney-client privileged communications and personal identifying information. (*See* Nall Decl. ¶¶ 3-5.) Plaintiff seeks to file under seal only the portions of those exhibits that contain attorney-client privileged communications or personal identifying information. Additionally, Plaintiff's sealing request is narrowly tailored to protect the public's interest in access to court records because he

Withers Bergman LLP

seeks to redact only privileged or sensitive portions of the communications; he does not seek to seal the documents in full. There is therefore good cause to support Plaintiff's request to seal.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests from the Court leave to file the three redacted exhibits as identified in the Nall Declaration under seal.

DATED:  March 28, 2026          WITHERS BERGMAN LLP


By:  */s/ Jessica Nall*
     Jessica Nall (SBN 215149)
     Jessica.Nall@withersworldwide.com
     Withers Bergman LLP
     909 Montgomery Street, Suite 300
     San Francisco, California 94133
     Telephone:  415.872.3200

     Leslie Evans (SBN 173010)
     Leslie.Evans@withersworldwide.com
     4250 Executive Square, Suite 540
     La Jolla, CA 92037
     Telephone:  619.329.6454

     Jordan W. Garman (admitted *pro hac vice*)
     Jordan.Garman@withersworldwide.com
     430 Park Avenue, 10th Floor
     New York, NY 10022
     Telephone:  212.848.9882

     *Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

3          Case No. 3:26-cv-00965-LL-MMP