Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION TO SEAL CERTAIN DOCKET ENTRIES** <br><br> *Filed concurrently with Declaration of Jordan W. Garman* <br><br> Judge:  Hon. Linda Lopez <br> Hearing Date:  Not Set <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:  Not Set |

## NOTICE OF *EX PARTE* MOTION TO SEAL

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 14B, United States Court House, 333 West Broadway, San Diego, CA, Plaintiff Steven Shariff as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), will and hereby does move this Court *ex parte* to seal certain portions of documents and certain exhibits filed by Defendants, (*see* ECF Nos. 58, 58-1, 58-2), in support of their Response to Order to Show Cause Why a Preliminary Injunction Should Not Issue. (*See* ECF No. 58; *see also* ECF No. 20 at 13.)

In its Response, Defendants filed three documents publicly that include sensitive and confidential financial information.  Plaintiff brings this Motion *ex parte* per Civil Local Rules 79.2 and 83.3(g), and Judge Lopez's Civil Chambers Rules, Rules 4-5.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jordan W. Garman. (*See* Mar. 30, 2026 Declaration of Jordan W. Garman ¶ 5, Ex. 2.)

Plaintiff makes this *ex parte* Motion for Leave pursuant to this Notice of *Ex Parte* Motion, the Memorandum of Points and Authorities, and Declaration of Jordan W. Garman filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION TO SEAL CERTAIN DOCKET ENTRIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his *Ex Parte* Motion to Seal Certain Docket Entries filed by Defendants, (*see* ECF Nos. 58, 58-1, 58-2), in accordance with Local Civil Rules 79.2 and 83.3(g), and this Court's Civil Chambers Rules 4 and 5.

## I.    BACKGROUND

On March 25, 2026, Defendants filed three documents that contain sensitive and confidential financial information: (1) Exhibit B to the Declaration of Robert Dawson, (*see* ECF No. 58-1 at 11-12), which includes Projected Monthly Cash Flow sheets for Intrepid for the years 2022 and 2023; (2) Exhibit C to the Declaration of Theresa Fette, (*see* ECF No. 58-2 at 4-9), which includes Balance Sheets and Income Statements of Intrepid for the years 2023, 2024, and 2025; and (3) the Memorandum of Points and Authorities in Support of Defendants' Response to Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Response"), which included confidential information from those exhibits. (*See* ECF No. 58 at 7, n.3.)  These documents are subject to confidentiality pursuant to Article 5, Section 5.01 of a Shareholder Agreement, dated May 16, 2024, between Intrepid and its shareholders, including Defendant Robert Dawson. (*See* Garman Decl. Ex. 1, at 10.)  Pursuant to that Agreement, "each Shareholder shall . . . keep confidential and not . . . disclose . . . any Confidential Information" of Intrepid, including, *inter alia*, its "financial statements." (*Id.*) This information is not otherwise available to the public.

Notwithstanding this breach of the Shareholder Agreement, Defendants' also timed this dissemination of confidential information before re-engaging in a sale of Intrepid and its assets.  In their Response, Defendants claimed that "TFE voluntarily set aside the Article 9 Sale" at issue in this lawsuit in order to pursue "a public foreclosure sale conducted in strict compliance with the California Commercial Code." (ECF No. 58 at 8; *see also* ECF No. 58-1, Ex. A.)  They simultaneously publicly disclosed years' worth of sensitive financial statements and stated the amount

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION TO SEAL CERTAIN DOCKET ENTRIES

of debt intrepid was in at the end of 2023. (*See* ECF No. 58 at 6-7, n.3.)

On March 26, 2026, Plaintiff contacted opposing counsel immediately upon discovering the improper public filing of this information and demanded that the documents be withdrawn and re-filed under seal. (Garman Decl. ¶ 5, Ex. 2.)  In response, counsel for Defendants met and conferred with Plaintiff's counsel via email with the intent of filing a joint motion to seal.  On March 30, 2026, Defendants rejected Plaintiff's proposed revisions to the proposed joint motion to seal in ways that Plaintiff felt inaccurately and substantially weakened the case for sealing and accordingly did not conform to the Judge's requirements to establish a compelling reason for sealing. (Garman Decl. ¶ 6.)  Because the harm from continued public disclosure is ongoing and immediate, Plaintiff seeks relief *ex parte*.

## II.    <u>ARGUMENT</u>

There are compelling reasons to seal Intrepid's private financial documents here. Though there is "a strong presumption in favor of public access to court records," that presumption can be overcome by a showing of "compelling reasons supported by specific factual findings" as to why sealing is necessary. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Factors courts consider when weighing these reasons include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Sealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Tan v. Quick Box*, LLC, 2024 WL 39347, at *1 (S.D. Cal. Jan. 2, 2024) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

A company's non-public financial data, including balance sheets, income statements, cash-flow projections, and forward-looking financial analyses, are routinely sealed as confidential business information because disclosure of this type

of information creates the risk of competitive harm. *See e.g.*, *United States v. Stratics Networks Inc.,* 2025 WL 3677526, at \*5 (S.D. Cal. Dec. 18, 2025) (sealing financial data, including company expenses); *Bauer Bros. LLC v. Nike, Inc.,* 2012 WL 1899838, at \*4 (S.D. Cal. May 24, 2012) (sealing financial documents, including accounting methods and revenue data because of the risk of use by competitors); *see also In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008) ("the common law right of inspection has bowed before the power of a court to [e]nsure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.").

Defendants' disclosure of Intrepid's Cash Flows and Balance Sheets risks competitive harm to Intrepid and its assets.  This confidential business information is not otherwise available to the public and is accordingly subject to certain confidentiality provisions. (*See* Garman Decl. ¶ 3, Ex. 1.)  The public disclosure of confidential financial materials ahead of the upcoming Article 9 sale therefore risks distorting market perceptions, chilling bidding interest, and artificially depressing asset value of Intrepid to the detriment of all parties. *See J.R. Simplot Co. v. Washington Potato Co*., 2016 WL 11066581, at \*1 (W.D. Wash. Dec. 29, 2016) (sealing company balance sheet "because the public release of confidential financial information puts Defendants, and the companies which they manage, at a competitive disadvantage when negotiating future loan terms, contracts with customers, and business opportunities.").

The requested sealing is also narrowly tailored to redact only Intrepid's confidential business information and therefore strikes the appropriate balance between transparency and the protection of sensitive commercial information. *See Al Otro Lado, Inc. v. Mayorkas*, 2021 WL 666861, at \*2 (S.D. Cal. Feb. 19, 2021) (granting motion to seal where redactions were "narrowly drawn, and [did] not obscure more than is necessary to protect the defendants' confidential information.").

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court grant his *Ex Parte* Motion to Seal.

DATED:  March 31, 2026                WITHERS BERGMAN LLP

By:  */s/ Jessica Nall*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*