# EXHIBIT 2

---

| | |
|---|---|
| **From:** | Garman, Jordan |
| **Sent:** | Thursday, March 26, 2026 4:58 PM |
| **To:** | Samuel A. Schwartz |
| **Cc:** | Sasha Amid; Sstrohbehn@rosinglaw.com; Nall, Jessica; Evans, Leslie; LaVigne, Christopher; Emily Anderson; Jason Thomas; Susan Roman |
| **Subject:** | RE: Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP |

Sure, that works.

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Thursday, March 26, 2026 4:51 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Sstrohbehn@rosinglaw.com; Nall, Jessica <Jessica.Nall@withersworldwide.com>; Evans, Leslie <Leslie.Evans@withersworldwide.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP

I think it should be a joint motion, no?

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Sent:** Thursday, March 26, 2026 1:42 PM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Sstrohbehn@rosinglaw.com; Nall, Jessica <Jessica.Nall@withersworldwide.com>; Evans, Leslie <Leslie.Evans@withersworldwide.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP

We are amenable to stipulate to the sealing of:

- Exhibit B to the Dawson Decl within ECF 58-1
- Exhibit C to the Fette Decl within ECF 58-2
- Names of third-party Intrepid equity and noteholders; and

1

- Any of defendants' phone numbers/ personal email addresses in ECF Nos. 45 and 53 & attachments.

If you can send us a joint stipulation to that effect, we will review.

Best,
Jordan

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Thursday, March 26, 2026 4:26 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Sstrohbehn@rosinglaw.com; Nall, Jessica <Jessica.Nall@withersworldwide.com>; Evans, Leslie <Leslie.Evans@withersworldwide.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** Re: Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP

Jordan, that agreement was never fully executed and we reject that it is enforceable. We also think your request falls outside of Rule 5. Regardless, and assuming you agree we can all reserve rights on these fronts, we want to seal the PII (phone numbers and emails) of Rob Dawson and Theresa Fette. We also need your agreement to seal the names of the equity and noteholders for the Court and the corporate disclosures. Are you agreeable to those stipulations? If so, we can stipulate to the sealing.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

On Mar 26, 2026, at 1:07 PM, Garman, Jordan <Jordan.Garman@withersworldwide.com> wrote:

Sam,

Thanks for your response. The copy we have is attached. Our understanding is it says "Void" due to a Docusign setting. However, the agreement is signed by Rob and therefore binds him under Section 8.20 ("Binding Agreement amongst all Parties that Execute").

In the interim, we plan to file an ex parte seeking administrative conditional sealing of the exhibits pending this meet and confer process and a sealing motion. Can you please advise if you object so that we may advise the Court of your position.

Best,
Jordan

2

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Thursday, March 26, 2026 1:28 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Sasha Amid <samid@nvfirm.com>; Sstrohbehn@rosinglaw.com; Nall, Jessica <Jessica.Nall@withersworldwide.com>; Evans, Leslie <Leslie.Evans@withersworldwide.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** Re: Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP

CAUTION: This email originated from an external source.

Jordan, as a gating issue - do you have an executed copy of the Shareholder Agreement? I understand an agreement was never signed.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

On Mar 26, 2026, at 8:31 AM, Garman, Jordan <Jordan.Garman@withersworldwide.com> wrote:

Counsel,

Your filing in response to the Order to Show Cause regarding issuance of a preliminary injunction includes exhibits which **publicly** reveal Intrepid's sensitive and confidential financial information.

Specifically, **Exhibit B to Robert Dawson's Declaration** includes 2022 and 2023 Projected Monthly Cash Flow sheets for Intrepid, and **Exhibit C to Theresa Fette's Declaration** includes 2023, 2024, and 2025 Balance Sheets and Income Statements of Intrepid.

**We demand that you immediately take all necessary steps to remove these documents from the public docket.** We are taking all possible steps to contact the Court regarding this matter but, as this is your filing, we demand you either remove the filing from the docket or contact the court to immediately seal these documents.

There is no reasonable explanation for you to file sensitive and confidential documents of this nature without any request for sealing or any discussion with us as to whether such documents should be sealed. Further, it is inexplicable that you would, on March 25, raise vague concerns regarding public filing of personal identifying information—without identifying the information purportedly at issue—on the one hand, while at the same time filing these highly sensitive documents.

By filing these documents, your clients have breached the Shareholder's Agreement, which clearly states that "each Shareholder shall … keep confidential and not … disclose … any Confidential Information" of Intrepid, including, *inter alia*,

3

"financial statements." Shareholder's Agreement Section 5.01. In addition, this blatant disclosure of confidential information represents yet another breach of Defendants' fiduciary duty to Intrepid.

Plaintiff again reiterates that **you take all immediate steps to remove these documents from the public docket**, whether or not they were filed in error or in a flagrant attempt to reveal Intrepid's confidential information to the public.

Plaintiff reserves all rights regarding this matter.


Best,
Jordan


**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505

---

**Withers Bergman LLP** - 430 Park Avenue, 10th Floor, New York, NY 10022-3505 T: +1 212 848 9800 F: +1 212 848 9888

Withers
London | Geneva | Milan | Padua
Hong Kong | Singapore | Tokyo | British Virgin Islands
New York | Greenwich | New Haven | Texas
San Francisco | Los Angeles | San Diego

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person.

<Complete_with_DocuSign_Intrepid_Shareholders.pdf>

4