Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Irean Z. Swan, Esq.
California Bar No. 313175
iswan@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING  POTT  &  STROHBEHN
LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-600

*Attorneys for Defendants Robert Dawson,*
*Ryan Ogden, Theresa Fette, Aaron Bartels,*
*and TFE Games Holdings, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DAWSON; RYAN OGDEN; THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS, LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **EX PARTE MOTION TO SEAL PORTIONS OF EXHIBITS TO PLAINTIFF STEVEN SHARIF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TRO** <br><br> *Filed concurrently with the Declaration of Samuel A. Schwartz, Esq.* <br><br> Judicial Officer: Hon. Linda Lopez <br> Courtroom: 14B (14th Floor) <br> Hearing Date: N/A <br> Hearing Time: N/A <br><br> Action Filed: February 14, 2026 <br> Trial Date: Not Set |

1                                            26cv00965-LL-MMP

Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC, ("**Defendants**") respectfully moves the Court for leave to file portions of Exhibits to the *Plaintiff Steven Sharif's Sur-Reply In Opposition To Defendants' Motion To Dissolve TRO* [ECF Nos. 45 and 53] under seal.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

On March 16, 2026, Plaintiff Steven Sharif ("**Plaintiff**" or "**Sharif**") filed *Plaintiff Steven Sharif's Sur-Reply In Opposition To Defendants' Motion To Dissolve TRO* [ECF No. 45]. Plaintiff sought to withdraw ECF 45 via the *Notice of Withdrawal* filed on March 17, 2026. [ECF No. 52].

On March 17, 2026, Plaintiff re-filed the *Plaintiff Steven Sharif's Sur-Reply In Opposition To Defendants' Motion To Dissolve TRO* (Collectively, with ECF No. 45 the "**Sur-Replies**" ) [ECF No. 53].

On March 31, 2026, Plaintiff filed *Plaintiff Sharif's Ex Parte Motion to Seal Certain Docket Entries* (the "**Sharif Motion**") [ECF No. 64]. Attached to the Sharif Motion is the *Declaration of Jordan W. Garman in Support of Plaintiff Steven Sharif's Ex Parte Motion to Seal Certain Docket Entries* (the "**Garman Declaration**"). [ECF No. 64-1].

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 5.2(e)(1), "[f]or good cause, the court may by order in a case . . . require redaction of additional information." Fed. R. Civ. P.  5.2(e)(1).

In the Sur-Replies, the material that the Defendants seek to seal is limited to personal identifying information ("**PII**"), including telephone numbers included as part of the exhibits at issue here.  (*See* ECF No. 45-5 attached as **Exhibit A**; ECF No.

45-6 attached as **Exhibit B**, ECF No. 53-5  attached as **Exhibit C**, and ECF No. 53-6 attached as **Exhibit D**.) The PII can be located as follows:

- ECF No. 45-5, Page 2 of 2, cell phone number of Theresa Fette, in the upper left corner of the page.
- ECF No. 45-5, Page 2 of 2 personal and work cell phone number of Daniel J. Gossels, in the bottom right corner of the page.
- ECF No. 45-6, Page 2 of 2, cell phone number of Theresa Fette, listed twice on left side of the page.
- ECF 53-5, Page 2 of 2, cell phone number of Theresa Fette, in the upper left corner of the page.
- ECF 53-5, Page 2 of 2 person and work cell phone number of Daniel J. Gossels, in the bottom right corner of the page.
- ECF 53-6, Page 2 of 2, cell phone number of Theresa Fette, listed twice on left side of the page.

Defendants maintain that the PII is confidential and sensitive information. Defendants' motion to seal is narrowly tailored to maintain under seal only the PII. Those telephone numbers to be sealed are now being used by the general public to harass the parties identified in the Sur-Replies. The telephone numbers sought to be sealed by Defendants are not generally available to the public and constitute the private contact information of their respective owners.

Courts in the Ninth Circuit allow judicial records to be sealed where there are "compelling reasons" to do so. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 ( 9th Cir. 2006).  In considering whether to seal judicial records, courts balance public policies favoring disclosure against the interests of the party seeking to seal records, *Id*. At 1178-1179.  But "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  "For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through

the publication of the painful and sometimes disgusting details of a divorce case.") *Id.* (internal quotation marks and citations omitted).

