Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Irean Z. Swan, Esq.
California Bar No. 313175
iswan@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN
LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-600

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT DAWSON; RYAN OGDEN; THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS, LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **DECLARATION SAMUEL A. SCHWARTZ IN SUPPORT OF EX PARTE MOTION TO SEAL** <br><br> *Filed concurrently with Ex Parte Motion to Seal Portions of Exhibits to Plaintiff Steven Sharif's Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO* <br><br> Judicial Officer: Hon. Linda Lopez <br> Courtroom: 14B (14th Floor) <br> Hearing Date: N/A <br> Hearing Time: N/A <br><br> Action Filed: February 14, 2026 <br> Trial Date: Not Set |

## <u>DECLARATION SAMUEL A. SCHWARTZ</u>

I, Samuel A. Schwartz, hereby declare as follows:

1.     I, Samuel A. Schwartz, am the principal of Schwartz, PLLC ("**Schwartz**" or the "**Firm**").

2.     I am over the age of 18, mentally competent and unless otherwise stated, I have personal knowledge of the facts set forth herein. If called upon to testify as to the contents of this declaration, I could and would do so.

3.     I make this declaration in support of the *Ex Parte Motion to Seal Portions of Exhibits to Plaintiff Steven Sharif's Sur-Reply in Opposition to Defendants' Motion to Dissolve TRO* (the "**Motion to Seal**").

4.     Counsel for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holding, LLC ("**Defendants**") and Plaintiff, Steven Shariff, as an individual and derivatively on behalf of Intrepid Studios, Inc. (the "**Plaintiff**") met and conferred via email in good faith to discuss the Motion to Seal, pursuant to Civil Local Rule of Practice for the United States District Court for the Southern District of California 83.3(g), and this Court's Civil Chambers Rules, Rule 5.   During those conversations, Defendants' counsel was advised by Plaintiff's counsel that Plaintiff would also be seeking relief from the Court to have certain additional materials sealed, and the Parties explored pursuit of a joint motion to obtain such relief, including exchanging drafts, revisions, and comments to the proposed motion papers and related supporting documents.

5.     As recited in the Motion to Seal and referred to in part in the Garman Declaration, the Parties engaged in multiple email exchanges (as well as attempts to connect by phone) between March 26, 2026 and March 30, 2026 as part of their participation in the required meet-and-confer process.  According to the Garman Declaration, Plaintiff's counsel reached out to Defendants' counsel on Thursday, March 26, 2026 at 8:31 a.m. (PT) by email to discuss materials Plaintiff sought to have sealed – materials Plaintiff alleged were sensitive and that contained purported

confidential financial information.  Plaintiff's identified basis for seeking to seal these materials was found in an alleged shareholder agreement.  Defendants' counsel promptly replied to Plaintiff's counsel by email dated Thursday, March 26, 2026 at 10:28 a.m. (PT) advising Plaintiff's counsel that the shareholder agreement was never executed.  Plaintiff's counsel responded by email dated that same date at 1:07 p.m. (PT) that alleged one of the Defendants signed the purported shareholder agreement.  Defendants' counsel immediately responded on that same date at 1:26 p.m. (PT) that the agreement was never fully executed and was otherwise unenforceable.  But, in an effort to address the materials Plaintiff sought to have sealed along with those Defendants sought to have sealed as part of that same email response, Defendants' counsel broached the issue of a stipulation of the Parties to address these matters consensually by stipulation of the Parties subject to Court approval.  Plaintiff's counsel responded by email on that same date at 1:42 p.m. (PT) and outlined the specific materials that would be sealed pursuant to the Parties' stipulation.  At 1:51 p.m. (PT) on that same date, Defendants' counsel broached the issue of a joint motion to seal the materials that both Plaintiff and Defendants agreed in principle to have sealed, again subject to Court approval.

6.     Defendants' counsel took the laboring oar and prepared the original draft of the Parties' joint motion that was circulated by email on the night of Thursday, March 26, 2026 at 5:56 p.m. (PT).  Plaintiff's counsel returned revised/redlined copies of the joint motion materials that same night (Thursday, March 26, 2026 at 6:39 p.m. (PT)).  From Defendants' vantage point, many of Plaintiff's proposed changes to the joint motion materials went well beyond what was necessary to support the Parties' requests to seal the agreed upon materials; indeed, from Defendants' vantage point, it appeared that the language requested by Plaintiff for inclusion into the joint motion was aimed at advancing Plaintiff's substantive case vis-à-vis the Defendants.  With these concerns in mind, Defendants returned a redlined version of the joint motion

materials to Plaintiff's counsel by email dated Friday, March 27, 2026 at 6:57 p.m. (PT).

7.    Nearly three calendar days passed (albeit over the weekend), and Defendants had not heard back from Plaintiff's counsel regarding Defendants' redlined changes to the joint motion materials that were circulated on the evening of Friday, March 27, 2026.  Having not heard anything back from Plaintiff's counsel, Defendants' counsel reached out to Plaintiff's counsel by both telephone calls (with voicemail messages) and email from Defendants' counsel dated March 27, 2026 at 11:39 a.m. (PT) following up on the status of the joint motion materials.  It was only at that time that Plaintiff's counsel sought to have problematic language that Defendants had already signaled would be unacceptable back into, not only the joint motion, but also as part of a declaration for which only defense counsel was going to serve as a declarant.

8.    Defendants' counsel then immediately informed Plaintiff's counsel that the Defendants would pivot back to seeking to seal the PII on a unilateral basis.

9.    Unfortunately, the Parties' discussions reached an impasse at the 11th hour, and Defendants pivoted to filing the instant Motion to Seal.

10.    Compelling reasons exist to seal the PII as that information is already being used to harass those to whom the PII relates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 31, 2026

                                        /s/ Samuel A. Schwartz
                                        Samuel A. Schwartz