Samuel A. Schwartz, Esq.
   (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Irean Z. Swan, Esq.
California Bar No. 313175
iswan@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson,
Ryan Ogden, Theresa Fette, Aaron Bartels,
and TFE Games Holdings, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; and TFE GAMES HOLDINGS, LLC,<br><br>Defendants,<br><br>and<br><br>INTREPID STUDIOS, INC.,<br><br>Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF STEVEN SHARIF IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC**<br><br>Judicial Officer: Hon. Linda Lopez<br>Courtroom: 14B (14th Floor)<br>Hearing Date: April 2, 2026<br>Hearing Time: 10:00 AM PDT<br><br>Action Filed: February 14, 2026<br>Trial Date: Not Set |

Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC object to the following portions of the *Declaration of Steven Sharif in Support of Plaintiff Steven Sahrif's Reply in Support of Motion to Disqualify Schwartz, PLLC* [ECF No. 61-1] (the "**Sharif Declaration**") for the reasons stated:

- **Sharif Declaration (ECF No. 61-1)**

- In addition to Defendants' objections to each of the paragraphs of the Sharif Declaration set forth below, Defendants object to the introduction of the Sharif Declaration (including all exhibits attached thereto) into evidence in its entirety on the grounds that it is (1) procedurally improper, (2) so grossly late that its introduction into evidence at this stage of the proceedings appears to have been designed to prejudice Defendants and the Schwartz Firm in terms of their ability to prepare their case, and (3) was known and readily available to Plaintiff and, therefore, should have been submitted in connection with his disqualification motion. *See, e.g., Provenz v. Miller*, 10 F.3d 1478, 1483 (9th Cir. 1996). Indeed, the new arguments raised in Plaintiff's reply brief should be deemed waived for failure to raise them in his disqualification motion.

  - Paragraph 3
    - The witness lacks personal knowledge and does not lay foundation for these statements and merely offers unsupported speculation and conjecture. Fed. R. Evid. 602.
    - The witness's testimony is not relevant with respect to any ultimate/material facts at issue here. Fed. R. Evid. 401.
    - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.
  - Paragraph 4
    - The witness lacks personal knowledge and does not lay foundation for these statements and merely offers unsupported speculation and conjecture. Fed. R. Evid. 602.
    - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.
  - Paragraph 5
    - The witness's statements are predicated upon inadmissible

hearsay. Fed. R. Evid. 802.

- Paragraph 6
  - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.
- Paragraph 7
  - The witness lacks personal knowledge and does not lay foundation for these statements and merely offers unsupported speculation and conjecture. Fed. R. Evid. 602.
  - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.
- Paragraph 8
  - The witness lacks personal knowledge and does not lay foundation for these statements and merely offers unsupported speculation and conjecture. Fed. R. Evid. 602.
  - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.
- Paragraph 9
  - The witness lacks personal knowledge and does not lay foundation for these statements and merely offers unsupported speculation and conjecture. Fed. R. Evid. 602.
  - The witness's statements are predicated upon inadmissible hearsay. Fed. R. Evid. 802.

Dated: March 31, 2026.

By: */s/ Sasha Aliakbar-Amid*
Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

3                    26cv00965-LL-MMP

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Irean Z. Swan, Esq.
California Bar No. 313175
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*