Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: 415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone: 619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **DECLARATION OF JASON ZIMMERMAN IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION TO APPOINT RECEIVER** <br><br> *Filed concurrently with Plaintiffs' Motion For Appointment of Receiver* <br><br> Judge: Hon. Linda Lopez <br> Hearing Date: May 19, 2026 <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed: February 14, 2026 <br> Trial Date: Not Set |

## DECLARATION OF JASON ZIMMERMAN

I, JASON ZIMMERMAN, declare as follows:

1. I am a former employee of Intrepid Studios, Inc. ("Intrepid'). I make this declaration voluntarily based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated herein.

2. I joined Intrepid as a systems administrator in January 2019. Over time, I rose to the position of Director of IT and Operations Leader in 2021. I remained in that role until my departure from the company in January 2026.

3. I am one of the former employees who did not receive final wages, accrued PTO, or severance upon termination. I have joined a WARN Act action filed by former Intrepid employees arising from those same terminations. I make this declaration notwithstanding that interest because the facts stated herein are true and within my personal knowledge, and because I believe the appointment of a receiver is necessary to preserve the assets that may satisfy the claims of employees and other creditors.

4. In December 2025, Intrepid board member Robert Dawson instructed that Intrepid terminate approximately 100 out of 227 Intrepid employees without paying final wages, accrued PTO, or severance. The terminations originally were intended to occur on December 31, 2025, while everyone was on vacation, but the terminations were delayed.

5. At the beginning of 2026, I learned at a meeting with Intrepid's Executive Producers that Intrepid's board of directors had pledged a tranche of money that would allow the studio to continue developing its flagship game, Ashes of Creation, with a target release date of September 2026, but that we needed to cut all expenses.

6. At the board's instruction, we began moving Intrepid's infrastructure to a data center, minimized SaaS expenses, and made plans to reduce headcount to a core team and move all remaining employees to remote work.

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

DECLARATION OF JASON ZIMMERMAN IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER

Docusign Envelope ID: B0355950-7543-4AF2-9CBF-BF6BB2258AEC

7.      Before the layoffs, I spent more than 370 hours doing everything I could to keep the studio functional. During my final weeks at the company, I attended meetings to discuss operational costs where I learned that the board did not intend to pay certain debts, including rent. When I asked Doug Bartels – who at the time was acting as interim CFO – about this plan, I was told that those debts were owed by the "old" company, Intrepid, and that the board intended to move forward under a new entity, TFE, that it believed would be free of those debts.

8.      I attempted to transfer the equipment and the infrastructure relied upon by the studio to TFE, but they ignored my plan. Specifically, I provided the relevant access information to Doug Bartels after the Board unanimously appointed him as interim CEO. He did not accept the required invitations or complete the onboarding steps necessary to assume administrative control. As a result, access was not transitioned before I was terminated. After I was terminated, I provided all relevant access information to the court-appointed neutral Intellectual Property Custodian Mike Kunkel of Setec Investigations.

9.      As a result of the push for all employees to work remotely, the studio's intellectual property remained on employee devices outside the studio. I warned Mr. Bartels that steps must be taken to secure the intellectual property before any layoffs, but he did not agree to pay for necessary services until after the workforce was laid off, when it was too late.

10.     In January 2026, I was with a colleague when he received a call from Intrepid's Quality Assurance manager, who had just received a call from his friend and cofounder of an online game platform, Steam. Based on what I was told and understood in that moment, a person named Aaron Bartels had attempted to transfer Intrepid Studios' accounts receivable from Steam to an account in the name of a newly created entity, which I later learned was named TFE Games Holdings, LLC ("TFE"). Neither Aaron Bartels nor TFE were authorized on the Steam account; as a result, Steam froze the funds.

WITHERS
BERGMAN LLP

2                    Case No. 3:26-cv-00965-LL-MMP

DECLARATION OF JASON ZIMMERMAN IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER

11.    At the end of January 2026, the board terminated me – and the entire workforce – without paying me my final wages or earned bonuses, accrued PTO, or any severance. In the intervening months, the board has reached out to me through counsel and third parties demanding that I assist with the transition plan I had outlined, and that they ignored, before January 31, 2026.

12.    Based on my role as Director of IT and Operations and my direct involvement in production planning, it was my assessment that there were key individuals at the studio whose involvement was necessary for the completion of Ashes of Creation. Specifically, Steven Sharif's continued involvement was necessary for the project to succeed. Steven Sharif fought for employees to receive money owed to them, including final paychecks, accrued paid time off, and severance pay.  Sharif told me that the board's unethical actions forced him to resign in January 2026.

13.    Throughout January 2026, Intrepid Executive Producers Jacob Beucler and Bryan Langford, with some assistance from me, provided a variety of options to meet the release timeline the board demanded.  They created complex spreadsheets with several go-forward options in a coordinated effort to save the project and as many employees as possible. The board nevertheless abandoned the project.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2026 at ___349 PR 5105, Kennard___, Texas.

By: _Jason Zimmerman_____
DocuSigned by:
D060F5320BBD4AC...
Jason Zimmerman

Withers
Bergman LLP

3    Case No. 3:26-cv-00965-LL-MMP
DECLARATION OF JASON ZIMMERMAN IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER