Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 3:26-cv-00965-LL-MMP |
| Plaintiff, | **DECLARATION JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER** |
| v. | *Filed concurrently with Notice of Motion; MPA; Declaration of Steven Sharif; Witness Declarations; Request for Hearing* |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| Defendants, | |
| and | Judge:        Hon. Linda Lopez<br>Hearing Date:  May 19, 2026 |
| INTREPID STUDIOS, INC., | Action Filed:  February 14, 2026<br>Trial Date:    Not Set |
| Nominal Defendant. | |

# DECLARATION OF JESSICA NALL

I, JESSICA NALL, declare as follows:

1. I am a Partner with the firm Withers Bergman LLP, counsel for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), (together "Plaintiff") in this action. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2. I submit this declaration in support of Plaintiff's Motion to Appoint Receiver (the "Motion").

3. My colleagues and I met and conferred with Defense counsel on April 6, 2026 and April 10, 2026 via Zoom concerning this Motion. On the April 6 call, Defense counsel confirmed their position that the IP Neutral, Mr. Kunkel, had been discharged due to the dissolution of the TRO, and asked for Plaintiff's assistance with handing over the IP assets to the "Intrepid Board," represented by Mr. Schwartz, as the "only party in control of Intrepid." Defense counsel represented that they were seeking access to Intrepid's IP in order to pursue a properly noticed Article 9 foreclosure sale. On behalf of Plaintiff, we expressed doubt as to whether Mr. Dawson actually maintained the right to foreclose under California law, and that we would be seeking appointment of a receiver with broad powers to oversee any subsequent sale of Intrepid's assets, including, if necessary, bringing litigation to determine the extent of Mr. Dawson's rights and interest in those assets.

4. Based on Defense counsel's representations that they sought access to Intrepid's IP assets for a contemplated legal disposition, and would not seek to otherwise dissipate or privately sell them, Plaintiff's counsel took immediate steps in good faith to withdraw any objection to the turnover of IP assets to the Intrepid Board, subject to a stipulated protective order protecting certain e-mails and other materials within G-Suite that are privileged as to Mr. Sharif personally, to which Defense counsel agreed in concept. Plaintiff's counsel began work on a draft stipulation to that

effect.

5.    Defense counsel requested a follow-up call regarding the IP assets, which took place on April 10, 2026 by Zoom. On the April 10, 2026 zoom call, Defense counsel indicated Defendants actually would be amenable to a receiver with the limited power to hold, collect, and organize the IP—*i.e.*, someone with similar powers as the IP Neutral had under the TRO, but with added authority to pay the range of technology platforms that were dormant or unresponsive to the TRO due to non-payment. Defense counsel suggested that Defendants would be amenable to paying fees associated with a receiver with this limited scope and suggested that perhaps the IP Neutral, Mr. Kunkel, could serve in this role. Their proposal, as we understood it, specifically contemplated Mr. Dawson and the Board otherwise retaining complete control over Intrepid's affairs and the eventual disposition of its assets. I indicated during the April 10 Zoom call that Plaintiff would likely not be amenable to a receiver with such limited powers for several reasons. We noted that a receiver with broader powers would be able to not only safeguard the assets, but also assure the legitimacy of the sale in light of our allegations of serious breaches of fiduciary duty on the part of the Intrepid Board, as well as to our serious doubts as to Mr. Dawson's legal right to foreclose. We noted our understanding that due to nonpayment of key technology vendors, it would be an insurmountable task to restore Intrepid's IP to a functional state without the help of a sophisticated developer, which the receiver would have the power to hire and oversee, in addition to reviving the technology platforms through payment in arrears. We noted that a receiver would also be the only one in a position to legitimately address a variety of other threats to the value of Intrepid's assets including the negative publicity campaign by Mr. Caramanis and his false statements to Valve Corporation in demanding payment of the Steam Funds to him rather than those funds being available to satisfy CommerceWest Bank's senior secured position as the Intrepid Board had previously committed to that institution. I also again raised the issue that Plaintiff has significant reason to doubt the validity and impact of the

corporate transactional documents underlying Mr. Dawson's claims to a secured position in Intrepid, and the amount thereof, which a receiver could address including through litigation, assuming he or she were granted oversight over any subsequent Article 9 transaction (assuming any were permissible based on Mr. Dawson's legally cognizable position). Defense counsel questioned how a receiver with broad powers would be paid. We suggested that this might be possible through advancement of funds via a receiver's certificate which would be repaid upon disposition of the assets. We promised to confer with our client and send a follow-up correspondence on Monday.

6.    I discussed with my client over the weekend, and followed up in writing to Defense counsel on April 13, 2026, confirming that Plaintiff plans to seek a receiver with broad and exclusive equitable powers to possess, control, preserve, or sell the assets as necessary; operate and manage the business; conduct financial administration and accounting; litigate claims; and ensure legal and court compliance. Defense counsel indicated his clients were not amenable to stipulating to a receiver with that breadth of power. A true and correct copy of that correspondence is attached hereto as **Exhibit 1.**

7.    In support of his Motion, Plaintiff proposes that Howard Grobstein should serve as the receiver. A true and correct copy of his curriculum vitae is attached hereto as **Exhibit 2.**

8.    Attached hereto as **Exhibit 3** is a true and correct copy of an April 6, 2026 letter from Schwartz, PLLC to Withers Bergman LLP.

9.    Attached hereto as **Exhibit 4** is a true and correct copy of the October 1, 2024 complaint filed in the matter, *Ogale Erandal Ray v. Kevin Giguere, et al.*, Case No. 2024CA001934, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

10.    Attached hereto as **Exhibit 5** is a true and correct copy of the March 16, 2026 complaint filed in the matter *Wendy Lewis v. Richard Himmel, et al.*, Case No.

2026CA000601, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

11.    On December 2, 2025, SADA Systems, LLC, an authorized reseller of Google, Inc. sued Intrepid for breach of contract, alleging nearly $1 million in unpaid platform-usage fees. A true and correct copy of that complaint, filed in *Sada Systems, LLC, v. Intrepid Studios, Inc.*, Index No. 656217/2025, Supreme Court of the State of New York, County of New York, is attached hereto as **Exhibit 6.** A true and correct copy of that vendor's motion for default judgment is attached hereto as **Exhibit 7.**

12.    Attached hereto as **Exhibit 8** is a true and correct transcript of an April 2, 2026 voicemail from Defense counsel Samuel Schwartz to counsel for Intrepid's former director of information technology, Jason Zimmerman, purporting to be calling on behalf of Intrepid Studios.

13.    Throughout March 2026, I worked closely with the IP Custodian, Mike Kunkel, to assist him in obtaining credentials to Intrepid's intellectual property during the pendency of the TRO. We encountered numerous and significant roadblocks to transferring credentials due to key technology platforms containing aspects of the company's intellectual property not having been paid, including Google, Microsoft, and Intrepid's VPN and data center services. Many of those platforms and services were not willing to turn over access, or had already been shut down altogether, due to not having been paid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2026 at San Francisco.

By: */s/ Jessica Nall*
Jessica Nall

Withers
Bergman LLP

DECLARATION JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER