# EXHIBIT 3

**SCHWARTZ**

**Jason Thomas, Esq.**
office: 702.385.5544
fax: 702.442.9887
601 E. Bridger Avenue
Las Vegas, NV 89101

April 6, 2026

*VIA ELECTRONIC MAIL*

Jordan Garman, Esq.
Withers Bergman LLP
430 Park Avenue, 10th Floor
New York, NY 10022
Jordan.Garman@withersworldwide.com

> **Re:**    **Potential conversion of funds by Withers Bergman LLC ("Withers") /**
> *Sharif v Dawson et al.*. **United States District Court for the Southern**
> **District of California, Case No. 26-cv-965-LL-JLB (the "Sharif**
> **Litigation")**

Dear Ms. Garman:

As you know, this firm represents Robert Dawson ("**Dawson**") as well as TFE Games Holding LLC ("**TFE**") in the Sharif Litigation. We write today regarding the likelihood that Withers is currently being paid or has received payments (either in the form of any retainer(s) or otherwise) for its services in the Sharif Litigation with funds stolen or converted from Intrepid Studios, Inc. ("**Intrepid**"), which funds are subject to liens of Mr. Dawson and TFE. We, therefore, demand that Withers immediately provide documentation showing the accounts from which it has been paid for its services in the Sharif Litigation, including proof of account ownership and/or signing authority. Withers is also hereby notified that Dawson and TFE will be seeking to disgorge any money found to have been wrongfully paid to Withers by Sharif or by his husband, John Moore.

### I.    The Dawson Collateral

As you know, on or about March 23, 2022, Dawson agreed to extend a line of credit of up to $8,000,000 to Intrepid. In connection with that transaction, Intrepid executed a written Convertible Line of Credit Promissory Note dated March 23, 2022 (the "**2022 Note**") in favor of Dawson in the principal amount of $8,000,000. To secure repayment of the 2022 Note plus all amounts in future notes and advances from Dawson to Intrepid, Intrepid executed a Pledge and Security Agreement dated March 23, 2022 (the "**Security Agreement**"), granting Dawson a security interest and lien in and to substantially all assets of Intrepid (the "**Collateral**"). Dawson extended a series of loans to Intrepid between 2023 and 2025 in the aggregate principal amount of

**SCHWARTZ**

$78,480,831.54, as evidenced by multiple written promissory notes (collectively, the "**Notes**"). Each of the Notes was secured by the Security Agreement memorializing Dawson's interest in, and reliance upon, the Collateral as part of his decision to extend credit to Intrepid.

## II.    Potential Conversion of Funds by Withers

Sharif has not been a director or officer of Intrepid at any time during the pendency of the Sharif Litigation. Sharif has not been authorized, at any time, by Intrepid to use company assets to fund the Sharif Litigation. We have reason to believe that Sharif has, nonetheless, utilized Intrepid accounts (or the proceeds of fraudulent transfers) to pay Withers to prosecute the Sharif Litigation. If this is correct, it would establish a claim for conversion against, not only Sharif, but also Withers, in addition to other potential claims. And, to the extent Sharif continues to impermissibly use any portion of the Collateral to pay Withers to prosecute the Sharif Litigation, the amounts at issue continue to grow as the prosecution of the Sharif litigation continues.  Withers was no doubt aware and had actual notice of the claims of Dawson, TFE, and others regarding Sharif's alleged role(s) in devising, orchestrating, receiving, authorizing, and otherwise implementing a series of fraudulent transfers involving the Collateral.  With these facts in mind, Withers was under an affirmative obligation to investigate the source of the retainer funds prior to accepting them.  *See, e.g., In re Parklex Assocs., Inc.* 435 B.R. 195, 204-206, 211-213 (Bankr. S.D.N.Y. 2010).  Dawson and TFE maintain that any use of the Collateral to pay Withers is actionable and renders Withers liable on multiple fronts to, among others, Dawson and TFE.

We trust that Withers will promptly address this serious concern and provide documentation as to the funds it has received from Mr. Sharif immediately. If the requested documents are not received by Friday, April 10, 2026, Dawson and TFE will be forced to seek redress from the Court and reserve the right to pursue any and all remedies available to them against Withers including for conversion, fraud and/or aiding and abetting conversion or fraud.

We look forward to receipt of requested documents. Thank you.

Sincerely,

/s/ *Jason Thomas*

Jason Thomas, Esq.

Cc: Jessica Nall, Esq. Jessica.Nall@withersworldwide.com; Leslie Evans, Esq. Leslie.Evans@withersworldwide.com; Christopher LaVigne, Esq. Christopher.LaVigne@withersworldwide.com; Taylor Pengelly, Esq. Taylor.Pengelly@withersworldwide.com