# EXHIBIT 5

Case 3:26-cv-00965-LL-MMP    Document 78-60    Filed 04/14/26    PageID.1925    Page 2 of 24

IN THE EIGHTEENTH JUDICIAL CIRCUIT COURT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

WENDY LEWIS

    Plaintiff

CASE No. _____2026CA000601_____

v.

RICHARD HIMMEL; ROBERT DAWSON;
FLORIDA AVIATION TECHNOLOGY,
LLC; R CONSULTING & SALES, INC.; and
AIC TITLE SERVICE, LLC,

    Defendants.

## **COMPLAINT**

Plaintiff, Wendy Lewis, through her court appointed guardian of the property, Nancy Fitzpatrick, seeks damages in excess of $100,000.00 from each of the defendants stemming from their calculated involvement in a predatory scheme to defraud an elderly, vulnerable, and significantly mentally declined Mrs. Lewis out of millions of dollars through a flip transaction involving the purchase of an airplane, and in support thereof states:

1.    Wendy Lewis is 76 years old and was declared totally incapacitated by a Seminole Couty Court in late 2024. Nancy Fitzpatrick has been appointed by the Court to serve as her plenary Guardian of the Property.

2.    Wendy Lewis for many years has suffered from significant mental decline stemming from dementia and age-related defects. Mrs. Lewis's mental decline and unmistakable mental deficiencies have been readily apparent to those around her, those working with her, and those dealing with her since at least 2020 and beyond. This includes all times relevant to the allegations herein.

Page 1 of 23

ACTIVE:39445058.1

3.    At all relevant times, Wendy Lewis was an elderly person and disabled adult meeting the definitions of Florida Statutes § 825.101 as well as a vulnerable adult as defined by Florida Statutes § 415.102.

4.    Wendy Lewis is married to Ogale Erandal Ray ("Mr. Ray") and together they are the sole owners of Ray-Lewis Holdings, LLC. Ray-Lewis Holdings is a company created to hold their personal assets and, in particular, created to hold an airplane purchased by Mrs. Lewis and Mr. Ray.

5.    For many years, Wendy Lewis worked closely with defendant Robert Dawson an attorney and longtime private businessman. Defendant Dawson was at one time the closest and most trusted advisor to Mrs. Lewis and was intricately involved in nearly all of her major personal and business decisions.

6.    Defendant Dawson was intimately familiar with Mrs. Lewis's finances, her business dealings, and was someone in whom Mrs. Lewis placed an extraordinary amount of trust and reliance.

7.    In 2022, Mrs. Lewis and her husband decided to purchase a private airplane at the suggestion of Defendant Dawson. Further, Defendant Dawson offered to assist in the purchase on their behalf.

8.    On information and belief, Defendant Dawson was the individual that initially located an airplane for purchase by Mrs. Lewis and her husband and assisted with the negotiation of the price of the airplane. The airplane was a 2018 Gulfstream G550 registered as N550.

9.    Unbeknownst to Mrs. Lewis or Mr. Ray, Defendant Dawson fully intended to enrich himself from the sale by exploiting the confidential information he had regarding their finances and by abusing his confidential relationship with the family.

ACTIVE:39445058.1

10.    Defendant Dawson told Mrs. Lewis and Mr. Ray that he had located an airplane for purchase at a price of $21,500,000 when, in reality, the plane was offered for sale by the seller at a significantly lower price, believed to be at or below $15,000,000.

11.    Unbeknownst to Mrs. Lewis, this was a grossly inflated price – something that came to fruition when the same plane was sold less than two years later for more than $6,000,000 less than the $21,500,000 purchase price. Mr. Dawson knew this, however, because he and the other defendants intended to pocket this inflated price as a result of their scheme.

12.    How? Defendant Dawson, through a newly created entity which he controlled – R Consulting & Sales Inc. (hereafter "R Consulting") - proceeded, all on March 18, 2022, to

a.    Purchase the airplane from the original seller for a significant amount below the price given to Mrs. Lewis.

b.    Sell the airplane to Defendant Richard Himmel via his entity, Florida Aviation Technology, LLC (hereafter "Florida Aviation Tech"), reaping a profit off of the original purchase.

c.    Facilitate the sale from Florida Aviation Tech to Mrs. Lewis and Mr. Ray at a profit of at least $500,000.00 to Defendant Himmel and Florida Aviation Tech.

