Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL** <br><br> *Filed concurrently with Declaration of Jordan W. Garman* <br><br> Judge:          Hon. Linda Lopez <br> Hearing Date:  May 19, 2026 <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:      Not Set |

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

## NOTICE OF UNOPPOSED MOTION TO SEAL

**PLEASE TAKE NOTICE** that pursuant to Southern District of California Local Civil Rule 79.2 and this Court's Civil Chambers Rules, Rule 4, Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Plaintiff") moves the Court for an order to file under seal (1) certain portions of Plaintiff's Motion for Receiver (the "Motion for Receiver"); (2) certain portions of the Declaration of Steven Sharif in Support of Motion for Receiver, and exhibits and portions of exhibits attached thereto; (3) certain portions of Exhibits 1 and 8 to the Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's Motion for Receiver; (4) certain portions of Exhibit 1 to the Declaration of Jordan W. Garman in support of this Motion to Seal; and (5) certain portions of Exhibit 2 to the Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's *Ex Parte* Motion for Order Shortening Time on Plaintiff's Motion for Receiver.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jordan W. Garman. (*See* Apr. 14, 2026 Declaration of Jordan W. Garman ("Garman Decl.") ¶ 10, Ex. 1.) Based on the conference with counsel, this motion to seal is unopposed.

Plaintiff makes this Motion pursuant to this Notice of Motion to Seal, the Memorandum of Points and Authorities, and Declaration of Jordan W. Garman filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his Motion to Seal Certain Information Filed in Support of Plaintiff's Motion to Appoint Receiver, *Ex Parte* Motion to Shorten Time, and Motion to Seal (the "Motion to Seal") in accordance with Local Civil Rules 79.2 and this Court's Civil Chambers Rules, Rule 4.

Documents Plaintiff has filed in support of Plaintiff's Motion for Receiver, *Ex Parte* Motion to Shorten Time and this Motion to Seal include three categories of information that he seeks to seal: (1) information from an agreement signed between Plaintiff and other parties which contains a confidentiality provision governing disclosure of the information contained therein; (2) personal identifying information of the parties and third parties; and (3) confidential business information ancillary to the disposition of Plaintiff's Motion for a Receiver.

Parties moving to seal documents attached to dispositive motions bear the burden of overcoming a "strong presumption in favor of access" by articulating "compelling reasons supported by specific factual findings" as to why sealing is necessary. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, for motions that are non-dispositive and "tangentially related to the merits of a case" (such as the instant Motion for Receiver, *Ex Parte* Motion to Shorten Time, and the instant Motion to Seal), a "party need only satisfy the less exacting 'good cause' standard under Federal Rule of Civil Procedure 26(c)." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1097, 1101 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1180).

Plaintiff conferred with Defendants on this Motion to Seal, and they did not oppose the sealing of the requested information. (*See* Garman Decl., ¶ 10, Ex. 1.)

As outlined in the accompany Declaration of Jordan W. Garman, Plaintiff seeks to seal the following information:

1. **Category 1:** Documents and exhibits containing information from and

referring to an agreement signed between Plaintiff and other parties which contains a confidentiality provision governing disclosure of certain information. Plaintiff does not take a position on whether this material should be sealed, but Plaintiff respectfully requests that it be provisionally sealed to permit Defendants an opportunity to advocate for its sealing if they wish. This information is located in the following documents:

- o Plaintiff's Motion for Receiver at the following page and line numbers:
  - Page 4, lines 20-23
  - Page 5, line 2
  - Page 5, line 4
  - Page 5, lines 10-11
  - Page 6, lines 7-8
- o Declaration of Steven Sharif in Support of Plaintiff Steven Sharif's Motion for Receiver, in the following paragraphs:
  - Paragraph 13
  - Paragraph 14
  - Paragraph 19
- o Exhibits to the Declaration of Steven Sharif, in the following exhibits:
  - Exhibit 12 (redacted only)
  - Exhibit 15 (redacted only)
  - Exhibit 19 (redacted only)
  - Exhibit 20 (redacted only)
  - Exhibit 25 (sealed in full)
- o Exhibits to the Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's Motion for Receiver, in the following exhibits:

WITHERS BERGMAN LLP

2

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

- Exhibit 1 (redacted only)
  - o Exhibits to the Declaration of Jordan W. Garman in Support of Plaintiff Steven Sharif's Unopposed Motion to Seal Certain Information Filed in Support of Motion for Receiver, in the following exhibits:
    - Exhibit 1 (redacted only)
  - o Exhibits to the Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's *Ex Parte* Motion for Order Shortening Time on Plaintiff's Motion for Receiver, in the following exhibits:
    - Exhibit 2 (redacted only)

