# EXHIBIT 1

| | |
|---|---|
| **From:** | Garman, Jordan |
| **Sent:** | Wednesday, April 15, 2026 1:35 AM |
| **To:** | Samuel A. Schwartz; Sasha Amid; Athanasios Agelakopoulos; Emily Anderson; Jason Thomas; Susan Roman |
| **Cc:** | Nall, Jessica; Evans, Leslie; LaVigne, Christopher; Pengelly, Taylor |
| **Subject:** | Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP |
| **Attachments:** | 2026.04.14 - Dkt. 79 - Plaintiff's Ex Parte Mot. to Shorten Time on Mot. for Receiver.pdf; 2026.04.14 - Dkt. 79.1 - Decl of J Nall ISO Plaintiff's Ex Parte Mot. to Shorten Time.pdf; 2026.04.14 - Dkt. 79.2 - Exhibit 1.pdf; 2026.04.14 - Dkt. 79.3 - Exhibit 2.pdf; Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP – Order Granting Motion to Shorten Time ; 907099582_1_Proposed Order_Sharif v. Dawson et al._3-26-cv-00965_ Order Granting Plaintiff's Ex Parte Motion to Shorten Time on Plaintiff's Motion for Receiver.docx |

Sam and team,

As discussed via email, Plaintiff filed the attached *Ex Parte* Motion to Shorten Time on Plaintiff's Motion for Receiver.

In accordance with Judge Lopez's Civil Chambers Rules, Rule 5, we are serving those as-filed papers by email with read receipt requested.

We also attach the proposed order that we submitted to the Court and the email transmitting the proposed order.

Best regards,
Jordan

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505



Singapore: where successful businesses and families thrive

1

Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC,<br><br>　　　　Defendants,<br><br>　　　　and<br><br>INTREPID STUDIOS, INC.,<br><br>　　　　Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER**<br><br>*Filed concurrently with Declaration of Jessica Nall*<br><br>Judge:　　　　Hon. Linda Lopez<br>Hearing Date:  Not Set<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**<br><br>Action Filed:  February 14, 2026<br>Trial Date:　　Not Set |

**NOTICE OF *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 14B, United States Court House, 333 West Broadway, San Diego, CA, Plaintiff Steven Shariff as an individual and derivatively on behalf of Intrepid Studios, Inc., will and hereby does move this Court *ex parte* for an Order Shortening Time on Plaintiff's Motion for Receiver (the "*Ex Parte* Motion"), filed by Plaintiff in conjunction with this *Ex Parte* Motion.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jessica Nall, ¶ 6.

Plaintiff makes this application pursuant to this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Jessica Nall filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>INTRODUCTION</u>

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his *Ex Parte* Motion to Shorten Time (the "*Ex Parte* Motion to Shorten Time") on Plaintiff Steven Sharif's Motion for a Receiver ("Motion for Receiver"). Good cause exists for expedited consideration of Plaintiff's Motion for Receiver.

*First*, this Court's expeditious consideration of the issue of a receiver is necessary to prevent irreparable injury to Intrepid. Following the Court's dissolution of the Temporary Restraining Order, Defendants in their capacities as Intrepid's Board members—*i.e.*, the very individuals who conducted an unlawful foreclosure to siphon the assets out of Intrepid on behalf of defendant TFE Games Holdings, LLC— took immediate steps to gain access to Intrepid's assets, including its intellectual property. They have represented they plan to conduct a second Article 9 sale quickly. But any such sale by Defendants poses great risk to Intrepid's intellectual property. Defendants, as outlined at length in the Motion for Receiver, have repeatedly breached their fiduciary duties to Intrepid for their own self-gain, and their secured debt status (both before the original Article 9 sale, and after its unwinding) is highly questionable. Appointment of a receiver would enable a neutral third party to investigate the status of Defendants' lien and to ensure there is a lawful, supervised disposition of assets for the benefit of all Intrepid stakeholders.

*Second*, Plaintiff did not manufacture the exigency requiring urgent consideration of Plaintiff's Motion for a Receiver. Rather, Plaintiff's motion is a direct response to Defendants purportedly unwinding the foreclosure sale of Intrepid's assets—an issue with legal ramifications that have not yet been fully considered— and threatening a second imminent Article 9 foreclosure. Although the "unwinding" purportedly places the assets formally back with Intrepid, it actually places them back

2

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER

in Defendants' hands—the very hands that misappropriated Intrepid's assets for themselves in the first place.

