Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Irean Z. Swan, Esq.
California Bar No. 313175
iswan@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson,
Ryan Ogden, Theresa Fette, Aaron Bartels,
and TFE Games Holdings, LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; and TFE GAMES HOLDINGS, LLC,<br><br>                    Defendants,<br><br>and<br><br>INTREPID STUDIOS, INC.,<br><br>                    Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION FOR ORDER SHORTENING TIME ON PLAINTIFF'S MOTION FOR RECEIVER**<br><br>Judicial Officer: Hon. Linda Lopez<br>Courtroom: 14B (14th Floor)<br>Hearing Date: N/A<br>Hearing Time: N/A<br><br>Action Filed: February 14, 2026<br>Trial Date: Not Set |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    LEGAL STANDARD

*Ex parte* motions are an extraordinary form of relief and are granted only upon a clear showing of good cause or irreparable prejudice that would result if the motion were heard on a regular noticed basis. *Greer v. County of San Diego*, 2022 U.S. Dist. LEXIS 5676, at *2 (S.D. Cal. Jan. 11, 2022). The legitimate bases for *ex parte* relief

are "extremely limited." *Id.* Good cause exists only where (1) the moving party would be irreparably prejudiced if required to proceed by regular notice, and (2) the moving party is without fault in creating the circumstances necessitating emergency relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). A party may not manufacture exigency through delay or litigation strategy and then invoke it to obtain expedited relief. *Id.* For all of the following reasons, Plaintiff Steven Sharif ("**Mr. Sharif**" or "**Plaintiff**") has failed to satisfy this demanding standard. Accordingly, Plaintiff's *Ex Parte Motion for Order Shortening Time on Plaintiff's Motion for Receiver* (the "**OST Motion**") should be denied.

## II.    LEGAL ARGUMENT OPPOSING PLAINTIFF'S OST MOTION

### A.    PLAINTIFF'S OST MOTION IS PROCEDURALLY DEFECTIVE UNDER THE LOCAL RULES.

Plaintiff's OST Motion fails at the threshold because it does not comply with the Local Civil Rules of Practice of the United States District Court for the Southern District of California (the "**Local Rules**" or "**CivLR**"), specifically, CivLR 66.1, which governs the appointment of receivers in this District. CivLR 66.1 establishes two distinct procedures: one for permanent receivers and one for temporary receivers appointed under Rule 65(b). CivLR 66.1(a)(1)-(2).

Although Plaintiff appears to seek the appointment of a permanent receiver,[1] neither the OST Motion nor Plaintiff's *Memorandum of Points and Authorities in Support of Plaintiff Steven Sharif's Motion for Receiver* (the **"Plaintiff's Receiver Motion"**) requests issuance of an order to show cause, as expressly required by CivLR 66.1(a). (*See* ECF Nos. 78, 79); CivLR 66.1(a)(1) and (a)(2). This omission is not a technical defect. The order to show cause serves to define the scope of relief sought, protect due process, and give respondents fair notice of what is at stake.

Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and

---

[1]    Rule 65(b) of the Federal Rules of Civil Procedure (the "**Civil Rules**") provides for a temporary receiver.

TFE Games Holdings, LLC (each a "**Defendant**" and collectively the "**Defendants**") respectfully submit that Plaintiff's lack of compliance with CivLR 66.1 should not be excused here as Plaintiff's failure to comply with the Local Rules failed to generate the very order to show cause whose issuance is necessary to (1) comply with the Local Rules, (2) apprise Defendants of what is at stake to satisfy any due process concerns, and (3) has otherwise prejudiced Defendants in their efforts to respond to both the OST Motion and Plaintiff's Receiver Motion. Plaintiff's noncompliance has materially prejudiced Defendants by depriving them of clarity regarding the nature, scope, and timing of the relief sought. Although CivLR 1.1(d) permits discretionary waiver of the Local Rules, waiver is inappropriate where, as here, the violation undermines due process protections and imposes concrete prejudice. Plaintiff's failure to follow CivLR 66.1 alone warrants denial of the OST Motion as there can be no good cause when the OST Motion contains a fatal flaw.

