Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: 415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone: 619.329.6454

Jordan W. Garman (admitted pro hac vice)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**Case No.: 3:26-cv-00965-LL-MMP**

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS, LLC,<br><br>Defendants,<br><br>and<br><br>INTREPID STUDIOS, INC.,<br><br>Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**JOINT STATUS REPORT ON PARTIES' MEET AND CONFER EFFORTS REGARDING APPOINTMENT OF RECEIVER**<br><br>Judicial Officer: Hon. Linda Lopez<br>Courtroom: 14B (14th Floor)<br><br>Action Filed: February 14, 2026<br>Trial Date: Not Set |

Plaintiff Steven Shariff, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("**Intrepid**") ("**Plaintiff**") and Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC (collectively, "**Defendants**" and, together with Plaintiff, the "**Parties**"), respectfully submit this Joint Status Report pursuant to the Court's April 20, 2026 Order, ordering the Parties to further meet and confer in person or by video conference on the issue of a receiver on or before April 27, 2026. (ECF No. 87 at 3.) In short, the Parties were unable to reach a resolution on the receiver issue despite discussions by Zoom, and plan to continue briefing Plaintiff's April 14, 2026 motion to appoint a receiver (the "**Motion for Receiver**") in the ordinary course absent further Order of the Court. However, the Parties do jointly respectfully request the assistance of a Magistrate Judge to, in parallel, mediate the dispute more generally with the goal of reaching a mutually agreeable resolution to this matter. Plaintiff continues to be willing to also mediate issues as to the scope of a Receiver.

2

1. On April 14, 2026, Plaintiff filed the Motion for Receiver (ECF No. 78), and a motion to shorten time on its Motion for Appointment of a Receiver (the "**Motion to Shorten Time**") (ECF No. 79).

2. The Court denied Plaintiff's Motion to Shorten Time on April 20, 2026, and ordered the parties to further meet and confer via video-conference by April 27, 2026 "in a good faith effort to resolve [the receiver issue] as expeditiously as possible," because the parties reaching a compromise "would be more efficient for the parties and the Court." (ECF No. 87 at 3.) The Court offered the option of engaging with a Magistrate Judge to assist with those discussions. (*Id.*)

3. The parties discussed the Motion for Receiver in good faith during an April 22, 2026 meet-and-confer via Zoom videoconference. During this call, Plaintiff's counsel expressed Plaintiff's willingness to engage with the Magistrate Judge to assist with resolving the receiver dispute, as raised by the Court, and/or to more broadly mediate the dispute. (ECF No. 87 at 3.)

4. Plaintiff's counsel also indicated Plaintiff's willingness to agree to the appointment of a limited receiver without the full and equitable powers originally sought in the Motion for Receiver—namely, to appointment of a receiver with powers limited to preserving Intrepid's assets prior to a foreclosure sale; overseeing the propriety of a foreclosure sale and transfer of Intrepid's assets following such sale, including by investigating Defendant Dawson's and Defendant TFE's right to foreclose in light of the (in Plaintiff's view) questionable state of those Defendants' secured loans[1]; and to pursuing legal action to halt the damaging public relations campaign and witness harassment and tampering being waged by non-party shareholder Jason Caramanis, whom Plaintiffs submit is within the control and acting at the direction of Defendants, that is harming the value of Intrepid's assets.

---

[1] Plaintiff will be amending his Verified Complaint to include allegations with respect to this issue by the May 15, 2026 deadline to do so. (ECF No. 89.)

5.     Defendants' counsel indicated Defendants' willingness to agree to the more limited appointment of a receiver for the purpose of preserving Intrepid's assets prior to a foreclosure sale, including the value-preserving actions outlined above, and overseeing a foreclosure sale and the transfer of Intrepid's assets following such a sale. Defendants' counsel stated that Defendants do not control Mr. Caramanis and that his position and views are set forth in his complaint against Mr. Sharif and Mr. Moore.

6.     The parties memorialized the April 22, 2026 meet and confer, and further met and conferred on these issues, via email between April 22, 2026 and April 27, 2026. In the email correspondence, Plaintiff's counsel outlined Plaintiff's proposal for a limited receivership with the following powers: (1) preserving Intrepid's intellectual property and related assets; (2) overseeing and monitoring a foreclosure sale, and reporting to the Court on the propriety of any such sale; (3) investigating on Intrepid's behalf Defendant Dawson's and Defendant TFE's right to proceed with a foreclosure sale (including by analyzing relevant loan documents and related amendments and agreements), as part and parcel of ensuring the propriety of any such sale; and (4) intervening to stop ongoing actions by shareholder and suspected agent of Defendants Mr. Caramanis that are harming the value of Intrepid's assets. Plaintiff's counsel indicated they did not anticipate that this would forestall any sale process because review and analysis of the loans and related documents would constitute a discrete task for which the receiver, who could seek limited assistance from outside counsel. Plaintiff's counsel also repeated Plaintiffs' willingness to engage with a Magistrate Judge to assist the parties reach a resolution on the Motion for Receiver.

7.     Defendants' counsel confirmed that Defendants would agree to a receiver only for the purposes of preserving Intrepid's assets and monitoring a foreclosure sale. Defendants indicated that they do not agree to financing the receiver to investigate the validity of the debt under which Defendant TFE plans to foreclose.

Defendants also disagree with the receiver being empowered to take legal action to halt Mr. Caramanis' deleterious actions, because they claim that Mr. Caramanis's actions are separate from the instant proceeding and beyond Defendants' control. They further conveyed that Defendants would agree to a receiver with limited powers on the condition that the receiver is fully funded by Plaintiff.

8.    Plaintiff cannot agree to a receiver who does not have the power to investigate the validity of the debt under which Defendants plan to foreclose, and to take necessary actions to stop Mr. Caramanis' public disclosure of confidential company information of Intrepid, which he claims the Defendants are furnishing to him, his public relations campaign against Intrepid, which is harming its value, and his intimidation of witnesses in this dispute. (*See* ECF Nos. 84-86.)

9.    Accordingly, despite their good faith attempts, the Parties are regrettably at an impasse and plan to proceed with briefing on the Motion for Receiver in the ordinary course absent further Order of the Court; however, both parties have noted openness to settlement discussions overseen by a Magistrate.

10.    Although Defendants do not see value in engaging with a Magistrate with respect to the receiver issue, as they are firm on their position with respect to that issue, Defendants and Plaintiff jointly respectfully request the assistance of a Magistrate Judge to mediate the dispute more generally with the goal of reaching a mutual resolution of this matter. And, as noted, Plaintiff continues to be willing to mediate the scope of the receiver.

Dated: April 27, 2026                  Respectfully Submitted,

**WITHERS BERGMAN LLP**

By: */s/ Jordan W. Garman*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com

Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted pro hac vice)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

**SCHWARTZ, PLLC**

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
(admitted pro hac vice)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Maddie Rudge, Esq.

California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*