UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br>                                   Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, et al., <br><br>                                   Defendants. | Case No.:  26-cv-0965-LL-MMP <br><br> **NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE** |

As jointly requested in the April 27, 2026 Status Report, ECF No. 90, and for good cause, **IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") of your case will be held on **June 12, 2026** at **1:30 PM** before the Honorable Michelle M. Pettit, United States Magistrate Judge.

**The parties must read this entire Order and comply with the following deadlines and mandatory procedures in preparing for the ENE. Failure to read and comply with this Order shall result in sanctions.**

1

26-cv-0965-LL-MMP

| Event | Deadline |
|---|---|
| Meet and confer regarding whether to proceed in-person for ENE[1] | May 18, 2026 |
| Counsel shall provide the Court via efile the (i) name, (ii) title, and (iii) email of each participant attending the ENE | May 29, 2026 |
| Confidential ENE Statements lodged with efile_Pettit@casd.uscourts.gov | May 29, 2026 |
| Pre-ENE Telephone Calls with Counsel | June 11, 2026 at 2:30 PM |

1.      **Purpose of Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged, and confidential.

2.      **Appearance via Videoconference Required:** All parties as well as the principal attorneys of record responsible for the litigation must be present and legally and factually prepared to discuss settlement of the case. In addition, adjusters for insured parties and other representatives of a party having full and complete authority to enter into a binding settlement must also be present and prepared to discuss settlement if applicable.

---

[1] The Court generally has no preference regarding conducting conferences via videoconference or in person. The Court typically sets the conference to occur via videoconference for ease of scheduling and will hold the ENE in person at the parties' request. **Within fourteen days**, the parties shall meet and confer to determine if an in-person ENE conference would be productive in this matter. If either party wants to proceed in person, counsel for that party shall submit the request to appear for the ENE conference in person via email (efile_Pettit@casd.uscourts.gov) with counsel for all parties copied.

26-cv-0965-LL-MMP

Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

**3.    Interpreter Required:** Counsel for a non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference. The Court does not provide interpreters for ENE conferences.

**4.    Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with full settlement authority[2] must participate in the conference. **A person who needs to call another person who is not present at the conference before agreeing to any settlement does not have full authority.**

In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must participate and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).

**5.    Confidential ENE Statements:** The parties must submit confidential statements no more than ten pages in length directly to Judge Pettit's Chambers via email

---

[2] "Full authority to settle" means the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

26-cv-0965-LL-MMP

(efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty pages absent express permission from the Court in advance of the statement submission deadline. **These confidential statements must <u>NOT</u> be filed on the docket, and the parties are not required to serve them on opposing counsel.** Each party's confidential statement must include the following:

    a.    A brief description of the case including a chronology of the relevant facts and a statement of the principal facts in dispute;

    b.    A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes including references to relevant statute and legal authority;

    c.    A specific and current demand or offer for settlement addressing all relief and remedies. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will negotiate in good faith is not sufficient; and

    d.    A brief description of any previous settlement negotiations or mediation efforts.

In addition, if a party seeks attorney fees and costs, that party shall provide the legal basis for the claim and sufficient information to evaluate the amount of fees claimed. The party shall be prepared to provide the Court with itemized billing records during the conference to support any fees and costs the party seeks to recover.

**6.    New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to all parties responding to the Complaint after the date of this notice.

**7.    Pre-ENE Telephone Conference:** Pursuant to the undersigned's Chambers Rule VII, the Court **SETS** a pre-settlement telephonic conference with counsel only on **<u>June 11, 2026</u>** at **<u>2:30 PM</u>** to prepare for the ENE. Lead counsel must attend the call.

26-cv-0965-LL-MMP

Counsel for each party shall provide Judge Pettit's Chambers via email (efile_Pettit@casd.uscourts.gov) with the attorney's name(s) and a direct number on which the attorney(s) can be reached within the hour. The Court will speak with counsel for each party consecutively, and the conversations will be confidential and off the record to the same extent as a settlement conference.

**8. Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires an ENE take place within forty-five days of the filing of an answer. Requests to continue ENEs are rarely granted. Absent extraordinary circumstances, requests for continuances of the ENE will not be considered unless submitted **in writing** no less than seven calendar days before the ENE. All requests for continuances must be made by a joint motion and state the following:

   a. The original date;

   b. The number of previous requests for continuances;

   c. A showing of good cause for the request;

   d. Whether the request is opposed and why;

   e. Whether the requested continuance will affect other case management dates; and

   f. A declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

//

//

//

26-cv-0965-LL-MMP

**All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.**

**IT IS SO ORDERED**.

Dated:  May 4, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge

26-cv-0965-LL-MMP