Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Amara S. Barbara, Esq.
California Bar No. 323332
abarbara@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

Jessica Nall, Esq.
California Bar No. 215149
jessica.nall@withersworldwide.com
WITHERS BERGMAN LLP
909 Montgomery Street, Suite 300
San Francisco, California  94133
Telephone: (415) 872-3200

Leslie Evans, Esq.
California Bar No. 173010
leslie.evans@withersworldwide.com
WITHERS BERGMAN LLP
4250 Executive Square, Suite 540
La Jolla, California  92037
Telephone: (619) 329-6454

Jordan W. Garman, Esq.
  (admitted *pro hac vice*)
New York Bar No. 5413976
jordan.garman@withersworldwide.com
WITHERS BERGMAN LLP
430 Park Avenue, 10th Floor
New York, New York  10022
Telephone: (212) 848-9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### Case No.: 3:26-cv-00965-LL-MMP

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

vs.

ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; and TFE GAMES HOLDINGS, LLC,

Defendants,

and

INTREPID STUDIOS, INC.,

Nominal Defendant.

Case No.: 3:26-cv-00965-LL-MMP

**JOINT MOTION TO SEAL CERTAIN INFORMATION WITHIN DEFENDANTS' OPPOSITION TO PLAINTIFF STEVEN SHARIF'S MOTION FOR RECEIVER [ECF NO. 98] AND DECLARATIONS IN SUPPORT THEREOF [ECF NOS. 99-102]**

*Filed concurrently with Declaration of Samuel A. Schwart, Esq.*

Judicial Officer: Hon. Linda Lopez
Courtroom: 14B (14th Floor)
Hearing Date: N/A
Hearing Time: N/A

Action Filed: February 14, 2026
Trial Date: Not Set

Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC (collectively, "**Defendants**"), by and through their counsel of record, the law firms of Schwartz, PLLC and Rosing Pott & Strohbehn LLP, and Plaintiff Steven Sharif ("**Plaintiff**," and together with Defendants, the "**Parties**"), as an individual and derivatively on behalf of Intrepid Studios, Inc. ("**Intrepid**"), by and through his counsel of record, the law firm of Withers Bergman LLP, pursuant to Civil Rules[1] 5.2(e) and (f), Local Civil Rules 7.2 and 79.2.c, Civil Chambers Rules 4 and 6, and ECF Manual Sections 2(f)(4) and (j), hereby jointly move (the "**Joint Motion to Seal**") for entry of an order by the Court sealing portions the *Memorandum of Points and Authorities in Support of Defendants' Opposition to*

---

[1]    "**Civil Rule**" references are to the Federal Rules of Civil Procedure. "**Evidence Rule**" references are to the Federal Rules of Evidence. "**CivLR**" or "**Local Civil Rule**" references are to the Local Civil Rules of Practice of the United States District Court for the Southern District of California. "**Civil Chambers Rule**" references are to the Honorable Linda Lopez, United States District Judge's Civil Chambers Rules. "**ECF Manual**" references are to the Electronic Case Filing Administrative Policies and Procedures Manual. "**ECF No.**" references are to the numbers assigned to the documents filed in the above-captioned action as they appear on the docket maintained by the Clerk of the Court.

*Plaintiff Steven Sharif's Motion for Receiver* [ECF No. 98] (the "**Opposition**") and the following four declarations (collectively, the "**Declarations in Opposition**") filed in support thereof:

> (i) *Declaration of Robert Dawson* [ECF No. 99] (the "**Dawson Declaration**");
>
> (ii) *Declaration of Theresa Fette* [ECF No. 100] (the "**Fette Declaration**");
>
> (iii) *Declaration of Ryan Ogden* [ECF No. 101] (the "**Ogden Declaration**"); and
>
> (iv) *Declaration of Douglas Bartels* [ECF No. 102] (the "**Bartels Declaration**").

The Parties bring this Joint Motion to Seal following the conferences of counsel via telephone on May 6, 2026 and electronic mail on May 6 and 8, 2026. The Joint Motion to Seal is further made and based on the arguments set forth below, the declaration of Samuel A. Schwartz, Esq. (the "**Schwartz Declaration**") in support thereof and filed concurrently herewith, all pleadings and papers on file with the Clerk of the Court in the above-captioned action, judicial notice of which is respectfully requested pursuant to Evidence Rules 201 and 1101, and any further evidence or argument as the Court may deem appropriate to consider.

1. On May 7, 2026, Defendants timely filed the Opposition and Declarations in Opposition pursuant to the *Order Granting Joint Motion for Consolidated Briefing on Motions for Receiver* [ECF No. 97] entered by the Court on May 7, 2026.

2. Pursuant to Civil Rule 5.2(e)(1), "[f]or good cause, the court may by order in a case . . . require redaction of additional information[.]" FED. R. CIV. P. 5.2(e)(1).

