

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

v.

ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC,

Defendants,

And

INTREPID STUDIOS, INC.,

Nominal Defendant.

Case No.:  26cv965-LL-JLB

**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL EXHIBITS FILED IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY SCHWARTZ, PLLC**

[ECF No. 62]

Before the Court is Plaintiff's motion to seal portions of certain exhibits attached to Plaintiff's reply in support of his motion to disqualify Schwartz, PLLC. ECF No. 62. Specifically, Plaintiff seeks to redact three exhibits that contain correspondence between Plaintiff and Mr. Schwartz, on the basis that they are confidential attorney-client privileged

/ / /

1

26cv965-LL-JLB

communications, and some contain personal identifying information. *Id.* at 3; ECF No. 62-1, Declaration of Jessica Nall ("Nall Decl."), ¶¶ 3–5.

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). However, a court may seal material produced in a motion that is unrelated or only tangentially related to the merits of the case for good cause. *Id.* at 1097, 1101.

The good cause standard applies here because the motion to disqualify counsel is unrelated to the merits of the case. The Court finds good cause to redact the attorney-client privileged and personal identifying information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have denied public access to court documents where they "might become a vehicle for improper purposes"); *In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (finding district court did not abuse its discretion in sealing material protected by the attorney-client privilege). Accordingly, the Court **GRANTS** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated:  May 15, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv965-LL-JLB