UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC, <br><br> Defendants, <br><br> And <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.:  26cv965-LL-JLB <br><br> **ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION FILED IN SUPPORT OF MOTION FOR RECEIVER, EX PARTE MOTION TO SHORTEN TIME, AND MOTION TO SEAL** <br><br> [ECF No. 80] |

Before the Court is Plaintiff's unopposed motion to seal portions of the following: (1) Plaintiff's motion for receiver, (2) declaration of Steven Sharif in support of his motion for receiver and attached exhibits, (3) Exhibits 1 and 8 to the declaration of Jessica Nall in support of Plaintiff's motion for receiver, (4) Exhibit 1 to the declaration of Jordan Garman in the instant Motion to Seal, and (5) Exhibit 2 to the declaration of Jessica Nall in support

1

of Plaintiff's motion for order shortening time on Plaintiff's motion for receiver. ECF No. 80 at 3–7. Plaintiff contends that sealing is warranted because they consist of the following: (1) information from a settlement agreement with a confidentiality provision governing disclosure of the information contained therein, (2) personal identifying information of the parties and third parties, and (3) confidential business information. *Id.* at 3; ECF No. 80-1, Declaration of Jordan Garman, ¶ 3.

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). However, a court may seal material produced in a motion that is unrelated or only tangentially related to the merits of the case for good cause. *Id.* at 1097, 1101.

The good cause standard applies here because the motions for a receiver, to shorten time, and to seal are unrelated to the merits of the case. The Court finds good cause to **GRANT** Plaintiff's Motion to redact information subject to a confidentiality provision, as well as personal identifying information and confidential business information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have denied public access to court documents where they "might become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing").

**IT IS SO ORDERED.**

Dated:  May 15, 2026

Honorable Linda Lopez
United States District Judge

2

26cv965-LL-JLB