Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDING LLC, and JASON CARAMANIS, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT** <br><br> *Filed concurrently with Declaration of Jordan W. Garman* <br><br> Judge:  Hon. Linda Lopez <br> Hearing Date:  June 19, 2026 <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:  Not Set |

WITHERS
BERGMAN LLP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT

## NOTICE OF UNOPPOSED MOTION TO SEAL

**PLEASE TAKE NOTICE** that pursuant to Southern District of California Local Civil Rule 79.2 and this Court's Civil Chambers Rules, Rule 4, Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Plaintiff") moves the Court for an order to file under seal (1) certain portions of Plaintiff's Amended Verified Shareholder Derivative Complaint and Direct Complaint (the "Amended Complaint") and (2) certain exhibits and portions of exhibits attached thereto.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jordan W. Garman. (*See* May 15, 2026 Declaration of Jordan W. Garman ("Garman Decl.") ¶ 10, Ex. 1.) Based on the conference with counsel, this motion to seal is unopposed.

Plaintiff makes this Motion pursuant to this Notice of Motion to Seal, the Memorandum of Points and Authorities, and Declaration of Jordan W. Garman filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

WITHERS BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his Unopposed Motion to Seal Certain Information Within Plaintiff Steven Sharif's Amended Verified Complaint and Exhibits in Support of Complaint (the "Motion to Seal") in accordance with Local Civil Rules 79.2 and this Court's Civil Chambers Rules, Rule 4.

Allegations included in Plaintiff's Amended Complaint and exhibits Plaintiff attaches to his Amended Complaint include two categories of information that he seeks to seal: (1) information from an agreement signed between Plaintiff and other parties which contains a confidentiality provision governing disclosure of the information contained therein, which agreement is attached as Exhibit Y and (2) personal identifying information of the parties and third parties.

Parties moving to seal documents that are more than tangentially related to the merits of a case bear the burden of overcoming a "strong presumption in favor of access" by articulating "compelling reasons supported by specific factual findings" as to why sealing is necessary. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[D]istrict courts generally [have] conclude[d] that the 'compelling reasons' standards applies [to motions to seal related to a complaint] because the complaint initiates the civil action." *Compal Electronics, Inc. v. Apple, Inc.*, 2017 WL 11423604, at *1 (S.D. Cal. Sept. 5, 2017).

"Courts in this circuit have … recognized that information subject to confidentiality agreements may also meet the 'compelling reasons' standard when accompanied by a particularized factual showing." *Id.* at *2. Similarly, both the Ninth Circuit and courts within this circuit have "found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft," which justifies sealing of the personal identifying information Plaintiff seeks to seal. *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007); *see also Cancino Castellar*

WITHERS BERGMAN LLP

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT

*v. Mayorkas*, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021) (stating that under compelling reasons standard "[c]ourts have held that risks associated with disclosing sensitive personal information may outweigh the public's interests in accessing records containing such information" and that "[i]n such cases, redacting the personal identifying information at issue may sufficiently protect the privacy interests and also preserve public access to the case record"); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. General Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons standard met for "personally identifiable information of third-party individuals, including names, addresses, phone numbers, and email addresses").

Plaintiff conferred with Defendants on this Motion to Seal, and they did not oppose the sealing of the requested information. (*See* Garman Decl., ¶ 10, Ex. 1.)

As outlined in the accompany Declaration of Jordan W. Garman, Plaintiff seeks to seal the following information:

1. **Category 1:** Portions of the complaint and exhibits containing information from and referring to an agreement signed between Plaintiff and other parties which contains a confidentiality provision governing disclosure of the information contained therein. Additionally, the Amended Complaint attaches as Exhibit Y the agreement described above. Plaintiff does not take a position on whether this material should be sealed, but Plaintiff respectfully requests that it be provisionally sealed to permit Defendants an opportunity to advocate for its sealing if they wish. This information is located in the following documents:

   o Plaintiff's Amended Complaint at the following page and line numbers:

     ▪ Page 3, lines 15-16

     ▪ Page 18, lines 12-22

     ▪ Page 19, lines 9-11

- Page 19, line 13
- Page 19, line 20
- Page 21, line 28
  - Exhibits to the Amended Complaint, in the following exhibits:
    - Exhibit X (redacted only)
    - Exhibit Y (sealed in full)
    - Exhibit Z (redacted only)
    - Exhibit AA (redacted only)
    - Exhibit GG (sealed in full)

2. **Category 2:** Exhibits containing PII, including personal phone numbers, personal e-mail addresses, physical or mailing addresses, and names of third-party investors unaffiliated with the instant dispute, which this Court has already found warranted sealing, (*see* Dkt. Nos. 75-76, 111), and which Plaintiff respectfully requests be sealed. This information is located in the following documents:

  - Exhibits to the Amended Complaint, in the following exhibits:
    - Exhibit A (redacted only)
    - Exhibit B (redacted only)
    - Exhibit C (redacted only)
    - Exhibit D (redacted only)
    - Exhibit E (redacted only)
    - Exhibit F (redacted only)
    - Exhibit G (redacted only)
    - Exhibit H (redacted only)
    - Exhibit I (redacted only)
    - Exhibit J (redacted only)
    - Dexhibit K (redacted only)
    - Exhibit L (redacted only)

Withers Bergman LLP

3

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT

- Exhibit M (redacted only)
- Exhibit N (redacted only)
- Exhibit O (redacted only)
- Exhibit P (redacted only)
- Exhibit Q (redacted only)
- Exhibit R (redacted only)
- Exhibit S (redacted only)
- Exhibit T (redacted only)
- Exhibit U (redacted only)
- Exhibit V (redacted only)
- Exhibit W (redacted only)
- Exhibit X (redacted only)
- Exhibit AA (redacted only)
- Exhibit EE (redacted only)
- Exhibit FF (redacted only)

With respect to Category 1, Plaintiff is amenable to publicly filing all such information contained within his filed papers, where those papers do not also reflect PII. Plaintiff takes no position on whether the compelling reasons standard is met with respect to the material identified in Category 1. However, Plaintiff recognizes that the sealed material is subject to a confidentiality provision implicating other parties. Therefore, Plaintiff seeks leave to file this information under seal to allow Defendants the chance to respond and advocate for sealing if they wish.

With respect to Category 2, the parties have already requested, and this Court has granted, requests to seal PII, including personal emails, phone numbers, and addresses, related to Plaintiff, Defendants, and other third parties. (*See* Dkt. Nos. 75-76, 111.) Based on those previous rulings, Plaintiff therefore respectfully seeks leave to file the same/similar information under seal, as identified above.

In an effort to seal only what is necessary, Plaintiff has concurrently filed

public, redacted versions of the documents itemized above, with the exception of two documents for which Plaintiff has filed a slipsheet (Exhibits Y and GG to the Amended Complaint).

For the foregoing reasons, Plaintiff respectfully requests leave to (1) file under seal the items identified above and (2) file public versions redacted or withheld in full, as identified above.

DATED:  May 15, 2026

Respectfully Submitted
WITHERS BERGMAN LLP

By:  */s/ Jordan W. Garman*
Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

WITHERS BERGMAN LLP

5

Case No. 3:26-cv-00965-LL-MMP

PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL CERTAIN INFORMATION WITHIN PLAINTIFF STEVEN SHARIF'S AMENDED VERIFIED COMPLAINT AND EXHIBITS IN SUPPORT OF COMPLAINT