Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDING LLC, and JASON CARAMANIS <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **DECLARATION OF JORDAN W. GARMAN IN SUPPORT OF PLAINTIFF STEVEN SHARIF'S UNOPPOSED MOTION TO SEAL** <br><br> *Filed concurrently with Motion to Seal* <br><br> Judge:          Hon. Linda Lopez <br> Hearing Date:  June 19, 2026 <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:      Not Set |

**DECLARATION OF JORDAN W. GARMAN**

I, JORDAN W. GARMAN, declare as follows:

1.      I am a Partner with the firm Withers Bergman LLP, counsel for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc. ("Intrepid"), (together "Plaintiff") in this action. All facts set forth in this declaration are of my own personal knowledge or are believed by me to be true. If called as a witness, I could and would testify competently as to all facts set forth herein.

2.      I submit this declaration in support of Plaintiff Steven Sharif's Unopposed Motion to Seal Certain Information Within Plaintiff Steven Sharif's Amended Verified Complaint and Exhibits in Support of Complaint (the "Motion to Seal").

3.      Allegations included in Plaintiff's Amended Verified Shareholder Derivative Complaint and Direct Complaint (the "Amended Complaint") and exhibits attached to Plaintiff's Amended Complaint include two categories of information that he seeks to seal: (1) information from an agreement signed between Plaintiff and other parties which contains a confidentiality provision governing disclosure of the information contained therein, which agreement is also attached to the Amended Complaint as Exhibit Y and (2) personal identifying information of the parties and third parties.

4.      With respect to the first category, Plaintiff previously lodged this agreement with the Court at Dkt. No. 4, Exhibit A. The relevant confidentiality clause is contained in Section 9 of that agreement. This same document is attached to Plaintiff's Amended Complaint as Exhibit Y. Plaintiff does not take a position with respect to whether this information should be sealed, but Plaintiff respectfully requests that it be provisionally sealed pending any response from Defendants to this Motion.

5.      The specific documents for which Plaintiff seeks provisional sealing based on the referenced agreement are:

a. Plaintiff's Amended Complaint at the following page and line numbers:

   i. Page 3, lines 15-16

   ii. Page 18, lines 12-22

   iii. Page 19, lines 9-11

   iv. Page 19, line 13

   v. Page 19, line 20

   vi. Page 21, line 28

b. Exhibits to the Amended Complaint, in the following exhibits:

   i. Exhibit X (redacted only)

   ii. Exhibit Y (sealed in full)

   iii. Exhibit Z (redacted only)

   iv. Exhibit AA (redacted only)

   v. Exhibit GG (sealed in full)

6. In addition, many exhibits to the Amended Complaint contain personal identifying information ("PII"), including personal phone numbers, personal e-mail addresses, physical or mailing addresses, and names of third-party investors unaffiliated with the instant dispute.

7. The specific documents Plaintiff seeks to redact based on the inclusion of PII are:

a. Exhibits to the Amended Complaint, in the following exhibits:

   i. Exhibit A (redacted only)

   ii. Exhibit B (redacted only)

   iii. Exhibit C (redacted only)

   iv. Exhibit D (redacted only)

   v. Exhibit E (redacted only)

   vi. Exhibit F (redacted only)

   vii. Exhibit G (redacted only)

viii.    Exhibit H (redacted only)

ix.    Exhibit I (redacted only)

x.    Exhibit J (redacted only)

xi.    Exhibit K (redacted only)

xii.    Exhibit L (redacted only)

xiii.    Exhibit M (redacted only)

xiv.    Exhibit N (redacted only)

xv.    Exhibit O (redacted only)

xvi.    Exhibit P (redacted only)

xvii.    Exhibit Q (redacted only)

xviii.    Exhibit R (redacted only)

xix.    Exhibit S (redacted only)

xx.    Exhibit T (redacted only)

xxi.    Exhibit U (redacted only)

xxii.    Exhibit V (redacted only)

xxiii.    Exhibit W (redacted only)

xxiv.    Exhibit X (redacted only)

xxv.    Exhibit AA (redacted only)

xxvi.    Exhibit EE (redacted only)

xxvii.    Exhibit FF (redacted only)

10.    On May 15, 2026, I contacted counsel by e-mail for Defendants in good faith to discuss this Motion to Seal. Counsel for Defendants stated that they did not oppose this Motion to Seal. A true and correct copy of that e-mail correspondence is attached hereto as **Exhibit 1**.

//

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 15, 2026 at Boston, Massachusetts.

By: */s/ Jordan W. Garman*
Jordan W. Garman