# EXHIBIT 1

| | |
|---|---|
| **From:** | Samuel A. Schwartz <saschwartz@nvfirm.com> |
| **Sent:** | Friday, May 15, 2026 2:51 PM |
| **To:** | Garman, Jordan |
| **Cc:** | Athanasios Agelakopoulos; Emily Anderson; Jason Thomas; Nall, Jessica |
| **Subject:** | RE: Sharif v. Dawson |

Agreed and thank you for sending over.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Sent:** Friday, May 15, 2026 10:27 AM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Athanasios Agelakopoulos <AAgelakopoulos@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** RE: Sharif v. Dawson

Thank you. For the motion to seal, similar to before, we will seek to seal the following items:

- The agreement that is Exhibit A to the current complaint and references thereto (however, as before, we will take the position that we are agnostic over its being sealed and we are moving conditionally to give other parties to that agreement an opportunity to advocate for its sealing in response if they wish).

- Personal cell phone numbers of parties

- Personal home addresses of parties

- Personal email addresses of parties

Best,
Jordan

**Jordan Garman**
Partner
Dispute Resolution
t +1 617 613 9705
withersworldwide.com | my profile

Withers Bergman LLP

1

100 Federal Street, Suite 1902, Boston, MA 02110*
430 Park Avenue, 10th Floor, New York, New York 10022-3505

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Thursday, May 14, 2026 8:16 PM
**To:** Garman, Jordan <Jordan.Garman@withersworldwide.com>
**Cc:** Athanasios Agelakopoulos <AAgelakopoulos@nvfirm.com>; Emily Anderson <eanderson@nvfirm.com>; Jason Thomas <JThomas@nvfirm.com>; Nall, Jessica <Jessica.Nall@withersworldwide.com>
**Subject:** Re: Sharif v. Dawson

Jordan, thank you - we would like you to file your reply, but if you need an extra day or 2, no objection.  With respect to the motion to seal, generally, no opposition, but can you tell us what needs sealing?  Last, we agree, remote seems practical.

In terms of client discussions, there is not a back-and-forth.  I understand Mr. Sharif made a proposal, but it was a non-started for TFE.


**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


On May 14, 2026, at 8:01 PM, Garman, Jordan <Jordan.Garman@withersworldwide.com> wrote:


Sam,

We were under the impression that our various clients have been engaged in discussions.

In any case, in view of the upcoming June 12 mediation, we would like to meet and confer about staying the remaining deadlines on the receiver briefing (Plaintiff's reply/opposition + Defendant's reply) to save the parties' and the court's resources unless we cannot reach a resolution at the mediation. It is inefficient to have a hearing date on the receiver motion of June 11, with the mediation on June 12 that might obviate it. The parties could still file their amended complaint and response, respectively, to assist the Magistrate Judge with a full picture of the claims and defenses. We plan to move the Court to this effect.

Relatedly:

1. In connection with Plaintiff's amended complaint that we are filing tomorrow, we will need to file a motion to seal. As with other sealing motions, the motion will cover the document that is Exhibit A

to the existing complaint and references thereto, and PII (emails and phone numbers). May we say our motion is unopposed?

2. The Magistrate Judge ordered us to meet and confer by May 18 on whether the mediation should proceed remotely or in person. We have no objection to remote, which seems to be the default. What is your view?

Best,
Jordan

3