UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 26cv965-LL-JLB |
| Plaintiff, | **ORDER GRANTING JOINT MOTION TO SEAL CERTAIN INFORMATION FILED IN DEFENDANTS' OPPOSITION TO MOTION FOR RECEIVER** |
| v. | |
| ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC, | [ECF No. 105] |
| Defendants, | |
| And | |
| INTREPID STUDIOS, INC., | |
| Nominal Defendant. | |

Before the Court is the parties' joint motion to seal portions of the following: (1) Defendants' opposition to Plaintiff's motion for receiver and (2) declarations of Robert Dawson, Theresa Fette, Ryan Ogden, and Douglas Bartels in support of Defendants' opposition and attached exhibits. ECF No. 105. The parties contend that sealing is warranted because they consist of the following: (1) personal identifying information of

1

the parties and third parties, and (2) confidential business information. *Id.* at 3–5; ECF No. 105-3, Declaration of Samual A. Schwartz, ¶¶ 8–10.

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). However, a court may seal material produced in a motion that is unrelated or only tangentially related to the merits of the case for good cause. *Id.* at 1097, 1101.

The good cause standard applies here because the motion for a receiver is unrelated to the merits of the case. The Court finds good cause to **GRANT** the Joint Motion to redact personal identifying information and confidential business information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have denied public access to court documents where they "might become a vehicle for improper purposes," including "as sources of business information that might harm a litigant's competitive standing").

To the extent that Defendants previously filed documents without redactions, Defendants are **ORDERED** to withdraw those documents and refile them with the proper redactions.[1]

**IT IS SO ORDERED.**

Dated:  May 15, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[1] The Clerk's Office is unable to make the requested substitutions. Defendants should be aware that it will not be possible to withdraw only one portion of a docket entry; the main document and its exhibits will all need to be withdrawn and refiled.

2

26cv965-LL-JLB