Jessica Nall (SBN 215149)
Jessica.Nall@withersworldwide.com
Withers Bergman LLP
909 Montgomery Street, Suite 300
San Francisco, California 94133
Telephone:  415.872.3200

Leslie Evans (SBN 173010)
Leslie.Evans@withersworldwide.com
4250 Executive Square, Suite 540
La Jolla, CA 92037
Telephone:  619.329.6454

Jordan W. Garman (admitted *pro hac vice*)
Jordan.Garman@withersworldwide.com
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone:  212.848.9882

*Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDING LLC, and JASON CARAMANIS, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP <br><br> **PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION TO CONTINUE HEARING AND BRIEFING DEADLINES ON RECEIVER MOTIONS** <br><br> *Filed concurrently with Declaration of Jessica Nall* <br><br> Judge:          Hon. Linda Lopez <br> Hearing Date:  Not Set <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** <br><br> Action Filed:  February 14, 2026 <br> Trial Date:     Not Set |

WITHERS
BERGMAN LLP

### NOTICE OF *EX PARTE* MOTION TO CONTINUE HEARING AND BRIEFING DEADLINES ON RECEIVER MOTIONS

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 14B, United States Court House, 333 West Broadway, San Diego, CA, Plaintiff Steven Sharif as an individual and derivatively on behalf of Intrepid Studios, Inc., will and hereby does move this Court *ex parte* for an Order continuing the hearing and briefing deadlines on the parties' Receiver Motions (the "*Ex Parte* Motion to Continue") as follows, or on such dates as are convenient for the Court:

1. On or before **June 25, 2026**, Plaintiff shall file his consolidated reply to Defendants' Opposition to Plaintiff's Motion for Receiver and Opposition to Defendants' Counter-Motion for Appointment of Limited Receiver in a combined brief no longer than 25 pages;

2. On or before **July 2, 2026**, Defendants shall file their reply to Plaintiff's Opposition to Defendant's Counter-Motion for Appointment of Limited Receiver in a brief no longer than 10 pages.

3. The hearing date for the Motion and Counter-Motion shall be **July 9, 2026**.

This motion is made following conference of counsel, as described in the accompanying Declaration of Jessica Nall ("Nall Decl."), ¶ 4.

Plaintiff makes this application pursuant to this Notice of Motion, the Memorandum of Points and Authorities, and Declaration of Jessica Nall filed concurrently herewith, as well as the pleadings and records on file in this action, and upon such oral and other documentary evidence as this Court may require.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff respectfully submits the following Memorandum of Points and Authorities in support of his *Ex Parte* Motion to Continue Hearing and Briefing Deadlines on the parties' Receiver Motions (the "*Ex Parte* Motion to Continue"), specifically on Plaintiff Steven Sharif's Motion for a Receiver, (ECF No. 78), and Defendants' Counter-Motion for Appointment of Limited Receiver, (ECF No. 104) (collectively, the "Motions"). Good cause exists to continue the hearing on the Motions, and related briefing deadlines.

*First*, the Motions are currently scheduled for a hearing date on June 11, 2026, (ECF No. 97 at 2), the day before the parties' Early Neutral Evaluation Conference ("ENE") before United States Magistrate Judge Michelle M. Pettit scheduled for June 12, 2026. If the parties are able to resolve their dispute during the ENE, it would obviate the need for the Court to consider the parties' dual proposals for appointment of a receiver. Further, the undersigned counsel has become aware of informal settlement discussions between the parties which are ongoing including as recently as the end of last week. Therefore, continuing the hearing date on the Motions, which extends the outstanding briefing deadlines related to the Motions, would preserve both the Court's and parties' resources in the event of resolution.

*Second*, Plaintiff's Amended Complaint, filed on May 15, 2026, (ECF No. 112), added Jason Caramanis as a defendant. Mr. Caramanis, who has yet to be served, and as to whom issuance of summons is imminently awaited, has not had the opportunity to assert his position as to either of the parties' proposals for a receiver. Continuing the hearing on those Motions and extending briefing deadlines will provide Mr. Caramanis the opportunity to assert his position on those issues in the event that the dispute is not resolved at mediation or otherwise.

Plaintiff, therefore, requests an order continuing the hearing date on the

consolidated Motions and related briefing deadlines to the following dates, or to other dates convenient to the Court:

4. On or before **June 25, 2026**, Plaintiff shall file his consolidated reply to Defendants' Opposition to Plaintiff's Motion for Receiver and Opposition to Defendants' Counter-Motion for Appointment of Limited Receiver in a combined brief no longer than 25 pages;

5. On or before **July 2, 2026**, Defendants shall file their reply to Plaintiff's Opposition to Defendant's Counter-Motion for Appointment of Limited Receiver in a brief no longer than 10 pages.

