Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Amara S. Barbara, Esq.
California Bar No. 323332
abarbara@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson,
Ryan Ogden, Theresa Fette, Aaron Bartels,
and TFE Games Holdings, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS, LLC; and JASON CARAMANIS,<br><br>Defendants,<br><br>and<br><br>INTREPID STUDIOS, INC.,<br><br>Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TFE DEFENDANTS' OPPOSITION TO PLAINTIFF STEVEN SHARIF'S *EX PARTE* MOTION TO CONTINUE HEARING AND BRIEFING DEADLINES ON RECEIVER MOTIONS**<br><br>*Filed concurrently with Declaration of Robert Dawson*<br><br>Judicial Officer: Hon. Linda Lopez<br>Courtroom: 14B (14th Floor)<br>Hearing Date: N/A<br>Hearing Time: N/A<br><br>Action Filed: February 14, 2026<br>Trial Date: Not Set |

Captioned defendants Robert Dawson ("**Dawson**"), Ryan Ogden ("**Ogden**"), Theresa Fette ("**Fette**"), Aaron Bartels ("**Bartels**"), and TFE Games Holdings, LLC ("**TFE**" and, with Dawson, Ogden, Fette, and Bartels, the "**TFE Defendants**") hereby submit their *Memorandum of Points and Authorities in Support of TFE Defendants'*

1                    26cv00965-LL-MMP

*Opposition to Plaintiff Steven Sharif's <u>Ex Parte</u> Motion to Continue Hearing and Briefing Deadlines on Receiver Motions* (the "**TFE Defendants' Opposition**") to *Plaintiff Steven Sharif's <u>Ex Parte</u> Motion to Continue Hearing and Briefing Deadlines on Receiver Motions (Doc. No. 122)* (the "**Plaintiff's Motion to Continue**"). The TFE Defendants' Opposition is supported by the accompanying declaration of Robert Dawson (the "**Dawson Declaration**"), the memorandum of points and authorities below, the pleadings, documents, and other papers comprising the Court's official docket in the captioned case, and any other or further briefing or oral argument the Court may entertain or hear with respect to Plaintiff's Motion to Continue and the TFE Defendants' Opposition thereto.

Based on the arguments that follow below, the TFE Defendants respectfully submit that the TFE Defendants' Opposition should be sustained, and Plaintiff's Motion to Continue should either be denied outright or granted only with respect to the Court's currently scheduled hearing of June 11, 2026 – with a short continuance of the scheduled hearing date for, by way of example, a calendar week until June 18, 2026.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     LEGAL ARGUMENT**

     **A.     PLAINTIFF FAILS TO DEMONSTRATE GOOD CAUSE TO CONTINUE DEADLINES ON AN *EX PARTE* BASIS.**

The TFE Defendants begin by noting that there are currently no meaningful settlement negotiations between the Parties. Dawson Declaration, pars. 3-4. Critically, the only exhibit attached to Plaintiff's Motion to Continue notes that as of May 14, 2026, "there is not a back-and-forth. I understand Mr. Sharif made a proposal, but it was a non-starte[r] for TFE." *See* Plaintiff's Motion to Continue, Ex. 1 at pg. 1, ECF No. 122-2. It stands to reason that the Parties would jointly stipulate to plaintiff Steven Sharif's ("**Sharif**" or "**Plaintiff**" and, together with the TFE Defendants, the "**Parties**") requested relief here to avoid any unnecessary litigation fees, costs, and

expenses, if there were, in fact, any meaningful and ongoing settlement discussions. This renders the TFE Defendants' absence – either in the form of a joint motion or joinder – all the more conspicuous, and seriously undermines Plaintiff's characterization of any such discussions. More problematic still is that the Parties have already stipulated to the briefing schedule and cadence governing the very deadlines with respect to which Plaintiff now seeks relief on an *ex parte* basis. These procedural maneuvers are consistent with Plaintiff's prior practice.

Distilled to its essence, Plaintiff's Motion to Continue is predicated upon the apparent lack of synchrony between the Court's hearing date of June 11, 2026, with the Court reserving for itself the right to set a hearing date for oral argument on the Competing Receiver Motions[1] should the Court determine that oral argument is otherwise necessary and the June 12, 2026 date for the Early Neutral Evaluation. (Doc. Nos. 93; 96; and 97, pg. 2 of 2, ¶ 4). This line of argument fails for multiple reasons.

First, the deadlines established with respect to the Competing Receiver Motions were agreed to jointly by the Parties. The Court's direction with respect to the Early Neutral Evaluation was docketed on May 4, 2026. (Doc. No. 93). The Parties jointly stipulated to the governing briefing schedule on May 7, 2026, with the Court approving the Parties' joint briefing schedule on that same date. (Doc. Nos. 96-97). Plaintiff's Motion to Continue lacks any reasonable justification for waiting until May 26, 2026 to seek *ex parte* relief. The Court also, no doubt, noticed that Plaintiff's Motion to Continue mentions Plaintiff's filing of his amended complaint on May 15, 2026; but, it fails to recognize that the response deadline of the TFE Defendants of May 29, 2026 remains fully operative and no request was made to move that deadline in Plaintiff's Motion to Continue. This is part and parcel of Plaintiff's litigation

---

[1] The "**Competing Receiver Motions**" are the (i) *Plaintiff's Motion for Receiver* (Doc. No. 78) and (ii) the Motion of the TFE Defendants for the appointment of a limited receiver (Doc. No. 104).

strategy and procedural maneuvering to this point: deadlines for thee, but none for me. Thus, Plaintiff appears predominantly concerned with delaying the adjudication of the Competing Receiver Motions, not cost savings and improving efficiencies, as he claims.

