Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Amara S. Barbara, Esq.
California Bar No. 323332
abarbara@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS, LLC; and JASON CARAMANIS,<br><br>Defendants,<br><br>and<br><br>INTREPID STUDIOS, INC.,<br><br>Nominal Defendant. | Case No.: 3:26-cv-00965-LL-MMP<br><br>**ANSWER TO AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT AND DIRECT COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br><u>**JURY DEMAND**</u><br><br>Judicial Officer: Hon. Linda Lopez<br>Courtroom: 14B (14th Floor)<br><br>Action Filed: February 14, 2026<br>Trial Date: Not Set |

## ANSWER TO AMENDED COMPLAINT

Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC ("**TFE**" and, collectively with Dawson, Ogden, Fette, and Bartels, "**Defendants**"), by and through their undersigned counsel of record, hereby file their answer to the amended verified complaint (the "**Amended Complaint**") filed by Plaintiff Steven Sharif ("**Plaintiff**" or "**Sharif**"), as an individual and derivatively on behalf of Intrepid Studios, Inc. ("**Intrepid**"), and affirmative defenses.

Defendants deny all allegations contained in the headings and/or subheadings preceding individually numbered paragraphs of the Amended Complaint as well as in the prayer for relief contained therein. Defendants further deny all allegations of the Amended Complaint to the extent not expressly admitted below. Defendants respond to the individually numbered paragraphs of the Amended Complaint as follows:

## NATURE OF THE ACTION

1. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

2. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

3. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

4. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

5. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

6. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

7.    The Board Defendants[1] admit that they have solicited buyers for *Ashes of Creation.* The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

8.    Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

9.    Denied.

10.    Denied as to all allegations concerning Defendants.

### JURISDICTION AND VENUE

11.    Admitted.

12.    Admitted that venue is proper in this District. Defendants specifically deny any wrongful acts on their part directed at this District or elsewhere.

### PARTIES

13.    Admitted only that Plaintiff is a former CEO and board member for the Company.

14.    Admitted.

15.    Admitted that Defendant Dawson has served as Intrepid's Chairman of the Board since 2024, that Dawson is Intrepid's majority shareholder, that he is a junior secured lender to Intrepid, that he resides in Longwood, Florida, and that, by his involvement with Intrepid, he has purposefully availed himself of the benefits and protections of California's laws. The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendant Dawson specifically denies any wrongdoing on his part.

16.    Admitted that Defendant Ogden has served as Intrepid's Chief Financial Officer since September 2024, has been a board member since August 2024, that he is a debtholder of the Company, that he resides in Sanford, Florida, and that, by his

---

[1]    All capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Complaint.

involvement with Intrepid, he has purposefully availed himself of the benefits and protections of California's laws. The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendant Ogden specifically denies any wrongdoing on his part.

17.    Admitted that Defendant Fette has served on Intrepid's board of directors since August 2025, that she is a debtholder of the Company, that she resides in Las Vegas, Nevada, and that, by her involvement with Intrepid, she has purposefully availed herself of the benefits and protections of California's laws. The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendant Fette specifically denies any wrongdoing on her part.

18.    Admitted that Defendant Bartels has served on Intrepid's board of directors since August 2025, that he resides in Las Vegas, Nevada, and that, by his involvement with Intrepid, he has purposefully availed herself of the benefits and protections of California's laws. The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendant Bartels specifically denies any wrongdoing on his part.

19.    Admitted that Defendant TFE is a Delaware limited liability company that was created by and is wholly owned by Defendant Dawson. The remainder of the allegations in this paragraph are denied in the manner and form alleged and Defendant TFE specifically denies any wrongdoing on its part.

20.    The allegations in this paragraph do not pertain to these Defendants and no answer is required. To the extent a further response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

**DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS**

21.    Defendants deny that the Company has suffered any injuries as a direct and proximate result of their conduct. Defendants recognize that Plaintiff purports to bring certain of his claims derivatively on behalf of Intrepid.

22.    Admitted only that Plaintiff has been a shareholder of Intrepid in the past and is a shareholder of Intrepid as of the filing of this answer.

23.    Admitted only that Plaintiff is the founder of Intrepid and a current shareholder.

24.    Denied.

25.    Defendants specifically deny any wrongdoing on their part and deny that there is a basis for any valid claims against them. Defendants further deny that Plaintiff has made an adequate showing of demand futility.

