

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS LLC; JASON CARAMANIS, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.: 26cv965-LL-MMP <br><br> **ORDER DENIES AS MOOT PLAINTIFF'S EX PARTE MOTION TO CONTINUE HEARING AND BRIEFING DEADLINES ON RECEIVER MOTIONS** <br><br> [ECF No. 122] |

On May 26, 2026, Plaintiff filed an ex parte motion to continue hearing and briefing deadlines on the parties' receiver motions (the "Ex Parte Motion to Continue"). ECF No. 122. On May 28, 2026, Defendants filed an Opposition. ECF No. 125.

Plaintiff contends that extending the remaining briefing deadlines on the parties' cross-motions for a receiver until after the early neutral evaluation ("ENE") on June 12,

2026 may be more efficient if the parties are able to resolve their disputes at the ENE. ECF No. 122 at 6. Plaintiff further contends that the parties have been engaged in "ongoing informal settlement discussions occurring directly between the parties over the last several weeks and continuing into last week." *Id.* at 7. Plaintiff also argues that a continuance will avoid prejudice to the newly-added defendant, Jason Caramanis, who has not yet been served. *Id.*

Defendants oppose the Ex Parte Motion to Continue, arguing there is no good cause to continue the briefing because (1) the parties stipulated to the current briefing schedule on May 7, 2026, which was three days *after* the ENE date was set, and yet Plaintiff waited until May 26, 2026 to file this motion ex parte; (2) there are "currently no meaningful settlement negotiations between the Parties"; and (3) Plaintiff is not requesting to reset any other deadlines to accommodate Mr. Caramanis, who is also not a board member of Intrepid Studios, Inc., which is the subject of the proposed receiver motions. ECF No. 125 at 2–4; ECF Nos. 93, 96. Defendants also argue that fully briefed motions may aid the magistrate judge in the ENE settlement discussions. ECF No. 125 at 4.

A court may extend a deadline for good cause. Fed. R. Civ. P. 6(b). The Court does not find good cause to extend the briefing deadlines because the parties are not in agreement over the status of settlement negotiations. Furthermore, the parties agreed to this briefing schedule with full knowledge of the ENE date.

Although the Court does not find Plaintiff has shown good cause for the extension requested, it would have allowed a brief continuance, but the matter appears to be moot. Plaintiff filed his consolidated opposition to Defendants' countermotion and reply in support of his motion for receiver on May 28, 2026. The only remaining briefing deadline is Defendants' reply, but Defendants oppose the request to continue. Although the undersigned's Civil Chambers Rules provide that the Court may rule on ex parte applications without requiring a response from the opposing party, it also allows a response within two court days, which is what occurred here. Defendant's Opposition was filed two days after the Ex Parte Motion to Continue at 6:29 p.m. and the instant order issued the

26cv965-LL-MMP

next day. Accordingly, the Court **DENIES** Plaintiff's Ex Parte Motion to Continue as moot.

     **IT IS SO ORDERED.**

Dated:  May 29, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv965-LL-MMP