

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., | Case No.: 26cv965-LL-MMP |
| Plaintiff, | **ORDER:** |
| v. | **(1) FOR SUPPLEMENTAL ACTIONS; AND** |
| ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS LLC; JASON CARAMANIS, | **(2) SETTING HEARING ON CROSS-MOTIONS FOR RECEIVER** |
| Defendants, | |
| and | |
| INTREPID STUDIOS, INC., | |
| Nominal Defendant. | |

The parties have consented to the limited use of a receiver to, *inter alia*, monitor any Article 9 foreclosure sale of Intrepid's assets and issue a report to the Court as to the propriety of the Article 9 foreclosure process. ECF Nos. 95 at 2; 104 at 8; 126 at 12. They disagree as to other powers and duties of a potential receiver. Upon review of the parties'

briefings on cross-motions for a receiver [ECF Nos. 78, 104], the Court finds it necessary to resolve one of the issues raised in the briefings before issuing a decision.

Plaintiff and Defendants disagree on whether the promissory notes issued by Robert Dawson to Intrepid are secured. This is important because Defendants intend to hold an Article 9 foreclosure sale, and they can only do so if the defaulted loans are secured. *See* Cal. Com. Code § 9610(a) ("After default, a *secured* party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." (emphasis added)); ECF No. 104 at 3 (explaining that Defendants' goal is to proceed to a second Article 9 foreclosure sale "without the unnecessary dissipation of Intrepid's assets").

Plaintiff attests that some of the convertible promissory notes expressly state that the debt is unsecured and attaches three examples. ECF No. 78-2, Declaration of Steven Sharif, ¶ 12; ECF No. 78-7 at 5 (April 20, 2023 note for $1,075,000); ECF No. 78-8 at 5 (Aug. 16, 2023 note for $765,000); ECF No. 78-9 at 5 (Feb. 26, 2025 note for $250,000).

Defendants contend in their Opposition that there are a total of fifty-four promissory notes that identify the $78,480,831.45 loaned to Intrepid by Dawson, and that contrary to Plaintiff's attestation, "all of the Notes expressly reference the Security Agreement and, thus, are secured." ECF No. 119 at 6. In support, Defendants attach a Pledge and Security Agreement ("Security Agreement") dated March 23, 2022 and signed by Plaintiff and Dawson. ECF No. 121-2. Defendants also attach copies of two promissory notes that state that they are secured and reference the Security Agreement. ECF No. 121-1 at 5 (Nov. 23, 2020 note for $8,000,000); ECF No. 121-3 at 5 (March 21, 2023 note for $1,400,000).

It appears to the Court from the five promissory notes attached to the briefings that at least two of the notes are secured.[1] However, contrary to Defendants' express assertion, three of the notes are unsecured; they do not reference the Security Agreement, and they

---

[1] The validity of the notes produced by each side has not been challenged.

expressly state that they are unsecured. ECF No. 78-7 at 5; ECF No. 78-8 at 5; ECF No. 78-9 at 5. It is unknown if the remaining forty-nine notes are secured because copies of those have not been provided. At the very least, the total amount of secured debt must be known to determine the limits of any credit bid by Defendants in an Article 9 sale. The Court, at this point, is unclear as to whether and how an Article 9 sale takes place when some of the notes are secured and some are not because that is not addressed in the briefings.

The Court finds it expeditious to order the parties to take certain actions in an attempt to resolve this important preliminary issue quickly and simply. Whether or not the notes are secured appears to be readily apparent on the face of the notes. Accordingly, the Court **ORDERS** as follows:

1.    The parties shall meet and confer on or before **June 26, 2026** to determine which of the fifty-four promissory notes from Dawson to Intrepid are secured, and the total amount of debt that is secured. Both sides shall produce and share copies of the promissory notes in their possession to compare. The Court expects Defendants, at least, to have a copy of all fifty-four notes.

2.    The partes shall file a joint status report on or before **July 2, 2026** that explains the findings. If some of the notes are secured and some are not, the parties shall include how that impacts a potential Article 9 foreclosure sale, including if Defendants can hold one and whether that affects which or how many assets may be sold.

3.    The Court will hold a hearing on the cross-motions for a receiver on **July 7. 2026 at 1:30 p.m. PST** by video conference. A link for the hearing will be sent by email to lead counsel of record prior to the hearing date.

**IT IS SO ORDERED**.

Dated:  June 22, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv965-LL-MMP