# EXHIBIT 1

Theresa C. Becerra, Esq. (State Bar No. 205338)
**SPENCER FANE LLP**
201 Santa Monica Blvd., Suite 550
Santa Monica, California 90401
Telephone: (424) 217-1830
Fax: (424) 217-1854
Email: tbecerra@spencerfane.com

Vincent J. Aiello, Esq. *(Pro Hac Vice Forthcoming)*
Tyler B. Thomas, Esq. *(Pro Hac Vice Forthcoming)*
Jason Smith, Esq. *(Pro Hac Vice Forthcoming)*
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3419
Fax: (702) 408-3401
Email:    vaiello@spencerfane.com
          tthomas@spencerfane.com
          jcsmith@spencerfane.com

*Attorneys for Intrepid Studios, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, and JASON CARAMANIS, <br><br> Defendants, <br><br> and <br><br> INTREPID STUDIOS, INC., <br><br> Nominal Defendant. | Case No.   3:26-cv-00965-LL-MMP <br><br> **DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM AND DELIVERY RELIEF** <br><br> **Action Filed:    02/14/2026** <br> **Jud. Officer:    Hon. Linda Lopez** |
| INTREPID STUDIOS, INC., a California Corporation, <br><br> Cross-Claimant, <br><br> v. <br><br> STEVEN SHARIF, an individual <br><br> Cross-Defendant. | |

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

1

INTREPID STUDIOS, INC., a California Corporation,

Third-Party Plaintiff,

v.

JASON ZIMMERMAN an individual, JOHN MOORE an individual, MATTHEW RHOADES an individual, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X

Third-Party Defendants.

I, Doug Bartels, declare as follows:

1.     I am the Corporate Restructuring Agent of Intrepid Studios, Inc. ("Intrepid" or the "Company"). I submit this declaration in support of Intrepid's Motion to Compel Turnover of Intrepid's Intellectual Property and for claim-and-delivery relief. I have personal knowledge of the facts stated in this declaration, except as to matters stated on information and belief, and could competently testify to them.

2.     Intrepid developed Ashes of Creation. Intrepid's source code, repositories, administrative and vendor system credentials, platform accounts, authentication methods, technical documentation and code, technical configuration, server and computer hardware, storage media, legal documentation and related systems are Company assets used to develop, preserve, operate, and commercialize Ashes of Creation.

3.     Jason Zimmerman was employed by Intrepid beginning on or about January 3, 2022, as Director of Information Technology. In that role, Zimmerman was responsible for Intrepid's technology infrastructure, source-code repositories, data-center operations, credential administration, and access controls for systems necessary to develop, preserve, operate, distribute, and monetize *Ashes of Creation*.

4.     Matthew Rhoades was employed by Intrepid beginning on or about June 20, 2023 as Information Technology Manager and reported directly to Zimmerman.

/ / /

/ / /

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

2

5.     Through those roles, Zimmerman and Rhoades routinely accessed and were responsible for Company systems, credentials, repositories, data-center infrastructure, and related hardware.

6.     Zimmerman and Rhoades each signed Employee Confidentiality, Non-Disclosure, and Non-Recruiting Agreements and acknowledged Company policies requiring the protection and return of Company property, confidential information, trade secrets, electronic data, records, equipment, and storage media upon termination.

7.     On January 30, 2026 Intrepid announced workforce reductions necessitated by the Company's financial condition.

8.     On January 30, 2026, Intrepid notified Zimmerman and Rhoades of their termination. Their confidentiality, return-of-property, and post-termination cooperation obligations remained in effect.

9.     On or about January 30, 2026, Intrepid's Board directed that employee access to Company source code be restricted and did not authorize the removal of physical Company assets from the ScaleMatrix data-center facility nor any additional copies of code and other proprietary assets to be made.

10.     After termination notice was provided, Zimmerman and Rhoades accessed the ScaleMatrix data center on four occasions between January 30, 2026, and February 1, 2026, and removed Intrepid server hardware, computer equipment, and/or related components from that facility. Intrepid did not authorize Zimmerman or Rhoades to retain those assets for their own possession or control.

11.     On or about May 14, 2026, Intrepid was provided access to a storage facility in San Diego, California, containing the equipment removed by Zimmerman and Rhoades, including certain server chassis. The chassis were empty or incomplete, and components, including processors, motherboards, memory modules, storage media, and related server components were missing or could not be verified as present.

/ / /

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

3

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM AND DELIVERY RELIEF                                   Case No. 3:26-cv-00965-LL-MMP

12. Zimmerman has represented that all equipment removed from the ScaleMatrix data center was moved to the aforementioned storage facility and he has demanded that Intrepid pay storage fees before obtaining access to its own property. Intrepid has not been able to independently verify the completeness, condition, security, integrity, or location of all removed equipment and components.

13. Zimmerman has not provided Intrepid's Board, management, or the Court-appointed Intellectual Property Custodian with complete access to Intrepid's software source code, credentials, administrative control, authentication methods, or access information for all Company systems. Zimmerman, Rhoades, Sharif, and/or persons acting with them have maintained control and have not provided Intrepid with complete access, administrative control, credentials, authentication methods, or transition information for all Company systems, including source-code repositories, cloud infrastructure, platform accounts, payment systems, community platforms, and vendor accounts necessary to operate the Company.

