# EXHIBIT 6

**DeFreitas, Sonny**

---

| | |
|---|---|
| **From:** | douglas.bartels@gmail.com |
| **Sent:** | Friday, June 12, 2026 2:03 PM |
| **To:** | DeFreitas, Sonny |
| **Subject:** | [EXTERNAL] FW: Access |

**[Warning] This E-mail came from an External sender. Please do not open links or attachments unless you are sure it is trusted.**

---

**From:** K.C. Maxwell <kcm@kcmaxlaw.com>
**Sent:** Saturday, May 9, 2026 2:35 PM
**To:** Douglas Bartels <douglas.bartels@gmail.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Subject:** Re: Access

Guys,

We have someone available at 11:00 on Thurs, 5/14/26 to meet you (for removal of all inventory) at
2245 Hotel Circle South
San Diego, CA 92108

Please confirm.

*KC Maxwell*
M 415.531.3100

> On May 8, 2026, at 4:12 AM, Douglas Bartels <douglas.bartels@gmail.com> wrote:
>
>
> Hi KC,
>
> 1. Please confirm location, day and time - if Tuesday is the day, our preference is between 1130-2
> 2. Please send over the itemized amounts due with receipts
> 3. Yes, we will move items out that day assuming we meet at a reasonable time
>
> Thanks.
>
> Doug
>
>
>> On May 7, 2026, at 2:57 PM, K.C. Maxwell <kcm@kcmaxlaw.com> wrote:

1

Sam,

Thanks for calling back. I'm working on finding a time next week that will work. Probably Tuesday.

Would you please pay the storage fees to my trust account — and I'll pay Jason?

Please also confirm that you plan to move the contents and vacate the storage unit that day?

He must be there in person to transfer ownership, and for reasons we discussed, that's no longer an option.

Thanks,

*KC Maxwell*
M 415.531.3100

> On May 6, 2026, at 8:33 AM, Samuel A. Schwartz <saschwartz@nvfirm.com> wrote:
>
>
> Good morning.  Thank you for your email.  We asked repeatedly for the coordinates of how to meet Jason the week of 4/27, which requests were ignored until you belatedly told me on 4/27 that Jason was not coming until this week on or about 5/5.  Now this week, without warning, you told us Jason is coming next week.  We made plans last week and this week to be available for the handoff.  I understand your comments about the costs, which we always understood was a prerequisite to turnover.  The problem is that neither you nor Jason will tell us how to pay those costs, only the amounts.  Again, we have tried repeatedly to gain access, yet Jason plays games and continues to move the goalposts.
>
> On the spoliation front, you should have a heart-to-heart with your client.  He destroyed company assets.
>
> **Samuel A. Schwartz, Esq.**
> Schwartz, PLLC
> 601 East Bridger Avenue
> Las Vegas, NV 89101
> 702.802.2207 tel
> SASchwartz@nvfirm.com
>
> **CONFIDENTIALITY NOTICE**

2

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** K.C. Maxwell <kcm@kcmaxlaw.com>
**Sent:** Wednesday, May 6, 2026 8:18 AM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Douglas Bartels <douglas.bartels@gmail.com>
**Subject:** Re: Access

Sam,

Your email does not accurately characterize either my prior communications or Jason's position.

In each communication regarding the storage issue, I have asked for confirmation that Jason will be reimbursed for the expenses he incurred preserving and storing company property, as well as for the time required to coordinate turnover. Those requests have largely gone unanswered.

With respect to timing, I previously advised you that Jason would be in San Diego on certain dates and requested confirmation regarding logistics and payment so that arrangements could be finalized. We did not receive a response until yesterday. Jason no longer lives in San Diego and is not in a position to make last-minute travel arrangements after extended silence.

This is not gamesmanship. As you know, Jason moved the non-IP materials into storage and continued paying storage costs after he learned the landlord would stop being paid. Had he not done so, those materials likely would have remained inaccessible at the studio.

Your suggestion that Jason has engaged in spoliation or malicious conduct is unfounded. As you are aware, the servers were intentionally shut down and preserved at your client's request and the systems remain intact. Jason has repeatedly attempted to proceed in an orderly and practical manner while protecting himself from further exposure arising from disputes between the company, the board, and former personnel.

I will call you later today to discuss a practical path forward.

3

*KC Maxwell*
M 415.531.3100

On May 5, 2026, at 11:13 PM, Samuel A. Schwartz <saschwartz@nvfirm.com> wrote:

KC - adding Doug. Your prior email stated Jason would be in SD this week, never that he needed conformation from us to be in town. The payment of the storage was only a condition to the turnover. This is gamesmanship and your client knows it. Please have him fedex the keys to you tomorrow, and we can arrange payment for a handoff this week.

Please also advise Jason that we are calculating damages from his actions, which we believe include evidence of spoliation and other malicious acts that would not be dischargeable in bankruptcy. He should govern himself accordingly and mitigate damages immediately.

**Samuel A. Schwartz, Esq.**
Schwartz, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

4

On May 5, 2026, at 1:32 PM, K.C. Maxwell <kcm@kcmaxlaw.com> wrote:

Hi Sam,

I received your vm and yours and Doug's emails.

I am forwarding the email below (and pasting the relevant portion here) to remind you of what we need before I can schedule the transfer ownership.

Please (1) pay the outstanding balance to Jason Zimmerman (breakdown provided to you, Sam); (2) confirm that you will be removing all contents on the day we meet — to obviate the need for transfer of ownership; and (3) agree to pay $150/hour for Jason's time at the storage facility. Once these things are done we will give you a date and time he can be available.

Also, since we did not hear back from you regarding meeting this week, Jason will not be back in San Diego until 5/13-5/15. Please confirm the above and let me know which of the three dates above will work.

Best,

*KC Maxwell*
M 415.531.3100

Begin forwarded message:

> **From:** "K.C. Maxwell" <kcm@kcmaxlaw.com>
> **Date:** April 25, 2026 at 3:48:22 PM PDT
> **To:** "Samuel A. Schwartz" <saschwartz@nvfirm.com>
> **Cc:** Douglas Bartels <douglas.bartels@gmail.com>, Athanasios Agelakopoulos

5

<AAgelakopoulos@nvfirm.com>

**Subject: Re: Access**

Please (1) pay the outstanding balance to Jason Zimmerman (breakdown provided to you, Sam); (2) confirm that you will be removing all contents on the day we meet — to obviate the need for transfer of ownership; and (3) agree to pay $150/ hour for Jason's time at the storage facility. Once these things are done we will give you a date and time he can be available. His schedule has changed and will be back in San Diego the week of 5/5.

6