# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | | |
|---|---|---|
| Steven Sharif, as an individual and derivatively on behalf of Intrepid Studios, Inc., *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:26-cv-00965-LL-MMP |
| Robert Dawson, et al. *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Custodian of Records for CommerceWest Bank

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: all items listed in Exhibit A, attached hereto, as well as a completed Affidavit of Custodian of Records, attached hereto as Exhibit B [to be produced via U.S. Mail, commercial carrier, or personal delivery to the following address by the date and time stated]:

| Place: | Date and Time: |
|---|---|
| Schwartz, PLLC; 601 East Bridger Avenue; Las Vegas, Nevada 89101 | Tuesday, September 8, 2026, at 5:00 PM PDT |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/18/2026

*CLERK OF COURT*

OR

_______________________ *Signature of Clerk or Deputy Clerk*

*/s/ Sasha Aliakbar-Amid*
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC, who issues or requests this subpoena, are:

Sasha Aliakbar-Amid, Esq.; Schwartz, PLLC; 601 East Bridger Avenue; Las Vegas, Nevada 89101; samid@nvfirm.com; (702) 385-5544

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Amara S. Barbara, Esq.
California Bar No. 323332
abarbara@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

vs.

ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS, LLC; and JASON CARAMANIS,

Defendants,

and

INTREPID STUDIOS, INC.,

Nominal Defendant.

INTREPID STUDIOS, INC., a California Corporation,

Cross-Claimant,

vs.

STEVEN SHARIF, an individual,

Cross-Defendant.

Case No.: 3:26-cv-00965-LL-MMP

**TFE DEFENDANTS' SUBPOENA DUCES TECUM TO COMMERCEWEST BANK**

Judicial Officer: Hon. Linda Lopez
Courtroom: 14B (14th Floor)
Hearing Date: N/A
Hearing Time: N/A

Action Filed: February 14, 2026
Trial Date: Not Set

| |
|---|
| INTREPID STUDIOS, INC., a California Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>JASON ZIMMERMAN, an individual; JOHN MOORE, an individual;, MATTHEW RHOADES, an individual;, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X,<br><br>Third-Party Defendants. |

Defendants Robert Dawson ("**Dawson**"), Ryan Ogden ("**Ogden**"), Theresa Fette ("**Fette**"), Aaron Bartels ("**Bartels**"), and TFE Games Holdings, LLC ("**TFE**," and collectively, the "**TFE Defendants**"), by and through their counsel of record, Schwartz, PLLC and Rosing Pott & Strohbehn LLP, hereby serve this Subpoena Duces Tecum upon the Custodian of Records for CommerceWest Bank.

Pursuant to Fed R. Civ. P. 45, you are required to produce[1] the Documents requested below via U.S. Mail, commercial carrier, or personal delivery, to the offices of Schwartz, PLLC; 601 East Bridger Avenue; Las Vegas, Nevada 89101, by **Tuesday, September 8, 2026, at 5:00 PM PDT**.

## I. INSTRUCTIONS.

1. You are instructed to produce all Documents and things described below which are within Your possession, custody, or control pursuant to Fed. R. Civ. P. 45. For purposes of these Requests, a Document shall be deemed within Your possession, custody, or control if it is in Your physical possession or custody or You have the

[1] Should the place of production indicated on the Subpoena Duces Tecum be outside of the 100-mile geographical limit set forth in Fed. R. Civ. P. 45(c)(2)(A), You may produce the Documents electronically to counsel for the requesting parties. Should there be Documents responsive to this Subpoena Duces Tecum that are not stored electronically, counsel for the requesting parties should be notified, at which point, an alternate place of production will be provided in compliance with Fed. R. Civ. P. 45(c)(2)(A).

legal right to obtain it. Thus, these Requests reach not only all Documents within Your physical possession or custody (and Your agents or employees) but also all Documents within the possession or custody of people or entities over whom You have control, such as secretaries, subordinates, attorneys, accountants, agents, affiliates, subsidiaries, and associated companies.

