UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br>Plaintiff,<br>v.<br>ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, JASON CARAMANIS,<br>Defendants,<br>And<br>INTREPID STUDIOS, INC.,<br>Nominal Defendant.<br><br>AND RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS. | Case No.: 26cv965-LL-MMP<br><br>**ORDER AMENDING AUGUST 11, 2026 ORAL ORDER ON CROSS MOTIONS FOR RECEIVER** |

On August 11, 2026, the Court held a hearing on the parties' cross motions for a receiver [ECF Nos. 78-1, 104-1], which were granted in part and denied in part. ECF

Nos. 175, 176. Upon review of the official transcript of the hearing, the Court sua sponte amends its oral order pursuant to Federal Rule of Civil Procedure 60(a) to add an inadvertently omitted part of its reasoning in granting in part and denying in part the cross motions. ECF No. 178.

The Court adds the following to be inserted after the sentence that ends at ECF No. 178, page 9, line 9:

> Applying the *Canada Life* factors, the Court finds Defendants' past misconduct with the previous Article 9 foreclosure sale indicates that there is a danger of repeated misconduct without oversight, which would put Intrepid's trade secret assets in danger of being lost through misappropriation. A loss of Intrepid's trade secrets would cause irreparable injury to Intrepid in that they would no longer be secret. However, a receiver would be able to protect the misappropriation of trade secrets caused by an improper Article 9 sale by ensuring compliance with Article 9 requirements. Therefore, a receiver is appropriate to fulfill the two agreed-upon duties of safeguarding Intrepid's assets and monitoring any future foreclosure sale of those assets for compliance.
>
> The Court finds Sharif's request for a receiver to determine how much of Intrepid's debt is secured is a necessary part of the receiver's duties to ensure any Article 9 sale complies with the requirements. An Article 9 foreclosure sale cannot go forward if the debt is not secured. And as such, the *Canada Life* factors weigh in favor of appointing a receiver for this reason as well, for the same reasons as stated above.
>
> Accordingly, the Court grants in part Plaintiff's motion for appointment of a receiver for the following limited purposes: (1) to marshal, preserve, and safeguard Intrepid's intellectual property and related assets; (2) to oversee and monitor for compliance any foreclosure sale of Intrepid's assets, and to report to the Court on the propriety of any such sale; and (3) to determine the total amount of Intrepid's debt to Dawson that is secured.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Honorable Linda Lopez
United States District Judge