**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br>Plaintiff,<br>vs.<br>ROBERT DAWSON; RYAN OGDEN; THERESA FETTE; AARON BARTELS; TFE GAMES HOLDINGS, LLC; and JASON CARAMANIS,<br>Defendants,<br>and<br>INTREPID STUDIOS, INC.,<br>Nominal Defendant.<br>INTREPID STUDIOS, INC., a California Corporation,<br>Cross-Claimant,<br>vs.<br>STEVEN SHARIF, an individual,<br>Cross-Defendant.<br>INTREPID STUDIOS, INC., a California Corporation,<br>Third-Party Plaintiff, | Case No.: 26cv965-LL-MMP<br><br>**ORDER APPOINTING HOWARD B. GROBSTEIN, CPA/CFF, CFE AS LIMITED RECEIVER OVER INTREPID STUDIOS, INC.**<br><br>[ECF Nos. 78, 104] |

vs.

JASON ZIMMERMAN, an individual;
JOHN MOORE, an individual;
MATTHEW RHOADES, an individual;
DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X,

Third-Party Defendants.

On August 11, 2026, the Court held a hearing on Cross Motions by the parties to appoint a receiver [ECF Nos. 78, 104]. ECF No. 175. For the reasons stated on the record and in the Order: (1) Granting in Part and Denying in Part Cross Motions to Appoint a Receiver [ECF Nos. 78, 104] and (2) Granting in Part and Denying in Part Intrepid Studios, Inc.'s Motion to Compel Turnover of Intellectual Property [ECF No. 136] (the "**Limited Receiver Order**") [ECF No. 176], the Court enters this Order appointing a receiver in this case on the limited basis set forth herein.

As required by the Limited Receiver Order, on August 25, 2026, Defendants Robert Dawson ("**Dawson**"), Ryan Ogden ("**Ogden**"), Theresa Fette ("**Fette**"), Aaron Bartels ("**Bartels**"), and TFE Games Holdings, LLC ("**TFE**," together, the "**TFE Defendants**"), and Plaintiff Steven Sharif ("**Sharif**") submitted a Joint Status Report to the Court wherein these parties identified Howard B. Grobstein, CPA/CFF, CFE as the "qualified person" and receiver approved by the TFE Defendants and Sharif. ECF No. 184.

For good cause shown, the Court **ORDERS** as follows:

1. Pursuant to Federal Rule of Civil Procedure 66 and *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009), Howard B. Grobstein, CPA/CFF, CFE is **APPOINTED** as the Receiver over Intrepid Studios, Inc. (the "**Limited Receiver**") with the limited authority to (a) marshal, preserve, and safeguard Intrepid's intellectual property and related assets; (b) oversee and monitor any foreclosure sale of Intrepid's assets, if any, and to report to the Court on the

propriety of any such sale, and (c) analyze relevant loan documents and related amendments, agreements, and filings to determine the amount of secured debt Intrepid owes, for the purpose of ensuring the propriety of any foreclosure sale and the limits of a credit bid ("**Receiver Parameters**").

2. The Limited Receiver will work together with the Intellectual Property Custodian Michael Kunkel, Director of Investigative Services, Setec Investigations, who was reinstated by the Court in the Limited Receiver Order to "marshal, preserve, and safeguard Intrepid's intellectual property and related assets." ECF No. 176 ¶¶ 1, 6.

3. Once the Limited Receiver agrees that the intellectual property and related assets of Intrepid Studios, Inc. have been marshalled, preserved, and safeguarded, then Mr. Kunkel will be discharged from his duties and obligations as Intellectual Property Custodian pursuant to ECF Nos. 33 and 176.

4. The Receiver Parameters shall not be expanded without a further order of the Court setting forth any expanded Receiver Parameters.

5. The TFE Defendants shall pay the first $65,000 of the Limited Receiver's fees and expenses (the "**Carve Out**"). Any fees and expenses incurred by the Receiver in excess of the first $65,000 shall be paid (A) pursuant to any written agreement among the Parties, or (B) as ordered by the Court. Sharif and Intrepid agree that TFE's payment of any amounts of the Carve Out shall be secured against all the assets of Intrepid, subject to the existing and valid liens against Intrepid, and TFE may file a UCC-1 evidencing its security interest granted pursuant to this Order.

6. The Limited Receiver may receive: (i) reimbursement for reasonable and necessary out-of-pocket expenditures of the receivership, including Limited Receiver's standard costs for mileage, faxes, copies, and similar Limited Receiver-provided benefits; (ii) compensation for fees earned by the Limited Receiver, calculated at the hourly rate of TBD; and (iii) such other terms as agreed between Limited Receiver, the TFE Defendants, and Sharif, for such time and effort as is

reasonable and necessary for Limited Receiver to accomplish the purpose and tasks set forth in this Order including, but not limited to, tasks related to the Receiver Parameters, including preparing reports, attending hearings, and preparing Court filings, and which time shall be accounted for in the monthly financial report. The Limited Receiver's compensation, and reimbursement of the Limited Receiver's expenses, shall be paid periodically, but not more frequently than on a monthly basis. The Limited Receiver shall (a) send monthly written notice to the TFE Defendants and Sharif of the amount of the Limited Receiver's Compensation, and expense reimbursement requested and (b) file notice with the Court on a quarterly basis of all fees and expenses requested and paid. Any party objecting to any portion of the Limited Receiver's compensation shall have five (5) business days within which to object, with such objection to be in writing, filed with the Court, and served on the other Parties. If there were no timely objections to any periodic request for the Limited Receiver's compensation, such shall be paid to the Limited Receiver. All fees paid on an interim basis, however, are subject to final approval by the Court.

7. There is no bond required by the TFE Defendants, Sharif, or the Limited Receiver at this juncture.

8. In carrying out duties as set forth in this Order, the Limited Receiver shall be entitled to act in the exercise of sound business judgment as the Limited Receiver deems appropriate within the Limited Receiver's sole discretion and shall not be liable for any action taken or not taken in good faith, for any mistake of fact or error of judgment, or for any acts or omissions of any kind unless caused by the Limited Receiver's willful misconduct or gross negligence.

9. No less than bi-annually, and for such time as the Limited Receiver remains in his role, the Limited Receiver shall prepare, and cause to be filed with the Court, a report of the status of the Receiver Parameters, which will be served on all interested parties.

/ / /

10. Within sixty (60) days of the termination of the Receivership, the Limited Receiver shall cause to be filed with the Court a “Final Report and Accounting” or similar report, which sets forth any and all fees and expenses claimed by the Limited Receiver. If no objection thereto is filed and served on or within ten (10) days following service thereof, such Final Report and Accounting may be paid, the Limited Receiver may be discharged, and any bond may be exonerated. If an objection is timely filed and served, such Final Statement of Account shall not be paid absent further order of this Court. In the event objections are timely made to such fees and expenses, those specific fees and expenses objected to will be paid within ten (10) days of an agreement among the parties or the entry of an order by this Court adjudicating the matter.

11. This Order shall be effective immediately upon its entry for all purposes.

12. The Court shall retain jurisdiction and supervision of all matters concerning the Limited Receiver and the receivership.

**IT IS SO ORDERED.**

Dated: August 27, 2026.

Honorable Linda Lopez
United States District Judge