Theresa C. Becerra, Esq. (State Bar No. 205338)
**SPENCER FANE LLP**
201 Santa Monica Blvd., Suite 550
Santa Monica, California 90401
Telephone: (424) 217-1830
Fax: (424) 217-1854
Email: tbecerra@spencerfane.com

Vincent J. Aiello, Esq. *Pro Hac Vice*
Tyler B. Thomas, Esq. *Pro Hac Vice*
Jason D. Smith, Esq. *Pro Hac Vice*
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3419
Fax: (702) 408-3401
Email: vaiello@spencerfane.com
tbthomas@spencerfane.com
jdsmith@spencerfane.com

*Attorneys for Intrepid Studios, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br>Plaintiff,<br>v.<br>ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, and JASON CARAMANIS,<br>Defendants,<br>and<br>INTREPID STUDIOS, INC.,<br>Nominal Defendant. | Case No. 3:26-cv-00965-LL-MMP<br><br>**INTREPID STUDIOS, INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR AN ORDER TO SHOW CAUSE WHY SHARIF AND MOORE SHOULD NOT BE HELD IN CIVIL CONTEMPT**<br><br>Date: Ex Parte Requested<br>Courtroom: 14B (14th Floor)<br>Time: PER CHAMBERS RULE, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Action Filed: 02/14/2026**<br>**Jud. Officer: Hon. Linda Lopez** |
| INTREPID STUDIOS, INC., a California Corporation,<br>Cross-Claimant,<br>v.<br>STEVEN SHARIF, an individual<br>Cross-Defendant. | |

| |
|---|
| INTREPID STUDIOS, INC., a California Corporation,<br>Third-Party Plaintiff,<br>v.<br>JASON ZIMMERMAN an individual, JOHN MOORE an individual, MATTHEW RHOADES an individual, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X<br>Third-Party Defendants. |

Nominal Defendant, Cross-Claimant, and Third-Party Plaintiff Intrepid Studios, Inc. ("Intrepid" or the "Company"), by and through its counsel of record, Spencer Fane LLP, applies ex parte for an order shortening time on Intrepid's Motion for an Order to Show Cause why Steven Sharif ("Sharif") and John Moore ("Moore") should not be held in civil contempt (the "OSC Motion") for their non-compliance with the Court's August 12, 2026 Order Granting in Part Intrepid Studios, Inc.'s Motion to Compel Turnover of Intellectual Property [ECF No. 176] (the "Turnover Order"). Intrepid brings this Application pursuant to Federal Rule of Civil Procedure 6(c), Civil Local Rules 7.1.e.5 and 83.3.g, and Civil Chambers Rule 5. Because the Turnover Order's August 17, 2026 compliance deadline has already passed and Sharif and Moore remain in continuing non-compliance, Intrepid requests that the Court shorten the regular noticed-motion schedule and hear the OSC Motion on the Court's earliest available date. Intrepid proposes that any opposition be due two (2) Court days after service of the OSC Motion, and that the Court hear the OSC Motion on October 21, 2026, or on such other expedited schedule as the Court deems appropriate.

This Application is made based on this Application, the accompanying Memorandum of Points and Authorities, the Declaration of Vincent J. Aiello filed concurrently herewith, the OSC Motion, all pleadings and papers on file in this

action, and any further argument the Court permits. A proposed order is submitted concurrently herewith.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Intrepid filed the OSC Motion on October 6, 2026, concurrently with this Application. Under the ordinary noticed-motion schedule, the OSC Motion would not be heard until November 10, 2026. The OSC Motion seeks wholly remedial relief: it seeks both to coerce Sharif and Moore into compliance with the Turnover Order and to compensate Intrepid for the ongoing losses caused by their non-compliance.

On August 12, 2026, following the August 11, 2026 hearing, the Court entered the Turnover Order. Among other things, the Court reinstated the neutral IP Custodian the parties had previously selected and ordered that, on or before August 17, 2026, Sharif and Moore turn over to the IP Custodian Intrepid's intellectual-property assets requested in Intrepid's motion, except for five disputed *Ashes of Creation* accounts (the GoDaddy account for www.ashesofcreation.com and the *Ashes of Creation* Reddit, Discord, YouTube, and X accounts). [ECF No. 176].[1] The Court further ordered that, by the same August 17, 2026 date, any two-factor authentication tied to Company assets be removed or changed to the IP Custodian's credentials. [ECF No. 176].

