Theresa C. Becerra, Esq. (State Bar No. 205338)
**SPENCER FANE LLP**
201 Santa Monica Blvd., Suite 550
Santa Monica, California 90401
Telephone: (424) 217-1830
Fax: (424) 217-1854
Email: tbecerra@spencerfane.com

Vincent J. Aiello, Esq. *Pro Hac Vice*
Tyler B. Thomas, Esq. *Pro Hac Vice*
Jason D. Smith, Esq. *Pro Hac Vice*
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3419
Fax: (702) 408-3401
Email: vaiello@spencerfane.com
tbthomas@spencerfane.com
jdsmith@spencerfane.com

*Attorneys for Intrepid Studios, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br>Plaintiff,<br>v.<br>ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, and JASON CARAMANIS,<br>Defendants,<br>and<br>INTREPID STUDIOS, INC.,<br>Nominal Defendant.<br><br>INTREPID STUDIOS, INC., a California Corporation,<br>Cross-Claimant,<br>v.<br>STEVEN SHARIF, an individual<br>Cross-Defendant. | Case No. 3:26-cv-00965-LL-MMP<br><br>**DECLARATION OF VINCENT J. AIELLO IN SUPPORT OF (1) MOTION FOR AN ORDER TO SHOW CAUSE WHY SHARIF AND MOORE SHOULD NOT BE HELD IN CIVIL CONTEMPT AND (2) EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME**<br><br>Date: November 10, 2026<br>Courtroom: 14B (14th Floor)<br>Time: PER CHAMBERS RULE, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>**Action Filed: 02/14/2026**<br>**Jud. Officer: Hon. Linda Lopez** |

INTREPID STUDIOS, INC., a California Corporation,

Third-Party Plaintiff,

v.

JASON ZIMMERMAN an individual, JOHN MOORE an individual, MATTHEW RHOADES an individual, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X

Third-Party Defendants.

I, Vincent J. Aiello, Esq., declare as follows:

1. I am an attorney at Spencer Fane LLP and counsel of record for Intrepid Studios, Inc. ("Intrepid" or the "Company") in this action. I submit this declaration in support of Intrepid's *Ex Parte* Application for Order Shortening Time on Intrepid's Motion for an Order to Show Cause why Steven Sharif ("Sharif") and John Moore ("Moore") should not be held in civil contempt (the "OSC Motion") and in support of the OSC Motion itself. I have personal knowledge of the matters stated herein, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. Intrepid filed the OSC Motion on October 6, 2026, concurrently with the *Ex Parte* Application. Under the ordinary noticed-motion schedule, the OSC Motion would not be heard until November 10, 2026.

3. On August 12, 2026, following the August 11, 2026 hearing, the Court entered its Order Granting in Part Intrepid Studios, Inc.'s Motion to Compel Turnover of Intellectual Property [ECF No. 176] (the "Turnover Order"). Among other things, the Court reinstated the neutral intellectual-property custodian the parties had previously selected, Mike Kunkel (the "IP Custodian"), and ordered that, on or before August 17, 2026, Sharif and Moore turn over to the IP Custodian

Intrepid's intellectual-property assets identified in Intrepid's motion, except for five disputed *Ashes of Creation* accounts (the GoDaddy account for www.ashesofcreation.com and the *Ashes of Creation* Reddit, Discord, YouTube, and X accounts). The Court further ordered that, by the same August 17, 2026 date, any two-factor authentication tied to Company assets be removed or changed to the IP Custodian's credentials.

4. The August 17, 2026 compliance deadline has passed, yet the turnover and credential transfer remain incomplete. The IP Custodian has not received credentials for the overwhelming majority of the Company's IP Assets (as defined in the OSC Motion) and the systems to access and secure them have not been turned over. Of the thirty-seven non-disputed systems on the turnover spreadsheet, Sharif's annotations mark thirty-two "N/A," provides usernames without passwords for three (Kickstarter, Docusign, and Steam), and reflect transfer of one (the IntrepidStudios.com GoDaddy domain). Google Workspace Super Admin control was not released until September 15, 2026. I have not received any annotation, declaration, or other response from Moore identifying credentials in his possession.

5. On August 20, 2026, three days after the turnover deadline, the IP Custodian asked counsel for Sharif and Moore when he could expect credentials for the remaining systems.

6. On August 21, 2026, counsel for Sharif and Moore asserted that Sharif does not know or have access to those credentials. Earlier that day, Mr. Small wrote that he was "conferring with my client to determine whether he or John Moore has any of the remaining credentials on the list." His follow-up email that afternoon transmitted the spreadsheet with "annotations from my client" and identified no credentials held by Moore. A true and correct copy of the August 20-21, 2026 email exchange between the IP Custodian and William F. Small, III, Esq., including the attached spreadsheet titled "Intrepid Studios - List of Key Systems to Gather (Sharif Annotations)," is attached to the OSC Motion as **Exhibit A**, *See* Exhibit 4.

