Theresa C. Becerra, Esq. (State Bar No. 205338)
**SPENCER FANE LLP**
201 Santa Monica Blvd., Suite 550
Santa Monica, California 90401
Telephone: (424) 217-1830
Fax: (424) 217-1854
Email: tbecerra@spencerfane.com

Vincent J. Aiello, Esq. *Pro Hac Vice*
Tyler B. Thomas, Esq. *Pro Hac Vice*
Jason D. Smith, Esq. *Pro Hac Vice*
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: (702) 408-3419
Fax: (702) 408-3401
Email: vaiello@spencerfane.com
tbthomas@spencerfane.com
jdsmith@spencerfane.com

*Attorneys for Intrepid Studios, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,<br>Plaintiff,<br>v.<br>ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, and JASON CARAMANIS,<br>Defendants,<br>and<br>INTREPID STUDIOS, INC.,<br>Nominal Defendant. | Case No. 3:26-cv-00965-LL-MMP<br><br>**DECLARATION OF DOUG BARTELS IN SUPPORT OF (1) INTREPID'S MOTION FOR ORDER TO SHOW CAUSE WHY SHARIF AND MOORE SHOULD NOT BE HELD IN CIVIL CONTEMPT AND (2) EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME**<br><br>Date: November 10, 2026<br>Courtroom: 14B (14th Floor)<br>Time: PER CHAMBERS RULE, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| INTREPID STUDIOS, INC., a California Corporation,<br>Cross-Claimant,<br>v.<br>STEVEN SHARIF, an individual<br>Cross-Defendant. | **Action Filed: 02/14/2026**<br>**Jud. Officer: Hon. Linda Lopez** |

SPENCER FANE LLP

| |
|---|
| INTREPID STUDIOS, INC., a California Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JASON ZIMMERMAN an individual, JOHN MOORE an individual, MATTHEW RHOADES an individual, DOES INDIVIDUALS 1-10; and ROE ENTITIES I-X<br><br>Third-Party Defendants. |

I, Doug Bartels, declare as follows:

1. I am the Corporate Restructuring Agent of Intrepid Studios, Inc. ("Intrepid" or the "Company"). I submit this declaration in support of Intrepid's Motion for an Order to Show Cause why Steven Sharif ("Sharif") and John Moore ("Moore") should not be held in civil contempt (the "Motion") for failing to comply with the Court's August 12, 2026 Turnover Order. I have personal knowledge of the matters stated herein, except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

2. As the Company's Restructuring Agent, my responsibilities include: financial analysis, asset collection, operational oversight and turnaround planning. In that role, I have been directly involved in the Company's efforts to recover and preserve assets, vendor management, credential consolidation, legal filing readiness, analysis of activity that occurred since January 2026 and developing plans and executing activities to enable Intrepid to continue operations.

3. In my capacity as Restructuring Agent, I have been directly involved in the Company's efforts to recover, preserve, and regain access to its systems, credentials, and records following the departure of Sharif and Moore.

4. Sharif provided username and passwords to the Company concerning the access credentials to 42 of the Company's systems. Most of those responses were

marked "N/A" signaling that neither Sharif or Moore know the username and passwords to those systems nor individuals for which the credentials could be accessed. Intrepid remains without access to many systems marked "N/A." A true and correct copy of Sharif's feedback on the forty-two systems is attached to the OSC Motion as **Exhibit A**, *See* Exhibit 4.

5. Despite the August 17, 2026, turnover deadline, Sharif and Moore failed to turn over any assets and provided minimal information on what identifications were used as the administrators. As of October 5, 2026, Sharif and Moore have only turned over one single system, GoDaddy, from the list of 42 systems identified. The transfer of GoDaddy was executed on August 19, 2026 to Michael Kunkel, the receiver ("Receiver"), two days after the court order.

6. Sharif and Moore indicated "N/A" for 32 of the systems on the list and have not provided information identifying who controlled those systems if not Sharif or Moore. For two of the systems, DocuSign and Kickstarter, I have reviewed records indicating that Sharif and Moore used and controlled the accounts. For example, the username used to access DocuSign is an intrepidstudios.com email address, and Sharif controlled the Company's Google Workspace as Super Admin for a period of time leading up to September 15, 2026.

7. The Company's email, documents, and administrative records are hosted on Google Workspace for the domain intrepidstudios.com. Additionally, nearly all systems require email for two-factor authentication through an intrepidstudios.com email to reset passwords. Following the departure of Sharif and Moore, the Intrepid was unable to obtain or transition the credentials and Super Admin control needed to access and preserve the systems requiring email for two-factor authentication in a timely manner.

8. The Company did not regain access to the Google Workspace account until September 22, 2026.

/ / /

9. Upon information and belief, communications from Sharif and/or Moore with Google contributed to delays in the Company regaining access to the Google Workspace, which was not achieved until September 22, 2026. The Google audit logs reflect log-in activity associated with Sharif's account making changes in Google Workspace between April 2026 and July 2026, during a period when the Receiver was to have been the only person accessing, through Jason Zimmerman's log-in. The audit logs further reflect that Jason Zimmerman's Google password was changed from a Virginia IP address (64.70.180.26) on April 18, 2026, three days after the Receiver communicated that all users had been removed except Jason Zimmerman. The Receiver has confirmed they reset Google passwords for all accounts except Jason Zimmermans on or before March 18, 2026.

10. In addition to Google, the Company used Slack as a primary communication tool. Weekly extracts were set up in Slack, a common practice that allows the archival of information and communications. Two weekly extracts for early February 2026 — the two weeks following the issuance of the WARN Act notice — were deleted by May 2026. Additional deletions occurred when a user logged into Slack between May 2026 and September 2026 and deleted all extracts dated between December 29, 2025 and April 27, 2026. Upon information and belief, apart from the Receiver, access to Slack could only known channel to access Slack would have been through an intrepidstudios.com email and a two-factor authentication means.

11. Sharif was an active user of the Company's Slack workspace. Numerous channels, as well as messages sent by Sharif, have been deleted from Slack. Upon information and belief, those communications are relevant to the Company's operations and to understanding communications across the Company.

12. As of October 6, 2026, the Receiver has not obtained access to the five trademarked accounts, which are necessary for the Company's business operations. Upon information and belief, Sharif and others have taken public actions that

degrade the value of those accounts, including removing individuals who are potential future customers of the *Ashes of Creation* game.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2026.

*/s/ Doug Bartels*
Doug Bartels