UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC., Plaintiff, v. ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, and TFE GAMES HOLDINGS LLC, Defendants, And INTREPID STUDIOS, INC., Nominal Defendant. | Case No.: 26cv965-LL-JLB **ORDER GRANTING INTREPID STUDIOS, INC.'S MOTION TO FILE UNDER SEAL EXHIBIT E TO ITS MOTION FOR ORDER TO SHOW CAUSE AT ECF NO. 195-5** [ECF No. 199] |

Before the Court is Intrepid Studios, Inc.'s Motion to File Under Seal Exhibit E to its Motion for Order to Show Cause [ECF No. 195-5], which it claims was inadvertently docketed without redactions on October 6, 2026. ECF No. 199. Intrepid contends that sealing is warranted because the exhibit discloses personal identifying and financial information of a party. *Id.*; ECF No. 199-1, Declaration of Vincent J. Aiello, ¶ 3.

In the Ninth Circuit, there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). This provides federal courts with "a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). However, a court may seal material produced in a motion that is unrelated or only tangentially related to the merits of the case for good cause. *Id.* at 1097, 1101.

The good cause standard applies here because the motion for order to show cause is unrelated to the merits of the case. The Court finds good cause to **GRANT** the Motion to redact personal identifying and financial information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts have denied public access to court documents where they "might become a vehicle for improper purposes").

**IT IS SO ORDERED.**

Dated: October 13, 2026

Honorable Linda Lopez
United States District Judge