William F. Small (Cal. SBN: 253443)
will@smalllawcorp.com
Kelly Ann Tran (Cal SBN: 254476)
kelly@smalllawcorp.com
**SMALL LAW PC**
402 W. Broadway, Ste. 1720
San Diego, CA 92101
Tel.: (619) 430-4793
Facsimile: (619) 664-4278

*Attorneys for Plaintiff,*
STEVEN SHARIF

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEVEN SHARIF, as an individual and derivatively on behalf of INTREPID STUDIOS, INC.,

Plaintiff,

v.

ROBERT DAWSON, RYAN OGDEN, THERESA FETTE, AARON BARTELS, TFE GAMES HOLDINGS LLC, and JASON CARAMANIS,

Defendants,

and

INTREPID STUDIOS, INC.,

Nominal Defendant.

AND ALL RELATED CROSS-CLAIMS

Case No. 3:26-cv-00965 LL-MMP

**DECLARATION OF WILLIAM F. SMALL IN SUPPORT OF OPPOSITION TO INTREPID STUDIOS, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE WHY SHARIF AND MOORE SHOULD NOT BE HELD IN CIVIL CONTEMPT**

**Action Filed: 02/14/2026**
**Jud. Officer: Hon. Linda Lopez**

I, William F. Small, Esq., declare as follows:

1. I am an attorney licensed to practice law in the State of California and am the Managing Partner of Small Law PC, counsel of record for Plaintiff Steven Sharif ("Sharif") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could testify competently thereto.

2. On August 13, 2026, Intrepid's counsel sent a letter to counsel for Sharif identifying four "IP assets": a GoDaddy account, a Google account, a MongoDB account and a Kickstarter account. A true and correct copy of that letter is attached hereto as Exhibit K.

3. After receiving that letter, counsel for Sharif met and conferred with counsel for Intrepid and reminded counsel for Intrepid that Sharif had previously cooperated with the IP Custodian and the vast majority of the Intrepid-related intellectual property to which Sharif and Moore had access had already been turned over to Kunkel. Sharif and Moore asked Intrepid to identify any assets that Intrepid believed were in Sharif and Moore's possession and not turned over previously. Counsel for Intrepid stated that his August 13, 2026 letter identified such assets.

4. On August 17, 2026, I participated in a call with Michael Kunkel, my client Steven Sharif, and counsel for Intrepid and the TFE parties. Doug Bartels also participated. Following the call, I sent an email confirming, among other things, Mr. Sharif's suggestions on how to transfer the Google account to Kunkel. A true and correct copy of that email is attached hereto as Exhibit L.

5. On September 10, 2026, I sent a letter to counsel for Intrepid confirming Sharif and Moore's compliance with the Turnover Order, efforts to effectuate turnover assets to Kunkel, and offering to further assist with any efforts to recover assets that are to be turned over, including offering to participate in any phone call, email, or other reasonable act to confirm with any of the third-party system providers access to, or transfer of administrative access rights to the IP Custodian. To date, Intrepid has never made such a request. A true and correct copy of that September 10, 2026 letter is attached hereto as Exhibit L.

6. Sharif has also offered in the September 10, 2026 letter, to participate in a phone call with counsel to discuss potential former employees of Intrepid that might have knowledge of login or access credentials, though Sharif's counsel made it clear that

neither Sharif nor Moore knew with certainty which employees have access to the systems Sharif marked as "N/A".

7. Although the Turnover Order was for assets to be turned over to the IP Custodian, Intrepid's counsel has informed me that its position was that the IP Custodian should provide all login and access credentials to Intrepid without identification of any specific need for the access. Sharif initially objected to this based on representations by counsel for the TFE Defendants that Intrepid was no longer operating and therefore had no "business needs", but, based on representations by Intrepid's counsel that Intrepid intended to restart development of the *Ashes of Creation* game, Intrepid withdrew its objections that the IP Custodian transfer administrative access to Intrepid

8. The day after the Order issued, Intrepid's counsel wrote that "[t]he Court declined to compel turnover of the five assets Mr. Sharif contends are owned by himself and Mr. Moore". (Ex. K, at pp. 1-2.)

9. Sharif and Moore have never refused a request for limited access to the Disputed Assets, because there has not been one. Intrepid has never identified a specific purpose for needing access to any of the Disputed Assets, and has only requested the login credentials for those assets.

10. In response to the Court's order that the parties meet and confer regarding the instant motion, I confirmed in writing that Sharif was "ready and willing to provide limited access to [the Disputed Assets]." A true and correct copy of my meet and confer email confirming that is attached hereto as Exhibit M.

11. A true and correct copy of an additional meet and confer email in response to the Court's order that the parties meet and confer about this motion is attached hereto as Exhibit N.

12. A true and correct copy of my email to Intrepid's counsel regarding the wrongful disclosure of private information about John Moore is attached hereto as Exhibit O.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 7, 2026

**SMALL LAW PC**

By: /s/ *William F. Small*

WILLIAM F. SMALL (SBN 253443)
Email: will@smalllawcorp.com
Attorney for Plaintiff
STEVEN SHARIF, as an individual and derivatively on behalf of Intrepid Studios, Inc.