Compelling reasons exist here to seal the PII in the exhibits to the Sur-Replies. Defendants maintain that the PII is confidential and sensitive information.  Further, the information at issue is now being used to harass individuals connected to Defendants. Moreover, the information requested to be sealed is narrowly tailored to maintain under seal only the PII. Defendants attempted to meet and confer with Plaintiff's counsel in connection with the relief sought here.  Part of those efforts are discussed in the Garman Declaration.  But, the Garman Declaration in this regard is more telling and notable for what it omits from its stated timeline than what it discloses.  According to the Garman Declaration, Plaintiff's counsel reached out to Defendants' counsel on Thursday, March 26, 2026 at 8:31 a.m. (PT) by email to discuss materials Plaintiff sought to have sealed – materials Plaintiff alleged were sensitive and that contained purported confidential financial information.  Plaintiff's identified basis for seeking to seal these materials was found in an alleged shareholder agreement.  Defendants' counsel promptly replied to Plaintiff's counsel by email dated Thursday, March 26, 2026 at 10:28 a.m. (PT) advising Plaintiff's counsel that the shareholder agreement was never executed.  Plaintiff's counsel responded by email dated that same date at 1:07 p.m. (PT) that alleged one of the Defendants signed the purported shareholder agreement.  Defendants' counsel immediately responded on that same date at 1:26 p.m. (PT) that the agreement was never fully executed and was otherwise unenforceable.

But, in an effort to address the materials Plaintiff sought to have sealed along with those Defendants sought to have sealed as part of that same email response, Defendants' counsel broached the issue of a stipulation of the Parties to address these matters consensually by stipulation of the Parties, subject to Court approval.  Plaintiff's counsel responded by email on that same date at 1:42 p.m. (PT) and outlined the specific materials that would be sealed pursuant to the Parties'

stipulation. At 1:51 p.m. (PT) on that same date, Defendants' counsel broached the issue of a joint motion to seal the materials that both Plaintiff and Defendants agreed in principle to have sealed, again subject to Court approval.

Defendants' counsel took the laboring oar and prepared the original draft of the Parties' joint motion that was circulated by email on the night of Thursday, March 26, 2026 at 5:56 p.m. (PT). Plaintiff's counsel returned revised/redlined copies of the joint motion materials that same night (Thursday, March 26, 2026 at 6:39 p.m. (PT)). From Defendants' vantage point, many of Plaintiff's proposed changes to the joint motion materials went well beyond what was necessary to support the Parties' requests to seal the agreed upon materials; indeed, from Defendants' vantage point, it appeared that the language requested by Plaintiff for inclusion into the joint motion was aimed at advancing Plaintiff's substantive case vis-à-vis the Defendants. With these concerns in mind, Defendants returned a redlined version of the joint motion materials to Plaintiff's counsel by email dated Friday, March 27, 2026 at 6:57 p.m. (PT).

Nearly three calendar days passed (albeit over the weekend), and Defendants had not heard back from Plaintiff's counsel regarding Defendants' redlined changes to the joint motion materials that were circulated on the evening of Friday, March 27, 2026. Having not heard anything back from Plaintiff's counsel, Defendants' counsel reached out to Plaintiff's counsel by both telephone calls (with voicemail messages) and email from Defendants' counsel dated March 27, 2026 at 11:39 a.m. (PT) following up on the status of the joint motion materials. It was only at that time that Plaintiff's counsel sought to have problematic language that Defendants had already signaled would be unacceptable reinserted back into, not only the joint motion, but also as part of a declaration for which only defense counsel was going to serve as a declarant.

This is a far cry from the chronology laid out in the Garman Declaration. In Defendants' view, the disclosure of PII Defendants now seek to have sealed to prevent

any further harm and the exigencies surrounding it were being used (perhaps unwittingly) to force Defendants to (essentially) confess error by including Plaintiff's late additions into both the joint motion materials and a declaration coming solely from Defendants' counsel – an outcome to which Defendants; counsel could not and would not acquiesce. In Defendants' view, this was unacceptable. Defendants' counsel then immediately informed Plaintiff's counsel that the Defendants would pivot back to seeking to seal the PII on a unilateral basis.

Rather than the arbitrary portrayal of Defendants' conduct in the Garman Declaration, the Defendants respectfully submit they were more than justified in abandoning the joint motion route. Defendants had made clear their position that Plaintiff's alleged shareholder agreement was never fully executed and was otherwise unenforceable. Defendants could not, therefore, jointly submit motion papers to this Court that purportedly acknowledged the confidential nature of the information Plaintiff sought to have sealed based on the disputed shareholder agreement. Indeed, Plaintiff never bothers to consider how the alleged illicit disclosure of Intrepid's internal financial statements would purportedly chill bidder interest when these are some of the very same materials that any competent and well-advised bidder would evaluate and that would be included as part of any data room set up to support an Article 9 public foreclosure sale. But that is a matter for another day.

[Continued on next page.]

26cv00965-LL-MMP

WHEREFORE, Defendants respectfully request that the court enter the proposed order granting the relief requested in the motion, and any such other relief that the Court deems just and proper.

Dated: March 31, 2026

SCHWARTZ, PLLC

By: /s/ Sasha Aliakbar-Amid
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
601 East Bridger Avenue
Las Vegas, Nevada 89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Irean Z. Swan, Esq.
California Bar No. 313175
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*