13.    This scheme is what is commonly referred to in the airline purchase industry as a "Flip Transaction" or a "Back-to-Back Sale"… although in this case, in order to maximize the illicit profit, there were actually three simultaneous transactions-a Back-to-Back-to-Back Sale.

14.    Defendant Himmel and Florida Aviation Tech willingly participated in this scheme in order to reap significant illicit profit, understood to be at least $500,000 for their part. By inserting Defendant Himmel into the chain of title, it would appear to Mrs. Lewis and Mr. Ray that

ACTIVE:39445058.1

Defendant Dawson had nothing to do with the transaction because the purchase was not with his entity but rather through Defendant Himmel's entity.

15.    Indeed, the ultimate contract for purchase of the airplane makes the explicit statement that Florida Aviation Tech "is the owner" of the aircraft – although it is clear that at the time of contracting Florida Aviation Tech did not own the aircraft at all.

16.    Extracting profits from the purchase/sale of the airplane was not enough, however, as Defendant Dawson also facilitated a loan for the purchase of the airplane through a bank in which he holds significant control and a financial interest – Pathway Bank.

17.    Indeed, had Defendant Dawson not facilitated the loan – something which was easy for him to do due to his confidential relationship with Mrs. Lewis and Mr. Ray – any legitimate banking institution would have flagged the rapid sale structure and the inflated price of the airplane as suspect in this transaction.

18.    None of this was known to Mrs. Lewis at the time, nor would she have been able to properly protect herself, both due to the fraud and concealment by the defendants and due to her significant mental decline. This decline was well-known to the defendants, who fully understood it because of Defendant Dawson's involvement, and which made her an ideal target for this scam.

19.    Defendant Dawson and Defendant Himmel, as well as their associated companies Florida Aviation Technology, LLC and R Consulting, occupied fiduciary positions with regard to Mrs. Lewis due to the trust and confidence bestowed upon them by Mrs. Lewis and because of the relationship which they knowingly accepted and then exploited.

20.    As a direct result of their scheme, Mrs. Lewis lost substantial assets and did not receive the reasonably equivalent financial value in goods for the money which she spent on the airplane purchase.

ACTIVE:39445058.1

## JURISDICTION, VENUE, AND PARTIES

21.    This Court has jurisdiction over the parties because the tortious acts complained of occurred in Seminole County, Florida or were perpetrated against a resident of Seminole County, Florida. Furthermore, each of the defendants was operating, conducting, engaging in, or carrying on a business venture in this state.

22.    The Court has subject matter jurisdiction because the causes of action allege damages exceeding the sum of $100,000.

23.    Venue of this proceeding is proper in this Court pursuant to chapter 47 of the Florida Statutes because, among other things, the cause of action accrued in Seminole County, Florida and a defendant is located and residing in Seminole County, Florida.

24.    Plaintiff is Wendy Lewis, an incapacitated individual acting via her court-appointed guardian of the property, Nancy Fitzpatrick. Mrs. Lewis is a resident of Seminole County, Florida and has been a resident of Seminole County, Florida during all times relevant to the allegations of this Complaint.

25.    Defendant, Robert Dawson, is sui juris and a resident of Seminole County, Florida.

26.    Defendant, Richard Himmel, is sui juris and a resident of Indian River County, Florida.

27.    Defendant, Florida Aviation Technology, LLC is a Florida Limited Liability Company with a principal address in Palm Bay, Florida and which lists Richard Himmel as the acting manager.

28.    Defendant, R Consulting & Sales Inc., is a Nevada domestic corporation.

ACTIVE:39445058.1

29.     Defendant AIC Title Services, LLC is a Florida Limited Liability Company with a principal address in Hillsborough County, Florida and who was the title company responsible for the transactions detailed above.

30.     Plaintiff has retained the undersigned law firm and has agreed to pay reasonable attorneys' fees and costs.

31.     Plaintiff is entitled to recover her attorneys' fees and costs associated with bringing the claims herein pursuant to Florida law or contractual rights among the parties **and** asks for such relief.