2. **Category 2:** Documents and exhibits containing PII, including personal phone numbers, personal e-mail addresses, physical or mailing addresses, and names of third-party investors unaffiliated with the instant dispute, which this Court has already found warranted sealing, (*See* Dkt. Nos. 75-76), and which Plaintiff respectfully requests be sealed. This information is located in the following documents:
   - o Exhibits to the Declaration of Steven Sharif in Support of Plaintiff Steven Sharif's Motion for Receiver, in the following exhibits:
     - Exhibit 1 (redacted only)
     - Exhibit 2 (redacted only)
     - Exhibit 3 (redacted only)
     - Exhibit 5 (redacted only)
     - Exhibit 6 (redacted only)
     - Exhibit 7 (redacted only)
     - Exhibit 8 (redacted only)
     - Exhibit 9 (redacted only)
     - Dexhibit 10 (redacted only)
     - Exhibit 11 (redacted only)

Withers Bergman LLP

3

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

- ▪ Exhibit 12 (redacted only)
- ▪ Exhibit 13 (redacted only)
- ▪ Exhibit 14 (redacted only)
- ▪ Exhibit 15 (redacted only)
- ▪ Exhibit 16 (redacted only)
- ▪ Exhibit 20 (redacted only)
- ▪ Exhibit 21 (redacted only)
- ▪ Exhibit 22 (redacted only)
- ▪ Exhibit 23 (redacted only)
- ▪ Exhibit 24 (redacted only)
- ▪ Exhibit 26 (redacted only)
- ▪ Exhibit 30 (redacted only)
- ▪ Exhibit 31 (redacted only)
- ▪ Exhibit 32 (redacted only)
- ▪ Exhibit 33 (redacted only)
- ▪ Exhibit 34 (redacted only)
- ▪ Exhibit 35 (redacted only)
- ▪ Exhibit 36 (redacted only)
- ▪ Exhibit 37 (redacted only)
- ▪ Exhibit 39 (redacted only)
- ▪ Exhibit 40 (redacted only)
- ▪ Exhibit 41 (redacted only)
- ▪ Exhibit 42 (redacted only)
- ▪ Exhibit 44 (redacted only)
- ▪ Exhibit 45 (redacted only)
- ▪ Exhibit 46 (redacted only)
- o Exhibits to the Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's Motion for Receiver, in the following exhibits:

WITHERS
BERGMAN LLP

4

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

▪ Exhibit 8 (redacted only)

3. **Category 3:** Documents and exhibits containing confidential business terms ancillary to the substance of the Motion for Receiver, which, if publicly revealed, could risk competitive harm to Intrepid or third parties, and which Plaintiff respectfully requests be sealed. This information is located in the following documents.

  ○ Exhibits to the Declaration of Steven Sharif in Support of Plaintiff Steven Sharif's Motion for Receiver, in the following exhibits:

    ▪ Exhibit 3 (redacted only)

    ▪ Exhibit 28 (redacted only)

With respect to Category 1, Plaintiff is amenable to publicly filing all such information contained within his filed papers, where those papers do not also reflect PII or confidential business information. Plaintiff takes no position on whether the good cause standard is met with respect to the material identified in Category 1. However, Plaintiff recognizes that the sealed material is subject to a confidentiality provision implicating other parties. Therefore, Plaintiff seeks leave to file this information under seal to allow Defendants the chance to respond and advocate for sealing if they wish.

With respect to Category 2, Defendants have already requested, and this Court has granted, requests to seal PII, including personal emails, phone numbers, and addresses, related to both Defendants and other third parties. (*See* Dkt. Nos. 75-76.) Based on those previous rulings, Plaintiff therefore respectfully seeks leave to file similar information under seal, as identified above.

With respect to Category 3, Plaintiff respectfully seeks leave to seal this information because the confidential business and financial terms contained within the identified exhibits could cause competitive harm to Intrepid or third parties (namely, CommerceWest Bank and Riot Games) if publicly revealed. "The 'compelling reasons' standard is met for confidential business information that would

harm a party's competitive standing if publicly disclosed." *Impossible Foods Inc. v. Impossible X LLC*, 2025 WL 2662898, at *2 (N.D. Cal. Sept. 17, 2025); *see also Tan v. Quick Box, LLC*, 2024 WL 39347, at *1 (S.D. Cal. Jan. 2, 2024) ("Sealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing'" (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Because confidential competitive business information satisfies the compelling reasons standard for sealing, it follows that such documents also satisfy the less exacting good standard applicable here.

In an effort to seal only what is necessary, Plaintiff has concurrently filed public, redacted versions of the documents itemized above, with the exception of one document for which Plaintiff has filed a slipsheet (Exhibit 25 to the Sharif Declaration in support of Motion for Receiver).

For the foregoing reasons, Plaintiff respectfully requests leave to (1) file under seal the items identified above and (2) file public versions redacted or withheld in full, as identified above.

Withers Bergman LLP

6

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL

DATED:  April 14, 2026

Respectfully Subitted
WITHERS BERGMAN LLP

By: */s/ Jordan W. Garman*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

WITHERS
BERGMAN LLP

7

Case No. 3:26-cv-00965-LL-MMP
PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, *EX PARTE* MOTION TO SHORTEN TIME, AND MOTION TO SEAL