Plaintiff, therefore, requests an order shortening the time on his Motion for Receiver in order that a receiver may protect and preserve Interpid's assets, and ensure a disposition (if any) is conducted not by Defendants again for their own benefit and on a questionable lien, but in accordance with the law and for the benefit of Intrepid and all of its stakeholders.

## II.    BACKGROUND

To date, this lawsuit has centered on the private foreclosure by, and sale of Intrepid, Inc.'s ("Intrepid") assets to Defendant TFE on January 16, 2026 (the "Foreclosure Sale"). (*See* ECF No. 1 ¶ 65.) On March 4, 2026, this Court granted a TRO which temporarily restrained Defendants from using, accessing, selling, or distributing Intrepid's intellectual property and trade secret assets. (*See* ECF No. 20.) On March 10, 2026, the Court appointed an Intellectual Property Custodian (the "IP Custodian") to "hold and control" Intrepid's assets "until such further order of this Court." (ECF No. 33 at 4.) On March 25, 2026, "TFE voluntarily set aside the Article 9 Sale" at issue in this lawsuit in order to pursue "a public foreclosure sale conducted in strict compliance with the California Commercial Code" (the "Article 9 Sale") (ECF No. 58 at 8; *see also* ECF No. 58-1, Ex. A.) This Court dissolved the TRO on April 2, 2026, as "moot[,]" assuming that TFE will "now lawfully conduct [a] public disposition of collateral" in accordance with California law. (Dkt. 77 at 10:11–11:1.)

On April 6, 2026, following a meet-and-confer with Defendants' counsel, and in good faith, counsel for Plaintiff emailed the IP Custodian to facilitate the release of the IP materials and related technological assets to Intrepid. (Nall Decl. ¶ 3, Ex. 1.) Defense counsel represented to Plaintiff's counsel on the same April 6, 2026 meet-and-confer that another Article 9 Sale was imminent and that notices would likely go out as soon as the following day or two. (Nall Decl. ¶ 4.)  On April 10, 2026, Defense counsel reiterated that, although Defendants were having trouble collecting the IP,

their intent remained to conduct an Article 9 sale when they did. (*Id.*) Plaintiff is filing his Motion for a Receiver in light of the foregoing exigencies.

Plaintiff's counsel met and conferred with Defense counsel about this *Ex Parte* Motion to Shorten Time on April 13, 2026. (*Id.* ¶ 6, Ex. 2.) Defense counsel indicated they do not consent because "Intrepid is not operating and the Article 9 sale is not pending." (*Id.*)

## III.   ARGUMENT

The Federal Rules enable a party to, "for good cause," apply *ex parte* for a court order setting an expedited hearing schedule. *See* Fed. R. Civ. P. 6(c)(1)(C); CivLR 7.1(e)(5). Good cause exists where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Walpert v. Solar Integrated Roofing Corp.*, 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Whether to grant an application under Rule 6(c) is a matter of the court's discretion. *See Johnson v. O'Malley*, 2024 WL 3567404, at *2 (S.D. Cal. July 29, 2024).

Good cause exists to expedite this Court's consideration of Plaintiff's Motion for a Receiver in light Defendants' intent to conduct an imminent Article 9 sale. In compliance with the spirit of the Court's April 2, 2026 ruling dissolving the TRO, Plaintiffs assisted Defendants in facilitating the transfer of Intrepid's assets from the IP Custodian to Defendants in short order, as requested by Defendants. (Nall Decl. ¶ 3, Ex. 1.) However, and as discussed at length in the Motion for Receiver, there are serious questions about the validity of the secured debt upon which Defendant Dawson and Defendant TFE ***originally*** foreclosed, in view of Mr. Dawson's consistent shifting of his debt to equity and back again through fast-and-loose documentation; the validity of the secured debt upon which Defendant Dawson and

TFE *plan* to foreclose, in view of their purported "unwinding" of the original foreclosure not resuscitating original liens (if any); and Defendants' general ability to act in the interests of Intrepid as fiduciaries given their historic disregard for their fiduciary duties—all of which a receiver could and should address prior to a second foreclosure sale. Until a receiver is appointed, there is an ever-present danger that Defendants will sell Intrepid's intellectual property (1) without a legal right to do so; (2) in a manner that violates the law; or (3) in a manner inconsistent with their fiduciary duties, thus causing Intrepid irreparable harm. For example, if Defendants foreclose a second time, and it turns out they never had a security interest upon which to foreclose at all, as Plaintiff argues in the Motion for Receiver, Intrepid will invariably be irreparably harmed.