> **B.    PLAINTIFF HAS OFFERED NO COMPETENT EVIDENCE OF IRREPARABLE HARM.**

Plaintiff's OST Motion is supported by a single declaration: the *Declaration of Jessica Nall in Support of Plaintiff Steven Sharif's Ex Parte Motion for Order Shortening Time on His Motion for Receiver* (the "**Nall Declaration**"). That declaration does not identify any facts or predicates of irreparable harm that would allegedly befall either Plaintiff or Intrepid Studios, Inc. ("**Intrepid**") if Plaintiff's Receiver Motion were heard in the ordinary course. (ECF No. 79-1). Even if the Nall Declaration attempted to make such a showing or constitute evidence on this point, it would still suffer several defects. First, the foundation for the Nall Declaration states, "All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true." (ECF No. 79-1, pg. 2 of 3, ¶ 1). Since Plaintiff's counsel has not established she has personal knowledge of any irreparable harm to Plaintiff or Intrepid, the only basis for any such statement would be on her information and belief which, of course, does not constitute competent evidence. *Columbia Pictures Indus.*

*v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) ("Because Irwin's declaration is not based on personal knowledge, but on information and belief, his statement does not raise a triable issue of fact regarding antitrust injury."). Absent admissible evidence of irreparable prejudice and good cause, Plaintiff cannot satisfy the fundamental prerequisite for *ex parte* relief.

**C.  PLAINTIFF'S CLAIMED FORECLOSURE "EMERGENCY" IS CONTRADICTED BY HIS OWN JUDICIAL ADMISSIONS.**

Perhaps more problematic still in this regard is Plaintiff's *Verified Shareholder Derivative Complaint and Direct Complaint* (the "**Plaintiff's Complaint**"). (ECF No. 1). The OST Motion's arguments for good cause are predicated upon Plaintiff's assertions regarding the contemplated public Article 9 foreclosure sale. (ECF No. 79, pg. 5 of 7, lines 19-20). More specifically, the OST Motion provides:

> However, and as discussed at length in the Motion for Receiver, there are serious questions about the validity of the secured debt upon which Defendant Dawson and Defendant TFE ***originally*** foreclosed, in view of Mr. Dawson's consistent shifting of his debt to equity and back again through fast-and-loose documentation; the validity of the secured debt upon which Defendant Dawson and TFE ***plan*** to foreclose, in view of their purported 'unwinding' of the original foreclosure not resuscitating original liens (if any)…

(ECF No. 79, pgs. 5 (lines 24-28) - 6 (lines 1-2) of 7) (emphasis in original). Plaintiff contends that urgency exists because Defendants intend to proceed with a public Article 9 foreclosure sale and asserts purported "serious questions" regarding the validity of Defendants' secured interests. (ECF No. 79, pgs. 5-6 of 7). That argument is foreclosed by Plaintiff's own verified Complaint.

Plaintiff overlooks that the validity of the Defendant's lien interests is judicially admitted in Plaintiff's Complaint. Indeed, Plaintiff's Complaint is replete with multiple references to "TFE's junior secured lien" and/or Defendant Dawson's status as a junior secured lender. (*See, e.g.,* ECF No. 1, pg. 3 of 39, ¶ 4; pg. 5 of 39, ¶ 12; pg. 17 of 39, ¶ 51; pg. 18 of 39, ¶ 53; pg. 19 of 39, ¶ 61; pg. 32 of 39, ¶ 118). Indeed, Plaintiff's Complaint astoundingly admits the following: "On May 13, 2024, Dawson

securitized his debt against all assets and all personal property of the Company, including intellectual property, which includes the Trade Secret Materials." (ECF No. 1, pg. 15 of 39, ¶ 44). The record evidence before this Court establishes that Defendants' lien interests are valid, extant, and legally enforceable as a judicially admitted fact. *See, e.g., American Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Judicial admissions are formal admissions in pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").

Moreover, that Defendants intended to proceed with the very same public Article 9 foreclosure sale that they have previously represented to this Court would take place (although it has not yet been scheduled due, in large measure, to the delays Defendants have encountered and continue to encounter in gathering all of Intrepid's assets and restoring control of the assets to Intrepid, which issues existed prior to TFE's rescinded foreclosure) cannot, by itself, constitute either irreparable harm or good cause under Civil Rule 6(c)(1)(C). The OST Motion should be denied on this basis, as well.