3. Certain portions of the Declarations in Opposition contain sensitive personally identifiable information ("**PII**") of the Parties and third-parties including telephone numbers, electronic mail addresses, and home addresses which, if made

26cv00965-LL-MMP

public, could potentially be used to harass or annoy the respective owners of said PII with spam mailings/text messages, crank calls, etc. or, even more maliciously, commit phishing attacks, spoofing scams, and identity theft. Accordingly, the Parties maintain that said PII, which is private and not generally available to the public, must be protected to prevent unauthorized access or disclosure to potential bad actors. Further, the Joint Motion to Seal is narrowly tailored to protect the public's interest in access to court records because it seeks to redact only the sensitive PII, not any of the documents in full. The Court has previously ordered that such PII may be filed under seal in this matter. (*See* ECF No. 75). The proposed portions of the Declarations in Opposition containing the PII to be filed under seal are identified as follows:

    a.    Dawson Declaration:

        i.    ECF No. 99-6 (Exhibit F), pgs. 4-8 of 8

        ii.    ECF No. 99-7 (Exhibit G), pgs. 2-4 of 4

        iii.    ECF No. 99-8 (Exhibit H), pgs. 2-7 of 7

        iv.    ECF No. 99-9 (Exhibit I), pgs. 2-3 of 3

        v.    ECF No. 99-10 (Exhibit J), pg. 2 of 2

        vi.    ECF No. 99-11 (Exhibit K), pg. 5 of 6

        vii.    ECF No. 99-12 (Exhibit L), pg. 3 of 3

    b.    Fette Declaration:

        i.    ECF No. 100-1 (Exhibit A), pg. 2 of 2

        ii.    ECF No. 100-2 (Exhibit B), pg. 2 of 2

        iii.    ECF No. 100-3 (Exhibit C), pg. 2 of 2

        iv.    ECF No. 100-4 (Exhibit D), pgs. 2-3 of 3

        v.    ECF No. 100-5 (Exhibit E), pgs. 2-3 of 3

        vi.    ECF No. 100-6 (Exhibit F), pg. 2 of 2

    c.    Ogden Declaration:

        i.    ECF No. 101-1 (Exhibit A), pg. 2 of 2

        ii.    ECF No. 101-2 (Exhibit B), pgs. 2-3 of 3

4.      In addition, certain portions of the Opposition and Declarations in Opposition contain sensitive and confidential financial information ("**FI**") of Intrepid. Said FI is private and not otherwise available to the public. A company's non-public financial data, including balance sheets, income statements, cash-flow projections, and forward-looking financial analyses, are routinely sealed as confidential business information because disclosure of this type of information creates the risk of competitive harm. (*See* ECF No. 64, pgs. 4, lines 26-28 - 5, lines 1-9 of 6). Further, the Joint Motion to Seal is narrowly tailored to protect the public's interest in access to court records because it seeks to redact only the sensitive and confidential FI, not any of the documents in full. The Court has previously ordered that such FI may be filed under seal in this matter. (*See* ECF No. 76). The proposed portions of the Opposition and Declarations in Opposition containing the FI to be filed under seal are identified as follows:

    a.    Opposition:[2]

        i.    ECF No. 98, pgs. 7, 8, 10, 15 of 25

    b.    Dawson Declaration:[3]

        i.    ECF No. 99, pgs. 4-10 of 11

        ii.    ECF No. 99-6 (Exhibit F), pgs. 2-3 of 8

        iii.    ECF No. 99-12 (Exhibit L), pgs. 2-3 of 3

    c.    Fette Declaration:

        i.    ECF No. 100, pg. 4 of 9

    d.    Ogden Declaration:

        i.    ECF No. 101, pgs. 3-4, 6 of 6

---

[2]     The version of the Opposition filed by Defendants was fully unredacted and not marked with the proposed redactions to be sealed. Accordingly, attached to this Joint Motion to Seal as **Exhibit 1** is a proposed redacted version of ECF No. 98.

[3]     The version of the Dawson Declaration filed by Defendants omits one intended redaction. Accordingly, attached to this Joint Motion to Seal as **Exhibit 2** is a revised proposed redacted version of ECF No. 99.

  e.  Bartels Declaration:

    i.  ECF No. 102, pgs. 3, 5 of 5

    ii.  ECF No. 102-1 (Exhibit A), pgs. 2-8 of 8

5. The prejudice to the Parties would be substantial in the absence of an order to seal the above-referenced PII and FI, whereas any potential prejudice to the public in not having access to said information is, by significant orders of magnitude, substantially less. Given the balancing of prejudice between the Parties and any other interested parties tips decidedly in the Parties' favor, the Parties respectfully submit that good cause exists within the meaning of Civil Rule 5.2(e)(1) for entry of an order to seal the PII and FI.

/ / /

/ / /

/ / /

26cv00965-LL-MMP

WHEREFORE, based upon the foregoing, the Parties jointly and respectfully request that this Court enter the proposed order submitted concurrently herewith, granting the relief requested in this Joint Motion to Seal, and any such other and further relief as the Court may deem just and proper.

Dated: May 11, 2026.

By: */s/ Sasha Aliakbar-Amid*
Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Amara S. Barbara, Esq.
California Bar No. 323332
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

By: */s/ Jordan W. Garman*
Jessica Nall, Esq.
California Bar No. 215149
WITHERS BERGMAN LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone: (415) 872-3200

Leslie Evans, Esq.
California Bar No. 173010
WITHERS BERGMAN LLP
4250 Executive Square, Suite 540
La Jolla, California 92037
Telephone: (619) 329-6454

Jordan W. Garman, Esq.
  (admitted *pro hac vice*)
New York Bar No. 5413976
WITHERS BERGMAN LLP
430 Park Avenue, 10th Floor
New York, New York 10022
Telephone: (212) 848-9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*