6. The hearing date, if any, for the Motion and Counter-Motion shall be **July 9, 2026**.

Plaintiff has no objection to alternate dates in recognition of the Court's or opposing counsel's schedule, but respectfully requests any continuance occur through completion of the ENE.

## II.    FACTUAL BACKGROUND

On April 14, 2026, Plaintiff filed his Motion for Receiver and an *Ex Parte* Motion to Shorten Time for consideration of his Motion for Receiver. (ECF Nos. 78-79.) The Court denied Plaintiff's *Ex Parte* Motion to Shorten Time on April 20, 2026, and set the hearing date as May 19, 2026. (ECF No. 87 at 3.) The Court ordered that the parties "further meet and confer in person or by video conference on the issue of a receiver." (*Id.*) The parties met and conferred extensively. As a result, (1) Plaintiff narrowed his requested relief, (ECF No. 95), and (2) the parties negotiated a consolidated briefing schedule on Plaintiff's Motion for Receiver, and Defendants' Counter-Motion for Appointment of Limited Receiver, which the Court so-ordered on May 7, 2026. (ECF No. 97.)

Under that consolidated schedule, (ECF No. 97), Defendants filed their response to Plaintiff's Motion for Receiver and their Counter-Motion on May 7, 2026,

(*see id.* at 2; ECF Nos. 98[1], 104). Plaintiff is due to file his consolidated reply on his Receiver Motion and Opposition to Defendants' Counter-Motion on May 28, 2026, and Defendants are due to file their reply on their Counter-Motion on June 4, 2026. (ECF No. 97 at 2.) The Motions share a hearing date of June 11, 2026. (*Id.*)

Pursuant to the parties' meet and confers on the Motions, the parties also agreed to participate in an ENE in an effort to resolve the entire case. On May 4, 2026, Judge Pettit scheduled the ENE for June 12, 2026—the day after the Motions' hearing date. (ECF No. 93.) Thereafter, Plaintiff filed his Amended Complaint on May 15, 2026 naming a new defendant—Jason Caramanis—who has not yet been served or had the opportunity to weigh in on the pending Motions.[2] (*See* ECF No. 112.)

Subsequently, the undersigned counsel became aware of informal settlement discussions which were occurring between the Parties. (Nall Decl. ¶ 3.) On May 14, 2026, Plaintiff's counsel met and conferred with Defendants' counsel on the continuance request. (Nall Decl., ¶ 4, Ex. 1.) Defendants did not agree to a continuance at that time.

### III.   ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). And when a motion is filed *ex parte*, good cause exists where "'the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'" and "'the moving party is

---

[1] Defendants withdrew and re-filed their Opposition with additional redactions on May 19, 2026. (ECF Nos. 118, 119).

[2] A summons for Mr. Caramanis has not yet been issued, and Plaintiff has therefore been unable to serve the Amended Complaint on Mr. Caramanis.

without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.'" *Walpert v. Solar Integrated Roofing Corp.*, 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)); *see also Masoumeh Sadeghi Mahonak v. Blinken*, 2024 WL 7020082, at *1 (C.D. Cal. Oct. 30, 2024) (applying same *ex parte* standard to opposed *ex parte* motion to continue hearing date). Here, good cause exists both to grant Plaintiff's request to continue, and to do so on an *ex parte* basis.

**A.    Good Cause Exists to Continue the Hearing Date and Briefing Deadlines on the Motions**

Good cause exists to continue the hearing and related briefing deadlines on the Motions. The Motions may be mooted if the parties are able to resolve their disputes during the ENE, which is scheduled for June 12, 2026—the day after the June 11, 2026 hearing date for the Motions. Courts have found that continuances are warranted to preserve judicial resources if future events may materially change the issue under consideration or obviate the need for judicial consideration altogether. *See Belardes v. LoanDepot.com, LLC*, 2025 WL 3804493, at *1-2 (C.D. Cal. Mar. 7, 2025) (granting opposed *ex parte* motion to continue deadlines for class certification motion, crediting arguments that a continuance would "preserve judicial resources" based on unresolved questions on substitution of named class representative); *Lusk v. Five Guys Enterprises LLC*, 2022 WL 5264265, at *1-2 (E.D. Cal. Sept. 12, 2022) (approving continuance of scheduling order deadlines based on pending motion for approval of settlement based in part on efforts to "preserv[e] judicial resources.").

Here, if the parties resolve this case during the ENE, the Motions would be moot, and there would be no need for the Court to expend its resources considering the Motions. Even if the parties cannot reach a full resolution, the parties may be able to further align on the receiver's scope during mediation and, thus, narrow the issues before the Court. These same considerations could substantially preserve party

resources as well by pausing briefing on motions that may be mooted the day following the hearing date.