Furthermore, continued adherence to the Parties' stipulated briefing schedule will only serve to aid the ENE by allowing Judge Pettit to have the benefit of full briefing from the Parties that may inform and guide any potential progress or resolution that could be made at the ENE. Plaintiff's Motion to Continue, again, does not offer a sufficiently persuasive justification for forcing Judge Pettit and the TFE Defendants to operate in a vacuum at the ENE. A simple continuance or establishment of a date for oral argument or resolution that follows the June 12, 2026 date for the ENE is all that is necessary to address Plaintiff's expressed concerns, and the TFE Defendants respectfully submit that no more balm is needed for that wound (self-inflicted by Plaintiff though it may be). Arguments based on informal settlement discussions are not a sufficient basis for continuing litigation deadlines when parties to the alleged negotiations object. Lastly, Plaintiff's stated concern about the newly added defendant Jason Caramanis' ability to comment on the Competing Receiver Motions is entirely transparent; indeed, Mr. Caramanis is not a board member of Intrepid Studios, Inc. and Plaintiff is not asking to re-set any other deadlines to accommodate Mr. Caramanis. Therefore, there is no good cause to continue the briefing on this basis.

**B.    THERE IS NO EXIGENCY SUPPORTING PLAINTIFF'S *EX PARTE* APPLICATION.**

Once again, Plaintiff seeks relief from this Court on an emergency and *ex parte* basis on the eve of a critical hearing or, in this case, deadline needed to advance this case forward. The Court will, no doubt, recall Plaintiff's efforts in advance of the March 18, 2026 hearing on the dissolution of the Court's then previously issued temporary restraining order to have counsel for the TFE Defendants disqualified. (*See,*

*e.g.,* Doc. Nos. 47-49). Immediately following the Court's denial of Plaintiff's disqualification motion and request for entry of a preliminary injunction, Plaintiff then sought to have his motion to appoint a receiver heard, once again, on shortened notice. (*See* Doc. Nos. 73 and 78-79). In both of these instances, the TFE Defendants were required to respond immediately, with notice periods that are just as easily measured in hours as they are in days. (*See* Doc. Nos. 50 and 83). In both of these instances, the Court sustained the opposition of the TFE Defendants to Plaintiff's requests and entered orders denying Plaintiff's *ex parte* motions for orders shortening time. (Doc. Nos. 51 and 87). Undeterred by these prior rulings and acting against the Court's issued guidance to date, Plaintiff now, once again, moves the Court on an *ex parte* basis through Plaintiff's Motion to Continue to reset and delay its established deadlines and hearing date on the Competing Receiver Motions.

There was no reason Plaintiff needed to wait until May 26, 2026, at 11:10 PM PDT to serve Plaintiff's Motion to Continue. Plaintiff inexplicably waited almost two weeks from May 14, 2026, when the issue was first raised, to make this eleventh hour request and force the Court and the TFE Defendants into this untenable position. Similarly, Plaintiff refused to formalize the joint stipulation offered on May 14, 2026, to provide "an extra day or 2" to finalize the reply, which would have extended Plaintiff's filing deadline past the date for the ENE, thereby obviating the alleged need for the instant *ex parte* application. *See* Plaintiff's Motion to Continue, Ex. 1 at pg. 1, ECF No. 122-2. This gamesmanship underscores why Plaintiff's argument is specious; i.e., if the concern was to ensure that Plaintiff did not need to file the Reply until after the ENE set for June 12, 2026, then Plaintiff could have accepted the additional few days to finalize and file the Reply that was offered on May 14, 2026 and thereby been able to attend the ENE prior to his filing deadline. Plaintiff chose not to and now brings this Motion to Continue that risks undermining the effectiveness of the ENE and further delaying resolution of issues Plaintiff claims carry the risk of irreparable harm to Intrepid, if not granted.

In the end, Plaintiff started this litigation. Now that the litigation is not proceeding as Plaintiff envisioned, his tactics have shifted to delaying the proceedings to increase the TFE Defendants' fees, costs, and expenses. As the U.S. Supreme Court has observed, deadlines "prompt parties to act" and "produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992). Particularly where, as here, those deadlines were stipulated to by the Parties, with full knowledge of the upcoming ENE, they should not be disrupted on the eve of a deadline by an *ex parte* motion. The TFE Defendants respectfully submit that, like Plaintiff's prior efforts to seek expedited or *ex parte* relief from this Court, Plaintiff's Motion to Continue should, likewise, be denied.

Dated: May 28, 2026.

By: */s/ Sasha Aliakbar-Amid*
Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Amara S. Barbara, Esq.
California Bar No. 323332
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*