**GENERAL ALLEGATIONS[2]**

26.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

27.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

28.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

29.    Admitted that an Early Access version of *Ashes of Creation* was released to the public in 2025 through Steam. Defendants specifically deny any wrongdoing on their part or "illicit plan". Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

30.    Admitted only that Intrepid has developed certain intellectual property and trade secrets. Defendants are without sufficient knowledge or information to form

---

[2]    Plaintiff's subheadings from the General Allegations section of the Amended Complaint are not reproduced here. Several of the subheadings contain inaccurate allegations and, as noted above, Defendants deny all allegations contained in the subheadings in the Amended Complaint.

a belief as to the truth or falsity of the remaining allegations in this paragraph as specifically stated and therefore deny the same.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph as specifically stated and therefore deny the same.

32. Admitted only that Intrepid has taken certain measures to safeguard confidential and trade secret information. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph as specifically stated and therefore deny the same.

33. Admitted only that Intrepid has required contractors and third-party vendors to sign non-disclosure agreements and/or be subject to contractual confidentiality obligations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph as specifically stated and therefore deny the same.

34. Admitted only that Intrepid has developed certain internal access controls. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph as specifically stated and therefore deny the same.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph as specifically stated and therefore deny the same.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph as specifically stated and therefore deny the same.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of all of the allegations in this paragraph as specifically stated and therefore deny the same.

38. Admitted that Defendant Dawson first met Plaintiff in 2020. The

remaining allegations in this paragraph are denied in the manner and form alleged.

39. Denied in the manner and form alleged.

40. Denied in the manner and form alleged.

41. Denied in the manner and form alleged.

42. Denied in the manner and form alleged.

43. Denied in the manner and form alleged.

44. Denied.

45. Admitted that Defendant Dawson extended a series of loans to the Company. The remaining allegations in this paragraph are denied in the manner and form alleged.

46. Denied in the manner and form alleged.

47. Denied.

48. Denied.

49. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

50. Admitted only that Defendant Dawson and Plaintiff exchanged the texts found in Exhibit W. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

51. Denied in the manner and form alleged.

52. Defendant Dawson specifically denies any wrongdoing on his part or that he was the cause of any health problems which may have been experienced by Plaintiff. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

53. Admitted that the Settlement Agreement was entered into by the parties thereto including Plaintiff Sharif, who signed it both as a representative of Intrepid

and in his individual capacity.

54. Admitted only that Defendant Dawson filed a UCC-1 financing statement on May 13, 2024, perfecting his security interest. The remaining allegations in this paragraph are denied in the manner and form alleged.

55. Denied in the manner and form alleged.

56. Denied in the manner and form alleged.

57. Denied in the manner and form alleged.

58. Denied in the manner and form alleged.

59. Denied in the manner and form alleged and Defendant Dawson denies any wrongdoing on his part and specifically denies threatening to physically harm Plaintiff "and his loved ones".

60. Admitted only that Defendant Dawson became Chairman of the Board on or about September 4, 2024 and that Defendant Ogden became CFO. The remainder of the allegations in this paragraph are denied in the manner and form alleged.

61. Admitted only that Defendants Fette and Bartels became Board members in August 2025. The remainder of the allegations in this paragraph are denied in the manner and form alleged.

62. Denied in the manner and form alleged.

63. Denied.

64. Denied in the manner and form alleged.

65. Denied in the manner and form alleged.

66. Denied in the manner and form alleged.

67. Denied in the manner and form alleged.

68. Denied.

69. Denied.

70. Admitted that Aream & Co. was unable to obtain an offer for the Company. It is denied that the actions of any of these Defendants were in any way the

cause of potential investors choosing not to invest in the Company.

71.  Denied in the manner and form alleged.

72.  Admitted only that an early access launch of *Ashes of Creation* in partnership with Steam took place in December 2025. The remainder of the allegations in this paragraph are denied in the manner and form alleged.

73.  Denied in the manner and form alleged.

74.  Denied in the manner and form alleged.

75.  Denied in the manner and form alleged.

76.  Admitted, upon information and belief.

77.  Denied in the manner and form alleged.

78.  Denied in the manner and form alleged.

79.  Denied in the manner and form alleged.

80.  Denied in the manner and form alleged.

81.  Denied in the manner and form alleged.

82.  Denied in the manner and form alleged.

83.  Denied in the manner and form alleged.

84.  Denied in the manner and form alleged.

85.  Denied.

86.  Denied in the manner and form alleged.

87.  Denied in the manner and form alleged.

88.  Denied in the manner and form alleged.

89.  Admitted only that a call with investors took place on or about January 14, 2026. The remainder of the allegations in this paragraph are denied in the manner and form alleged.