14. Systems for which access has been withheld, incomplete, or impaired include, without limitation,

(a) Amazon Web Services (AWS)—core cloud infrastructure and game hosting;

(b) Atlassian (Confluence) – workforce collaboration tools;

(c) Bitwarden – password vault containing additional credentials;

(d) Boomlibrary and Waves – audio asset libraries;

(e) Cloudfare;

(f) Confluence;

(g) DB Scheme – database design tools;

(h) Discord – social media site;

(i) Docker – containerization platform;

(j) Docusign – company documentation library;

(k) Duo

4

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM AND DELIVERY RELIEF                                    Case No. 3:26-cv-00965-LL-MMP

(l) GitKraken – development tools;

(m)　GoDaddy – website;

(n) G-Suite - Google Workspace (g-suite) – company email and collaboration platform;

(o) Incident.io – operational incident management;

(p) JetBrains – development environments;

(q) Jira – development collaboration;

(r) Lens – Kubernetes management;

(s) Miro – collaborative design platform;

(t) MongoDB – primary game database;

(u) Okta – development tools;

(v) Perforce – primary version control system for the Ashes of Creation source code;

(w)　Playfab – development tools;

(x) Reddit – social media site;

(y) Resemble.ai – voice synthesis services;

(z) Sentry – development tools;

(aa)　Unifi / UI.com / UBIQUITI INC. – development tools;

(bb)　Universal Foundry – development tools and collaborator;

(cc)　Veeam – development tools;

(dd)　VMWare / VSphere – development tools;

(ee)　Xsolla – development tools;

(ff)　Miscellaneous artificial intelligence tools (Claude, Chat GPT, etc)

15. Access to servers and the content therein at the data center remains impaired because two-factor authentication or recovery methods are tied to email addresses, phone numbers, authenticator applications, devices, or other methods outside Intrepid's control, including methods controlled by Zimmerman.

5

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM
AND DELIVERY RELIEF                                          Case No. 3:26-cv-00965-LL-MMP

16. As a result, Intrepid does not have complete control over its source code, source-code repositories, authentication methods, administrative privileges, platform accounts, payment systems, customer-facing platforms, commercial distribution channels, documentation, communication, company legal documents, physical hardware, storage media, and related development assets. This prevents Intrepid from reliably securing, preserving, developing, operating, commercializing, and monetizing Ashes of Creation and impairs Intrepid's ability to operate its business.

17. Immediate turnover is necessary to preserve Intrepid's property and trade secrets, prevent further loss or alteration, restore Company access and control, and allow the Company to use its assets for the benefit of Intrepid and its shareholders while this litigation proceeds.

18. For purposes of claim and delivery, Intrepid owns and is entitled to immediate possession of the physical property identified in paragraph 20 of this declaration. Zimmerman and Rhoades came into possession or control of that property solely through their employment and IT-related roles. Their authority to possess or control it was limited to Company purposes and ended no later than termination.

19. The property is wrongfully detained because Intrepid did not authorize its removal from ScaleMatrix or continued detention outside Company control, and because Zimmerman and Rhoades were required to return Company property after termination.

20. The property sought consists of Intrepid-owned physical and access-related property removed from, used for, or necessary to access Company systems, including: server chassis and server components; processors; motherboards; memory modules; power supplies; networking cards; hard drives; SSDs; USB drives; external drives; Company computers, laptops, workstations, mobile devices, authentication devices, security keys, technical records, deployment materials, and vendor-account materials. Known serial numbers, models, quantities, and values are being confirmed because the property remains outside Intrepid's control. These assets were suspected

6

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM
AND DELIVERY RELIEF                                          Case No. 3:26-cv-00965-LL-MMP

to be removed from the data center as well as the office.

21. Intrepid presently estimates the value of the property to be approximately $518,240.00.[1] subject to supplementation after inspection and inventory. Known information includes $518,240 spent on Computer Equipment from October 2022 through April 2025 (30 months).

22. To the best of my knowledge, information, and belief, the property identified above has been peddled or is located in whole or in part with Zimmerman, Rhoades, Sharif, Moore or persons acting with them who now reside at unknown addresses, and/or at other private locations, storage facilities, residences, offices, vehicles, or facilities controlled by Zimmerman, Rhoades, Sharif, Moore, or persons acting with them.

23. To the best of my knowledge, information, and belief, the property has not been taken for any tax, assessment, or fine pursuant to statute and has not been seized under an execution against Intrepid's property.

24. Intrepid's claim to possession is probably valid because the property belongs to Intrepid, was possessed or controlled by Zimmerman, Rhoades, Sharif, Moore or persons acting with them only through their Company roles, was not authorized to be removed or withheld, and is subject to written return-of-property obligations.

25. Attached as Exhibit 2 is a true and correct copy of Zimmerman NDA and Handbook acknowledgment.

26. Attached as Exhibit 3 is a true and correct copy of Rhoades NDA and Handbook acknowledgment.

27. Attached as Exhibit 4 are true and correct copies of photographs of Zimmerman and Rhoades removing Intrepid property without authorization.

---

[1] Upon information and belief, Intrepid understands that an additional $500,000.00 of credit card charges reimbursed by Intrepid were used to purchase additional equipment. However, no receipts, statements, or other documentation were provided to verify what was purchased with Intrepid Funds.

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM AND DELIVERY RELIEF                    Case No. 3:26-cv-00965-LL-MMP

28.    Attached as Exhibit 5 are true and correct copies of photographs depicting Intrepid property stored at a storage locker used by Zimmerman.

29.    Attached as Exhibit 6 is a true and correct copy of correspondence between Intrepid and Zimmerman's counsel wherein it was demanded Intrepid pay the storage fees for its own property taken without authorization.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2026.


*/s/ Doug Bartels*
Doug Bartels

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

8

DECLARATION OF DOUG BARTELS IN SUPPORT OF MOTION TO COMPEL TURNOVER AND CLAIM AND DELIVERY RELIEF                          Case No. 3:26-cv-00965-LL-MMP