2. If You have knowledge of the existence of Documents requested below but contend that they are not within Your possession, custody, or control, You are instructed to provide the following information:

(a) Describe the Documents in as much detail and with as much particularity as possible;

(b) Identify the Person believed by You to have possession or custody of the Documents, both at this time and during any prior period of time;

(c) Identify each Person believed by You to have possession or custody of any copies of the Documents at this time; and

(d) Describe in detail and with particularity the efforts, if any, You have made to obtain possession or custody of the Documents.

3. If You contend that any Document requested below is privileged or otherwise not subject to production, You are instructed to identify that Document providing the following information:

(a) Identify the date and title of the Document;

(b) Identify the name and address of all Persons who You believe to have the Document, or a copy thereof, in their possession or control; and

(c) State every objection You have and grounds therefore against producing the Document in response to this request.

4. If You contend that only a portion of a Document requested below is privileged or otherwise not subject to production, You are instructed to produce a copy of the entire Document redacting that portion deemed privileged or otherwise

not subject to production. You are instructed to provide the same information set out in number three above Concerning any redactions which would be provided if the entire Document were not produced.

5. In all instances throughout these document requests, the singular includes the plural form; correspondingly, the plural form also includes the singular form.

6. All electronic Documents should be produced in their native format, or on an external hard drive, including any necessary passwords, and if native format is other than Excel, Word, or Adobe, a description of the software used to produce such document.

7. These Requests are intended as continuing discovery, requiring You to supplement Your responses as necessary.

8. You are instructed to preserve all Documents responsive to the Requests set forth below and to take all necessary steps to prevent the destruction, alteration, or concealment of any such Documents. This preservation obligation applies from the date of service of this subpoena and extends to all Documents, including electronically stored information, that are or may be relevant to the subject matter of this litigation.

## II. <u>DEFINITIONS</u>.

1. "Borrower" shall refer to Intrepid Studios, Inc., a California corporation.

2. "Concerning" shall mean relating to, referring to, regarding, describing, evidencing, arising from, constituting, or containing.

3. "Communications" shall mean any contact, oral or written, formal or informal, at any time or any place under any circumstance whatsoever whereby any information of any nature was transmitted or transferred, including but not limited to: personal conversation; conferences; telephone conversations; memoranda; letters; correspondence; reports; text messages; e-mail correspondence; online posts or direct messages made on social media sites including, but not limited to, Facebook,

WhatsApp, Signal, X, Discord, Instagram, and TikTok; and publications. "Communications" shall include the transmittal of information and includes original and non-identical copies of all Documents, as defined herein, sent or received by any Person, as defined herein, as well as any Documents reflecting or recording the content of any oral, written, or other communications in any form (including, without limitation, interoffice and intraoffice memoranda, e-mail, text messages, facsimiles, and other communications).

4. "Document" or "Documents" include, without limiting the generality of their meaning, all written, printed, recorded, electronic, digital, or graphic matter, photographic matter or sound reproductions, however produced, reproduced, or maintained (including on individual computers, servers, back-up disks, clouds, or other remote data-storage locations or methods), pertaining in any manner to the subject matter indicated. "Documents" include originals or copies, where originals are unavailable, and nonidentical copies (whether different from originals by reason of notation made on such copies or otherwise), and whether in paper, electronic, digital, audio, visual, or other format. Documents maintained in digital format shall be produced in native digital format with original metadata and header information. "Documents" specifically include but are not limited to: financial statements and reports; correspondence; letters; notes; minutes of meetings; internal memoranda; memoranda; interoffice communications; data base files; facsimile transmissions; email messages and files including metadata; text messages; telephone messages; cellular phone logs; voice mail messages; sign-in or log sheets; internet IP addresses; internet browsing history; online posts or direct messages made on social media sites including, but not limited to, Facebook, WhatsApp, Signal, X, Discord, Instagram, and TikTok; studies, analyses, reports, summaries, and results of investigations and tests; reviews; contracts; agreements; working papers; tax returns; statistical records; ledgers; books of account; vouchers; bank checks; bank statements; invoices; receipts;

computer data; stenographers' notebooks; manuals; directives; bulletins; calendars and appointment books; diaries; maps; charts; photographs; plats, drawings, or other graphic representations; logs; investigators' reports; or papers similar to any of the foregoing, however denominated, but specifically excluding all materials that would be responsive to these requests but for the fact that they are ultimately determined to be protected from disclosure and production due to the application of a privilege recognized under otherwise applicable or governing law—in which case, an appropriate, rule-compliant privilege log must be provided with the express understanding that any claim(s) of privilege, work-product immunity protection, or similar claim remains subject to challenge and ultimate determination by a court of competent jurisdiction.