The August 17, 2026, deadline has passed, yet the turnover and credential transfer remain incomplete. The IP Custodian, Mike Kunkel, has not received credentials for the overwhelming majority of the Company's core production and infrastructure systems including Perforce (the source-control repository for the Company's game code), Amazon/AWS, MongoDB, Cloudflare, Digital Ocean, Docker, VMware/vSphere, Okta, and the Company's Microsoft Master Account and

[1] Even to those disputed assets, Sharif was still required to "provide Intrepid or the IP Custodian limited access . . . to the extent that it is necessary for Intrepid to conduct the business of Intrepid." ECF No. 176.

Authenticator, among others. From Sharif and Moore, only GoDaddy was transitioned.

Before filing, Intrepid made extensive, good-faith efforts to resolve these issues without motion practice. On August 20, 2026, three days after the turnover deadline, the IP Custodian asked Sharif's and Moore's counsel when he could expect credentials for the remaining systems. On August 21, 2026, counsel responded representing that Sharif does not know or have access to those credentials. By letter, on September 8, 2026, Intrepid requested a meet and confer regarding the continuing non-compliance, demanded that Sharif and Moore fully comply with the Turnover Order on or before September 10, 2026, and expressly advised that Intrepid would seek an *ex parte* order shortening time on a motion for an order to show cause if compliance was not achieved.

The parties continued to correspond and confer through September 18, 2026, without resolution. Intrepid renewed its demand in writing on September 17, 2026, and the parties spoke by telephone on September 18, 2026. During that conference, opposing counsel represented that Sharif would provide a list of persons who may have credentials to the Company's systems; to date, Intrepid has not received that list. These repeated exchanges have made clear that a further meet-and-confer would be futile. Sharif and Moore have not moved from their position that they neither have, nor can identify who has, the credentials to access Intrepid's IP Assets and the systems that house them: a position that, for the reasons set forth in the concurrently filed OSC Motion, is not credible. Left without compliance, Intrepid had no choice but to seek the Court's intervention.

Additionally, Intrepid is requesting a court order requesting that all Intrepid systems be preserved and maintained including all information, data, audit logs, etc. dating back to October 1, 2025.

This motion is made following conference of counsel, as described in the accompanying Declaration of Vincent J. Aiello.

## II. LEGAL ARGUMENT

Under Federal Rule of Civil Procedure 6(c), a party may, "for good cause," apply for an order to set or alter the time for hearing a motion. Civil Local Rule 7.1.e.5 states "All applications for orders shortening time under these rules must be submitted *ex parte*, be accompanied by a proposed order, and be served on all opposing parties." Civil Local Rule 83.3.g provides:

> A motion for an order must not be made *ex parte* unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

Civil Chambers Rule 5 additionally requires:

> Any *ex parte* application filed with the Court must be served on opposing counsel via electronic mail with return receipt requested, or overnight mail. The Court may rule *on ex parte* applications without requiring a response from the opposing party. Any *ex parte* motion that is not opposed within two (2) Court days will be considered unopposed and may be granted on that ground.

### A. Intrepid Has Satisfied Civil Local Rule 83.3(g) and Should Not Be Required to Further Inform Opposing Counsel Before Applying.

Civil Local Rule 83.3(g) does not require a movant to obtain the opposing party's consent, or to meet and confer yet again, before applying *ex parte*. It requires only that the supporting declaration make one of three alternative showings: that the movant informed opposing counsel a reasonable time before when and where the motion would be made; that the movant attempted in good faith but was unable to do so; or "that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney." Civ. L.R. 83.3(g). Intrepid satisfies the Rule on multiple, independent grounds.