7. By letter dated September 8, 2026, I requested a meet and confer with counsel for Sharif and Moore regarding their continuing non-compliance with the Turnover Order, demanded that Sharif and Moore fully comply with the Turnover Order on or before September 10, 2026, and expressly advised that Intrepid would seek an *ex parte* order shortening time on a motion for an order to show cause if compliance was not achieved. A true and correct copy of my September 8, 2026 letter is attached to the OSC Motion as **Exhibit A**. Exhibits 1 through 6 to that letter are true and correct copies of: (1) excerpts of the certified transcript of the August 11, 2026 hearing; (2) the USPTO TSDR record for Registration No. 5,697,812; (3) the September 1, 2026 email from Google Workspace Support; (4) the August 20–21, 2026 email exchange described in paragraph 6; (5) the January 24, 2026 Certified Resolutions of Intrepid's Board of Directors; and (6) a June 30, 2022 Convertible Promissory Note.

8. The parties continued to correspond and confer through September 18, 2026, without resolution. On September 17, 2026, I renewed Intrepid's demand in writing to Sharif's and Moore's counsel, William F. Small, advising that, unless Sharif and Moore fully complied with the Turnover Order, Intrepid would "proceed, without further notice, by ex parte application for an order shortening time on its application for an order to show cause why Sharif and Moore should not be held in civil contempt." I expressly stated that Intrepid's correspondence and the requested conference should be treated as Intrepid's meet-and-confer request and its notice under Civil Local Rule 83.3(g) and the Court's Civil Chambers Rules. A true and correct copy of my September 17, 2026 correspondence is attached to the OSC Motion as **Exhibit B**. Exhibit B also contains Mr. Small's September 17, 2026 initial email, and his reply to my correspondence on September 18, 2026.

9. During a telephone conference on September 18, 2026, Mr. Small represented that Sharif would provide a list of the individuals who may have credentials to, or knowledge of how to access, the Company's systems. I advised

opposing counsel that Intrepid did not need to meet with Sharif to obtain those names, and that counsel could simply provide them along with all necessary contact information for the former employees. As of the date of this declaration, opposing counsel has not provided that list. Intrepid deferred filing the OSC Motion from September 18, 2026 through October 6, 2026 in reliance on that representation.

10. Although the Turnover Order required transfer of the Intrepid Studios Google Workspace by August 17, 2026, Sharif did not effectuate the transfer of Super Admin control until a September 15, 2026 meeting with Google. On August 21, 2026, Sharif's annotation for Google Workspace referred the IP Custodian to Google Support for an "Admin reset" and did not disclose that Sharif held the Super Admin role. On September 1, 2026, Google Workspace Support advised that it would not perform an administrative credential transfer or password reset and directed that the matter be resolved with "the Super Admin who currently manages this Google Workspace account." A true and correct copy of Google's September 1, 2026 email is attached to the OSC Motion as **Exhibit A**, *See* Exhibit 3. On September 15, 2026, Google Workspace Support commenced a "transition meeting with Steven Sharif," and the transfer of Super Admin control was completed in approximately thirty minutes. A true and correct copy of Google's September 15, 2026 email is attached to the OSC Motion as **Exhibit C**.

11. In or around August 12, 2026, I was provided a post from the r/AshesofCreation subreddit titled "Litigation Update - Federal Court Orders Neutral Oversight and Denies Turnover of Ashes Accounts," posted by user "Steven_AoC" and marked "Official," located at Litigation Update - Federal Court Orders Neutral Oversight and Denies Turnover of Ashes Accounts : r/AshesofCreation. A true and accurate copy of that post is attached to the OSC Motion as **Exhibit D**.

12. Further, attached to the OSC Motion s **Exhibit E** is a true and accurate copy of a Commerce West Bank Loan Approval Request, wherein Moore purports to have verified personal liquidity of $600 million dollars.

13. Intrepid seeks to shorten time so that the OSC Motion may be heard on the Court's earliest available date. In my judgment, expedited consideration is necessary because the Turnover Order's August 17, 2026 compliance deadline has passed and Sharif and Moore remain in continuing non-compliance, causing ongoing and irreparable harm to Intrepid. That harm is not speculative. Sharif's own former counsel represented that former-employee access to Intrepid's key systems "could result in inadvertent spoliation or other damage to the IP and/or trade secrets." [ECF No. 10-11] p.4.

14. Intrepid proposes that any opposition be due two (2) Court days after service of the OSC Motion, the response period contemplated by Civil Chambers Rule 5, so that opposing counsel has a full and fair opportunity to respond.

15. Based on the meet-and-confer efforts described above, Intrepid has made good-faith efforts to inform opposing counsel of the requested relief and Intrepid's intent to seek it on an expedited basis, and has obtained opposing counsel's general position, before filing this *Ex Parte* Application. For the reasons specified above, including Sharif's and Moore's continuing refusal to comply with the Turnover Order despite repeated demands, the parties' extensive prior meet-and-confer efforts, and opposing counsel's advance notice of the relief Intrepid now seeks, Intrepid should not be required to provide further notice to, or conduct an additional meet-and-confer with, Sharif and Moore or their counsel before filing this *Ex Parte* Application. *See* Civil Local Rule 83.3(g).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2026.

*_/s/ Vincent J. Aiello_*
Vincent J. Aiello, Esq.