## COUNT 1: Exploitation Under § 825.103

32.     Plaintiff realleges the allegations of paragraphs 1 through 31.

33.     This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

34.     This is an action for exploitation of an elderly person or disabled adult, pursuant to § 772.11 Fla. Stat. which permits a civil cause of action for violations of certain criminal statutes, including § 825.103, Fla. Stat. governing the exploitation of an elderly person or disabled adult.

35.     Florida Statutes § 772.11 provides, "[a]ny person who provides by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts."

36.     At all times material hereto, Mrs. Lewis was an "elderly person" as defined by § 825.101(4), Fla. Stat., in that Mrs. Lewis was over 60 years of age and suffered from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or

Page 6 of 23

emotional dysfunctioning, to the extent that Mrs. Lewis's ability to provide adequately for her own care and protection were impaired.

37.    At all times material hereto, Mrs. Lewis was a "disabled adult," as defined by § 825.101(3), Fla. Stat., in that she was over 18 years of age and suffered from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or had one or more physical or mental limitations that restricted her ability to perform the normal activities of daily living.

38.    Mrs. Lewis is an elderly and disabled adult who was systematically exploited by defendants Dawson, Himmel, Florida Aviation Tech, and R Consulting through the actions set forth above.

39.    Their actions constitute exploitation because, among other things, they knowingly obtained the funds of the Plaintiff with the deliberate intent to permanently deprive her of the use of those funds to benefit themselves while standing in a position of trust and confidence as well as while operating in a business relationship with Mrs. Lewis.

40.    Further, their actions constitute exploitation because they obtained Mrs. Lewis's funds through the above noted scheme with the intent to deprive Mrs. Lewis of the use of those funds to benefit themselves while knowing, or at a time which they should have known, that she lacked the capacity to consent.

41.    Additionally, defendants Dawson, Himmel, Florida Aviation Tech, and R Consulting were each acting as fiduciaries to Mrs. Lewis and breached their fiduciary duties to her resulting in an unauthorized appropriation, kickback and receipt of improper benefit.

42.    At the time of the airplane transactions, which were in excess of $10,000, Mrs. Lewis had known Defendant Himmel and Florida Aviation Tech for less than two years and she

ACTIVE:39445058.1

failed to receive reasonably equivalent financial value in goods for the amount transferred for the airplane. Defendant Himmel is a nonrelative of Mrs. Lewis. *See*, Fla. Stat. § 825.103(2).

43.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, including threefold damages as provided by statute, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 2: Conspiracy to Commit Exploitation Under § 825.103

44.     Plaintiff realleges the allegations of paragraphs 1 through 43.

45.     This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

46.     Defendants Dawson, Himmel, R. Consulting, and Florida Aviation Tech, each fully aware of their respective relationships with Mrs. Lewis and the trust, confidence, business relationship and dependence being placed upon them, agreed with each other to conspire against Mrs. Lewis in order to seize her assets for their personal gain.

47.     The defendants each committed overt acts in furtherance of the conspiracy by participating in the described airplane transactions, deliberately concealing their personal financial gains from Mrs. Lewis, misleading Mrs. Lewis regarding the structure of the transaction, and facilitating Mrs. Lewis's purchase of an airplane at a grossly inflated amount.

48.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

ACTIVE:39445058.1

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, including threefold damages as provided by statute, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## COUNT 3: Exploitation Under § 415.1111

49.     Plaintiff realleges the allegations of paragraphs 1 through 31.

50.     This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

51.     This is an action for exploitation of a vulnerable adult pursuant to § 415.1111 Fla. Stat.

52.     At all material times, defendants stood in a position of trust and confidence with Mrs. Lewis.

53.     As described above, defendants knowingly by deception obtained or used Mrs. Lewis's funds with the intent to permanently deprive her of the use and benefit of those funds to benefit themselves.

54.     Furthermore, defendants either knew or should have known that Mrs. Lewis lacked the capacity to consent to the transactions and nonetheless obtained or used Mrs. Lewis's funds with the intent to permanently deprive her of the use and benefit of those funds to enrich themselves.

55.     Mrs. Lewis was at all material times, and still remains, a vulnerable adult as defined by Florida Statutes 415.102(28).