The urgency is underscored by Defendants' plain intent to conduct a second sale as soon as they can access and organize Intrepid's IP. Before Defendants realized that collecting the IP would be more difficult than a simple turnover of access keys and passcodes, they intended to send notices out for a second foreclosure sale immediately—within a day or two of April 6, 2026. (Nall Decl. ¶ 4.) The only thing delaying them is their apparent inability to orderly collect the IP, (*id.*), but they are actively seeking access and will execute a sale as soon as they receive that access. Just because an Article 9 sale is not *currently* "pending," as Defendants argue (Nall Decl. ¶ 6, Ex 2), that does not mean one is not imminent.

Moreover, Plaintiff is not at fault for the exigency. Defendants unilaterally changed the facts on the ground by purporting to unwind the original Article 9 sale and setting out to re-do a second Article 9 sale in short order. (ECF No. 58 at 8; *see also* ECF No. 58-1, Ex. A.) Plaintiff's Motion for Receiver is merely a response to Defendants' real-time maneuver to ensure the intellectual property is handled appropriately under these new circumstances. Plaintiff brought his Motion for Receiver in response to those actions as expeditiously as possible. (Nall Decl. ¶ 5.)

WITHERS
BERGMAN LLP

5

Case No. 3:26-cv-00965-LL-MMP
PLAINTIFF STEVEN SHARIF'S EX PARTE MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's *Ex Parte* Motion for Order Shortening Time On Plaintiff's Motion for Receiver.

DATED: April 14, 2026
Respectfully submitted,

WITHERS BERGMAN LLP

By: */s/ Jordan W. Garman*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: 415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone: 619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER** <br><br> *Filed concurrently with Ex Parte Motion for Order Shortening Time* <br><br> Judge:          Hon. Linda Lopez <br> Hearing Date:  Not Set <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:      Not Set |

WITHERS BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER

# DECLARATION OF JESSICA NALL

I, JESSICA NALL, declare as follows:

1.      I am a Partner with the firm Withers Bergman LLP, counsel for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), (together "Plaintiff") in this action. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2.      I submit this declaration in support of Plaintiff Steven Sharif's *Ex Parte* Motion for Order Shortening Time on his Motion to Appoint a Receiver (the "*Ex Parte* Motion to Shorten Time").

3.      During an April 6, 2026 telephonic meet-and-confer, and based on Defense counsel's representations that Defendants sought access to Intrepid's IP assets for a contemplated legal disposition via a second Article 9 sale and would not seek to otherwise dissipate or privately sell them, I represented to Defendants' counsel that I would, in good faith, contact the Intellectual Property Custodian ("IP Custodian") appointed by this Court on March 10, 2026, (ECF No. 33), to facilitate the release of the intellectual property materials and related technological assets to Intrepid, which I did the same day. A true and correct copy of that email to the IP Custodian is attached hereto as **Exhibit 1**.

4.      During the same meet-and-confer, Defense counsel stated notices for the second Article 9 sale could go out as soon as the following day or two. On a follow-up meet-and-confer on April 10, 2026, Defense counsel indicated Defendants were having trouble accessing the IP, but made clear the intent was still to conduct an Article 9 sale once Defendants were able to collect and organize the IP.

5.      Plaintiff brought the Application to Appoint a Receiver as expeditiously as possible, just 6 business days after instructing the IP Custodian to relinquish his control over certain assets to the Board Defendants.

6.      On April 13, 2026, in accordance with Local Civil Rule 83.3(g) and this

WITHERS
BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER

Case 3:26-cv-00965-LL-MMP   Document 8-1   Filed 04/14/26   PageID.132   Page 12 of 21

Court's Civil Chambers Rules 5, I contacted counsel for Defendants in good faith to discuss this *Ex Parte* Motion. A true and correct copy of that correspondence is attached hereto as **Exhibit 2**. Defense counsel stated they do not consent to Plaintiff's *Ex Parte* Application to Shorten Time, because "Intrepid is not operating and the Article 9 sale is not pending."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2026 at San Francisco, California.

By: /s/ *Jessical Nall*
Jessica Nall

WITHERS
BERGMAN LLP

2

Case No. 3:26-cv-00965-LL-MMP

DECLARATION OF JESSICA NALL IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER

# EXHIBIT 1

| | |
|---|---|
| **From:** | Nall, Jessica |
| **Sent:** | Monday, April 6, 2026 9:31 PM |
| **To:** | Mike Kunkel |
| **Cc:** | Samuel A. Schwartz; Garman, Jordan |
| **Subject:** | RE: IP Collection Update - Sharif v Dawson et al & Intrepid |

Hi Mike,
We write regarding next steps following recent discussions with counsel for the Intrepid board members, cc'd here.