### D.    PLAINTIFF'S ALLEGED FIDUCIARY DUTY CLAIMS ARE NOT AN EMERGENCY AND WERE KNOWN FROM THE OUTSET.

Plaintiff alternatively relies on alleged breaches of fiduciary duty. But those allegations appear verbatim in Plaintiff's Complaint, which asserts a breach of fiduciary duty claim as its fourth cause of action. (ECF No. 1, pgs. 32-33 of 39, ¶¶ 114-121). Here, it is the Plaintiff's own delay that has precipitated the alleged crisis that forms the basis of the OST Motion. Plaintiff did not request the appointment of a receiver as part of its Complaint or at the very outset of this case. It was only after Plaintiff did not prevail with respect to the request for continued maintenance of the Court's previously issued temporary restraining order and issuance of a preliminary injunction that Plaintiff's original allegations regarding purported breaches of

fiduciary duty became an emergency for this Court's docket. A party may not delay seeking relief and then invoke its own delay as the basis for emergency treatment. *Mission Power*, 883 F. Supp. at 492.

Defendants respectfully submit that Plaintiff's conduct here falls squarely within the prohibition that *ex parte* requests to shorten time for a hearing on a motion cannot and must not be predicated upon crisis created by the party seeking such relief. If the breach of fiduciary duty claims largely set forth in Plaintiff's Complaint were to serve as the basis for the appointment of a receiver, a procedurally proper request should have been made by Plaintiff at the outset of this case. Plaintiff's pre-litigation knowledge of such purported claims and factual allegations precludes Plaintiff from arguing that an expedited hearing is needed here – again, if there is an emergency or crisis in this regard, it is of the Plaintiff's own making. Thus, Plaintiff's breach of fiduciary duty claims cannot form the basis for the Court to find good cause exists to shorten time for hearing on Plaintiff's Receiver Motion. Simply put, the OST Motion should be denied on this basis, as well.

### E.    PLAINTIFF'S MOTION OMITS ANY CHALLENGE TO THE SALE PROCESS OR MARKET EXPOSURE.

Notably, neither the OST Motion nor Plaintiff's Receiver Motion are directed at Defendants' proposed sale process, the ability of potential bidders to participate, notification efforts, or anything of the sort. As Defendants previewed for this Court in cataloguing their extensive efforts to market Intrepid's assets as widely and effectively as possible to maximize the value of Intrepid's assets for the benefit of all stakeholders, Defendants' efforts were quite comprehensive, and Defendants intend to be equally diligent and comprehensive in their efforts at the to be scheduled public Article 9 foreclosure sale. Indeed, it is in Defendants' interests to have robust participation and bids.

Defendants respectfully submit and represent that the foregoing demonstrates (at least indirectly) that it is not Defendants that are trying to destroy the value of

Intrepid or *Ashes of Creation*. Rather, it is Plaintiff who seeks to delay, obfuscate, and hold up the process in the hope that any dissipation in value experienced by Intrepid's assets generally, or *Ashes of Creation* in particular, will allow Mr. Sharif to lever this case and the Article 9 public foreclosure process to extract value or concessions for himself at the direct expense of all other stakeholders in Intrepid – including Defendants who infused tens of millions of dollars (as debt and equity) into Intrepid. Plaintiff's failure to identify any structural or procedural defect in the proposed sale underscores the absence of irreparable harm and confirms that the OST Motion is a tactical effort to delay – not an effort to prevent legitimate prejudice. Thus, there can be no good cause to grant the OST Motion.

## F.  CONCLUSION.

As the Court can surmise, Defendants have a staunchly different view of the facts underlying this case and the cause for Intrepid's demise. Defendants funded nine figures into this entity, without which it would have failed many years ago. Separately, Plaintiff does not provide any basis to finance the proposed Receiver. There are no less than three secured creditors in this case, none of whom have agreed to finance or carve-out from their collateral sufficient resources to fund a receivership. These matters need to be fleshed out in a fully noticed motion. For the foregoing reasons, Defendants respectfully submit that the OST Motion should be denied.

Dated: April 16, 2026.

By: */s/ Sasha Aliakbar-Amid*
Samuel A. Schwartz, Esq.
 (admitted *pro hac vice*)
Nevada Bar No. 10985
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Irean Z. Swan, Esq.
California Bar No. 313175
Maddie Rudge, Esq.

California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*