Secondly, a continuance will avoid prejudice to the newly-added defendant, Jason Caramanis, whom Plaintiff added as a defendant on May 15, 2026 in his amended complaint. (*See* ECF No. 112). A summons for Mr. Caramanis has not yet been issued, and therefore Plaintiff has been unable to serve Mr. Caramanis as of yet despite all intentions to do so. A continuance will allow such service and permit Mr. Caramanis the opportunity to weigh in on appointment of a receiver and scope, should the ENE mediation and other settlement discussions fail.

**B.     Plaintiff's Motion to Continue Hearing on the Motions Should Be Heard *Ex Parte***

Plaintiff will be irreparably harmed if this motion is not heard on an *ex parte* basis. Under this Court's Civil Chambers Rules, Rule 3(B), "[p]arties filing a noticed motion must set the hearing to be thirty-five (35) days from the motion's filing date." Therefore, the earliest that Plaintiff could set his *Ex Parte* Motion to Continue for hearing as a noticed motion would be June 30, 2026—after the hearing date on the Motions that Plaintiff seeks to continue, thus rendering the instant request moot.

Further, Plaintiff did not create the exigent circumstances requiring *ex parte* consideration. Plaintiff seeks to continue the hearing date and related briefing deadlines on the Motions to preserve the Court's and parties' resources should the parties be successful in resolving their dispute at the upcoming ENE scheduled for June 12, *i.e.*, the day after the hearing date on the Motions.

Based on ongoing informal settlement discussions occurring directly between the parties over the last several weeks and continuing into last week, Plaintiff was and remained hopeful that the parties could agree to a mutual standstill related to the Motions and the litigation. However, to date, agreement on a standstill has not been reached. Given the imminent briefing deadlines on the Motions, Plaintiff is forced to seek the requested continuance *ex parte* to preserve judicial resources. Plaintiff

remains optimistic that the parties can resolve the entire case through settlement negotiations, including through the ENE. Therefore, both the Court and the parties would benefit by conserving resources related to the Motions given the significant possibility that the ENE and related discussions will moot the receiver issue.

However, even had Plaintiff filed this request upon the scheduling of the ENE, at which time the informal discussions had not yet progressed, that would not have obviated the need for *ex parte* relief on this motion to continue. The Magistrate Judge issued the order scheduling the ENE on May 4, 2026. (ECF No. 93). Per this Court's Civil Chambers Rules, Rule 3, (1) any party filing a noticed motion must conference with opposing counsel "at least **seven (7) days** prior to the filing of the motion" and (2) "must set the hearing" on the motion "to be thirty-five (35) days from the motion filing date." Thus, the earliest Plaintiff could have filed a noticed motion to continue was May 11, 2026, with a hearing date of June 15, 2026. That hearing date is still after the hearing date on the Motions, and any relief granted on the motion to continue would have been moot. Accordingly, there is no prejudice to Defendants by granting Plaintiff's sought relief *ex parte*.

Instead, Plaintiff has filed this *Ex Parte* Motion ahead of not just Plaintiff's opposition and reply deadline (May 28, 2026), but also Defendants' reply deadline (June 4, 2026), (*See* ECF No. 97 at 2), meaning Defendants' resources will be saved as well should the parties reach resolution at the ENE. In addition, Plaintiff filed this motion promptly after Mr. Caramanis was added as a defendant, and in light of becoming aware of ongoing informal discussions directly involving the parties. Given that Plaintiff has not yet received summons necessary to serve Mr. Caramanis, *ex parte* relief will ensure that such service can occur and that he will be able to assert his position on the Motions should settlement not be reached.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's *Ex Parte* Motion to Continue Hearing and Briefing Deadlines on the

Motions.

DATED:  May 26, 2026

Respectfully submitted,

WITHERS BERGMAN LLP


By: */s/ Jessica Nall*
    Jessica Nall (SBN 215149)
    Jessica.Nall@withersworldwide.com
    Withers Bergman LLP
    909 Montgomery Street, Suite 300
    San Francisco, California 94133
    Telephone:  415.872.3200

    Leslie Evans (SBN 173010)
    Leslie.Evans@withersworldwide.com
    4250 Executive Square, Suite 540
    La Jolla, CA 92037
    Telephone:  619.329.6454

    Jordan W. Garman (admitted *pro hac vice*)
    Jordan.Garman@withersworldwide.com
    430 Park Avenue, 10th Floor
    New York, NY 10022
    Telephone:  212.848.9882

    *Attorneys for Plaintiff Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc.*