90.  Denied in the manner and form alleged.

91.  Denied in the manner and form alleged.

92.  Denied.

93.  Denied.

94. Denied in the manner and form alleged.

95. Denied in the manner and form alleged.

96. Denied in the manner and form alleged.

97. Admitted that Sharif resigned from the Company on January 19, 2026.

98. Denied.

99. Denied in the manner and form alleged.

100. Denied in the manner and form alleged.

101. Denied in the manner and form alleged.

102. Denied in the manner and form alleged.

103. Denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

104. Defendants deny any "wage theft" or other wrongdoing on their part. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

105. Denied in the manner and form alleged.

106. Denied in the manner and form alleged.

107. Defendants specifically deny any wrongdoing on their part. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

108. Denied in the manner and form alleged.

109. Denied in the manner and form alleged.

110. Defendants deny any wrongdoing on their part. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

111. The allegations in this paragraph are, in part, incomprehensibly vague and Defendants, therefore, deny same. Defendants specifically deny any wrongdoing on their part.

112. The allegations in this paragraph are, in part, incomprehensibly vague and Defendants, therefore, deny same. Defendants specifically deny any wrongdoing on their part.

113. Denied.

114. All allegations pertaining to these Defendants in this paragraph are denied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

115. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

116. All allegations pertaining to these Defendants in this paragraph are denied. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

117. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

118. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

119. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

120. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

121. Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

122. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

123. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

124. Defendants deny any wrongdoing on their part. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

125. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

126. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

127. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

128. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

129. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

130. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny

the same.

131.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

132.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

133.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

134.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

135.   All allegations are denied as to these Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

136.   All allegations are denied as to these Defendants. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

137.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

138.   Defendants deny any "illicit plan" or other wrongdoing on their part. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore deny the same.

139.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny

26cv00965-LL-MMP

the same.

140.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

141.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

142.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

143.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

144.    Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Admitted only that Valve terminated Intrepid's Steam partnership on or about February 3, 2026. The remaining allegations in this paragraph are denied in the manner and form alleged.

150.    Defendants admit that the Article 9 sale to TFE was set aside on March 25, 2026. The remaining allegations in this paragraph are denied in the manner and form alleged.

151.    Admitted only that Defendant Dawson executed the Bill of Sale on behalf of TFE. The remaining allegations are denied in the manner and form alleged.

152. Denied.

153. Denied in the manner and form alleged.

154. Denied in the manner and form alleged.

155. Denied in the manner and form alleged.

156. Denied in the manner and form alleged.

157. Denied.

## FIRST CLAIM FOR RELIEF

(Defend Trade Secrets Act, 18 U.S.C. §§ 1831, *et seq.*)

AGAINST THE BOARD DEFENDANTS AND TFE

158. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

159. Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

160. Admitted only that the Company owned certain trade secret information and took steps to protect it. Defendants deny that this admission establishes any element of Plaintiff's claim.

161. Admitted only that the Company developed and owned trade secret information. The remaining allegations in this paragraph are denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

162. Denied.

163. Denied in the manner and form alleged.

164. Denied.

165. Denied.

166. Denied.

167. Denied in the manner and form alleged.

168. Denied.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

(Misappropriation of Trade Secrets under California's Uniform Trade Secret Act, Cal. Civ. Code §§ 3426, *et seq.*)

### AGAINST THE BOARD DEFENDANTS AND TFE

169.   Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

170.   Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

171.   Admitted only that the Company owned certain trade secret information and took steps to protect it. Defendants deny that this admission establishes any element of Plaintiff's claim.

172.   Admitted only that the Company developed and owned trade secret information. The remaining allegations in this paragraph are denied in the manner and form alleged and Defendants specifically deny any wrongdoing on their part.

173.   Denied.

174.   Denied in the manner and form alleged.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied in the manner and form alleged.

179.   Denied.

## THIRD CLAIM FOR RELIEF

(Violations of California Commercial Code §§ 9101, *et seq.*)

### AGAINST THE BOARD DEFENDANTS AND TFE

180.   Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

181.   Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

182.   Admitted that between 2022 and 2025, Defendant Dawson extended debt to Intrepid and that on May 13, 2024, Dawson perfected his secured debt by filing a UCC-1 financing statement. The remaining allegations in this paragraph are denied in the manner and form alleged.

183.   Admitted that Defendant Dawson transferred his secured interest in Intrepid to TFE in January 2026. The remaining allegations in this paragraph are denied in the manner and form alleged.