5. "Guarantor" shall refer to John Moore, an individual.

6. "Loan" shall refer to the loan made by CommerceWest Bank to Intrepid Studios, Inc. in the principal amount of Six Million Dollars ($6,000,000), Loan No. 10019349, pursuant to the Loan Agreement dated December 7, 2020, as such Loan Agreement may have been amended, modified, supplemented, restated, or replaced from time to time.

7. "Loan Agreement" shall refer to the Loan Agreement dated December 7, 2020, between CommerceWest Bank and Intrepid Studios, Inc., Loan No. 10019349, including all exhibits, schedules, and appendices thereto, as the same may have been amended, modified, supplemented, restated, or replaced from time to time.

8. "Loan Documents" shall refer to the Loan Agreement, Promissory Note, Security Agreement (Business Assets), Environmental Indemnity, Deed of Trust With Assignment of Rents, Guaranty, Borrower Certifications and Covenants, Assignment and Assumption for the Main Street Lending Program, Co-Lender Agreement, and any UCC-1 financing statements or UCC Subordination Agreements, and all other documents now or hereafter signed by the Borrower or Guarantor in connection with

or to evidence or secure the payment of the Loan.

9. "Person" or "Persons" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office, or other business or legal entity, whether private or governmental.

10. "You" and "Your" shall refer to CommerceWest Bank and each of its predecessors, successors, assigns, parents, direct and indirect subsidiaries, affiliates, employees, managers, directors, officers, principals, agents, and/or representatives, including, without limitation, any Person(s) or entity(ies) presently or formerly acting or purporting to act on its behalf.

## III. DOCUMENT REQUESTS.

**REQUEST FOR PRODUCTION NO. 1:**

Produce a complete copy of the Loan Agreement and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 2:**

Produce a complete copy of the Promissory Note and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a complete copy of the Security Agreement (Business Assets) and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a complete copy of the Environmental Indemnity and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 5:**

Produce a complete copy of the Deed of Trust With Assignment of Rents and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 6:**

Produce a complete copy of the Guaranty and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 7:**

Produce a complete copy of the Borrower Certifications and Covenants and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 8:**

Produce a complete copy of the Assignment and Assumption for the Main Street Lending Program and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 9:**

Produce a complete copy of the Co-Lender Agreement and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 10:**

Produce a complete copy of any UCC-1 financing statements and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 11:**

Produce a complete copy of the UCC Subordination Agreements and any and all amendments, modifications, supplements, restatements, or replacements thereto.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Communications between You and the Borrower, the Guarantor, or any agent or representative of the Borrower or Guarantor, Concerning any of the Loan Documents, from January 1, 2020, to the present.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all Documents Concerning the original loan application submitted by the Borrower to You in connection with the Loan, including any subsequent or

amended loan applications or requests for modification of the Loan terms.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all Documents Concerning any prior or subsequent loan applications submitted by the Borrower or the Guarantor to You (other than the original loan application) that were denied, withdrawn, or otherwise not approved, including any Communications or internal analyses relating to such denials or withdrawals.

**REQUEST FOR PRODUCTION NO. 15:**

Produce Documents Concerning any underwriting materials, credit analyses, credit memoranda, credit approvals, risk assessments, and internal review documents prepared by or for You in connection with the evaluation and approval of the Loan.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all payment records, account statements, transaction histories, ledgers, and any other Documents reflecting payments made or received in connection with the Loan, from December 7, 2020, to the present.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents Concerning the Deed of Trust, and any collateral or security documentation for the Loan, including but not limited to the, appraisals, valuations, title reports, title policies, UCC search results, and property inspection reports.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all internal notes, memoranda, reports, emails, or other Communications among Your employees, officers, agents, or representatives Concerning the Loan Documents, the Borrower, or the Guarantor.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all Documents Concerning any default or alleged default under the Loan Agreement or any of the other Loan Documents, including but not limited to any notices of default, cure notices, forbearance agreements, workout agreements, or