*First*, Intrepid has already informed Sharif and Moore, through their counsel, of the very relief it now seeks. By its September 8, 2026 meet-and-confer letter and its September 17, 2026, correspondence, Intrepid expressly advised opposing counsel that, absent full compliance with the Turnover Order, Intrepid would "proceed, without further notice, by *ex parte* application for an order shortening time on its application for an order to show cause why Sharif and Moore should not be held in civil contempt." Opposing counsel is therefore fully aware of both the nature of the relief and Intrepid's intent to seek it on an expedited basis, and further advance notice would serve no purpose. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (a district court has "broad discretion to depart from local rules, including the service requirements, where it makes sense to do so and substantial rights are not at stake," and where the movant informed opposing counsel of the *ex parte* application and the opposing party responded, "the *ex parte* nature of the application resulted in no prejudice").

*Second*, and independently, for the reasons specified in the accompanying declaration, Intrepid should not be required to provide further notice or to conduct an additional meet-and-confer before applying. *See* Civ. L.R. 83.3(g). The parties have already conferred at length regarding the precise non-compliance at issue, and Sharif and Moore have refused to complete the turnover by marking the overwhelming majority of the Company's systems "N/A" and continuing to withhold access in defiance of the Court's order. Requiring Intrepid to confer yet again before seeking relief would only reward continued non-compliance and delay enforcement of an order already in effect. *Cf. Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (proceeding without notice is justified where notice "might nullify the ability ever to achieve the end sought"); *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 641 (S.D. Cal. 1999) (a movant may proceed *ex parte* "by identifying specific instances where the defendant has . . . willfully violated court orders in the past").

*Third*, deletions within Google, Slack, Discord and others appears to have occurred since Sharif regained access and control. These deletions are material in nature to preserving the assets of Intrepid and its ability to continue to operate as a business. *See* Bartels Decl. in Support of Motion for Order to Show Cause.

The futility of further conferral is compounded by the fact that Sharif and Moore continue to claim ignorance of who holds the Company's access credentials, making their opposition to the OSC Motion predictable: they will again assert that access rests with unidentified former employees. That position is not credible. Sharif founded Intrepid and, with Moore, personally managed virtually every aspect of the Company's operations for approximately a decade. Sharif's own prior counsel proposed that TFE authorize Sharif to take such steps "as may be necessary to offboard former Intrepid employees from access to key systems," evidencing that Sharif knows who those individuals are. [ECF No. 10-11] p.4. A further conference would predictably yield only the same untenable position and would not produce compliance.

*Fourth*, no prejudice results. Intrepid will serve this Application and the OSC Motion on opposing counsel by electronic mail with return receipt requested in accordance with Civil Local Rule 7.1.e.5 and Civil Chambers Rule 5, and proposes that opposing counsel have two (2) Court days to respond: the number of Court days contemplated by Chambers Rule 5. Sharif and Moore will thus have a full and fair opportunity to be heard. *See Habibi v. Barr*, 445 F. Supp. 3d 990 (S.D. Cal. 2020) n.1 (where the opposing party is on notice and able to respond, the *ex parte* posture results in no prejudice).

**B. <u>Good Cause Exists to Shorten Time.</u>**

"Good cause" under Federal Rule of Civil Procedure 6(c) exists when the "'moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures,' and 'the moving party is without fault in creating the crisis that requires ex *parte* relief, or that the crisis

occurred as a result of excusable neglect.'" *Walpert v. Solar Integrated Roofing Corp.*, 2025 WL 863474, at *1 (S.D. Cal. Mar. 19, 2025) (*quoting Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Good cause exists for expedited consideration of the OSC Motion in light of Sharif's and Moore's ongoing non-compliance with the Court's Turnover Order. The August 17, 2026 deadline to return the Company's undisputed intellectual property to the reinstated IP Custodian has passed, yet Sharif and Moore have turned over only a small fraction of the required assets. The overwhelming majority of the Company's systems necessary to access and secure Intrepid's intellectual property remain inaccessible to the IP Custodian, and the required transfer or removal of two-factor authentication tied to Company assets remains incomplete.

As a result, Intrepid still does not have access to its intellectual property or the systems required to access them. Tellingly, *although Sharif and Moore claim to own these assets, they appear content to leave them in the hands of unidentified former employees* who were never properly offboarded: a posture that defies logic[2]. Were Sharif and Moore genuinely concerned that their own property sat exposed in the hands of unknown persons, they would be working to secure it with or without a court order. Every day this continuing non-compliance persists inflicts ongoing and irreparable harm on Intrepid, which cannot operate its business, secure its systems, or protect its intellectual property while its own credentials remain in the hands of individuals no longer authorized to hold them.