56.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

ACTIVE:39445058.1

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 4: Conspiracy to Commit Exploitation Under § 415.1111

57. Plaintiff realleges the allegations of paragraphs 1 through 31and 51 through 56.

58. This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

59. Defendants Dawson, Himmel, R. Consulting, and Florida Aviation Tech, each knowing their respective relationships with Mrs. Lewis and the trust, confidence, business relationship and dependence being placed upon them, agreed with each other to conspire against Mrs. Lewis in order to obtain her assets for their personal gain.

60. The defendants each committed overt acts in furtherance of the conspiracy by participating in the described airplane transactions, deliberately concealing their personal financial gains from Mrs. Lewis, misleading Mrs. Lewis regarding the structure of the transaction, and facilitating Mrs. Lewis's purchase of an airplane at a grossly inflated amount.

61. As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff demands that this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 5: FDUTPA § 501.211

62. Plaintiff realleges the allegations of paragraphs 1 through 31.

ACTIVE:39445058.1

63.     This claim is brought pursuant to Florida statutes § 501.204 of the Florida Deceptive and Unfair Trade Practices Act. This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

64.     The defendants were operating in trade and commerce by participating in the purchase and sale of an airplane both among themselves and to Mrs. Lewis.

65.     The defendants represented to Mrs. Lewis that they were acting on her behalf in assisting her with the purchase of the airplane.

66.     Mrs. Lewis relied upon defendants to assist her and advise her on the purchase of the airplane in the most beneficial way possible for her and her husband.

67.     Instead, defendants secretly acted as principals in the transaction in order to improperly inflate their own profits from the transaction. This was deliberately concealed from Mrs. Lewis.

68.     The method of acting employed by defendants was calculated to, and did, deceive Mrs. Lewis and would be likely to deceive any purchaser in a similar situation.

69.     As a direct result of Mrs. Lewis's reliance on the defendants, she was substantially injured through the overpayment on the airplane.

WHEREFORE, Plaintiff demands that this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## **COUNT 6: Fraud**

70.     Plaintiff realleges the allegations of paragraphs 1 through 31.

71.     This claim for fraud is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

ACTIVE:39445058.1

72.     The defendants represented to Mrs. Lewis that they were acting on her behalf in assisting her with the purchase of the airplane.

73.     To perpetrate his fraud, Defendant Dawson utilized confidential information about Mrs. Lewis, including her personal finances and desires, which were shared with him because he occupied a confidential relationship with her.

74.     This information was subsequently shared and utilized by the other defendants to perpetrate fraud against Mrs. Lewis through their actions in relation to the airplane.

75.     Robert Dawson, acting on his own behalf and on behalf of R Consulting, falsely told Mrs. Lewis that he was assisting her in the purchase of the airplane, that he was acting on her behalf, and that he would assist her in securing a good deal on the airplane.

76.     Likewise, Richard Himmel, acting on his own behalf and on behalf of Florida Aviation Tech, stated to Mrs. Lewis that he was assisting her in the purchase of the airplane and that he was acting on her behalf to secure the airplane.

77.     Both Defendant Dawson and Defendant Himmel knew these statements to be false at the time of the representation and deliberately intended their statements and actions to induce Mrs. Lewis and Mr. Ray to act on those statements.

78.     Furthermore, no defendant ever informed Mrs. Lewis of their structuring the sale as a back-to-back-to-back transaction, intentionally omitting that information in order to conceal this material fact from Mrs. Lewis.

79.     As a direct and proximate result of the actions and statements of the defendants, Mrs. Lewis suffered substantial damages through her purchase of the airplane.

ACTIVE:39445058.1

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 7: Conspiracy to Commit Fraud

80.     Plaintiff realleges the allegations of paragraphs 1 through 31 and 72 through 79.

81.     This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

82.     Defendants Dawson, Himmel, R. Consulting, and Florida Aviation Tech, each knowing their respective relationships with Mrs. Lewis and the trust, confidence, business relationship and dependence being placed upon them, agreed with each other to conspire against Mrs. Lewis in order to seize her assets for their personal gain.

83.     The defendants each committed overt acts in furtherance of the conspiracy by participating in the described airplane transactions, deliberately concealing their personal financial gains from Mrs. Lewis, making false statements to Mrs. Lewis intended to induce her into action, misleading Mrs. Lewis regarding the structure of the transaction, and facilitating Mrs. Lewis's purchase of an airplane at a grossly inflated amount.