Although the March 9, 2026 Order appointing you as IP custodian has not been dissolved, and we intend to seek further guidance from the Court through motion practice this week, we are proceeding in good faith to cooperate with Defendants based on their representation to the Court and to us that they wish to possess the company's IP assets in furtherance of their intention to conduct a lawful and commercially reasonable disposition of Intrepid's assets pursuant to Article 9 of the UCC.

In that spirit, we do not object to your facilitating the release of the IP materials and related technological assets to Intrepid, consistent with your role as neutral custodian and your established protocols, with one exception.

With respect to Google-related accounts, credentials, and administrative access, we note that the parties are continuing to meet and confer regarding an appropriate and orderly process for those systems, which may implicate privilege issues. Under the circumstances, it's our request that you await further clarity or agreement among the parties before taking action with respect to those accounts.

We will follow up promptly as those discussions progress. In the interim, we appreciate your continued neutrality and care in maintaining the status quo as to those systems to date.

Please let us know if you would like to discuss further.

Best regards,
Jess

**Jessica Nall**
Partner | Executive Crisis Management and Defense
Litigation | White Collar and Regulatory Defense | Investigations
withersworldwide.com | my profile

Withers Bergman LLP
909 Montgomery Street, Suite 300, San Francisco, CA 94133

# EXHIBIT 2

| | |
|---|---|
| **From:** | Samuel A. Schwartz  saschwartz  nvfirm.com |
| **Sent:** | Monday, April 13, 2026 6:0  PM |
| **To:** |  inoco, Erica |
| **Cc:** | Garman, Jordan; Athanasios A elakopoulos; Emily Anderson; Susan Roman;  a i ne, Christopher; Nall, Jessica; Jason  homas |
| **Subject:** | RE: Received Motion  oday |

CAUTION: This email originated from an external source.

Erica, good afternoon.  We know Howard.  We do not approve of a general receiver for the reasons we discussed on Friday, and note that Mr. Sharif has rejected our good faith proposal for a receiver with limited powers.  The Defendants oppose an order shortening time.  Intrepid is not operating and the Article 9 sale is not pending.  There is no urgency on any front today to seek emergency relief.  With respect to the sealing of documents, you can note your motion to seal is unopposed for the reasons you outlined below.  We can sort whether documents should be unsealed at a future time.  Otherwise, your allegations regarding Mr. Caramanis are not well received and are rejected out of hand.  Mr. Cramanis has his own, well documented views and opinions of your clients.  To the extent you take issue with his characterizations of Mr. Sharif or Mr. Moore, please direct those matters to Mr. Caramanis and his counsel.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Tinoco, Erica <Erica.Tinoco@withersworldwide.com>
**Sent:** Monday, April 13, 2026 1:55 PM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Garman, Jordan <Jordan.Garman@withersworldwide.com>; Athanasios Agelakopoulos <AAgelakopoulos@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** Received Motion Today

## Sending on behalf of Jessica Nall

Hi Sam and team,
Hope you had a nice weekend.

Thank you for the meet and confer on Friday. To summarize, we understand your proposal to be that the parties stipulate to appointment of a receiver with the limited power to hold, collect, and organize the IP—*i.e.*, someone with similar powers as the IP Neutral had under the TRO, with perhaps expanded power to pay unpaid receivables that are blocking access to the key technology platforms. You suggested that perhaps the discharged IP Neutral, Mr. Kunkel, could serve in this role. We also understand that you would speak with your client over a willingness to pay for this person's services and for the vendor costs.

As we understand it, the proposal specifically contemplates Mr. Dawson and the Board otherwise retaining complete control over Intrepid's affairs.

We appreciate the proposal, and have no objection to the receiver being empowered with that authority, however, in our view a receiver with much broader equitable powers is required given Mr. Dawson's and the board's historical lack of regard for their fiduciary duties and given the doubts we have as to the scope of Mr. Dawson's rights as an Intrepid creditor and shareholder as we mentioned on both April 6 and April 10. We also continue to have strong concerns regarding the actions of Mr. Caramanis, whom we believe based on past experience and his public statements to be acting at the behest of Mr. Dawson and Mr. Ogden, in diminishing the value of Intrepid's assets through his unchecked campaign of defamation and release of confidential company financial documents designed to show Intrepid in a bad light.