184.   Denied in the manner and form alleged.

185.   Denied in the manner and form alleged.

186.   Denied in the manner and form alleged.

187.   Denied in the manner and form alleged.

188.   Denied.

### FOURTH CLAIM FOR RELIEF

(Breach of Fiduciary Duty)

AGAINST BOARD DEFENDANTS

189.   Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

190.   Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

191.   Admitted only that the Board Defendants have served on Intrepid's Board during the time periods acknowledged in paragraphs 15-18 above.

192.   The Board Defendants admit only those duties imposed upon them by law or otherwise. Further, the Board Defendants affirmatively state that they were guided by and strictly observed all of their legal duties as directors of Intrepid. In further answering, the Board Defendants deny that they in any way breached their fiduciary duties to Intrepid or its shareholders.

193.   Denied.

194.   Denied.

195. Denied.

196. Denied.

197. This paragraph primarily recites relief being sought by Plaintiff rather than containing answerable allegations. To the extent this paragraph contains allegations against the Board Defendants, the Board Defendants deny any wrongdoing and deny that their actions caused any harm to Intrepid or its shareholders. The Board Defendants further deny that the equitable relief sought by Plaintiff should be granted.

## FIFTH CLAIM FOR RELIEF

(Aiding and abetting Breach of Fiduciary Duty)

AGAINST DEFENDANTS TFE AND JASON CARAMANIS

198. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

199. Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

200. Admitted only that Defendant TFE is controlled by Defendant Dawson. The remaining allegations in this paragraph are denied in the manner and form alleged.

201. Admitted that the Board Defendants have only those duties imposed upon them by law or otherwise. Further, the Board Defendants were guided by and strictly observed all of their legal duties as directors of Intrepid. In further answering, the Defendants deny that the Board Defendants in any way breached their fiduciary duties to Intrepid or its shareholders.

202. Denied in the manner and form alleged and it is specifically denied that the Board Defendants breached their fiduciary duties.

203. Denied that the Board Defendants breached their fiduciary duties and denied that Defendant TFE in any assisted breaches of fiduciary duty.

204. Denied that the Board Defendants breached their fiduciary duties in any respect and it is specifically denied that they conspired with Defendant Jason

18                                26cv00965-LL-MMP

Caramanis to do so.

205. Denied.

## SIXTH CLAIM FOR RELIEF

(Corporate Waste)

AGAINST BOARD DEFENDANTS

206. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

207. Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

208. The Board Defendants admit only those duties imposed upon them by law or otherwise. Further, the Board Defendants affirmatively state that they were guided by and strictly observed all of their legal duties as directors of Intrepid. In further answering, the Board Defendants deny that they in any way breached their fiduciary duties to Intrepid or its shareholders.

209. The Board Defendants admit only those duties imposed upon them by law or otherwise. Further, the Board Defendants affirmatively state that they were guided by and strictly observed all of their legal duties as directors of Intrepid. In further answering, the Board Defendants deny that they in any way breached their fiduciary duties to Intrepid or its shareholders.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

## SEVENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

AGAINST BOARD DEFENDANTS AND CARAMANIS

214. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

215.    Admitted that Plaintiff brings this claim as a direct claim. Defendants deny that it is a valid claim.

216.    Denied.

217.    Denied.

218.    The allegations in this paragraph pertain to Defendant Jason Caramanis. To the extent any of these allegations are meant to pertain to these Defendants, they are denied.

219.    The allegations in this paragraph pertain to Defendant Jason Caramanis. To the extent any of these allegations are meant to pertain to these Defendants, they are denied.

220.    The allegations in this paragraph pertain to Defendant Jason Caramanis. To the extent any of these allegations are meant to pertain to these Defendants, they are denied.

221.    Denied as to the Board Defendants.

222.    Denied as to the Board Defendants.

## EIGHTH CLAIM FOR RELIEF

### (Civil Conspiracy)

### AGAINST ALL BOARD DEFENDANTS AND TFE

223.    Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

224.    Admitted only that Plaintiff Sharif purports to bring this claim as both a derivative claim and direct claim. Defendants deny that Plaintiff has brought a valid claim.

225.    Denied.

226.    Denied.

227.    Denied.

/ / /

/ / /

20                                    26cv00965-LL-MMP

## NINTH CLAIM FOR RELIEF

(Conversion of Corporate Assets)

AGAINST BOARD DEFENDANTS

228. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

229. Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

230. Denied in the manner and form alleged.

231. Denied.

232. Denied.

## TENTH CLAIM FOR RELIEF

(Civil Extortion)

AGAINST DEFENDANTS DAWSON AND CARAMANIS

233. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

234. Admitted only that Plaintiff Sharif purports to bring this claim as a direct claim. Defendants deny that Plaintiff has brought a valid claim.