other Documents relating to any failure by the Borrower to comply with the terms of the Loan Documents.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents Concerning the participation of the Loan under the Main Street Lending Program, including but not limited to any Documents relating to the participation interest of MS Facilities LLC, any Participation Commitment Letters, and any Communications with the Federal Reserve Bank of Boston, the U.S. Department of Treasury, or any other governmental authority Concerning the Loan.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all financial statements, tax returns, accounts receivable aging reports, debt schedules, and any other financial information provided to You by the Borrower in connection with the Loan.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all financial statements, tax returns, accounts receivable aging reports, debt schedules, and any other financial information provided to You by the Guarantor in connection with the Loan.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all Documents Concerning any inspection, audit, or examination of the Borrower's books, records, assets, or collateral conducted by or on behalf of You in connection with the Loan.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all Documents Concerning any transfer, sale, assignment, pledge, or participation of all or any portion of the Loan Documents or any interest therein.

# EXHIBIT B

Samuel A. Schwartz, Esq.
(admitted *pro hac vice*)
Nevada Bar No. 10985
saschwartz@nvfirm.com
Sasha Aliakbar-Amid, Esq.
California Bar No. 334162
samid@nvfirm.com
SCHWARTZ, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Samuel B. Strohbehn, Esq.
California Bar No. 257697
sstrohbehn@rosinglaw.com
Amara S. Barbara, Esq.
California Bar No. 323332
abarbara@rosinglaw.com
Maddie Rudge, Esq.
California Bar No. 362727
mrudge@rosinglaw.com
ROSING POTT & STROHBEHN LLP
770 1st Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 235-6000

*Attorneys for Defendants Robert Dawson, Ryan Ogden, Theresa Fette, Aaron Bartels, and TFE Games Holdings, LLC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

vs.

ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS, LLC; and JASON CARAMANIS,

Defendants,

and

INTREPID STUDIOS, INC.,

Nominal Defendant.

---

INTREPID STUDIOS, INC., a California Corporation,

Cross-Claimant,

vs.

STEVEN SHARIF, an individual,

Cross-Defendant.

Case No.: 3:26-cv-00965-LL-MMP

**AFFIDAVIT OF CUSTODIAN OF RECORDS OF COMMERCEWEST BANK**

Judicial Officer: Hon. Linda Lopez
Courtroom: 14B (14th Floor)
Hearing Date: N/A
Hearing Time: N/A

Action Filed: February 14, 2026
Trial Date: Not Set

INTREPID STUDIOS, INC., a California Corporation,

Third-Party Plaintiff,

vs.

JASON ZIMMERMAN, an individual; JOHN MOORE, an individual;, MATTHEW RHOADES, an individual;, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X,

Third-Party Defendants.

STATE OF ______________________ )
) ss.
COUNTY OF ______________________ )

COMES NOW, Affiant, who after being duly sworn, deposes and says:

1. I am the duly authorized Custodian of Records for CommerceWest Bank.

2. I was served with a Subpoena Duces Tecum in the above-captioned civil action of *Steven Sharif v. Robert Dawson, et al.* (Case No. 3:26-cv-00965-LL-MMP) calling for the production of Documents listed in **Exhibit A** of the Subpoena Duces Tecum.

3. I have the authority to certify that the records made available to Schwartz, PLLC are all the records now or heretofore under my possession, custody, and control, described and called for in the Subpoena Duces Tecum.

4. I have examined the originals of those records and have made or caused to be made true and exact copies of those records, and the reproduction of them attached hereto is true and complete.

5. The originals of those records were made at or near the time of the acts, events, conditions, or opinions recited therein by or from information transmitted by a person with knowledge of those acts, events, conditions, or opinions. They were made in the course of regularly conducted activities and constitute business records

that are routinely made and kept by the aforementioned institution or entity.

Further Affiant sayeth naught.

SUBSCRIBED and SWORN to before me

this _____ day of _______________, 2026.

_______________________________
Affiant, Custodian of Records
[Print Name]

_______________________________
Notary Public, in and for said
County and State.

_______________________________
Affiant, Custodian of Records
[Signature]