This Court has already recognized the irreparable harm Intrepid faces. The recognition resulted in the granting of Intrepid's Motion for Turnover. [Doc No,

---

[2] During a September 18, 2026 telephone conference, counsel for Sharif and Moore represented that Sharif would provide the names of individuals who may have credentials to, or knowledge of how to access, the Company's systems. Intrepid need not meet with Sharif personally to receive those names; opposing counsel could simply provide them. As of the filing of this Application, those names have not been provided.

176]. Sharif's and Moore's withholding of the Company's intellectual property beyond the August 17, 2026 deadline has only deepened that harm. Requiring Intrepid to await a regular noticed-motion hearing weeks from now would compound this ongoing, judicially recognized injury.

Further, Intrepid did not manufacture, and is not at fault for, the exigency. The Court ordered that, on or before August 17, 2026, Sharif and Moore turn over to the reinstated IP Custodian Intrepid's intellectual-property assets identified in the Company's motion, except for the five disputed *Ashes of Creation* accounts Sharif and Moore have dubbed "Founder-Owned" assets.[3] [ECF No. 176]. Yet Sharif and Moore continue to disregard that order. Worse, they have not merely failed to comply, they have actively resisted Intrepid's efforts to obtain access. Although the Turnover Order required the Google Workspace transfer by August 17, 2026, Sharif did not relinquish Super Admin control until a ***thirty-minute call*** with Google on September 15, 2026—nearly a month late.

Nor has Intrepid delayed. Since the Court granted in part Intrepid's turnover motion, Intrepid has diligently and continuously demanded that Sharif and Moore turn over Intrepid's IP Assets. As set forth above, Intrepid pressed for compliance through the IP Custodian in August 2026, sought voluntary compliance through its September 8, 2026 meet-and-confer letter demanding cure by September 10, 2026, and continued to confer through September 18, 2026. Only after those efforts failed, and after it became clear that a further conference would be futile, did Intrepid file

[3] Intrepid disputes that these assets are "Founder-Owned." Intrepid provided opposing counsel with a June 30, 2022 convertible promissory note, executed on behalf of the Company, in which Sharif represented and warranted that the Company "owns (or possesses sufficient legal rights to)" the intellectual property comprising *Ashes of Creation*, and that the Holder's investment was based on the Company's "continuing ownership and legal rights" to that intellectual property. Intrepid's initial disclosures include numerous additional promissory notes containing the same or substantially similar representations and warranties, each made before the purported March 19, 2024 Founders' Intellectual Property License Agreement under which Sharif and Moore now claim to be "Licensors."

the OSC Motion and this Application. The requested relief will not prejudice Sharif and Moore. The Court has already entered the Turnover Order, and Intrepid seeks only prompt compliance with it. Any reasons Sharif and Moore may have for withholding the IP Assets subject to turnover can be adequately addressed in an opposition due two (2) Court days after service; the response period contemplated by Civil Chambers Rule 5. A modest, fair acceleration of the schedule is warranted to halt the continuing harm caused by their non-compliance with an order already in effect.

## III. CONCLUSION

For the foregoing reasons, Intrepid respectfully requests that the Court grant this Application, shorten the time for hearing Intrepid's OSC Motion, set any opposition to be filed within two (2) Court days after service of the OSC Motion, and hear the OSC Motion on the Court's earliest available date.

DATED: October 6, 2026

Respectfully Submitted,
**SPENCER FANE LLP**

*/s/ Vincent J. Aiello*

Theresa C. Becerra, Esq.
201 Santa Monica Blvd., Suite 550
Santa Monica, California 90401
Telephone: (424) 217-1830
Fax: (424) 217-1854
Email: tbecerra@spencerfane.com

Vincent J. Aiello, Esq. *Pro Hac Vice*
Tyler B. Thomas, Esq. *Pro Hac Vice*
Jason D. Smith, Esq. *Pro Hac Vice)*
SPENCER FANE LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3419
Fax: (702) 408-3401
Email: vaiello@spencerfane.com
tbthomas@spencerfane.com
jdsmith@spencerfane.com

*Attorneys for Intrepid Studios, Inc.*