84.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 8: Constructive Fraud

85.     Plaintiff realleges the allegations of paragraphs 1 through 31.

ACTIVE:39445058.1

86.     This claim for constructive fraud is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

87.     The actions of the defendants in deliberately concealing their actions from Mrs. Lewis in order to inflate the amount she was paying for the airplane are actions which equity regards as wrongful and actionable.

88.     Defendants took advantage of their confidential, fiduciary relationships with Mrs. Lewis and Mr. Ray in order to improperly profit and seize their personal assets.

89.     Furthermore, they intentionally concealed their actions, knowing them to be unethical and wrongful, in order to perpetrate the fraud against Mrs. Lewis through the sale of the airplane.

90.     As a direct and proximate result of the wrongful actions of the defendants, Mrs. Lewis suffered substantial damages through her purchase of the airplane.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 9: Conspiracy to Commit Fraud

91.     Plaintiff realleges the allegations of paragraphs 1 through 31 and 87 through 90.

92.     This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

93.     Defendants Dawson, Himmel, R. Consulting, and Florida Aviation Tech, each knowing their respective relationships with Mrs. Lewis and the trust, confidence, business relationship and dependence being placed upon them, agreed with each other to conspire against Mrs. Lewis in order to seize her assets for their personal gain.

ACTIVE:39445058.1

94.     The defendants each committed overt acts in furtherance of the conspiracy by participating in the described airplane transactions, deliberately concealing their personal financial gains from Mrs. Lewis, making false statements to Mrs. Lewis intended to induce her into action, misleading Mrs. Lewis regarding the structure of the transaction, and facilitating Mrs. Lewis's purchase of an airplane at a grossly inflated amount.

95.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 10: Fraudulent Concealment

96.     Plaintiff realleges the allegations of paragraphs 1 through 31.

97.     This claim for fraudulent concealment is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

98.     The defendants concealed and failed to disclose material facts: that they were themselves principals in the airplane transaction, that they were not acting for Mrs. Lewis's benefit, and that as a result of their involvement the price of the airplane would be substantially increased.

99.     The defendants at all times knew or should have known that their true involvement should have been disclosed to Mrs. Lewis and deliberately chose not to disclose it. To the contrary, they actively concealed their involvement.

100.     Defendants knew that this concealment would induce Mrs. Lewis to act in the way that she did, basing her decision heavily on the advice and input of defendants Dawson and Himmel.

ACTIVE:39445058.1

101.    Defendants had a duty to disclose their true involvement to Mrs. Lewis and did not.

102.    Mrs. Lewis did rely upon the concealed information in acting in the manner which she did.

103.    As a direct result of the defendants' concealment, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 11: Conspiracy to Commit Fraudulent Concealment

104.    Plaintiff realleges the allegations of paragraphs 1 through 31 and 98 through 103.

105.    This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

106.    Defendants Dawson, Himmel, R. Consulting, and Florida Aviation Tech, each knowing their respective relationships with Mrs. Lewis and the trust, confidence, business relationship and dependence being placed upon them, agreed with each other to conspire against Mrs. Lewis in order to seize her assets for their personal gain.

107.    The defendants each committed overt acts in furtherance of the conspiracy by participating in the described airplane transactions, deliberately concealing their personal financial gains from Mrs. Lewis, agreeing to conceal the material facts of their involvement in the transaction from Mrs. Lewis, making false statements to Mrs. Lewis intended to induce her into action, misleading Mrs. Lewis regarding the structure of the transaction, and facilitating Mrs. Lewis's purchase of an airplane at a grossly inflated amount.

108.    As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 12: Breach of Fiduciary Duty

109.    Plaintiff realleges the allegations of paragraphs 1 through 31.

110.    This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

111.    Defendants Dawson, Himmel, Florida Aviation Tech, and R Consulting were each acting as fiduciaries to Mrs. Lewis as a result of their confidential relationships and the information on which they were acting.

112.    Furthermore, the history of confidential relations between Defendant Dawson and Mrs. Lewis demonstrates the longstanding understanding of duties held by Defendant Dawson which he accepted and acted upon throughout.