We plan to advocate for a receiver with broad and exclusive equitable powers to possess, control, preserve, or sell the assets as necessary; operate and manage the business; conduct financial administration and accounting; litigate claims (including, as necessary, against Mr. Caramanis); and ensure legal compliance and transparency with the Court.

Based on his substantial prior video-game company experience, we plan to put forth Howard Grobstein as the receiver candidate (CV attached). We propose that payment should occur via receivership certificate, which we understand courts can issue even absent secured creditor consent.

We assume your clients do not agree to appointing a receiver with those broad equitable powers. In tandem with our motion for appointment of a receiver, we plan to move (1) to shorten time in light of Intrepid's (i.e., Defendants') recent purported re-acquisition of the IP assets and promised imminent Article 9 foreclosure, which creates urgency for the appointment of a receiver, and (2) to seal the following items:

- ▮▮▮▮ (however, we will take the position that we are agnostic over the ▮▮▮▮ being sealed and we are moving to give Defendants an opportunity to advocate for its sealing in response if they wish. Do you object to making it public at this point?)

- Personal cell phone numbers and personal email addresses of parties

- Cell phone numbers and personal email addresses of third parties

- Confidential business terms included in exhibits which are not relevant to the motion for receiver

Please let us know by 3PM Pacific if you will consent to appointment of Mr. Grobstein as a receiver with full equitable powers as outline above. We will otherwise assume that your clients maintain your objections to same. Also please let us know if you will oppose our motion to shorten time; and the motion to seal so that we may indicate to the Court whether any are unopposed?

2

I will be out of service for the kid spring break trip from now until Thursday so please cc Jordan and Chris and my team on any response.

Best,
Jess

**Erica Tinoco**
Client Services Executive
Dispute Resolution
t +1 415 549 2464
withersworldwide.com

Withers Bergman LLP
909 Montgomery Street, Suite 300, San Francisco, CA 94133



**Withers Bergman LLP** - 909 Montgomery Street, Suite 300, San Francisco, CA 94133 T: +1 415 872 3200 F: +1 415 549 2480

Withers
London | Geneva | Milan | Padua
Hong Kong | Singapore | Tokyo | British Virgin Islands
New York | Greenwich | New Haven | Texas
San Francisco | Los Angeles | San Diego

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person. Please note that where the content of this email is personal or otherwise unconnected with the business of the firm or its clients, the firm accepts no responsibility or liability for its content.

| | |
|---|---|
| **From:** | Garman, Jordan |
| **Sent:** | Wednesday, April 15, 2026 1:28 AM |
| **To:** | efile_lopez@casd.uscourts.gov |
| **Cc:** | Nall, Jessica; Evans, Leslie |
| **Subject:** | Sharif v. Dawson et al. - 3:26-cv-00965-LL-MMP – Order Granting Motion to Shorten Time |
| **Attachments:** | 907099582_1_Proposed Order_Sharif v. Dawson et al._3-26-cv-00965_ Order Granting Plaintiff's Ex Parte Motion to Shorten Time on Plaintiff's Motion for Receiver.docx |

To Whom It May Concern,

Please find attached a proposed order granting Plaintiff Steven Sharif's *Ex Parte* Motion to Shorten Time on Plaintiff Steven Sharif's Motion for Receiver.

The motion was filed today as ECF No. 79 in the above captioned case.

Respectfully submitted,
Jordan

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP
100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505



1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

          Plaintiff,

    v.

ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDING LLC,

          Defendants,

          and

INTREPID STUDIOS, INC.,

          Nominal Defendant.

Case No. 3:26-cv-00965-LL-MMP

**ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER**

Judge:   Hon. Linda Lopez
Trial Date: Not Set

**ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS APPLICATION TO APPOINT A RECEIVER**

Before the Court is Plaintiff Steven Sharif's *Ex Parte* Motion for Order Shortening Time on his Motion to Appoint Receiver ("*Ex Parte* Motion to Shorten Time"). (ECF No. 79.)

For good cause shown, the Court **GRANTS** Plaintiff's *Ex Parte* Motion to Shorten Time.

Any opposition to Plaintiff's Motion to Appoint Receiver is due _____.

Any reply in support of Plaintiff's Motion to Appoint Receiver is due _____.

A hearing on Plaintiff's Application to Appoint a Receiver shall be held _____.

**IT IS SO ORDERED.**

SIGNED this ____ day of _____, 2026.

_____
HONORABLE LINDA LOPEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON HIS MOTION FOR RECEIVER