235. Denied.

236. Denied as to Defendant Dawson.

237. Denied.

238. Denied as to Defendant Dawson.

239. Denied as to Defendant Dawson.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

## ELEVENTH CLAIM FOR RELIEF

(Defamation)

AGAINST DEFENDANTS DAWSON, OGDEN, AND CARAMANIS

246.   Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

247.   Admitted only that Plaintiff Sharif purports to bring this claim as a direct claim. Defendants deny that Plaintiff has brought a valid claim.

248.   Denied as to Defendants Dawson and Ogden.

249.   Denied as to Defendants Dawson and Ogden.

250.   Denied as to Defendants Dawson and Ogden.

251.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

252.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

253.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

254.   Denied.

255.   Denied.

256.   The allegations in this paragraph appear to pertain to Defendant Jason Caramanis. To the extent these allegations pertain to any of these Defendants, they are denied.

257.   Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

258.   Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in this paragraph and therefore deny the same.

259. Denied.

260. Denied.

## TWELFTH CLAIM FOR RELIEF

(Declaratory Judgment)

AGAINST DEFENDANTS DAWSON AND TFE

261. Defendants repeat, reallege, and incorporate by reference each of the foregoing responses as if fully set forth herein.

262. Admitted only that Plaintiff Sharif purports to bring this claim as a derivative claim. Defendants deny that Plaintiff has brought a valid claim.

263. Admitted that Defendants Dawson and TFE contend that TFE holds a valid and perfected security interest in Intrepid's assets and that TFE does, in fact, hold a valid and perfected security interest in Intrepid's assets, including its intellectual property and trade secrets and that TFE has any and all rights attendant to its valid and perfected security interest.

264. Defendants recognize that Plaintiff is now disputing the validity of TFE's perfected security interest but Plaintiff previously acknowledged the validity of same. Denied in the manner and form alleged.

265. Denied.

266. Denied in the manner and form alleged.

267. Denied in the manner and form alleged.

268. Denied.

269. Denied in the manner and form alleged and Defendants specifically deny any attempts to "seize, use, transfer, or sell" Intrepid assets "under the guise of a non-existent or extinguished security interest".

270. The declaratory relief sought by Plaintiff should be denied and Defendants Dawson and TFE deny that they do not possess any valid, enforceable, or

foreclosable security interest in Intrepid's assets.

**<u>AFFIRMATIVE DEFENSES</u>**

For further and separate defenses to the causes of action alleged in the Amended Complaint, and without admitting that they have the burden of proof on any of these defenses, Defendants assert as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state any claim against these Defendants upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring some or all of his claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not suffered damages as a result of the conduct alleged in the Amended Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused in whole or in part, or were contributed to, by his own wrongful conduct.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by the acts or omissions of a third party over whom these Defendants have no control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were the result of intervening and/or superseding events, factors, occurrences, or conditions, which were in no way caused by these Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, release, estoppel, and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay, and the incurrence of needless cost of litigation to Defendants.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own fraudulent conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants performed all duties owed to Intrepid and to Plaintiff, if any, other than any duties which were prevented or excused, and therefore were never in breach of said duties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the due process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and the Eighth Amendment of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to his ratification of, and consent to, Defendants' conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable federal and state statutes of limitations. To the extent Plaintiff seeks to bring claims outside the applicable statutes of limitations, the Amended Complaint is time-barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of any other Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief because Plaintiff has an adequate alternate remedy or adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants suffered damages as a result of Plaintiff's actions and omissions and, therefore, have the right to offset any amount of money that may be owed to or due to Plaintiff by way of damages or restitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants hereby incorporate by reference those Affirmative Defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.

In the event further investigation or discovery reveals the applicability of any additional defenses, Defendants reserve the right to seek leave of Court to amend their answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by reason of his claims;

2.     That judgment be rendered in favor of Defendants on all claims;

3.     That Defendants be awarded their attorneys' fees and costs of suit incurred in defense of this action; and

4.     For such other relief as the Court deems proper.

Dated: May 29, 2026.

By: */s/ Sasha Aliakbar-Amid*
Samuel A. Schwartz, Esq.
  (admitted *pro hac vice*)
Nevada Bar No. 10985
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

Samuel B. Strohbehn, Esq.
California Bar No. 257697
Amara S. Barbara, Esq.
California Bar No. 323332
Maddie Rudge, Esq.
California Bar No. 362727
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California  92101

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*