113.    The defendants breached their fiduciary duties to Mrs. Lewis through their actions in relation to the airplane sale, including among other things, their failures to act in good faith toward Mrs. Lewis, their failure to disclose material information to her, their failure to disclose their conflicts-of-interest in the airplane sales, and their taking actions directly in conflict with Mrs. Lewis's interests.

114.    Furthermore, the defendants each improperly exploited confidential information which was given to them by Mrs. Lewis with an understanding of the confidential, fiduciary

ACTIVE:39445058.1

relationships they held. The improper exploitation and dissemination of such information by the defendants constitutes further breach of their fiduciary duties.

115.    As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

**COUNT 13: Aiding-and-Abetting Breach of Fiduciary Duty**

116.    Plaintiff realleges the allegations of paragraphs 1 through 31 and 111 through 115.

117.    This claim is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, and Florida Aviation Tech.

118.    Defendants Dawson, Himmel, Florida Aviation Tech, and R Consulting were each acting as fiduciaries to Mrs. Lewis as a result of their confidential relationships and the information on which they were acting.

119.    The defendants breached their respective fiduciary duties to Mrs. Lewis through their actions in relation to the airplane sale, including among other things, their failures to act in good faith toward Mrs. Lewis, their failure to disclose material information to her, their failure to disclose their conflicts-of-interest in the airplane sales, and their taking actions directly in conflict with Mrs. Lewis's interests.

120.    Furthermore, the defendants each improperly exploited confidential information which was given to them by Mrs. Lewis with an understanding of the confidential, fiduciary relationships they held. The improper exploitation and dissemination of such information by the defendants constitutes further breach of their fiduciary duties.

Page 18 of 23

121.     The defendants acted in conjunction with one another, understanding that each were breaching fiduciary duties to Mrs. Lewis and that their collective actions aided each respective breach.

122.     The defendants each substantially assisted and actively encouraged one another to breach their respective duties in furtherance of the collective scheme to seize Mrs. Lewis's assets through the back-to-back-to-back sale of the airplane.

123.     As a direct result of defendants' actions, Mrs. Lewis has been substantially damaged.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## COUNT 14: Unjust Enrichment

124.     Plaintiff realleges the allegations of paragraphs 1 through 31.

125.     This claim for unjust enrichment is brought against defendants: Robert Dawson, R Consulting, Richard Himmel, Florida Aviation Tech, and AIC Title Service, LLC.

126.     Mrs. Lewis paid millions of dollars for the purchase of an airplane.

127.     Assets from her purchase flowed to each of the defendants as a result of their improper back-to-back-to-back sale scheme and AIC Title Service's failure to perform its duties property, of which Mrs. Lewis was entirely unaware.

128.     The defendants have intentionally and voluntarily accepted these benefits.

129.     The circumstances of these transactions and the actions of the defendants in relation to the transactions make it entirely inequitable for them to retain the benefit, and they must be required to relinquish all amounts received from the sales back to Mrs. Lewis.

ACTIVE:39445058.1

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

### COUNT 15: Breach of Contract

130.    Plaintiff realleges the allegations of paragraphs 1 through 31.

131.    This claim for breach of contract is brought against defendants: Richard Himmel and Florida Aviation Tech.

132.    Section 2.5 of the Aircraft Purchase Agreement between Ray-Lewis Holdings, LLC (a/k/a Mrs. Lewis and Mr. Ray) and Florida Aviation Tech makes the following statements which are represented and warranted as complete and correct as of the date of the Agreement:

      a.    "Commissions. Seller has not made any agreement for commissions, consulting fees, brokerage fees, agency fees or similar fees to be paid in connection with the sale or purchase of the Aircraft hereunder that would become the obligation of the Purchaser."

      b.    "Aircraft Title. Seller holds good and marketable title to the Aircraft, free and clear of all liens, claims, mortgages, interests and encumbrances of any kind or character, other than those arising out of the acts or omissions of Purchaser."

For compliance with Florida Rule of Civil Procedure 1.200, the Aircraft Purchase Agreement is incorporated herein by reference.

133.    Defendants Florida Aviation Tech and Richard Himmel breached the material warranties and representations of the Contract because at the time of contracting they did not hold marketable title to the aircraft – a fact deliberately concealed from Mrs. Lewis.

ACTIVE:39445058.1

134.    Furthermore, Defendants breached the material warranties and representations by taking an improper kickback commission from the sale through the back-to-back-to-back sale scheme. The $500,000+ profit conveyed to defendants was, in fact, an undisclosed commission or fee borne entirely by Mrs. Lewis's funds.

135.    As a direct result of their breaches, Mrs. Lewis has suffered substantial monetary damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## COUNT 16: Negligence

136.    Plaintiff realleges the allegations of paragraphs 1 through 31.

137.    This claim for negligent conduct is brought against defendant AIC Title Service, LLC ("AIC Title").

138.    AIC Title acted as the closing agent for the sale of the aircraft.

139.    AIC Title had a duty to act in a reasonably prudent manner in relation to its work and to protect the interests of the parties it served.

140.    AIC Title failed to recognize - or deliberately ignored - the back-to-back-to-back sale that was occurring despite all three transactions being done in rapid succession by AIC Title.

141.    All three transactions were registered by AIC Title with the International Registry of Mobile Assets within three minutes of each other.

142.    AIC Title was involved as closing agent in all of the transactions but nonetheless failed to apprise Mrs. Lewis of the suspicious nature of the rapid sales and the transfers of ownership from non-parties to her transaction. At no point did AIC Title warn Mrs. Lewis that the

ACTIVE:39445058.1

seller of the airplane did not own it prior to these successive transactions or that successive transactions could be an indicator of fraudulent conduct by the other parties.

143. Back-to-back sales are a well-known scheme in this industry and one that must be flagged by any title closing agent meeting their standard of care.

144. Had AIC Title acted appropriately in warning Mrs. Lewis or Mr. Ray, the transactions would not have occurred, and Mrs. Lewis would not have lost millions of dollars as a result of the transaction.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## COUNT 17: Breach of Fiduciary Duty

145. Plaintiff realleges the allegations of paragraphs 1 through 31.

146. This claim for negligent conduct is brought against defendant AIC Title.

147. AIC Title acted as the closing agent for the sale of the aircraft.

148. As a result of its role, AIC Title had a fiduciary duty to act in the best interests of Mrs. Lewis as a party to the transaction.

149. AIC Title failed to recognize - or deliberately ignored - the back-to-back-to-back sale that was occurring despite all three transactions being done in rapid succession by AIC Title.

150. All three transactions were registered by AIC Title with the International Registry of Mobile Assets within three minutes of each other.

151. AIC Title was involved as closing agent in all of the transactions but nonetheless failed to apprise Mrs. Lewis of the suspicious nature of the rapid sales and the transfers of ownership from non-parties to her transaction. At no point did AIC Title warn Mrs. Lewis that the

ACTIVE:39445058.1

seller of the airplane did not own it prior to these successive transactions or that successive transactions could be an indicator of fraudulent conduct by the other parties.

152.   Back-to-back sales are a well-known scheme in this industry and one that should be flagged by any title closing agent meeting their standard of care.

153.   Had AIC Title acted appropriately in warning Mrs. Lewis or Mr. Ray, the transactions would not have occurred, and Mrs. Lewis would not have lost millions of dollars as a result of the transaction.

154.   As a direct result of AIC Title's breach of its duties, Mrs. Lewis was substantially damaged through the significant overpayment on the airplane. This overpayment would not have occurred had AIC Title met its duties of care.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for damages, together with prejudgment and post-judgment interest, and other and further relief as is just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

155.   Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

Filed on behalf of Plaintiff on March 16, 2026.

**GUNSTER, YOAKLEY & STEWART, P.A**.
777 South Flagler Drive, Suite 500 East
West Palm Beach, Florida 33401
(561) 655-1980 telephone
(561) 655-5677 fax

*/s/ Nicklaus J. Curley*
Nicklaus Curley, Esq.
Florida Bar No. 084951
Counsel for Nancy Fitzpatrick, as Guardian of the
Property for Wendy Lewis
Primary:        ncurley@gunster.com
Secondary:    scrayton@gunster.com
Secondary:    eservice@gunster.com

ACTIVE:39445058.1